# Exhibit A

1
2
3
4
5
6
7

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

8   STATE OF WASHINGTON,                           NO.

9                    Plaintiff,                    COMPLAINT FOR INJUNCTIVE AND
                                                   OTHER RELIEF
10      v.

11   LANDMARK TECHNOLOGY A, LLC

12                    Defendant.

13

14          The Attorney General of the State of Washington brings this action in the name of the

15   State, or as *parens patriae* on behalf of persons residing in the State, to enforce the provisions

16   of the Washington Consumer Protection Act, RCW ch. 19.86 (CPA) and the Patent Troll

17   Prevention Act, RCW ch. 19.350 (PTPA).

18                            **I.      INTRODUCTION**

19          1.1     Defendant Landmark Technology A, LLC ("LTA") is a patent-assertion entity

20   (PAE). PAEs enforce patent rights, rather than investing in development or commercialization.

21   Abusive PAEs—popularly called "patent trolls"—assert patents in bad faith, targeting smaller

22   companies that cannot afford protracted litigation, and demanding payment of licensing fees.

23   Patent trolls typically assert patents *ex post facto*, after the companies they target have

24   independently invented or begun using a technology allegedly covered by a patent, and

25   frequently only after it has become ubiquitous in the industry. Although patent trolls rarely

26   succeed on patent infringement claims in court, the vast majority of disputes end in settlements

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 1

1  because patent litigation is costly and disruptive for defendants, and patent trolls often offer to
2  settle for amounts well below litigation costs to make the business decision to settle an obvious
3  one. Commentators have argued, and studies have found, that patent trolls are a burden on
4  productive companies and do not promote innovation.

5      1.2  LTA's business model is bad faith patent assertion. Over a recent 18-month
6  period, LTA issued 1,892 separate patent assertion demand letters to 1,176 different target
7  companies in 48 states. In its demand letters, LTA relies upon U.S. Patent No. 7,010,508 ("the
8  '508 patent"), issued in 2006 on the basis of a 1995 application to the Patent and Trademark
9  Office (PTO). In 2014, the PTO found, in a contested matter, that the '508 patent "does not recite
10  a technological feature that is novel and unobvious over the prior art, and is therefore not a
11  technological invention." *Ebay Enter., Inc. Petitioner v. Lawrence B. Lockwood Patent Owner*,
12  2014 WL 2150045 (Patent Tr. & App. Bd. May 20, 2014). In other words, it is invalid. LTA
13  nevertheless asserts the patent at a shocking rate, issuing an average of 24 demands per week.
14  LTA primarily targets customer log-in pages on company websites, but has also demanded
15  license fees for webpages containing privacy practices, shopping carts, products for sale, and
16  company home pages. In short, any business with a web presence is a potential target for LTA.
17  While absurd on its face that LTA has patented all company websites, individual businesses lack
18  the resources needed to combat LTA's extortive demands.

19      1.3  In 2015, the Washington Legislature enacted the PTPA specifically to combat
20  predatory patent troll activity. Legislative findings concerning the purpose of the PTPA are set
21  forth in the Act:

22      The legislature finds that abusive patent litigation, and especially the assertion of
    bad faith infringement claims, can harm Washington's economy. A person or
23      business that receives a demand asserting such claims faces the threat of
    expensive and protracted litigation and may determine that it has no choice but to
24      settle and to pay a licensing fee, even if the claim is meritless. This is especially
    so for small and medium-sized entities and nonprofits lacking adequate resources
25      to investigate and defend themselves against the infringement claims. Not only
26      do bad faith patent infringement claims impose a significant burden on individual

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 2

1   Washington businesses and other entities, they also undermine Washington's
2   efforts to attract and nurture information technology and knowledge-based
    businesses. Resources expended to avoid the threat of bad faith litigation are no
3   longer available to invest, develop and produce new products, expand, or hire
    new workers, thereby harming Washington's economy. Through this legislation,
4   the legislature seeks to protect Washington's economy from abusive and bad faith
    assertions of patent infringement, while not interfering with federal law or
5   legitimate patent enforcement actions.

6   RCW 19.350.005.

7       1.4     LTA's bad faith assertions of patent infringement violate the PTPA, which is a

8   *per se* violation of the CPA. In addition, LTA's bad faith demands, and misleading and deceptive

9   statements included in its demand letters, violate the CPA directly.

10                              **II.     PARTIES**

11      2.1     The Consumer Protection Division of the Attorney General's Office brings this

12  action in the name of the State of Washington, or as *parens patriae* on behalf of persons residing

13  in the state. RCW 19.86.080, .085; RCW 19.350.030.

14      2.2     Defendant Landmark Technology A, LLC (LTA) is a North Carolina registered

15  company with its principal place of business in North Carolina. The sole member of LTA is

16  Raymond Mercado, a North Carolina resident.

17                     **III.     JURISDICTION AND VENUE**

18      3.1     The Attorney General is authorized by statute to bring suit to enforce the CPA

19  and the PTPA. RCW 19.86.080(1); 19.350.030.

20      3.2     This Court has personal jurisdiction over Defendant LTA pursuant to

21  RCW 19.86.160, RCW 4.28.180, and RCW 4.28.185, because LTA has purposely availed itself

22  of the privilege of conducting business in the State of Washington, including sending letters to

23  Washington resident businesses asserting patent infringement, entering into licensing

24  agreements with Washington resident businesses, and availing itself of courts within the State

25  of Washington to assert complaints for patent infringement. The violations of

26  RCW chapters 19.86 and 19.350 alleged herein arise from or are connected with these

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 3

1   transactions. Exercise of personal jurisdiction over LTA comports with traditional notions of fair

2   play and substantial justice, and jurisdiction is not inconsistent with the United States

3   Constitution or the Washington State Constitution.

4       3.3     LTA has engaged in the conduct set forth in this Complaint in King County and

5   elsewhere in the state of Washington.

6       3.4     Venue is proper in King County pursuant to RCW 4.12.020 and 4.12.025, Civil

7   Rule 82, and Local Civil Rule 82 because LTA sent demand letters asserting patent infringement

8   to businesses in Seattle, Washington, and entered into licensing agreements with businesses in

9   Seattle, Washington.

## IV.    FACTS

**A.    Patent Assertion Activity**

**1.    Demand Letters**

13      4.1     Between January 11, 2019, and July 24, 2020, LTA sent numerous letters

14  asserting that business entities had engaged in patent infringement ("demand letters"). The

15  recipients of such demand letters ("target companies") are located in 48 states of the United

16  States, including Washington State.

17      4.2     Upon information and belief, LTA has continued to send demand letters after

18  July 24, 2020.

19      4.3     LTA's demand letters do not contain factual allegations relating to the specific

20  target company webpage(s) that it alleges infringe. Rather, LTA utilizes form letters, containing

21  identical infringement allegations, which it has issued to more than 1,000 different companies.

22  Only the name of the target company and the URL of the allegedly infringing webpage changes

23  from letter to letter.

24      4.4     LTA utilizes three different form demand letters. The first LTA form demand

25  letter ("form demand letter A") is addressed to a target company, contains the subject line

26  "Infringement of Landmark Technology A, LLC's Patent Rights" and provides as follows

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 4

(substituting **NAME** for the name of each target company and **WEBPAGE** for the allegedly infringing webpage):

We are intellectual property counsel for Landmark Technology A, LLC ("Landmark"). Landmark has exclusive rights to patents covering certain special-purpose computer, communication and network technologies relating to Internet searching, e-commerce, electronic bill pay, business-to-business transactions, multimedia data processing networks and mobile technologies. Landmark's widely regarded patented technology covers, among other things, special-purpose hardware and software systems supporting key transaction processes and features used in many electronic commerce systems, including structures which exchange business data amongst trading partners.

