UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK TECHNOLOGY A, LLC,<br><br>Defendant. | Case No. C21-728RSM<br><br>ORDER DENYING MOTION TO DISMISS OR TO STRIKE |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Landmark Technology A, LLC ("Landmark")'s Motion to Dismiss under Rule 12(b)(6) or, in the alternative, to strike under Rule 12(f). Dkt. #23. Plaintiff State of Washington opposes. Dkt. #26. The Court finds it can rule on this Motion without needing oral argument. For the reasons stated below, the Court DENIES Landmark's Motion.

## II.   BACKGROUND

For purposes of this Motion, the Court will accept all facts in the Complaint, Dkt. #1-1, as true. The Court will briefly summarize the relevant facts.

The Attorney General of the State of Washington brings this action in the name of the State, or as *parens patriae* on behalf of persons residing in the State, to enforce the provisions of the Washington Consumer Protection Act, RCW 19.86 ("CPA") and the Patent Troll Prevention Act, RCW 19.350 ("PTPA").

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 1

Defendant Landmark is a North Carolina patent-assertion entity ("PAE"). The sole member of LTA is Raymond Mercado, a North Carolina resident. PAEs enforce patent rights, rather than investing in development or commercialization. Abusive PAEs, *i.e.* "patent trolls," assert patents in bad faith, targeting smaller companies that cannot afford protracted litigation, and demanding payment of licensing fees. The State of Washington claims Landmark is just such an entity.

Although patent trolls rarely succeed on patent infringement claims in court, the vast majority of disputes end in settlements because patent litigation is costly and disruptive and because patent trolls offer to settle for amounts well below litigation costs.

The State argues that Landmark's business model is bad faith patent assertion. Over a recent 18-month period, Landmark issued 1,892 patent assertion demand letters to 1,176 different target companies in 48 states. In its demand letters, Landmark relies upon U.S. Patent No. 7,010,508 ("the '508 patent"), issued in 2006 on the basis of a 1995 application to the Patent and Trademark Office ("PTO"). In 2014, the PTO found, in a contested matter, that the '508 patent "does not recite a technological feature that is novel and unobvious over the prior art, and is therefore not a technological invention." *Ebay Enter., Inc. Petitioner v. Lawrence B. Lockwood Patent Owner*, 2014 WL 2150045 (Patent Tr. & App. Bd. May 20, 2014). Landmark contests this characterization.

Landmark primarily targets customer log-in pages on company websites, but has also demanded license fees for webpages containing privacy practices, shopping carts, products for sale, and company home pages.

Landmark demand letters do not contain factual allegations relating to the specific target company webpages. Rather, Landmark uses form letters with identical infringement

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 2

allegations. Examples of the form letters are included in the Complaint. Dkt. #1-1 at 6–9. The Complaint details hundreds of letters sent to companies in various states, including Washington.

Landmark periodically sues target companies that refuse to pay. Between January 2019 and the time of the Complaint, Landmark filed 16 patent infringement lawsuits, including five against Washington companies. Companies on the receiving end of the demand letters sometimes file suit, seeking a declaration of non-infringement. Between January 2019 and the time of the Complaint, eleven such suits have been filed against Landmark. Landmark settles quickly. Of the 27 lawsuits filed by or against Landmark between January 2019 and the time the Complaint was filed, only four remain pending, with the vast majority settling within a few months of filing. Four Washington companies have settled with LTA for payment of licensing fees between $15,000 and $20,000 each.

The '508 patent was issued on March 7, 2006, to Lawrence B. Lockwood, as inventor. Lockwood filed the patent application in 1995 as a continuation of other patent applications—most of which he abandoned—dating back to 1984. Lockwood owns Landmark Technology, a predecessor-in-interest to Plaintiff Landmark. Landmark claims it obtained enforcement rights in the '508 patent, however no assignment was filed with the PTO.

