UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

Plaintiff,

v.

LANDMARK TECHNOLOGY A, LLC,

Defendant.

Case No. C21-728RSM

ORDER GRANTING MOTION TO AMEND COMPLAINT

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff State of Washington's Motion to Amend Complaint, Dkt. #36.  Defendant Landmark Technology A, LLC ("LTA") opposes. Dkt. #26.  Neither party has requested oral argument.  For the reasons stated below, the Court GRANTS this Motion.

## II.   BACKGROUND

The Attorney General of the State of Washington brought this action on June 2, 2021, in the name of the State, or as *parens patriae* on behalf of persons residing in the State, to enforce the provisions of the Washington Consumer Protection Act, RCW 19.86 ("CPA") and the Patent Troll Prevention Act, RCW 19.350 ("PTPA").

ORDER GRANTING MOTION TO AMEND COMPLAINT - 1

Defendant Landmark is a North Carolina patent-assertion entity ("PAE"). The sole member of LTA is Raymond Mercado, a North Carolina resident.

On November 14, 2022, the State of Washington moved for leave to amend its Complaint to add Mr. Mercado as a defendant. Dkt. #36. A proposed amended complaint is attached. Dkt. #36-1. There has been no prior amendment.

Proceedings were stayed in this matter at the request of the parties, Dkt. #7, and it appears that discovery has not proceeded. Defendant recently obtained new counsel. A trial date has not yet been set.

### III.   DISCUSSION

**A. Legal Standard**

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988). Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice

ORDER GRANTING MOTION TO AMEND COMPLAINT - 2

so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

Rule 20(a)(2) permits the joinder of a defendant where (1) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all defendants will arise in the action.

B. Analysis

The State of Washington presents evidence that Mr. Mercado is the "self-employed owner" of LTA and the only individual associated with the company and that he personally executed licensing agreements on behalf of LTA. Dkt. #36 at 3. Mr. Mercado is being added based on case law establishing personal liability for a CPA violation if the corporate officer authorized or participated in the wrongful conduct. *Id*. at 6 (citing *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 322 (1976); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999)).

ORDER GRANTING MOTION TO AMEND COMPLAINT - 3

LTA has not addressed either of these cases in its Response, which appear to establish liability even without relying on alter ego liability. The Court is convinced that this amendment is not made in bad faith, that there has been no undue delay caused by the State of Washington, that the opposing party will not be unduly prejudiced by the amendment, and that there has been no prior amendment. With regard to futility, the State of Washington has adequately pointed to case law establishing CPA liability for Mr. Mercado's actions, backed up by plausible factual allegations. Even if the State were required to establish alter ego liability, the pleading and record before the Court indicate that such an effort would not be futile. Given all of the above, the Court finds that the liberal Rule 15 standard has been met.

The Court is also convinced that the State's claims against Mr. Mercado arise out of the same transactions or occurrences as those alleged against LTA. Mercado is the founder, sole owner, and managing member of LTA. There is a clear and obvious overlap of facts and law. The proposed amended complaint seeks, in a non-futile way, liability against both LTA and Mr. Mercado for the actions of LTA giving rise to liability under the PTPA and CPA. Accordingly, joinder is appropriate under Rule 20.

### IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that the State of Washington's Motion to Amend, Dkt. #36, is GRANTED. A scheduling order setting a trial date and related deadlines will follow.

DATED this 5th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO AMEND COMPLAINT - 4