The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                  Plaintiff,<br><br>    v.<br><br>LANDMARK TECHNOLOGY A, LLC, and RAYMOND MERCADO, individually,<br><br>                  Defendants. | NO. 2:21-cv-00728-RSM<br><br>MOTION TO STRIKE COUNTERCLAIMS AND JURY DEMAND PURSUANT TO FRCP 12(f) AND FRCP 39(a)(2)<br><br>NOTE ON MOTION CALENDAR:<br>Friday, February 17, 2023 |

## I.    INTRODUCTION

Defendants Landmark Technology A, LLC ("LTA") and Raymond Mercado (together, "Defendants") filed their Answer to the State of Washington's ("State") Amended Complaint asserting three counterclaims for declaratory relief: (1) that the Washington Patent Troll Prevention Act is invalid or preempted by federal law, (2) that the Washington Consumer Protection Act ("CPA") is invalid or preempted as applied under federal law, and (3) that Defendants did not violate the CPA. All three of these counterclaims are duplicative of the claims raised in the State's Amended Complaint and Defendants' defenses thereto. As a result, this Court should strike all three counterclaims from the Answer pursuant to Federal Rule of Civil Procedure 12(f).

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Defendants' Answer also requests a jury trial. However, over forty years ago the Washington Supreme Court held that a defendant has no right to a jury trial in a Consumer Protection Act action brought by the Attorney General. *State ex rel. Dep't Ecology v. Anderson*, 94 Wash. 2d 727, 730, 620 P.2d 76 (1980). This holding was reiterated recently by the Washington Court of Appeals in *State v. Mandatory Poster Agency, Inc.*, 199 Wash. App. 506, 518, 398 P.3d 1271, 1276 (2017). The same is true under federal law—claims seeking equitable relief do not trigger a right to a jury trial—and this Court should strike Defendants' jury demand.

## II.     STATEMENT OF FACTS

The State filed this action pursuant to the Patent Troll Prevention Act ("PTPA"), Wash. Rev. Code § 19.350 and the Washington CPA, Wash. Rev. Code § 19.86. *See* State's First Amended Complaint for Injunctive and Other Relief, Dkt. 43. The State's original complaint was filed in King County Superior Court against LTA. LTA removed the action to this Court, Dkt. 1, and after the State withdrew its motion to remand, Dkt. 20, LTA moved to dismiss the case, arguing *inter alia* that the State's claims were preempted by federal law and that the State failed to state a claim for which relief could be granted, Dkt. 23. LTA's prior counsel withdrew, Dkt. 31, 33, and the Court subsequently denied the motion to dismiss, Dkt. 35. The State then moved for leave to amend its complaint to add Raymond Mercado as an additional defendant. Dkt. 36. LTA obtained replacement counsel, Dkt. 38, the State's motion to amend was briefed, Dkt. 39, 40, and the Court granted leave to amend, Dkt. 41. The State filed its Amended Complaint on December 16, 2022, Dkt. 43, and Defendant Mercado accepted service through counsel on January 6, 2023, Dkt. 47. The State alleges that LTA and Mercado violated the PTPA and the CPA by issuing over 1,800 demand letters to target companies that included bad faith assertions of patent infringement, and making deceptive statements in demand letters concerning the existence, prominence, scope, and licensing price of LTA's asserted patent rights. Dkt. 43.

The State's First Amended Complaint seeks equitable relief in the form of (1) injunctive relief enjoining Defendants from taking bad faith action related to the enforcement of the patent

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

at issue, including issuing demand letters and/or filing patent infringement lawsuits, and (2) restitution and/or disgorgement of all assets acquired by Defendants as a result of their unlawful acts, amounts paid to Defendants by target companies, and amounts incurred by target companies responding to or defending against Defendants' unlawful demands. Dkt. 43, ¶¶ 7.1, 7.2. The State also seeks civil penalties, pursuant to Wash. Rev. Code § 19.86.140, for each violation of the PTPA and/or CPA, as well as its costs, including reasonable attorneys' fees. *Id.* ¶¶ 7.3, 7.4.

