UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK TECHNOLOGY A, LLC,<br><br>Defendant. | Case No. 21-728RSM<br><br>ORDER GRANTING MOTION TO STRIKE COUNTERCLAIMS |

This matter comes before the Court on Plaintiff State of Washington's Motion to Strike Counterclaims and Jury Demand, Dkt. #48. Defendant Landmark Technology A, LLC opposes. Dkt. #51. Plaintiff has since withdrawn its request to strike Defendant's jury demand. Dkt. #53 at 2. Neither party has requested oral argument.

The Attorney General of the State of Washington brought this action to enforce the provisions of the Washington Consumer Protection Act, RCW 19.86 ("CPA") and the Patent Troll Prevention Act, RCW 19.350 ("PTPA"). A more detailed review of the original Complaint and Defendant's arguments for dismissal can be found at Dkt. #35.

Defendant Landmark, a North Carolina patent-assertion entity ("PAE"), has answered the Amended Complaint with several affirmative defenses and counterclaims. Dkt. #45. The affirmative defenses include, *inter alia*: failure to state a claim, preemption by federal patent

ORDER GRANTING MOTION TO STRIKE COUNTERCLAIMS - 1

law, unconstitutionality, lack of bad faith, no unfair or deceptive acts, no violation of RCW 19.86, no violation of RCW 19.350, that the patent was not "objectively baseless," and many other defenses along those lines. *Id*. at 41–43. The three counterclaims are titled as follows: "declaratory judgment re: invalidity or preemption of Patent Troll Protection Act under first-fifth & fourteenth amendments of the United States Constitution, and federal patent law;" "declaratory judgment re: CPA is invalid and/or preempted as applied under first, fifth & fourteenth amendments, as well as the supremacy and patent clauses of the U.S. Constitution and title 35 of the U.S. code;" and "declaratory judgment regarding no violation of Washington's Consumer Protection Act." *Id*. at 46–54.

Plaintiff now moves to strike the counterclaims as duplicative of Defendant's affirmative defenses. Dkt. #48.

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F2d 880, 885 (9th Cir. 1983). Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Nelson v. United States Fed. Marshal's Serv.*, 2017 U.S. Dist. LEXIS 38980, *3-4, 2017 WL 1037581 (W.D. Wash. 2017) (citing *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001)). "In the context of counterclaims for declaratory relief, some courts use their discretion to dismiss 'mirror image' counterclaims that are redundant of affirmative defenses or claims found in the complaint." *Perez v. Guardian Roofing*, 2016 U.S. Dist. LEXIS 30302, *5

ORDER GRANTING MOTION TO STRIKE COUNTERCLAIMS - 2

(W.D. Wash. 2016) (citing *Rayman v. Peoples Sav. Corp*. 735 F.Supp. 842, 852 (N.D.Ill.1990); *Daily v. Federal Ins. Co.*, 2005 U.S. Dist. LEXIS 46001, 2005 WL 14734 *6 (N.D.Cal.2005)).

In *Perez*, the court found that three counterclaims seeking declaratory judgment were "redundant and nothing more than a mirror image of the Complaint." *Id*. The court reasoned that the counterclaims did not serve "any useful purpose" because "they raise no issues not also raised by the Complaint" and because "decision on Complaint's merits would render the Counterclaims for declaratory judgment moot." *Id*. The court also found that denying the motion would prejudice the moving party, because allowing the redundant claims to proceed would cause the trier of fact to be confused or draw unwarranted inferences at trial. *Id*. at *8.

Here, the Court finds that the counterclaims are duplicative of Defendant's affirmative defenses and redundant based on factual and legal issues raised in the Amended Complaint. The Court's decisions on Plaintiff's claims will render the counterclaims moot. Unless Defendant abandons its affirmative defenses, in ruling on Plaintiff's claims, the Court will necessarily need to rule on the constitutionality of the Patent Troll Protection Act and whether it is preempted by Federal Patent law, same with the CPA. It goes without saying that the Court will need to rule whether or not Defendant violated the CPA. To the extent Defendant's counterclaims seek declaratory judgments untethered to the actions of the parties, such are also properly stricken under Rule 12(f) as immaterial to this case. While it is unclear whether the Court needs to find that the counterclaims do not serve any useful purpose or that the denial of the instant Motion would prejudice Plaintiff, the Court finds this case sufficiently analogous to *Perez* to reach the same conclusions as in that case. These issues do not bar Plaintiff's requested relief. The Court hopes that granting this relief will, in some small way, streamline this case and conserve resources.

ORDER GRANTING MOTION TO STRIKE COUNTERCLAIMS - 3

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the State of Washington's Motion to Strike Counterclaims, Dkt. #48, is GRANTED. Defendant's counterclaims are STRICKEN.

DATED this 15th day of March, 2023.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE