The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

Plaintiff,

v.

LANDMARK TECHNOLOGY A, LLC and
RAYMOND MERCADO, individually,

Defendants.

NO. 2:21-cv-00728-RSM

STIPULATED PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL MATERIAL"

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) information prohibited from disclosure by the laws or

STIPULATED PROTECTIVE ORDER – 1
CASE NO. 2:21-cv-00728-RSM

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  regulations of Washington or federal law or regulations; (b) Trade Secrets (as that term is defined

2  below); (c) confidential research, development, commercial, financial, or other proprietary

3  information that the designating party has maintained as confidential; or (d) personal financial,

4  employment, and personally identifiable information about individuals that is precluded from

5  public disclosure under Washington or federal law. Public records and other information or

6  documents that are publicly available, and not otherwise protected against disclosure or discovery,

7  are not confidential.

8  3.    "TRADE SECRET"

9       "Trade Secret" shall mean information that qualifies for trade secret protection under

10  RCW 19.86.110, RCW 19.108.010, and Washington case law interpreting these statutes.

11  4.    SCOPE

12       The protections conferred by this agreement cover not only confidential material (as

13  defined above), but also (1) any information copied or extracted from confidential material; (2)

14  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

15  conversations, or presentations by parties or their counsel that might reveal confidential material.

16       However, the protections conferred by this agreement do not cover information or

17  materials that are in the public domain or become part of the public domain through trial or

18  otherwise.

19  5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

20       5.1.    Basic Principles. A receiving party may use confidential material that is disclosed

21  or produced by another party or by a non-party in connection with this case only for prosecuting,

22  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

23  the categories of persons and under the conditions described in this agreement. Confidential

24  material must be stored and maintained by a receiving party at a location and in a secure manner

25  that ensures that access is limited to the persons authorized under this agreement.

26

STIPULATED PROTECTIVE ORDER – 2
CASE NO. 2:21-cv-00728-RSM

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1         5.2.   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

2    ordered by the Court or permitted in writing by the designating party, a receiving party may

3    disclose any confidential material only to:

4              a)    the receiving party's counsel of record in this action, as well as employees

5    of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6              b)    the officers, directors, and employees (including in-house counsel) of the

7    receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

8    agree that a particular document or material produced is for Attorney's Eyes Only and is so

9    designated;

10             c)    experts and consultants to whom disclosure is reasonably necessary for

11   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12   A);

13             d)    the Court, court personnel, and court reporters and their staff;

14             e)    copy or imaging services retained by counsel to assist in the duplication

15   of confidential material, provided that counsel for the party retaining the copy or imaging service

16   instructs the service not to disclose any confidential material to third parties and to immediately

17   return all originals and copies of any confidential material;

18             f)    during their depositions, witnesses in the action to whom disclosure is

19   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

21   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

22   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

23   under this agreement;

24             g)    the author or recipient of a document containing the information or a

25   custodian or other person who otherwise possessed or knew the information;

26

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

h)       mediators or other third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, provided that they are given a copy of the Order and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to being showing any Confidential Information;

i)       any other person agreed to by the parties, so long as such persons sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or as otherwise permitted by the Court.

5.3.    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Absent prior agreement of the parties, any party intending to file or use confidential material in a document filed with the Court (Pleading) shall file a redacted version of such Pleading that does not include or reference the confidential material, and shall serve an unredacted version of such Pleading on the designating party so as to allow the designating party an opportunity to file a motion to seal under Local Civil Rule 5(g). Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Failure to satisfy the requirements of Local Civil Rule 5(g)(3)(B) will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files. If no such motion is made by the designating party within ten (10) calendar days of filing the redacted Pleading, the party filing or using the confidential material may re-file the Pleading in unredacted form.

STIPULATED PROTECTIVE ORDER – 4
CASE NO. 2:21-cv-00728-RSM

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

6.      DESIGNATING PROTECTED MATERIAL

6.1.      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2.      Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 6.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

a)      Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER – 5
CASE NO. 2:21-cv-00728-RSM

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

b)      <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. All depositions in this case shall presumptively be treated as confidential and subject to this Order during the deposition or pretrial proceeding and for a period of fifteen days after a final transcript of said deposition or pretrial hearing is received by counsel for each of the parties. Should a party, in good faith, determine that a deposition or pretrial hearing transcript contains confidential information or materials, such designations will be made on a page-by-page basis corresponding to the transcript and associated exhibits. If a party or non-party desires to protect confidential information or materials at trial, the issue should be addressed during the pre-trial conference.

c)      <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1.    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2.    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3.    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.    PROTECTED MATERIAL SUBPOENED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1.    If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1           b)      promptly notify in writing the party who caused the subpoena or order to

2   issue in the other litigation that some or all of the material covered by the subpoena or order is

3   subject to this order. Such notification shall include a copy of this order; and

4           c)      cooperate with respect to all reasonable procedures sought to be pursued

5   by the designating party whose confidential material may be affected.