Landmark's patents have been licensed to over 200 companies across various industries. Landmark's patents rank extremely high in patent citing activity and have been cited nearly 200 times by the USPTO whereas the average patent has only five citations during its lifetime. Highly cited patents are generally known to be of greater technical importance, and even fewer rise to the level of "pioneer patents" achieved by the Landmark patents.

Landmark believes that **NAME** automated multimedia data processing network systems, particularly **WEPAGE** through practices U.S. Patent No. 7,010,508 C1 ("'508 Patent"). You will find that the '508 Patent teaches and claims automated multimedia data processing network for processing business and financial transactions between entities from remote sites. This includes data processing systems wherein a computerized installation acts on inquiries and orders from stations [as do **NAME**'s servers], communicates with stations which use program instructions and act as the user interface [as do those devices interfaced to **NAME**'s web servers in communication with **NAME**'s servers], sequences are retrieved in a forwardly/backwardly chained response (as defined by the inventor) to data entered into a text input field [as seen in devices interfaced to **NAME**'s web servers], and data is updated in a computerized installation storage [as per the functionality of **NAME**'s web servers]. For example, the specific functionalities implemented by **NAME** using their servers and devices interfaced to **NAME**'s web servers constitutes use of the technology taught within the meaning of Claim 1 of the '508 patent.

Landmark is currently offering **NAME** a non-exclusive license to its '508 patent, for $65,000. This offer represents a substantial discount to the historic licensing price of Landmark's portfolio, and will not be available in the event of litigation.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 5

1    We appreciate your attention to this matter and request a response within
2  15 days of this letter. Please contact me at the phone or email above, or contact
my colleague, Jennifer Ishimoto, at ishimoto@banishlaw.com or (650) 241-2773.

3    4.5   Form demand letter A is printed on the letterhead of Banie & Ishimoto LLP,

4  3705 Haven Ave. #137, Menlo Park, CA 94025, and signed by John A. Lee, Partner, Banie &

5  Ishimoto LLP.

6    4.6   The second LTA form demand letter ("form demand letter B"), like form demand

7  letter A, is addressed to a target company, contains the subject line "Infringement of Landmark

8  Technology A, LLC's Patent Rights" and provides as follows (substituting **NAME** for the name

9  of each target company and **WEBPAGE** for the allegedly infringing webpage):

10    More than a year ago, Landmark Technology, LLC first brought to your
11  attention its understanding that **NAME** data processing systems practice U.S.
Patent No. 6,289,319 C2 ("'319 Patent").

12    In that first notice, we introduced ourselves as intellectual property
13  counsel for Landmark Technology, LLC ("Landmark"). Landmark has exclusive
rights to patents covering certain special-purpose computer, communication and
14  network technologies relating to Internet searching, e-commerce, electronic bill
pay, business-to-business transactions, multimedia data processing networks and
15  mobile technologies. Landmark's widely regarded patented technology covers,
among other things, special-purpose hardware and software systems supporting
16  key transaction processes and features used in many electronic commerce
systems, including structures which exchange business data amongst trading
17  partners.

18    In that first notice we also pointed out that Landmark has licensed its
19  patents to over 200 companies across various industries. Landmark's '319 patent
ranks extremely high in patent citing activity and has been cited nearly 200 times
20  by the USPTO whereas the average patent has only five citations during its
21  lifetime. Highly cited patents are generally known to be of greater technical
importance, and even fewer rise to the level of "pioneer patents" achieved by the
22  Landmark patents. The '319 patent has also been reexamined twice resulting in
all original claims being confirmed.

23

24    Having not received a response from **NAME**, Landmark sent a subsequent
[*sic*] letter reaffirming its offer of a non-exclusive license to its '319 patent for
25  $65,000.

26

Since our last communication, Landmark Technology A, LLC, has assumed all substantial rights under the '508 patent and has furthered its analysis and discovered that while indeed **NAME** data processing systems practices Landmark's U.S. Patent No. 6,289,319 C2 that **NAME** multimedia data processing systems, particularly **WEBPAGE** practices Landmark's U.S. Patent No. 7,010,508 C1 ("'508 Patent")

You will find that the '508 Patent teaches and claims multimedia data processing systems for processing business and financial transactions between entities from remote sites. This includes multimedia data processing systems wherein a computerized installation [as **NAME**'s servers], communicate with terminals which use program instructions and act as the user interface [as do those devices interfaced to **NAME**'s web servers in communication with **NAME**'s servers], sequences are retrieved in response to data entered [as seen in devices interfaced to **NAME**'s web servers], and data is updated in central processor storage [as per the functionality of **NAME**'s web servers]. For example, the specific functionalities implemented by **NAME** using their servers and devices interfaced **NAME**'s web servers constitutes use of the technology taught within the meaning of Claim 1 of the '508 patent.

We appreciate your attention to this matter and request a response within 15 days of this letter. Please contact me at the phone or email above, or contact my colleague, Jennifer Ishimoto, at ishimoto@banishlaw.com or (650) 241-2773.

4.7    Form demand letter B, like form demand letter A, is printed on the letterhead of Banie & Ishimoto LLP, 3705 Haven Ave. #137, Menlo Park, CA 94025, and signed by John A. Lee, Partner, Banie & Ishimoto LLP.

4.8    The third LTA form demand letter ("form demand letter C"), like form demand letters A and B, is addressed to a target company, contains the subject line "Infringement of Landmark Technology A, LLC's Patent Rights" and provides as follows (substituting **NAME** for the name of each target company **PRIOR DATE** for the date of a prior demand letter sent to the same target company, and **FUTURE DATE** for the date by which LTA demands a response):

In **PRIOR DATE**, Landmark offered a non-exclusive license to its '508 patent for $65,000. Since that time, Landmark Technology A, LLC, has assumed all substantial rights under the '508 patent. A month has elapsed and **NAME** has not responded.

The current amount for a non-exclusive license to the '508 patent expires **FUTURE DATE**. Please contact me as soon as possible.

4.9     Form demand letter C, like form demand letters A and B, is printed on the letterhead of Banie & Ishimoto LLP, 3705 Haven Ave. #137, Menlo Park, CA 94025, and signed by John A. Lee, Partner, Banie & Ishimoto LLP.

January 2019

4.10    On or about January 11, 2019, LTA sent form demand letter A to 15 target companies located in Arizona, California, Florida, Iowa, Massachusetts, Nebraska, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Tennessee, and form letter C to 18 target companies located in California, Connecticut, Florida, Illinois, Indiana, New Jersey, New Mexico, New York, Ohio, Pennsylvania, and Washington.

4.11    On or about January 18, 2019, LTA sent form demand letter A to 15 target companies located in California, Connecticut, Iowa, Massachusetts, Michigan, Minnesota, New Jersey, New York, Ohio, Pennsylvania, Utah and form letter C to 10 target companies located in Arizona, Connecticut, Illinois, Kentucky, New York, Ohio, Pennsylvania, and Tennessee.

4.12    On or about January 25, 2019, LTA sent form demand letter A to 15 target companies located in Arizona, California, Connecticut, Iowa, Illinois, Louisiana, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, Utah, and Wisconsin, and form letter C to 14 target companies located in Arizona, California, Florida, Illinois, Mississippi, North Carolina, New Jersey, New York, Utah and Wisconsin.