The '508 patent is titled "Automated Multimedia Data Processing Network," and claims to patent the abstract idea of automated data processing of business transactions between remote computer terminals. The Abstract for the '508 patent states:

> A system for filing applications with an institution from a plurality of remote sites, and for automatically processing said applications in response to each applicant's credit rating obtained from a credit reporting service comprising a series of self-service terminals remotely linked via a telephone line to a first computer at the institution and to a second computer at the credit reporting service

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 3

> headquarters. Each remote terminal comprises a video screen and a video memory which holds image-and-sound-generating information arranged to simulate the aspect and speech of an application loan officer on the video screen. The simulated loan officer is used to acquire loan request data from the applicant by guiding him through an interactive sequence of inquiries and answers. The system may be utilized as a trading network whereby stations are used by sellers and buyers to place and accept offers for securities, the central installation acting as a central computerized database where all transactions are processed and the various data items stored and automatically updated.

Landmark does not target financial institutions that engage in loan processing. Landmark is sending these letters out to every kind of business under the sun.  For example, in just one month, Landmark sent demand letters to businesses in the following industries: air and oil filters; apparel; appliances; automotive supplies; building supplies; candy; college housing supplies; consumer electronics; custom vehicles; department stores; event ticketing; fabrics; florist; fluid connectors; food service; furniture; grocery; hardware; headsets; health and beauty; HVAC; industrial supplies; inventory management; jewelry; kitchen products; manufactured housing; material handling; mattress; paper; pet products; petroleum; pharmacy services; pipe distributor; printers; sales and marketing; salon supplies; scientific laboratory supplies; seeds; shoes; sporting goods; steam cleaners; and, water supplies.

The majority of demand letters sent by Landmark identify a simple, customer log-in page on a company website as infringing the '508 patent.  Landmark's demand letters also identify the following types of webpages as infringing: company home pages, shopping carts, products pages, privacy practices, new customer registration, and ordering pages.

The State of Washington's Complaint brings causes of action for violations of the CPA and PTPA.  The State of Washington alleges that the above actions of Landmark constitute a violation of the CPA and the PTPA because Landmark is making assertions of patent

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 4

infringement in bad faith. The Complaint specifically addresses the concept of federal preemption and pleads that it has met the standards for bad faith required under certain federal cases. *See* Dkt. #1-1 at 30-31.

In the instant Motion, Landmark seeks dismissal under Rule 12(b)(6) arguing that the PTPA violates the First Amendment and Washington Constitution as a prior restraint on protected speech. Landmark also contends the PTPA is preempted by federal patent law, and that it cannot be liable for prelitigation notice letters under the *Noerr-Pennington* doctrine. Landmark moves to strike the Complaint's allegation that the '508 Patent is invalid and to strike other certain claims as outside the bounds of available relief.

### III.   DISCUSSION

**A.  Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 5

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## B. Constitutional Claims

Landmark first argues, "[u]nder strict scrutiny, the [PTPA] is unconstitutional because it infringes on protected prelitigation speech yet does not use the least-restrictive means to achieve a sufficiently compelling interest." Dkt. #23 at 16 (citing *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015); *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781 (1988)). Landmark contends that prelitigation demand letters are protected speech under the First Amendment's Petition Clause, despite proposing a commercial transaction, such as a prelitigation settlement, *id.* (citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935 (9th Cir. 2006)), and that content-based restrictions on protected speech "are presumptively invalid," *Id.* (citing *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382 (1992)). Landmark argues that this restriction of speech is not justified by a sufficiently compelling state interest. *Id.* at 16–17. Landmark discusses prior restraint under the Washington State Constitution. *Id.* at 18.

The State of Washington responds "[Landmark] neglects to inform the Court… that **bad faith** prelitigation demand letters are **not** protected by the Petition Clause," and that numerous cases "have held that bad faith assertions of patent infringement, in particular, are actionable under the Petition Clause." Dkt. #26 at 12–13 (emphasis in original) (citing *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367 (Fed. Cir. 2004); *NAPCO, Inc. v. Landmark Tech. A, LLC*, No. 1:21-CV-0025, 2021 WL 3678019 (M.D.N.C. Aug. 19, 2021);

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 6

*Landmark Tech., LLC v. Azure Farms, Inc.*, No. 3:18-cv-1568-JR, 2020 WL 1430088 (D. Or. Mar. 24, 2020)).

The State's claims, under both the PTPA and CPA, clearly allege bad faith, *see* Dkt. #1-1 ¶¶ 5.6, 5.9, 5.12, 5.13, 6.5, 6.8, 6.9, and bad faith infringement is precisely what the PTPA prohibits, *see* RCW 19.350.020(1) ("A person may not make assertions of patent infringement in bad faith"). Landmark cites no authority for the proposition that the Petition Clause protects bad faith assertions of patent infringement. Furthermore, whether or not Landmark's letters were sent in bad faith is not a question that can be resolved at the 12(b)(6) stage of litigation. The State's pleading on this issue is adequate.