On January 6, 2023, Defendants filed their Answer to the Amended Complaint (Answer) asserting three counterclaims for declaratory relief. Dkt. 45. Specifically, Defendants assert (1) that the PTPA is preempted by federal law, (2) that the CPA as applied is preempted by federal law, and (3) that Defendants have not violated the CPA. Dkt. 45. Defendants' Answer also included a jury demand. On January 13, 2023 during a Rule 26(f) conference, the State shared its view that the claims in this case should be tried to the bench, not a jury, as well as its intent to move to strike Defendants' jury demand. Declaration of Aaron J. Fickes ¶ 2. On January 20, 2023, the State asked if Defendants would stipulate to a withdrawal of the jury demand in light of the holdings in *Anderson* and *Mandatory Poster Agency*. *Id.* ¶ 3. Defendants declined that request, *id.* ¶ 4, citing authorities that do not address CPA-enforcement actions brought by a state attorney general. The State therefore moves this Court to strike Defendants' jury demand, along with the duplicative and unnecessary counterclaims in Defendants' Answer.

### III. STATEMENT OF ISSUES

Whether the Court should (1) strike Defendants' counterclaims as redundant of claims and defenses already raised in the pleadings and (2) strike Defendants' jury demand on the basis that this is a Consumer Protection Act case brought by the Washington Attorney General.

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## IV. EVIDENCE RELIED UPON

The State relies upon the Declaration of Aaron J. Fickes submitted herewith, the authority and argument set forth herein, the Court's prior orders, and the pleadings and documents on file in this action.

## V. ARGUMENT

### A. Defendants' Counterclaims Duplicate Claims and Defenses Already at Issue

The Court should strike all three of Defendants' counterclaims because they are entirely redundant of issues already raised in Plaintiff's claims and Defendants' affirmative defenses thereto, and indeed need not be brought as counterclaims as demonstrated by Defendants' motion to dismiss. Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Each of Defendant's counterclaims seeks relief that will, by necessity, already be addressed in resolving the State's claims and Defendant's affirmative defenses.

Although motions to strike are generally disfavored, Rule 12(f) specifically permits them to streamline pleadings by striking, among other things, "redundant . . . matter[s]." Fed. R. Civ. Proc. 12(f). "If a counterclaim for declaratory relief is redundant, the court may exercise discretion to strike the counterclaim." *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 395734, at *3 (W.D. Wash. Feb. 6, 2012). "In general, a court should strike a counterclaim for declaratory judgment when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12-2082JLR, 2013 WL 2468846, at *3 (W.D. Wash. June 7, 2013) (quoting *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008)); *see also Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006) (dismissing a counterclaim as duplicative and stating that "[d]istrict courts have dismissed counterclaims . . . where they

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

have found them to be repetitious of issues already before the court via the complaint or affirmative defenses").

As these and other authorities provide, counterclaims that will be rendered moot by adjudication of the main action may be struck. *See, e.g.*, *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1272-73 (D. Ariz. 2012) (dismissing as redundant counterclaims for non-infringement and non-violation of the Anti-Cyber Squatting Protection Act where those claims were redundant of the original claims); *see also Lilac Dev. Grp., LLC v. Hess Corp.*, No. CV-157547WHWCLW, 2016 WL 3267325, at *3 (D.N.J. June 7, 2016) ("Courts may dismiss counterclaims requesting declaratory judgment where they are redundant with the original claim. When 'a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory judgment moot.'") (quoting *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 556 (D.N.J. 2009)); *Kieran v. Johnson-March Corp.*, 7 F.R.D. 128, 131 (E.D.N.Y. 1945) ("[I]n a litigation which is bound to result in one of two ways, and where either result will set the matter at rest forever, then defendant, under the guise of invoking the declaratory judgment statute, should not be permitted to say in substance that he wants a judgment in his favor, and no more."); 6 Wright & Miller, *Fed. Practice and Procedure* § 1406 ("When [a declaratory judgment counterclaim raises] issues that already have been presented in plaintiff's complaint . . . a party might challenge the counterclaim on the ground that it is redundant and the court should exercise its discretion to dismiss it.").