6         8.2.    The designating party asserting the "CONFIDENTIAL" protection shall bear the

7   burdens and fees and expenses of seeking protection of its confidential materials against such

8   subpoena or request.

9   9.      WASHINGTON PUBLIC RECORDS ACT

10        9.1.    Nothing in this Order shall be construed to require Plaintiff to violate the terms

11  of Washington's Public Records Act, RCW 42.56, or RCW 40.14, which governs preservation

12  and destruction of government records, or any other statute, administrative rule, or court rule.

13  Materials designated as "CONFIDENTIAL" under the terms of this Order shall not be deemed

14  to be public records unless they are also "writing[s] containing information relating to the

15  conduct of government or the performance of any governmental or proprietary function

16  prepared, owned, used, or retained by any state or local agency . . . ." However, if at any time

17  the Washington State Office of the Attorney General (AGO) receives a request pursuant to the

18  Washington Public Records Act that would compel disclosure of any documents or information

19  designated in this action as "CONFIDENTIAL," the AGO shall give written notice and a copy

20  of the request to the designating party. The designating party shall have fifteen days from

21  notification to seek protection from the Court for those responsive materials that are designated

22  "CONFIDENTIAL," during which period the AGO will not release any materials so designated.

23        9.2.    In any proceeding concerning the release of confidential materials, the

24  designating party shall have the affirmative obligation to intervene in such proceedings and to

25  defend and substantiate any claim of confidentiality. Where any party or designating party has

26  requested court review of a "CONFIDENTIAL" designation, the parties will treat the materials

STIPULATED PROTECTIVE ORDER – 8
CASE NO. 2:21-cv-00728-RSM

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

that are the subject of such request as confidential until the Court's ruling. Consistent with the requirements of RCW 42.56.070, 45 C.F.R. 164.512(e)(1)(ii), and 164.512(e)(1)(v), this provision does not authorize disclosure of protected health information under HIPAA.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

2   work product, even if such materials contain confidential material.

3          The Attorney General's Office is required by RCW 42.56 to retain a copy of "public

4   records" from this litigation (as defined by RCW 42.56.010(3)) and may preserve a copy of such

5   records without violating this Order.

6          The confidentiality obligations imposed by this agreement shall remain in effect until a

7   designating party agrees otherwise in writing or a court orders otherwise.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 10
CASE NO. 2:21-cv-00728-RSM

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: October 20, 2023               s/ Aaron J. Fickes
                                            AARON J. FICKES, WSBA #51584
4                                           BEN J. BRYSACZ, WSBA #54683
                                            HEIDI C. ANDERSON, WSBA #37603
5                                           ROBERT HYDE, WSBA #33593
                                            MICHAEL HALL, WSBA #19871
6                                           Assistant Attorneys General
                                            800 Fifth Avenue, Suite 2000
7                                           Seattle, WA 98104
                                            (206) 464-7744
8

9                                           Attorneys for Plaintiff

10

11   DATED: October 20, 2023               s/ Justin P. Walsh
                                            JUSTIN P. WALSH, WSBA #40696
12                                          Gleam Law, PLLC
                                            605 First Avenue, Suite 330
13                                          Seattle, WA 98104
                                            (206) 693-2900
14

15                                          Attorney for Defendants

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 11
CASE NO. 2:21-cv-00728-RSM

1

2          PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4          IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

5    any documents, electronically stored information (ESI) or information, whether inadvertent or

6    otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal

7    or state proceeding, constitute a waiver by the producing party of any privilege applicable to

8    those documents, including the attorney-client privilege, attorney work-product protection, or

9    any other privilege or protection recognized by law. This Order shall be interpreted to provide

10   the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b)

11   do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to

12   conduct a review of documents, ESI or information (including metadata) for relevance,

13   responsiveness and/or segregation of privileged and/or protected information before production.

14   Information produced in discovery that is protected as privileged or work product shall be

15   immediately returned to the producing party.

16

17          DATED: October 23, 2023

18

19

20                                              RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 12
CASE NO. 2:21-cv-00728-RSM

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Western District of Washington on [date] in

7

the case of *State of Washington v. Landmark Technology A, LLC and Raymond Mercado*, No.

8

2:21-cv-00728-RSM. I agree to comply with and to be bound by all the terms of this Stipulated

9

Protective Order and I understand and acknowledge that failure to so comply could expose me

10

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

11

in any manner any information or item that is subject to this Stipulated Protective Order to any

12

person or entity except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Stipulated

15

Protective Order, even if such enforcement proceedings occur after termination of this action.

16

Date: _____

17

City and State where sworn and signed: _____

18

Printed name: _____

19

Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 13
CASE NO. 2:21-cv-00728-RSM

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744