4.13    In total, LTA sent 87 demand letters in January 2019.

February 2019

4.14    On or about February 1, 2019, LTA sent form demand letter A to 15 target companies located in California, Florida, Iowa, Louisiana, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, Tennessee, Virginia and Wisconsin.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1    4.15    On or about February 8, 2019, LTA sent form demand letter A to 15 target

2    companies located in California, Florida, Iowa, Illinois, Louisiana, Massachusetts, Nebraska,

3    New Jersey, New York, South Dakota and Tennessee, form demand letter B to four target

4    companies located in California, Georgia, Missouri, and Virginia, and form demand letter C to

5    10 target companies located in Arizona, California Iowa, Massachusetts, Nebraska, New Jersey,

6    New York and Ohio.

7    4.16    On or about February 15, 2019, LTA sent form demand letter A to 18 target

8    companies located in Arizona, California, Colorado, Connecticut, Florida, Illinois, Indiana,

9    Massachusetts Michigan, Missouri, Nevada, New York, Pennsylvania, and Virginia, form

10    demand letter B to five target companies located in California, Colorado, Montana, New York

11    and Tennessee, and form demand letter C to 14 target companies located in California, Iowa,

12    Illinois, Massachusetts, Michigan, Minnesota, New Jersey, New York, Pennsylvania, Tennessee,

13    and Utah.

14    4.17    On or about February 22, 2019, LTA sent form demand letter A to 16 target

15    companies located in Arizona, California, Georgia, Idaho, Illinois, Michigan, Missouri,

16    North Carolina, New Jersey, New York, Pennsylvania, Rhode Island and South Carolina form

17    demand letter B to five target companies located in California, Florida, Michigan, and North

18    Carolina, and form demand letter C to 13 target companies located in Arizona, California,

19    Connecticut, Iowa, Illinois, Louisiana, Massachusetts, New Jersey, New York, Pennsylvania and

20    Wisconsin.

21    4.18    In total, LTA sent 115 demand letters in February 2019.

22    March 2019

23    4.19    On or about March 1, 2019, LTA sent form demand letter A to 18 target

24    companies located in Arkansas, Arizona, California, Florida, Georgia, Illinois, Indiana,

25    Kentucky, Massachusetts, Michigan, North Carolina, New Hampshire, New York,

26    Pennsylvania, Virginia, and Vermont, form demand letter B to five target companies located in

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 9

California, Florida, Illinois, and North Carolina, and form demand letter C to 14 target companies located in California, Florida, Iowa, Louisiana, Massachusetts, New Jersey, New York, Pennsylvania, Tennessee, Virginia, and Wisconsin.

4.20    On or about March 7, 2019, LTA sent form demand letter A to 18 target companies located in California, Colorado, Florida, Georgia, Illinois, Indiana, Louisiana, Minnesota, Missouri, North Carolina, New York, Oklahoma, and Virginia, form demand letter B to five target companies located in Indiana, Kentucky, Maine, Pennsylvania and Washington, and form demand letter C to 12 target companies located in Arizona, California, Florida, Iowa, Illinois, Louisiana, Massachusetts, New York, South Dakota, and Tennessee.

4.21    On or about March 15, 2019, LTA sent form demand letter A to 18 target companies located in California, Florida, Georgia, Illinois, Indiana, Kansas, Massachusetts, Maryland, Michigan, Minnesota, Missouri, North Dakota, New York, and Wisconsin form demand letter B to five target companies located in California, Connecticut, Michigan, New York and Pennsylvania, and form demand letter C to 18 target companies located in Arizona, California, Colorado, Connecticut, Florida, Illinois, Indiana, Massachusetts, Michigan, Missouri, Nevada, New York, Pennsylvania, and Virginia.

4.22    On or about March 22, 2019, LTA sent form demand letter A to 18 target companies located in California, Florida, Illinois, Kansas, Massachusetts, Maryland, Michigan, Minnesota, Missouri, New Jersey, New York, Pennsylvania, and Rhode Island form demand letter B to five target companies located in California, New York, and Pennsylvania, and form demand letter C to 15 target companies located in Arizona, California, Georgia, Idaho, Illinois, Michigan, North Carolina, New Jersey, New York, Pennsylvania, Rhode Island, and South Carolina.

4.23    On or about March 29, 2019, LTA sent form demand letter A to 18 target companies located in Alabama, California, Florida, Illinois, Louisiana, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, South Carolina, and Wisconsin, in

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

form demand letter B to five target companies located in Arizona, California, Illinois, New York, and Utah, and form demand letter C to 18 target companies located in Arkansas, Arizona, California, Florida, Georgia, Illinois, Indiana, Kentucky, Massachusetts, Michigan, North Carolina, New Hampshire, New York, Pennsylvania, Virginia, and Vermont.

4.24    In total, LTA sent 192 demand letters in March 2019.

April 2019

4.25    On or about April 12, 2019, LTA sent form demand letter A to 18 target companies located in California, Florida, Hawaii, Illinois, Indiana, Kentucky, Michigan, Minnesota, Missouri, New Jersey, New York, Pennsylvania, Utah, Vermont, and Wisconsin, form demand letter B to 5 target companies located in California, Massachusetts, New Jersey, New York, and Tennessee, and form demand letter C to 18 target companies located in California, Florida, Georgia, Illinois, Indiana, Kansas, Massachusetts, Maryland, Michigan, Minnesota, Missouri, North Dakota, New York, and Wisconsin.

4.26    On or about April 19, 2019, LTA sent form demand letter A to 18 target companies located in California, Colorado, Florida, Georgia, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, Pennsylvania, Utah, and Wisconsin, form demand letter B to five target companies located in California, Maryland, and New York, and form demand letter C to 17 target companies located in California, Florida, Illinois, Kansas, Massachusetts, Maryland. Michigan, Minnesota, Missouri, New Jersey, New York, Pennsylvania, and Rhode Island.

4.27    On or about April 24, 2019, LTA sent form demand letter C to 18 target companies located in Alabama, California, Florida, Illinois, Louisiana, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, South Carolina, and Wisconsin.

4.28    On or about April 26, 2019, LTA sent form demand letter A to 15 target companies located in Alabama, California, Florida, Illinois, Kentucky, Maryland, New Jersey,

1  New York, Pennsylvania, Utah, Virginia, and Wisconsin, and form demand letter B to 6 target

2  companies located in Georgia Minnesota, New Jersey, and New York.

3      4.29    In total, LTA sent 120 demand letters in April 2019.

4  <u>May 2019</u>

5      4.30    On or about May 3, 2019, LTA sent form demand letter B to five target companies

6  located in Connecticut, Massachusetts, New York, Pennsylvania, and Wisconsin, and form

7  demand letter C to 18 target companies located in California, Florida, Hawaii, Illinois, Kentucky,

8  Louisiana, Minnesota, Missouri, North Carolina, New Jersey, New York, Pennsylvania,

9  Virginia, and Wisconsin.

10      4.31    On or about May 10, 2019, LTA sent form demand letter B to five target

11  companies located in Colorado, Massachusetts, Missouri, and New York, and form demand

12  letter C to 18 target companies located in California, Florida, Hawaii, Illinois, Indiana, Kentucky,

13  Michigan, Minnesota, Missouri, New Jersey, New York, Pennsylvania, Utah, Vermont, and

14  Wisconsin.

15      4.32    On or about May 17, 2019, LTA sent form demand letter B to five target

16  companies located in New Hampshire, New York, Tennessee, and Wisconsin, and form demand

17  letter C to 15 target companies located in California, Colorado, Florida, Massachusetts,

18  Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, Pennsylvania,

19  Virginia, and Wisconsin.

20      4.33    On or about May 24, 2019, LTA sent form demand letter B to five target

21  companies located in Kansas, New Jersey, Pennsylvania, Vermont, and Wisconsin.

22      4.34    On or about May 31, 2019, LTA sent form demand letter B to five target

23  companies located in Colorado, Michigan, North Carolina, and New York.

24      4.35    In total, LTA sent 76 demand letters in May 2019.