The Start argues that the PTPA is not addressing *content* but *conduct*, thus subjecting the statute to rational basis review. Dkt. #26 at 13–14. The State summarizes the law thusly:

> …bad faith assertions of patent infringement should be considered conduct, notwithstanding that the conduct at issue was carried out by means of written communication, because "the First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech." *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567, 131 S.Ct. 2653 (2011). Therefore, "it has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502, 69 S.Ct. 684 (1949). The Supreme Court thus held, in *Giboney*, that it is permissible for antitrust laws to prohibit "agreements in restraint of trade." *Id*. The same analysis applies here.

*Id*. at 14.

The Court agrees with the State's analysis on this topic. *See also id*. at 15. Assuming all facts in the pleading are true, these boilerplate letters are not full of nuanced content but are instead bad faith conduct.

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 7

Statutes regulating unprotected speech are subject to rational basis review. *See Ripplinger v. Collins*, 868 F.2d 1043, 1057 (9th Cir. 1989). Under the rational basis standard, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). It appears settled that bad faith patent assertions are not protected speech. *See, e.g., Sosa, supra*; *Globetrotter, supra*. Landmark does not really argue that the PTPA would fails rational basis review; the Court concludes that it would survive such review because "abusive patent litigation, and especially the assertion of bad faith infringement claims, can harm Washington's economy." RCW 19.350.005.

The Court agrees with the State that "The PTPA does not impose restrictions on speech in advance of actual publication. It imposes after-the-fact liability for bad faith patent assertions." Dkt. #26 at 16. The PTPA is not a prior restraint on speech. Landmark has otherwise failed to demonstrate it is in violation of the Washington State Constitution.

C. **Federal Preemption**

Landmark discusses the general principles of federal preemption of state laws, then argues that "Courts have consistently required other states' patent-assertion regulations to require both objective baselessness and subjective bad faith to survive preemption." Dkt. #24 at 20 (citing, *inter alia*, *Landmark Tech., LLC v. Azure Farms, Inc.*, No. 3:18-CV-1568-JR, 2019 WL 3763762, at *6 (D. Or. June 26, 2019)). Landmark states:

> …for the Act to survive preemption its scope would need to be limited to objectively baseless claims made in subjective bad faith. But as enacted, it far exceeds those boundaries. For example, nothing in the Act requires a plaintiff to prove that the patent holder's allegation of patent infringement was objectively baseless. *See* RCW § 19.350.020. And it attempts to artificially constrain and replace the Federal Circuit's two-part "bad faith" standard with a list of factors created by state lawmakers. *Id*. Finally, the

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 8

> Act imposes liability for violations without requiring application of the Federal Circuit's clear-and-convincing-evidence standard. *See Golan*, 310 F.3d at 1371.

*Id.* (citing *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002)). Thus, Landmark maintains, the PTPA is preempted by federal law and should be declared void.

In its Response, the State contends:

> [Landmark]'s arguments concerning "objective baselessness" and a two-part "bad faith" test derive from Federal Circuit case law importing the "sham" litigation exception to *Noerr-Pennington* immunity into the patent infringement context. [Landmark]'s *Noerr-Pennington* arguments are addressed in section 2.A.4, *infra*. As discussed therein, the State need not prove the "objective baselessness" standard under *Noerr-Pennington*, and—even if such proof is required—the State has adequately pleaded both parts of the two-part "bad faith" standard relied upon by [Landmark].

Dkt. #26 at 19. The state also points out:

> [Landmark] also relies on Federal Circuit case law to argue that the State must demonstrate bad faith by clear and convincing evidence. The PTPA does not specify a standard of proof. Given the legislature's explicit intention that the PTPA not conflict with federal law, RCW 19.350.005, the Court may impute a clear and convincing standard into the statute. The State's Complaint pleads this standard. Compl. ¶¶ 5.14, 6.10.

*Id*.

The Court again agrees with the State that the pleading is adequate. The pleading expressly addresses preemption by pleading bad faith under the federal standards. As stated below, whether or not *Noerr-Pennington* immunity applies is a fact-intensive inquiry that cannot be resolved via a motion to dismiss; the same applies for preemption. This is not a basis for dismissal at this time.