Courts may in some cases opt for the "safer course" of preserving counterclaims until later in the litigation, but such "concerns are only relevant in an action where the counterclaim presents issues that are **separate from the main claim**." *Lilac Dev. Grp.*, 2016 WL 3267325, at *4 (emphasis added). For example, "in *ProCentury* one party asked for a declaration that they 'properly rescinded [an insurance] policy,' while the other party asked for a declaration 'that

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

payment [was] due under the policy.'" *Id.* (quoting *ProCentury*, 652 F. Supp. 2d at 557). "Whether the policy had been properly rescinded was a separate question from whether a payment was due under the policy, meaning the claims were not truly redundant." *Id.*; *see also Microsoft Corp.*, 2012 WL 395734, at *3-*5 (granting motion to strike counterclaim requesting injunctive relief that would be determined through adjudication of main action, but preserving counterclaim seeking broader relief, *i.e.*, a finding that Motorola satisfied all its obligations to Microsoft and that Microsoft had repudiated all rights to the license in question); *Fluke Elecs.*, 2013 WL 2468846, at *5 (rejecting several arguments regarding the usefulness of counterclaims, but declining to strike a counterclaim that added a new third-party defendant).

Here, the issues raised by Defendants' three counterclaims will by necessity be resolved in adjudicating the State's claims that Defendants violated the PTPA and the CPA. Defendant's First Counterclaim seeks a declaration that the PTPA is preempted under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution and federal patent law. This counterclaim is entirely redundant of the State's main claims and Defendants' affirmative defenses of pre-emption and unconstitutionality, Dkt. 45 ¶¶ 8.2, 8.3, 8.19, and briefed extensively in LTA's motion to dismiss, Dkt. 25-1. Notably, this Court previously "conclude[d] that [the PTPA] would survive [rational basis] review because 'abusive patent litigation, and especially the assertion of bad faith infringement claims, can harm Washington's economy.'" Order, Dkt. 35 at 8 (citation omitted).

The same is true of Defendants' Second Counterclaim seeking a declaration that the CPA is invalid and/or preempted as applied under federal constitutional and statutory law. This counterclaim is entirely redundant of the State's main claims and Defendants' affirmative defenses of pre-emption and unconstitutionality. Dkt. 45 ¶¶ 8.2, 8.3, 8.19.

Defendant's Third Counterclaim for a declaratory judgment that Defendants have not violated the CPA is nothing more than a request for a finding of non-liability under one of the State's claims. This counterclaim too is entirely redundant of the State's main claims and, at a

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

minimum, Defendants' affirmative defenses of failure to state a claim, good faith, lack of bad faith, lack of trade, no unfair or deceptive acts, and no violation of Wash. Rev. Code § 19.86. Dkt 45 ¶¶ 8.1, 8.4-8.8.

Because these counterclaims are redundant and would not introduce new, different issues that are "separate from the main claim," they should be struck. *Lilac Dev. Grp.*, 2016 WL 3267325, at *4.

**B.   There Is No Right to a Jury Trial in State-Advanced CPA Actions**

Washington and federal law is clear – there is no right to a jury trial in a CPA action brought by the State. *Mandatory Poster Agency*, 199 Wash. App. at 518 ("A CPA case brought by the State is an equitable action, and there is no jury trial."). This is not a novel concept. As the Washington Supreme Court held in *Anderson* more than forty years ago, where a governmental body seeks to enjoin the commission of acts made illegal by statute, it is the courts' equity jurisdiction that is invoked. *Anderson*, 94 Wash. 2d at 730. A CPA case brought by the State is an equitable action, and thus a defendant in a State-advanced consumer protection action has no right to a jury trial. *Id.*; *Mandatory Poster Agency*, 199 Wash. App. at 518. The same analysis applies under federal law, under which a jury trial is only required for legal, not equitable, claims. *E.g.*, *Shubin v. United States District Court*, 313 F.2d 250 (9th Cir. 1963).

Nothing about the State's claims under the PTPA, or Defendants' counterclaims regarding the same, change this analysis. Defendants' actions in violation of the PTPA, as alleged by the State, constitute a per se violation of the CPA; the Washington Attorney General is the sole authority entitled to bring such an action. *See* Wash. Rev. Code § 19.350.030 ("For actions brought by the attorney general to enforce this chapter, a violation of this chapter…is an unfair or deceptive act…for purposes of applying the consumer protection act, chapter 19.86 RCW.").

This should end the inquiry on this issue. Nevertheless, a closer look at the State's pleadings explicitly supports the State's request to strike the jury demand. Here, as in *Anderson,*

MOTION TO DISMISS OR STRIKE COUNTERCLAIMS AND JURY DEMAND PURSUANT TO FRCP 12(f) AND FRCP 39(a)(2) (2:21-cv-00728-RSM) - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  the State seeks an injunction, civil penalties, restitution, and attorneys' fees pursuant to the CPA.
2  *See Anderson,* 94 Wash. 2d at 728; Dkt. 43, ¶¶ 7.1-7.5. Injunctive relief is a quintessential
3  equitable remedy. *State v. State Credit Ass'n, Inc.*, 33 Wash. App. 617, 621, 657 P.2d 327, 330
4  (1983). Restitution, which the State requested here, is also an equitable remedy. *Id*. Restitution
5  orders "are appropriate and necessary as a part of equitable relief." *State v. Ralph Williams' N.*
6  *W. Chrysler Plymouth, Inc.*, 82 Wash. 2d 265, 277, 510 P.2d 233, 241 (1973) (*Ralph Williams*
7  *I*). And civil penalties are available once the court's equity jurisdiction is otherwise invoked.
8  *State Credit Ass'n,* 33 Wash. App. at 621; *Ralph Williams I*, 82 Wash. 2d at 277. The relief
9  available to the State in a CPA action thus "is entirely equitable." *State Credit Ass'n,* 33 Wash.
10 App. at 621; *Anderson,* 94 Wash. 2d at 730. As a result, Defendants are not entitled to a jury
11 trial, and the Court should strike the jury demand.

12 When a court sits in equity, as it would here, the court acts as both the trier of fact and
13 the trier of law. *Johnson v. Williams*, 133 Wash. 613, 620-21, 234 P. 449, *aff'd*, 133 Wash. 613,
14 238 P. 581 (1925) (when sitting in equity "the trial judge would be the trier of the facts as well
15 as the law"); *Cincinnati Life Ins. Co. v. Est. of Burke*, No. CV RDB-07-685, 2008 WL 11363690,
16 at *1 (D. Md. Mar. 28, 2008) ("the issue of materiality was properly submitted to the trier of
17 fact, *i.e.* the Court, sitting in equity"). Put differently, when assessing whether a litigant may
18 demand a jury, it is not whether there is a need for fact-finding, but rather, whether the underlying
19 claims invoke the Court's equity jurisdiction. Because the State's lawsuit alleges solely
20 violations of the CPA and the PTPA, only this Court's equity jurisdiction is invoked. That this
21 Court will decide both issues of law and fact is irrelevant to the determination of whether a jury
22 is appropriate in this case.

23 Analyzing the issues under federal law yields the same result. The Seventh Amendment
24 provides that "[i]n Suits at common law, ... the right of trial by jury shall be preserved, and no
25 fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than
26 according to the rules of the common law." U.S. Const. amend. VII. The Supreme Court "has

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

construed this language to require a jury trial on the merits in those actions that are analogous to 'Suits at common law'" at the time of the Amendment's ratification. *Tull v. United States*, 481 U.S. 412, 417 (1987); *see also* Fleming James, Jr., *Right to a Jury Trial in Civil Actions*, 72 Yale L.J. 655, 655 (1963) (explaining that the Constitution "do[es] not extend but preserve[s] the right of jury trial as it existed . . . in 1791 when the seventh amendment was adopted"). Prior to 1791, "a jury trial was customary in suits brought in the English *law* courts" but not in the courts of equity, *Tull*, 481 U.S. at 417, "unless the chancellor in his discretion sent an issue to a jury for an advisory verdict," James, 72 Yale L.J. at 655. The Seventh Amendment thus secures the right to a jury trial for "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Chauffeurs, Local 391 v. Terry*, 494 U.S. 558, 564 (1990) (alterations in original) (quoting *Parsons v. Bedford*, 28 U.S. 433, 447, 3 Pet. 433, 7 L.Ed. 732 (1830)).

Here, Washington courts long ago recognized that consumer protection actions had no parallel in the common law when the Washington constitution was adopted in 1889. *State Credit Ass'n*, 33 Wash. App. at 621, 657 P.2d 327. More specifically, the court held that the concept of "unfair or deceptive practices" or "unfair methods of competition" in the Washington CPA have no exact common law equivalent. *Id.* Thus, the Seventh Amendment does not protect a right to a jury trial here.

Indeed, the presence of disputed factual issues alone does not entitle Defendants to a jury. "[T]he Seventh Amendment was never intended to establish the jury as the exclusive mechanism for factfinding in civil cases." *Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 451 n.8 (1977). The State is not seeking a declaration regarding the validity or invalidity of Defendants' patent. "An equitable claim may involve a legal issue of fact, or may turn on a question of fact. The existence of an issue of fact does not per se create a 'legal claim.'" *Shubin v. United States District Court*, 313 F.2d 250, 251 (9th Cir. 1963) (striking jury demand in case where no infringement, no damages, and therefore no choice as to whether

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

to sue in law or equity); *Am. Soc'y for Testing and Materials v. Public.Resource.org, Inc.*, 78 F. Supp. 3d 534, 539-41 (D.D.C. 2015) (dismissing jury demand in answer); *Sanofi-Synthelabo v. Apotex, Inc.*, No. 02 Civ.2255 RWS, 2002 WL 1917871, *3-*4 (S.D.N.Y Aug. 20, 2002) (holding that "no jury trial should attach '[i]n the absence of any issue of past infringement for which damages could conceivably be recovered'") (citation omitted); *cf. In re Lockwood*, 50 F.3d 966, 974 (Fed. Cir. 1995), *vacated sub nom.*, *Am. Airlines, Inc. v. Lockwood*, 515 U.S. 1182 (1995) (plaintiff's claims included declaratory judgment regarding non-infringement and counterclaimant could seek remedies sounding in law for past infringement). Moreover, the State's claims do not hinge on whether or not the underlying patent (*i.e.*, the '508 patent) is invalid. Rather the State's claims under the PTPA and CPA arise out of Defendants' repeated bad faith assertions of that patent—valid or not—against a plethora of businesses across multiple industries. As far as relief is concerned, the parties seek purely equitable relief—neither party seeks money damages.

Should Defendants assert that they are entitled to a jury to hear disputed facts related to their *Noerr-Pennington* immunity defense, such an argument fails. As detailed above, there are no money damages at issue here, only equitable remedies, and the right to a trial by jury is not triggered *ab initio*. Questions of fact will be resolved by the Court sitting in equity here, not by a jury. Moreover, even assuming *arguendo* questions of fact automatically trigger jury trials—again, they do not—*Noerr-Pennington* issues can be resolved as matters of law. Whether petitioning activity constitutes a "sham" is generally a fact question, but "'if there is no dispute over the predicate facts of the underlying legal proceeding,' rather only a dispute over whether those facts are 'sufficient to establish probable cause for the objective baselessness inquiry,' as here, then the Court faces 'a legal question, not a factual one,' which it may appropriately decide at summary judgment." *Takeda Pharm. Co. Ltd. v. Zydus Pharms. (USA) Inc.*, No. 18-1994 (FLW), 2021 WL 3144897, *11 (D.N.J. July 26, 2021) (quotation and citation omitted).

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 10

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## VI. CONCLUSION

For the reasons set forth above, the State respectfully requests that the Court strike Defendants' counterclaims and jury demand. Should the Court deny the State's motion, the State respectfully requests that it do so without prejudice so the Court may revisit these issues as the litigation proceeds and the topics at issue in trial are narrowed.

DATED this 27th day of January, 2023.

ROBERT W. FERGUSON
Attorney General

*s/ Ben Brysacz*
AARON J. FICKES, WSBA #51584
BEN J. BRYSACZ, WSBA #54683
HEIDI C. ANDERSON, WSBA #37603
BOB HYDE, WSBA #33593
Assistant Attorneys General
Attorneys for Plaintiff State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 11

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

I certify that I caused to be served a copy of the foregoing on the following parties via the following methods:

| | |
|---|---|
| Justin P. Walsh<br>Gleam Law, PLLC<br>605 1st Avenue, Suite 330<br>Seattle, WA 98104<br>justin@gleamlaw.com | ☐ Legal Messenger<br>☐ First-Class Mail, Postage Prepaid<br>☐ Certified Mail, Receipt Requested<br>☒ Email<br>☒ E-Service |

I certify, under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 27th day of January, 2023, at Seattle, Washington.

       *s/ Ben Brysacz*
BEN J. BRYSACZ, WSBA #54683
Assistant Attorney General

MOTION TO DISMISS OR STRIKE
COUNTERCLAIMS AND JURY
DEMAND PURSUANT TO FRCP 12(f)
AND FRCP 39(a)(2)
(2:21-cv-00728-RSM) - 12

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744