25

26

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1   <u>June 2019</u>

2       4.36    On or about June 7, 2019, LTA sent form demand letter B to five target companies

3   located in Minnesota, North Carolina, New York, and Wisconsin, and form demand letter C to

4   14 target companies located in Alabama, California, Florida, Illinois, Kentucky, Maryland,

5   New Jersey, New York, Pennsylvania, Virginia, and Wisconsin.

6       4.37    On or about June 14, 2019, LTA sent form demand letter A to 10 target companies

7   located in Alabama, California, Hawaii, Maryland, Minnesota, Missouri, New York, and

8   Wisconsin, and form demand letter B to five target companies located in California, Colorado,

9   North Carolina, Pennsylvania, and Virginia.

10       4.38    On or about 21, 2019, LTA sent form demand letter A to 15 target companies

11   located in California, Connecticut, Florida, Maryland, Maine, Michigan, Minnesota, Missouri,

12   North Carolina, New York, Ohio, Pennsylvania, Wisconsin, and form demand letter B to four

13   target companies located in Connecticut, Louisiana, New Hampshire, and New York.

14       4.39    On or about June 28, 2019, LTA sent form demand letter A to 18 target companies

15   located in Alabama, California, Colorado, Florida, Iowa, Maryland, Maine, Michigan,

16   Minnesota, Nebraska, Nevada, New York, Ohio, Pennsylvania, Tennessee, and Wisconsin, and

17   form demand letter B to five target companies located in California, Florida, Minnesota,

18   New York, and Virginia.

19       4.40    In total, LTA sent 76 demand letters in June 2019.

20   <u>July 2019</u>

21       4.41    On or about July 5, 2019, LTA sent form demand letter A to 18 target companies

22   located in California, Connecticut, Florida, Illinois, Maryland, Minnesota, Missouri,

23   North Carolina, New York, Ohio, Oklahoma, Pennsylvania, Virginia, Vermont, and Wisconsin,

24   and form demand letter B to five target companies located in Florida, New York, Pennsylvania,

25   Virginia, and Wisconsin.

26

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1        4.42    On or about July 12, 2019, LTA sent form demand letter A to 18 target companies

2  located in Alabama, California, Colorado, Connecticut, Florida, Minnesota, Missouri,

3  New York, Ohio, Oklahoma, Rhode Island, South Carolina, Tennessee, and Wisconsin, form

4  demand letter B to one target company located in California, and form demand letter C to 23

5  target companies located in Alabama, California, Connecticut, Florida, Hawaii, Maryland,

6  Maine, Michigan, Minnesota, Missouri, North Carolina, New York, Ohio, and Wisconsin.

7        4.43    On or about July 19, 2019, LTA sent form demand letter A to 18 target companies

8  located in California, Georgia, Illinois, Indiana, Maryland, Michigan, Minnesota, New Jersey,

9  New Mexico, New York, Ohio, Oklahoma, Utah, Vermont, and Wisconsin, and form demand

10  letter B to five target companies located in California, Florida, Illinois, and Massachusetts.

11        4.44    On or about July 26, 2019, LTA sent form demand letter A to 18 target companies

12  located in Alabama, California, Georgia, Illinois, Indiana, Maryland, Michigan, Minnesota,

13  North Carolina, New Jersey, New York, Ohio, Pennsylvania, Vermont, and Wisconsin, form

14  demand letter B to five target companies located in California, Indiana, North Carolina, and

15  Nevada, and form demand letter C to 17 target companies located in Alabama, California,

16  Colorado, Florida, Iowa, Maryland, Maine, Minnesota, Nebraska, Nevada, New York, Ohio,

17  Pennsylvania, Tennessee, and Wisconsin.

18        4.45    In total, LTA sent 128 demand letters in July 2019.

19        <u>August 2019</u>

20        4.46    On or about August 2, 2019, LTA sent form demand letter A to 18 target

21  companies located in California, Illinois, Kentucky, Maryland, Minnesota, Missouri,

22  North Carolina, New Hampshire, New York, Ohio, Pennsylvania, Utah, Virginia, and

23  Wisconsin, form demand letter B to five target companies located in Colorado, Georgia, Illinois,

24  and North Carolina, and form demand letter C to 17 target companies located in California,

25  Connecticut, Florida, Illinois, Maryland, Minnesota, Missouri, North Carolina, New York, Ohio,

26  Oklahoma, Pennsylvania, Virginia, Vermont, and Wisconsin.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 14

4.47    On or about August 9, 2019, LTA sent form demand letter A to 18 target companies located in Arizona, California, Illinois, Michigan, Minnesota, Missouri, New Jersey, New York, Ohio, Pennsylvania, Tennessee, Virginia, Vermont, and Wisconsin, form demand letter B to five target companies located in Colorado, Georgia, Indiana, Massachusetts and North Carolina, and form demand letter C to 18 target companies located in Alabama, California, Colorado, Connecticut, Florida, Minnesota, Missouri, New York, Ohio, Oklahoma, Rhode Island, South Carolina, Tennessee, and Wisconsin.

4.48    On or about August 16, 2019, LTA sent form demand letter A to 18 target companies located in California, Florida, Illinois, Indiana, Maryland, Maine, Michigan, Minnesota, Missouri, North Carolina, New Jersey, New York, Ohio, South Carolina, Wisconsin, form demand letter B to five target companies located in California, Indiana, Massachusetts, Minnesota, and Tennessee, and form demand letter C to 18 target companies located in California, Georgia, Illinois, Indiana, Maryland, Michigan, Minnesota, New Jersey, New Mexico, New York, Ohio, Oklahoma, Utah, Vermont, and Wisconsin.

4.49    On or about August 23, 2019, LTA sent form demand letter A to 18 target companies located in Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Kansas, Louisiana, Maine, Missouri, New Jersey, New York, Ohio, Pennsylvania, and Wisconsin, form demand letter B to five target companies located in California, Colorado, Indiana, Massachusetts, and Wisconsin, and form demand letter C to 17 target companies located in Alabama, California, Georgia, Illinois, Maryland, Michigan, Minnesota, North Carolina, New Jersey, New York, Ohio, Pennsylvania, Vermont, and Wisconsin.

4.50    On or about August 30, 2019, LTA sent form demand letter A to one target company located in Tennessee.

4.51    In total, LTA sent 163 demand letters in August 2019.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

<u>September 2019</u>

4.52     On or about September 6, 2019, LTA sent form demand letter A to 10 target companies located in Illinois, Massachusetts, Michigan, Minnesota, New Jersey, New York, Ohio, Pennsylvania, and Wisconsin.

4.53     On or about September 13, 2019, LTA sent form demand letter A to 10 target companies located in Connecticut, Georgia, Illinois, Minnesota, New Jersey, New York, Ohio, Pennsylvania, and Wisconsin.

4.54     On or about September 20, 2019, LTA sent form demand letter A to 15 target companies located in Arizona, Florida, Illinois, Kentucky, Massachusetts, Michigan, Missouri, North Carolina, New Jersey, New York, Ohio, Pennsylvania, Virginia, Wisconsin, and form demand letter C to 29 target companies located in Arizona, Illinois, Kentucky, Maryland, Michigan, Minnesota, Missouri, North Carolina, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Tennessee, Virginia, Vermont, and Wisconsin.

4.55     On or about September 27, 2019, LTA sent form demand letter A to 15 target companies located in Connecticut, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, North Carolina, New Jersey, New York, Ohio, Tennessee, and Wisconsin, and form demand letter C to 31 target companies located in Arizona, Connecticut, Florida, Georgia, Illinois, Indiana, Kansas, Louisiana, Maryland, Maine, Michigan, Minnesota, Missouri, North Carolina, New Jersey, New York, Ohio, Pennsylvania, South Carolina, and Wisconsin.

4.56     In total, LTA sent 110 demand letters in September 2019.

<u>October 2019</u>

4.57     On or about October 4, 2019, LTA sent form demand letter A to 15 target companies located in Florida, Georgia, Illinois, Massachusetts, Minnesota, Mississippi, Nebraska, New Jersey, New York, Ohio, Pennsylvania, and Wisconsin, and form demand letter C to 25 target companies located in Alabama, Arizona, Connecticut, Georgia, Idaho,

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 16

1   Illinois, Indiana, Massachusetts, Michigan, Minnesota, North Carolina, New Jersey, New York,

2   Ohio, Pennsylvania, Tennessee, and Wisconsin.

3        4.58   On or about October 11, 2019, LTA sent form demand letter A to 15 target

4   companies located in Arizona, Florida, Illinois, Michigan, Minnesota, North Carolina, Nebraska,

5   New Jersey, New York, and Ohio, and form demand letter C to 10 target companies located in

6   Connecticut, Georgia, Illinois, Minnesota, New Jersey, New York, Ohio, Pennsylvania, and

7   Wisconsin.

8        4.59   On or about October 18, 2019, LTA sent form demand letter A to 15 target

9   companies located in Florida, Illinois, Maryland, Minnesota, Mississippi, North Carolina,

10   New Jersey, New York, Ohio, Rhode Island, Utah, Vermont, and Wisconsin, and form demand

11   letter C to 14 target companies located in Arizona, Florida, Illinois, Kentucky, Massachusetts,

12   Michigan, Missouri, North Carolina, New Jersey, New York, Ohio, Virginia, and Wisconsin.

13        4.60   On or about October 25, 2019, LTA sent form demand letter A to 10 target

14   companies located in Florida, Illinois, Minnesota, North Carolina New Jersey, New York, Ohio,

15   and Utah, form demand letter B to eight target companies located in Arizona, Florida, Georgia,

16   Massachusetts, New Hampshire, New York, and South Carolina, and form demand letter C to

17   14 target companies located in Connecticut, Florida, Illinois, Massachusetts, Michigan,

18   Minnesota, Missouri, New Jersey, New York, Ohio, Tennessee, and Wisconsin.

19        4.61   In total, LTA sent 126 demand letters in October 2019.

20   <u>November 2019</u>

21        4.62   On or about November 1, 2019, LTA sent form demand letter A to 10 target

22   companies located in Florida, Illinois, Indiana, Massachusetts, North Carolina, New Jersey,

23   New York, Ohio, and South Carolina, form demand letter B to eight target companies located in

24   Indiana, Massachusetts, Mississippi, North Carolina, New York, and Ohio, and form demand

25   letter C to 15 target companies located in Florida, Georgia, Illinois, Massachusetts, Minnesota,

26   Mississippi, New Jersey, New York, Ohio, Pennsylvania Utah, and Wisconsin.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 17

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1  4.63  On or about November 8, 2019, LTA sent form demand letter A to 12 target

2  companies located in Florida, Kentucky, North Dakota, New Jersey, New York, Ohio, and

3  Tennessee, form demand letter B to eight target companies located in Illinois, Indiana,

4  North Carolina, New York, and Ohio, and form demand letter C to 15 target companies located

5  in Arizona, Florida, Illinois, Michigan, Minnesota, North Carolina, Nebraska, New Jersey,

6  New York, and Ohio.

7  4.64  On or about November 15, 2019, LTA sent form demand letter A to 10 target

8  companies located in Alaska, Alabama, Illinois, New York, Ohio, Pennsylvania, Tennessee,

9  Utah, and Wisconsin, and form demand letter C to 15 target companies located in Florida,

10  Illinois, Maryland, Minnesota, Mississippi, North Carolina, New Jersey, New York, Ohio,

11  Rhode Island, Utah, Vermont, and Wisconsin.

12  4.65  On or about November 29, 2019, LTA sent form demand letter A to 10 target

13  companies located in Alabama, Hawaii, Illinois, New Jersey, Nevada, New York, Ohio,

14  Pennsylvania, and Utah, form demand letter B to five target companies located in Georgia,

15  Illinois, Indiana, and New York, and form demand letter C to eight target companies located in

16  Florida, Illinois, Minnesota, New Jersey, New York, Ohio, and Utah.

17  4.66  In total, LTA sent 116 demand letters in November 2019.

18  December 2019

19  4.67  On or about December 6, 2019, LTA sent form demand letter A to 14 target

20  companies located in Alabama, Arkansas, Arizona, Delaware, Florida, Iowa, Illinois, Michigan,

21  Minnesota, Missouri, Nebraska, Nevada, Oklahoma, and Wisconsin, form demand letter B to

22  five target companies located in Indiana, Nevada, Pennsylvania, and Tennessee, and form

23  demand letter C to 14 target companies located in Florida, Illinois, Indiana, Kentucky,

24  Massachusetts, North Dakota, New Jersey New York, and Ohio.

25  4.68  In total, LTA sent 33 demand letters in December 2019.

26

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 18

January 2020

4.69   On or about January 3, 2020, LTA sent form demand letter A to 10 target companies located in Arkansas, Arizona, Florida, Nevada, New York, Ohio, Pennsylvania, Tennessee, Utah, and Wisconsin, form demand letter B to five target companies located in Illinois, Massachusetts, North Carolina, Ohio, and Utah, and form demand letter C to 20 target companies located in Alaska, Alabama, Hawaii, Illinois, New Jersey, Nevada, New York, Ohio, Pennsylvania, Tennessee, Utah, and Wisconsin.

4.70   On or about January 10, 2020, LTA sent form demand letter A to 15 target companies located in Florida, Georgia, Indiana, Kentucky, Maryland, Michigan, Minnesota, Nevada, New York, Ohio, Utah, and Wisconsin, form demand letter B to five target companies located in Idaho, Kentucky, Massachusetts, Pennsylvania, Tennessee, and form demand letter C to 14 target companies located in Alabama, Arkansas, Arizona, Delaware, Florida, Iowa, Illinois, Michigan, Minnesota, Missouri, Nebraska, Nevada, Oklahoma, and Wisconsin.

4.71   On or about January 17, 2020, LTA sent form demand letter A to 15 target companies located in Florida, Iowa, Illinois, Indiana, Kansas, Kentucky, Maryland, Maine, New York, Ohio, South Carolina, Tennessee, Utah, and Wisconsin, and form demand letter B to five target companies located in Georgia, Illinois, Indiana, Michigan, and Tennessee.

4.72   On or about January 24, 2020, LTA sent form demand letter A to 10 target companies located in Arizona, Florida, Illinois, Michigan, Minnesota, New York, Ohio, Pennsylvania, Utah, and Wisconsin, and form demand letter B to five target companies located in Georgia, Illinois, Kentucky, Tennessee, and Wisconsin.

4.73   On or about January 31, 2020, LTA sent form demand letter A to 10 target companies located in L, Georgia, Illinois, Michigan, Minnesota, New Jersey, New York, Ohio, Tennessee, and Virginia, form demand letter B to five target companies located in Connecticut, Florida, North Dakota, New York, and West Virginia, and form demand letter C to nine target

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 19

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1  companies located in Arkansas, Arizona, Florida, Nevada, New York, Pennsylvania, Tennessee,

2  Utah, and Wisconsin.

3       4.74    In total, LTA sent 128 demand letters in January 2020.

4  <u>February 2020</u>

5       4.75    On or about February 7, 2020, LTA sent form demand letter A to 10 target

6  companies located in Florida, Georgia, Illinois, Indiana, Mississippi, New Jersey, Pennsylvania,

7  Utah, Virginia, and Wisconsin, form demand letter B to five target companies located in

8  Kentucky, Michigan, Nebraska, and Pennsylvania, and form demand letter C to 15 target

9  companies located in Florida, Georgia, Indiana, Kentucky, Maryland, Michigan, Minnesota,

10  Nevada, New York, Ohio Utah, and Wisconsin.

11       4.76    On or about February 14, 2020, LTA sent form demand letter A to 10 target

12  companies located in Arizona, Florida, Georgia, Illinois, Michigan, New Jersey, New York,

13  Ohio, Utah, and Wisconsin, form demand letter B to five target companies located in Kentucky,

14  Oklahoma, Pennsylvania, and Virginia, and form demand letter C to 15 target companies located

15  in Florida, Iowa, Illinois, Indiana, Kansas, Kentucky, Maryland, Maine, New York, Ohio,

16  South Carolina, Tennessee, Utah, and Wisconsin.

17       4.77    On or about February 21, 2020, LTA sent form demand letter A to 10 target

18  companies located in Florida, Georgia, Massachusetts, Michigan, Minnesota, New Jersey, Ohio,

19  Pennsylvania, Virginia, and Wisconsin, form demand letter B to five target companies located

20  in Georgia, Idaho, Kentucky, North Carolina, and Pennsylvania, and form demand letter C to 10

21  target companies located in Arizona, Florida, Illinois, Michigan, Minnesota, New York, Ohio,

22  Pennsylvania, Utah, and Wisconsin.

23       4.78    On or about February 28, 2020, LTA sent form demand letter A to 10 target

24  companies located in Florida, Massachusetts, Michigan, Minnesota, New York, Ohio,

25  Pennsylvania, Tennessee Virginia, and Wisconsin, form demand letter B to five target companies

26  located in Arizona, Illinois, Mississippi, Tennessee, and Utah, and form demand letter C to 10

1  target companies located in Florida, Georgia, Illinois, Michigan, Minnesota, New Jersey, Ohio,

2  Tennessee, and Virginia.

3       4.79    In total, LTA sent 110 demand letters in February 2020.

4       March 2020

5       4.80    On or about March 6, 2020, LTA sent form demand letter A to 10 target

6  companies located in Florida, Massachusetts, Michigan, Missouri, North Carolina, New Jersey,

7  New York, Pennsylvania, Tennessee, and Utah, form demand letter B to five target companies

8  located in Florida, Kentucky, Maryland, Michigan, and North Carolina, and form demand

9  letter C to 10 target companies located in Florida, Georgia, Illinois, Indiana, Mississippi,

10 New Jersey, Pennsylvania, Utah, Virginia, and Wisconsin.

11      4.81    On or about March 13, 2020, LTA sent form demand letter A to 10 target

12 companies located in Florida, Illinois, Michigan, Missouri, North Carolina, New Jersey,

13 New York, Oklahoma, Tennessee, and Utah, form demand letter B to five target companies

14 located in Arizona, Iowa, Kentucky, Louisiana, and New Jersey, and form demand letter C to

15 eight target companies located in Florida, Georgia, Illinois, Michigan, New York, Ohio, Utah,

16 and Wisconsin.

17      4.82    In total, LTA sent 48 demand letters in March 2020.

18      May 2020

19      4.83    On or about May 15, 2020, LTA sent form demand letter A to 10 target companies

20 located in Florida, Illinois, Massachusetts, Maryland, Michigan, Missouri, North Carolina,

21 New Jersey, New York, and South Dakota, form demand letter B to five target companies located

22 in Illinois, Indiana, Michigan, South Dakota, and Wyoming, and form demand letter C to nine

23 target companies located in Florida, Georgia, Massachusetts, Michigan, Minnesota, New Jersey,

24 Pennsylvania, Virginia, and Wisconsin.

25      4.84    On or about May 22, 2020, LTA sent form demand letter A to 10 target companies

26 located in Illinois, Kansas, Maryland, Michigan, Minnesota, Nebraska, New Jersey, Ohio,

1   Pennsylvania, and Tennessee, form demand letter B to five target companies located in Kansas,

2   Michigan, Minnesota, and South Carolina, and form demand letter C to nine target companies

3   located in Florida, Massachusetts, Michigan, Minnesota, New York, Ohio, Pennsylvania,

4   Tennessee, and Virginia.

5          4.85    On or about May 29, 2020, LTA sent form demand letter A to 10 target companies

6   located in Florida, Georgia, Illinois, Kansas, Kentucky, Massachusetts, Missouri, New Jersey,

7   New York, and Ohio, form demand letter B to five target companies located in Arizona, Iowa,

8   New Jersey, Ohio, and South Carolina, and form demand letter C to nine target companies

9   located in Florida, Massachusetts, Michigan, Missouri, North Carolina, New Jersey,

10  Pennsylvania, Tennessee, and Utah.

11         4.86    In total, LTA sent 72 demand letters in May 2020.

12  <u>June 2020</u>

13         4.87    On or about June 5, 2020, LTA sent form demand letter A to 10 target companies

14  located in Florida, Iowa, Kansas, Massachusetts, Missouri, North Carolina, New Hampshire,

15  New Jersey, New York, and Pennsylvania, form demand letter B to five target companies located

16  in Arizona, Maryland, Minnesota, Ohio, and Tennessee, and form demand letter C to nine target

17  companies located in Florida, Illinois, Michigan, North Carolina, New Jersey, New York,

18  Oklahoma, Tennessee, and Utah.

19         4.88    On or about June 12, 2020, LTA sent form demand letter A to 10 target companies

20  located in Florida, Iowa, Massachusetts, Missouri, New Jersey, New York, Ohio, Pennsylvania,

21  and Virginia, form demand letter B to five target companies located in Connecticut, Illinois,

22  New Jersey, Pennsylvania, and South Carolina, and form demand letter C to 10 target companies

23  located in Florida, Illinois, Massachusetts, Maryland, Michigan, Missouri, North Carolina,

24  New Jersey, New York, and South Dakota.

25         4.89    On or about June 19, 2020, LTA sent form demand letter A to 10 target companies

26  located in Arizona, Florida, Georgia, Illinois, Massachusetts, North Carolina, New Jersey,

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 22

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1    New York, and South Carolina, form demand letter B to five target companies located in

2    Georgia, Missouri, North Carolina, New Hampshire, and Pennsylvania, and form demand

3    letter C to 10 target companies located in Illinois, Kansas, Maryland, Michigan, Minnesota,

4    Nebraska, New Jersey, Ohio, Pennsylvania, and Tennessee.

5         4.90    On or about June 26, 2020, LTA sent form demand letter A to nine target

6    companies located in Florida, Massachusetts, Missouri, North Carolina, New Jersey, New York,

7    and Pennsylvania, form demand letter B to five target companies located in Georgia, Illinois,

8    Louisiana, New Jersey, and Rhode Island, and form demand letter C to 10 target companies

9    located in Florida, Georgia, Illinois, Kansas, Kentucky, Massachusetts, Missouri, New Jersey,

10   New York, and Ohio.

11        4.91    In total, LTA sent 98 demand letters in June 2020.

12   July 2020

13        4.92    On or about July 3, 2020, LTA sent form demand letter A to 10 target companies

14   located in Arizona, Florida, Kansas, Massachusetts, Michigan, North Carolina, New Jersey,

15   New York, and Ohio, form demand letter B to five target companies located in Illinois, Indiana,

16   Pennsylvania, and Tennessee, and form demand letter C to 10 target companies located in

17   Florida, Iowa, Kansas, Massachusetts, Missouri, North Carolina, New Hampshire, New Jersey,

18   New York, and Pennsylvania.

19        4.93    On or about July 10, 2020, LTA sent form demand letter A to 10 target companies

20   located in Florida, Illinois, Indiana, Minnesota, New Jersey, New York, Oklahoma,

21   Pennsylvania, and Wisconsin, form demand letter B to five target companies located in Alabama,

22   Maine, Minnesota, Montana, and North Dakota, and form demand letter C to nine target

23   companies located in Florida, Iowa, Massachusetts, New Jersey, New York, Ohio, Pennsylvania,

24   and Virginia.

25        4.94    On or about July 17, 2020, LTA sent form demand letter A to 10 target companies

26   located in Arizona, Florida, Idaho, Illinois, Michigan, Minnesota, Missouri, New York, and

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 23

1   Ohio, form demand letter B to two target companies located in Michigan and Mississippi, and

2   form demand letter C to nine target companies located in Arizona, Florida, Georgia, Illinois,

3   Massachusetts, North Carolina, New Jersey, New York, and South Carolina.

4        4.95    On or about July 24, 2020, LTA sent form demand letter A to 10 target companies

5   located in Florida, Illinois, Massachusetts, New Mexico, New York, Ohio, Oklahoma,

6   Rhode Island, and British Columbia, form demand letter B to five target companies located in

7   Arkansas, Illinois, Louisiana, Pennsylvania, and Wisconsin, and form demand letter C to nine

8   target companies located in Florida, Massachusetts, Missouri, North Carolina, New Jersey,

9   New York, and Pennsylvania.

10        4.96    In total, LTA sent 93 demand letters in June 2020.

11        **2.**    **Litigation**

12        4.97    LTA periodically sues target companies that refuse to pay. Since January 2019,

13   LTA has filed 16 patent infringement lawsuits, including five against Washington companies.

14        4.98    Companies that receive demand letters from LTA also periodically file suit,

15   seeking a declaration of non-infringement. Since January 2019, 11 such suits have been filed

16   against LTA.

17        4.99    LTA invariably seeks to settle all litigation quickly, whether initiated by itself or

18   by a target company. Of the 27 lawsuits filed by or against LTA since January 2019, only four

19   remain pending, with the vast majority settling within a few months of filing.

20        4.100   Four Washington companies have settled with LTA for payment of licensing fees

21   between $15,000 and $20,000 each.

22   **B.**    **The '508 Patent**

23        4.101   LTA asserts, in its demand letters, that target companies are infringing upon U.S.

24   Patent No. 7,010,508 ("the '508 Patent").

25

26

4.102   The '508 patent was issued on March 7, 2006, to Lawrence B. Lockwood, as inventor. Lockwood filed the patent application in 1995 as a continuation of other patent applications—most of which he abandoned—dating back to 1984.

4.103   Lockwood owns Landmark Technology, a predecessor-in-interest to LTA. LTA claims it obtained enforcement rights in the '508 patent, however no assignment was filed with the Patent and Trademark Office (PTO), and LTA refused to produce any licensing or other agreement in pre-suit discovery.

4.104   The '508 patent is titled "Automated Multimedia Data Processing Network," and claims to patent the abstract idea of automated data processing of business transactions between remote computer terminals. Lockwood's application for the '508 patent was twice rejected by PTO patent examiners.

4.105   The Abstract for the '508 patent provides as follows:

A system for filing applications with an institution from a plurality of remote sites, and for automatically processing said applications in response to each applicant's credit rating obtained from a credit reporting service comprising a series of self-service terminals remotely linked via a telephone line to a first computer at the institution and to a second computer at the credit reporting service headquarters. Each remote terminal comprises a video screen and a video memory which holds image-and-sound-generating information arranged to simulate the aspect and speech of an application loan officer on the video screen. The simulated loan officer is used to acquire loan request data from the applicant by guiding him through an interactive sequence of inquiries and answers. The system may be utilized as a trading network whereby stations are used by sellers and buyers to place and accept offers for securities, the central installation acting as a central computerized database where all transactions are processed and the various data items stored and automatically updated.

4.106   The Background of the Invention for the '508 patent provides as follows:

The present invention relates to automatic self-operated terminals, vending machines, and interactive data processing networks. More specifically, this invention relates to terminals used by banking and other financial institutions to make their services available at all hours of the day from various remote locations.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

Loan processing has traditionally been a labor-intensive business which represents the major activity of banks and other financial institutions. In the processing of a loan application, numerous forms have to be filled-out, loan officers have to explain payment schedules and generally guide the applicant through the loan application process. The financial institution then has to process the application and either telephone, mail, or communicate acceptance or rejection of the loan in person to the applicant. The complexity of the process has so far prevented the application of automatic terminals to this important part of financial institution activities. Automatic vending machines and self-service terminals have evolved to a high degree of sophistication as disclosed in U.S. Pat. No. 4,359,631 Lockwood, et al. Yet, this high degree of sophistication has not been put to use in the more complex types of goods and services distribution which requires a great deal of interaction between individuals or between individuals and institutions.

4.107   The Summary of the Invention for the '508 patent provides as follows:

The principal object of this invention is to provide an economical means for screening loan applications. When one considers that up to 75% of persons applying for loans fail to meet the financial institution qualification criteria, one realizes that a great deal of labor is required by loan officers before a qualified applicant presents himself.

Another object of the invention is to standardize the reporting and interpretation of credit ratings and their application to loan application processing.

A further object of the invention is to reduce the amount of paperwork and processing time required by each loan application.

It is also an object of the invention to offer a more personal way to apply for credit. Many applicants who would not hesitate to use a mechanical device to place their inquiry are reluctant to inquire about loans requiring face-to-face interaction with a loan officer.

These and other objects are achieved by means of a system that ties together financial institution data processing, the computer services of a credit reporting bureau, and a plurality of remote terminals. Each remote terminal displays the live image of a fictitious loan officer who helps the applicant through an interactive series of questions and answers designed to solicit from the applicant all the information necessary to process his loan application. The terminal can acquire credit rating information about the applicant from the credit reporting bureau and make a decision based on all the information gathered about the credit worthiness of the applicant and the amount of loan to which he is entitled. The loan amount is then communicated to the applicant and to the financial institution for further processing of the loan.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1   4.108   LTA does not target financial institutions that might be expected to make use of

2   loan processing technologies. Rather, the companies targeted by LTA run the gamut of

3   industries. For example, in just one month (July 2020), LTA sent demand letters to businesses

4   in the following industries: air and oil filters; apparel; appliances; automotive supplies; building

5   supplies; candy; college housing supplies; consumer electronics; custom vehicles; department

6   stores; event ticketing; fabrics; florist; fluid connectors; food service; furniture; grocery;

7   hardware; headsets; health and beauty; HVAC; industrial supplies; inventory management;

8   jewelry; kitchen products; manufactured housing; material handling; mattress; paper; pet

9   products; petroleum; pharmacy services; pipe distributor; printers; sales and marketing; salon

10   supplies; scientific laboratory supplies; seeds; shoes; sporting goods; steam cleaners; and, water

11   supplies.

12   4.109   The webpages LTA alleges are infringing in its demand letters are unrelated to

13   loans, loan processing, or credit reporting. The majority of demand letters sent by LTA identify

14   a simple, customer log-in page on a company website as infringing the '508 patent. LTA's

15   demand letters also identify the following types of webpages as infringing: company home

16   pages, shopping cars, products pages, privacy practices, new customer registration, and ordering

17   pages.

18   ## V.   FIRST CAUSE OF ACTION

19   **(Violation of RCW ch. 19.86 – *Per Se* Acts or Practices Based on Violation
   of RCW ch. 19.350)**

20

21   5.1   The State realleges and incorporates by reference the allegations set forth in each

22   of the preceding paragraphs of this Complaint.

23   5.2   The Attorney General may bring an action in the name of the State, or as *parens*

24   *patriae* on behalf of persons residing in the State, against any person to restrain and prevent the

25   doing of any act prohibited by the Consumer Protection Act, RCW ch. 19.86 ("CPA") or declared

26   to be unlawful.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 27

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

5.3     To establish a violation of the CPA in an action brought by the Attorney General, the State must prove that a defendant committed an unfair or deceptive act or practice, occurring in trade or commerce, and public interest impact. Causation and harm are not elements of a CPA action brought by the Attorney General.

5.4     The Attorney General may bring an action in the name of the state, or as *parens patriae* on behalf of persons residing in the State, to enforce the Patent Troll Prevention Act, RCW ch. 19.350.

5.5     The practices covered by the PTPA are matters vitally affecting the public interest for the purpose of applying the CPA in an action brought by the Attorney General, and a violation of the PTPA is an unfair or deceptive act in trade or commerce for purposes of applying the CPA.

5.6     The PTPA prohibits persons from making assertions of patent infringement in bad faith.

5.7     Defendant Landmark Technology A, LLC ("LTA") is a "person" under the applicable statutory definition of that term.

5.8     Under the PTPA, the Court may consider a number of "nonexclusive factors" as evidence that a person has made an assertion of patent infringement in bad faith, as well as "[a]ny other factor the court determines to be relevant."

5.9     The conduct described in the foregoing allegations establishes that LTA made assertions of patent infringement in bad faith under the PTPA, including (i) issuing form demand letters to target companies that do not contain factual allegations specific to target company products, services, or technology, (ii) failing to conduct analysis comparing patent claims to target companies' products, services, or technology before making demands, (iii) making false, misleading, or deceptive statements in demand letters concerning the existence, prominence, scope and licensing price of LTA's asserted patent rights, and (iv) making identical infringement allegations against hundreds of companies, on the basis of absurdly overbroad patent assertions.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

5.10    Under the PTPA, the Court may also consider a number of "nonexclusive factors" as evidence that a person has made an assertion of patent infringement in good faith, as well as "[a]ny other factor the court determines to be relevant."

5.11    The conduct described in the foregoing allegations establishes that LTA did not make assertions of patent infringement in good faith under the PTPA, including (i) failing to engage in reasonable analysis to establish a reasonable, good faith basis for believing target companies were infringing, (ii) failing to negotiate an appropriate remedy for its infringement assertions in a reasonable manner, (iii) failing to demonstrate reasonable business practices in efforts to enforce the '508 patent, (iv) failing to demonstrate the merits of its infringement assertions through litigation, and (v) failing to make any substantial investment in the use or commercialization of the '508 patent.

5.12    To the extent the Court finds that to avoid preemption the State must show, in addition to the elements of a claim under the PTPA brought by the Attorney General, that "bad faith" under applicable federal patent law must be pleaded (which is not alleged), the foregoing allegations demonstrate a pattern or practice of successive patent infringement assertions by LTA, which were made without regard to the merits of such assertions, and therefore constitute "bad faith." *See California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S. Ct. 609, 612, 30 L. Ed. 2d 642 (1972)*; USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Const. Trades Council*, AFL-CIO, 31 F.3d 800 (9th Cir. 1994).

5.13    To the extent the Court finds that to avoid preemption the State must show, in addition to the elements of a claim under the PTPA brought by the Attorney General, that "bad faith" under applicable federal patent law must be pleaded, and that the test applicable to a single proceeding or assertion is applicable (which is not alleged), the foregoing allegations demonstrate that LTA made assertions of patent infringement that were, in the first place, objectively baseless, and in the second place, made in subjective bad faith. *See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 113 S. Ct. 1920,

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 29

1  123 L. Ed. 2d 611 (1993); *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*,

2  362 F.3d 1367 (Fed. Cir. 2004). Specifically with respect to objective baselessness, LTA's

3  misrepresentations regarding the scope and value of the '508 patent are objectively baseless, and

4  the '508 patent's invalidity likewise renders LTA's infringement assertions objectively baseless.

5        5.14    To the extent the Court finds that to avoid preemption the State must show, in

6  addition to the elements of a claim under the PTPA brought by the Attorney General, that "bad

7  faith" under applicable federal patent law must be pleaded (which is not alleged), the allegations

8  set forth under this cause of action are supported by clear and convincing evidence.

9                      **VI.    SECOND CAUSE OF ACTION**

10      **(Violation of RCW ch. 19.86 – Unfair or Deceptive Acts or Practices )**

11      6.1    The State realleges and incorporates by reference the allegations set forth in each of

12  the preceding paragraphs of this Complaint.

13      6.2    The Attorney General may bring an action in the name of the State, or as *parens*

14  *patriae* on behalf of persons residing in the State, against any person to restrain and prevent the

15  doing of any act prohibited by the Consumer Protection Act, RCW ch. 19.86 ("CPA") or declared

16  to be unlawful.

17      6.3    Landmark Technology A, LLC ("LTA") is a "person" under the applicable statutory

18  definition of that term.

19      6.4    To establish a violation of the CPA in an action brought by the Attorney General,

20  the State must prove that a defendant committed an unfair or deceptive act or practice, occurring in

21  trade or commerce, and public interest impact. Causation and harm are not elements of a CPA action

22  brought by the Attorney General.

23      6.5    The conduct described in the foregoing allegations establishes that LTA has

24  committed unfair or deceptive acts or practices under the CPA, including making bad faith

25  assertions of patent infringement, and making deceptive statements in demand letters concerning

26  the existence, prominence, scope and licensing price of LTA's asserted patent rights.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 30

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1        6.6      The unfair or deceptive acts and practices described in the foregoing paragraphs

2   were committed by Landmark in the course of trade or commerce.

3        6.7      The unfair or deceptive acts and practices described in the foregoing paragraphs

4   affected the public interest.

5        6.8      To the extent the Court finds that to avoid preemption the State must show, in

6   addition to the elements of a claim under the PTPA brought by the Attorney General, that "bad

7   faith" under applicable federal patent law must be pleaded (which is not alleged), the foregoing

8   allegations demonstrate a pattern or practice of successive patent infringement assertions by LTA,

9   which were made without regard to the merits of such assertions, and therefore constitute "bad

10  faith." *See California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S. Ct. 609, 612,

11  30 L. Ed. 2d 642 (1972)*; USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Const. Trades Council*,

12  AFL-CIO, 31 F.3d 800 (9th Cir. 1994).

13       6.9      To the extent the Court finds that to avoid preemption the State must show, in

14  addition to the elements of a claim under the PTPA brought by the Attorney General, that "bad

15  faith" under applicable federal patent law must be pleaded, and that the test applicable to a single

16  proceeding or assertion is applicable (which is not alleged), the foregoing allegations demonstrate

17  that LTA made assertions of patent infringement that were, in the first place, objectively baseless,

18  and in the second place, made in subjective bad faith. *See Professional Real Estate Investors, Inc.*

19  *v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993);

20  *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367 (Fed. Cir. 2004).

21  Specifically with respect to objective baselessness, LTA's misrepresentations regarding the scope

22  and value of the '508 patent are objectively baseless, and the '508 patent is invalid.

23       6.10     To the extent the Court finds that to avoid preemption the State must show, in

24  addition to the elements of a claim under the PTPA brought by the Attorney General, that "bad

25  faith" under applicable federal patent law must be pleaded (which is not alleged), the allegations

26  set forth under this cause of action are supported by clear and convincing evidence.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 31

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

## VII.    PRAYER FOR RELIEF

Wherefore, the State prays for the following relief:

7.1     Injunctive relief enjoining LTA from taking any actions to enforce the '508 patent, including issuing demand letters and/or filing patent infringement lawsuits.

7.2     Restitution of all money and/or property acquired by LTA as a result of its unlawful acts, as well as restitution of all amounts paid to LTA by target companies, and all amounts incurred by target companies responding to, or defending against, LTA's unlawful demands.

7.3     Civil penalties for each violation of the PTPA and/or CPA committed by LTA, in the maximum amount permitted by law.

7.4     Attorneys' fees and costs incurred by the State during the investigation and litigation of this matter.

7.5     Such other relief as the Court deems just and proper.

DATED this 11th day of May, 2021.

ROBERT W. FERGUSON
Attorney General


*s/Seann Colgan*
SEANN COLGAN, WSBA # 38769
Assistant Attorney General
Attorneys for Plaintiff State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 516-2998
seann.colgan@atg.wa.gov

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF - 32

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745