**D. The Noerr-Pennington Doctrine**

Landmark argues that its patent-assertion letters are immunized under this doctrine.

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 9

The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Under the doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. *Empress LLC v. City & County of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) (citing *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000)).  The Noerr-Pennington doctrine arose in the antitrust context and has been extended to court filings and even prelitigation activity.  *See Sosa*, 437 F.3d at 931 (citing *E. R.R. Presidents' Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965)).  The only exception to *Noerr-Pennington* is the sham exception, under which petitioning activity is not immunized if it is both objectively baseless and in subjective bad faith. *Id.* at 930-31 (citing *Prof'l Real Estate Invs. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993).  The Federal Circuit has imported *Noerr-Pennington* immunity and the sham petitioning exception from the antitrust context into the patent assertion context. *See Globetrotter*, 362 F.3d 1367.

The State argues that: the application of *Noerr-Pennington* immunity is a fact-based inquiry not suitable for disposition under Rule 12(b)(6); Landmark is relying upon the wrong standard for establishing "bad faith"; and that in any event the State adequately pleaded bad faith under the standard it believes should apply or, alternatively, under the standard relied on by Landmark.

The Court agrees with the State that whether or not *Noerr-Pennington* immunity applies is a fact-intensive inquiry that cannot be resolved via a motion to dismiss.  *See* Dkt. #26 at 20–21.  The State is correct that it adequately pleads Landmark is sending out prelitigation letters in bad faith.  A jury could easily find bad faith based on these facts and facts that could

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 10

plausibly be introduced at trial.  Because there is a fact-intensive question of whether the sham exception applies, the Court will not dismiss these claims under Rule 12(b)(6).

E.  RCW 19.350.020(6)

The PTPA contains a provision exempting demands or lawsuits that include a claim for relief arising under certain federal patent statutes, including 35 U.S.C. § 287. RCW 19.350.020(6).  Landmark argues that its demand letters fall under this exemption "because they were sent to provide notice under Section 287 as is required to exercise certain federal patent rights." Dkt. #23 at 26.

The State argues that this exemption "is intended to allow patent holders to provide notice of infringement in good faith," and that Landmark's "proposed interpretation is absurd: that the legislature intended to exempt demand letters asserting patent infringement from a statute that addresses demand letters asserting patent infringement." Dkt. #26 at 28.  To do so would allow the exemption to "entirely swallow the PTPA, and render it a nullity." *Id*.  The State further argues that "[u]nder the extreme facts presented in this case, [Landmark] cannot persuasively argue its attempts to extract licensing fees are bona fide section 287 pre-suit communications." *Id*.

The Court is troubled by the possible confusion created by this exemption.  However, it seems absurd to interpret the statute as proposed by Landmark, and the Court declines to do so at this time.  Further, interpreting all facts in the Complaint as true and drawing all inferences in the light most favorable to the non-moving party, the Court agrees that Landmark cannot persuasively argue its boilerplate demand letters to random small companies with websites were bona fide section 287 pre-suit communications.  Relief under Rule 12(b)(6) is not warranted.

ORDER DENYING MOTION TO DISMISS OR TO STRIKE - 11

### F. Rule 12(f) Requests to Strike

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Landmark asserts that references to the '508 patent being invalid should be stricken as "false." Dkt. #24 at 20-21. The Court finds that the State has at least some basis for asserting that the '508 patent is invalid and declines to strike this from the pleading under Rule 12(f).

Landmark also argues that certain requests for restitution and injunctive relief should be stricken because they are unavailable as a matter of law, and that the State's request for injunctive relief constitutes a prior restraint. *Id*. at 21–22. These are not valid uses of Rule 12(f); the Court will deal with such arguments via Rule 12(b)(6) or at summary judgment.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Landmark's Motion to Dismiss under Rule 12(b)(6) or, in the alternative, to strike under Rule 12(f), Dkt. #23, is DENIED. The Clerk is DIRECTED to mail Defendant a copy of this Order at the following address:

> Raymond Mercado, Ph.D.
> Landmark Technology A, LLC
> 219 Billingrath Turn Lane
> Cary, NC 27519

DATED this 28th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE