# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACTIVISION TV, INC., | § § § | |
| Plaintiff, | § § | |
| and | § § | |
| MPHJ TECHNOLOGY INVESTMENTS, LLC, inclusive of its subsidiaries, | § § § § | |
| Intervenor-Plaintiff, | § § | |
| v. | § § | |
| PINNACLE BANCORP, INC. | § § | |
| Defendant, | § § | Civil Action No. 8:13-cv-00215 |
| and | § § | |
| JON BRUNING, Attorney General of Nebraska (in his official capacity); DAVID D. COOKSON, Chief Deputy Attorney General of Nebraska (in his official capacity); DAVID A. LOPEZ, Assistant Attorney General of Nebraska (in his official capacity), | § § § § § § § § § | |
| Defendants and Intervenor-Defendants. | § § | |

**MPHJ TECHNOLOGY INVESTMENTS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MPHJ's MOTION TO ENJOIN ENFORCEMENT BY DEFENDANTS BRUNING, COOKSON, AND LOPEZ OF THE JULY 18 NEBRASKA AG CEASE AND DESIST ORDER AS IT RELATES TO AND IMPAIRS LAWFUL ACTIVITIES OF MPHJ, ITS EXCLUSIVE LICENSEES AND COUNSEL WITH RESPECT TO THE <u>FILING AND LITIGATION OF SUITS IN FEDERAL COURTS</u>**

# TABLE OF CONTENTS

| CONTENTS | PAGE |
|---|---|
| INTRODUCTION | 1 |
| FACTUAL BACKGROUND | 3 |
| ARGUMENT | 4 |
| I. MPHJ Has Standing and Its Claims Are Ripe | 4 |
| II. A Balance of the *Dataphase* Factors Support the Entering of a Preliminary Injunction Here | 5 |
|     A. MPHJ Has a Likelihood of Success on the Merits | 5 |
|     B. MPHJ Will Suffer Irreparable Harm if Its Preliminary Injunction is not Granted | 6 |
|     C. The Balance of Harms Weighs in Favor of Granting the Preliminary Injunction | 6 |
|     D. The Public Interest Will Be Served by the Granting of the Requested Preliminary Injunction | 7 |
| III. That MPHJ Differs From Activision in That MPHJ Acquired and Does Not Practice Its Patents, Has No Legal Relevance to the Issues Presented | 7 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Processor Tech, LLC v. Atmel Corp.*,
  2013 U.S. Dist. LEXIS 43050 (E.D. Tex. Mar. 26, 2013) ................................................... 8, 9

*Chrimar Sys. v. Foundry Networks,*
  2013 U.S. Dist. LEXIS 143103 (E.D. Mich. Oct. 3, 2013) .................................................. 8, 9

*Cradle IP, LLC v. Tex. Instruments, Inc.*,
  2013 U.S. Dist. LEXIS 19245 (D. Del. Feb. 13, 2013) ............................................................ 7

*Dataphase Sys., Inc., v. C L Systems, Inc.,*
  640 F.2d 109 (8th Cir. 1981) ................................................................................................... 4

*Fl. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*,
  119 S. Ct. 2199 (1999) ............................................................................................................ 8

*Parallel Networks, LLC v. Netflix, Inc.*,
  2008 U.S. Dist. LEXIS 123563 (E.D. Tex. Dec. 23, 2008) ................................................. 8, 9

*Tex. Data Co., L.L.C. v. Target Brands, Inc.,*
  771 F. Supp. 2d 630 (E.D. Tex. 2011) ................................................................................ 8, 9

*Vonage Holdings, Corp. v. Neb. PSC*,
  543 F. Supp. 2d 1062 (D. Neb. 2008) ..................................................................................... 4

**Statutes**

35 U.S.C. § 261 ............................................................................................................................ 8, 9

**Other Authorities**

FED. R. CIV. P. 65 ............................................................................................................................. 1

U.S. Const. amend.1 ........................................................................................................................ 5

U.S. Const. ....................................................................................................................................... 6

**INTRODUCTION**

Intervenor MPHJ Technology Investments, LLC ("MPHJ") respectfully submits this Memorandum of Law in support of MPHJ's Motion for Preliminary Injunction pursuant to FED. R. CIV. P. 65. MPHJ's Motion seeks a preliminary injunction enjoining Defendants Bruning, Cookson and Lopez (collectively "the Nebraska AG" or "the AG Defendants") from taking any steps to enforce the Cease and Desist Order issued to Farney Daniels PC on July 18, 2013 in any manner that would prevent or impede the Farney Daniels firm from representing MPHJ or its exclusive licensees in connection with the filing of, and representation in, patent infringement lawsuits in Federal Courts with respect to companies based in, or having operations in, Nebraska. By seeking a preliminary injunction, MPHJ does not seek extreme or excessive relief. Instead, MPHJ merely seeks to restore the status quo, as it stood prior to the Nebraska AG's issuance of the Cease and Desist Order, until the merits of this action are decided.

This Court, in its Amended Order of September 26 granting Activision TV, Inc.'s ("Activision") preliminary injunction in this case with respect to the same relief, ordered that "[t]he law firm of Farney Daniels and the attorneys therein are free to represent their client Activision in this case and any other federal patent case directly or indirectly associated with this case and the Nebraska Attorney General's cease and desist order is not applicable to those cases." Dkt. No. 38, p. 3. Within its Order, this Court acknowledged that the AG Defendants conceded that this Court (and presumably all federal courts) has "complete and exclusive jurisdiction over patent cases." *Id.* at p. 2. The AG Defendants also agreed that Activision could file suit against "any of the prospective infringers that have already been identified and can file suit against any newly identified potential infringers." *Id.* Finally, the AG Defendants admitted that their Cease and Desist Order operated only to prohibit Farney Daniels from sending out letters to potential new infringers. *Id.* Thus, it was clear after the hearing on Activision's motion

1

for preliminary injunction and this Court's September 26 Order, that the AG Defendants' Cease and Desist Order could not prevent Activision from retaining Farney Daniels to file new patent infringement cases on its behalf in any federal court.

With this Motion, MPHJ simply seeks to be accorded the same relief – an injunction enjoining the AG Defendants' Cease and Desist Order as to its prevention of the Farney Daniels Firm's instigation of, and representation in, federal patent cases on MPHJ or its exclusive licensees' behalf. MPHJ is prepared to file suits against entities which, on information and belief, have operations in Nebraska. An example of one suit MPHJ is prepared to have Farney Daniels file is attached hereto as Exhibit A.[1]

Because the AG Defendants' Cease and Desist Order prevents "the initiation of any and all new patent infringement enforcement efforts" by Farney Daniels on behalf of its clients, including MPHJ and its exclusive licensees, MPHJ is barred from using Farney Daniels to file patent infringement lawsuits in federal court on its behalf. Because the AG Defendants have not withdrawn their Cease and Desist Order or altered it in any way following this Court's September 26, 2013 Order, MPHJ's counsel deems it necessary to proceed with caution in ensuring it does not violate the Cease and Desist Order.[2] Thus, MPHJ moves for this preliminary injunction seeking the same relief as granted to Activision in this Court's September 26 Order. Dkt. No. 38.

For the same reasons that Activision has standing and ripeness to seek an injunction of similar nature, and for the same reasons that Activision has shown a likelihood of success on the merits, irreparable harm, and that the balance of harm and the public interest factors favored

---

[1] The complaint is redacted for confidentiality. Also, counsel for MPHJ reserves the right to make any correction or revision to the attached draft as might be appropriate before any filing.
[2] This Court's September 26 Order granted similar relief to Activision but limited it to that entity only.

2

Activision's preliminary injunction, MPHJ can meet these requirements as well. Accordingly, MPHJ respectfully requests that this Court also enjoin the enforcement of the Cease and Desist Order as it relates to and impairs lawful activities of MPHJ, its exclusive licensees and counsel, with respect to the filing and litigation of suits in federal courts by Farney Daniels on MPHJ's behalf.

## FACTUAL BACKGROUND

Intervenor MPHJ is the owner of certain U.S. patents covering inventions by Mr. Laurence Klein. These patents relate to ground-breaking inventions in the area of networked scanning systems. More specifically, the Klein patents relate to networked scanning systems that are connected and interfaced such that they permit the automatic and seamless transmission of a scanned document image into application software running on a destination computer.[3]

To address the unlawful infringement of its U.S. patent rights, MPHJ, like Activision, sought to engage experienced and recognized counsel to assist it in enforcing its rights, and thus retained Farney Daniels. Since 2012, the Farney Daniels firm has been assisting MPHJ and its exclusive licensees in connection with its licensing and patent enforcement activity – including assisting in the sending of patent licensing and inquiry letters on MPHJ and its exclusive licensees' behalf.

As a result of the Cease and Desist Order, and Farney Daniels's belief that it must comply with the Order, even though unlawful, until it is otherwise vacated or enjoined, the present effect of the Cease and Desist Order is to prevent MPHJ and its exclusive licensees from relying upon Farney Daniels to represent it in enforcement of its patent rights with respect to

---

[3] The scope of the patents is, by law, defined by their respective claims. This general description is provided for convenience and quick reference only.

infringers identified within, or having any connection to, the State of Nebraska, including the filing and litigation of any patent infringement suits.

## ARGUMENT

As explained by Activision and affirmed by this Court, whether a preliminary injunction should issue involves consideration of "(1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant should the court deny the injunction; (3) the balance between this harm and the harm that granting the injunction will cause to the other litigants; and (4) the public interest." *Vonage Holdings, Corp. v. Neb. PSC*, 543 F. Supp. 2d 1062, 1065 (D. Neb. 2008) citing *Dataphase Sys., Inc.*, *v. C L Systems, Inc.,* 640 F.2d 109, 114 (8th Cir. 1981). As a preliminary matter, it is clear that MPHJ has standing and ripeness to be granted the preliminary injunction it seeks. The same reasons that this Court found warranted the granting of Activision's preliminary injunction reflected in the Court's Order of September 26 apply to MPHJ here. Accordingly, this Court should issue the preliminary injunction requested by MPHJ here with respect to its right to choose counsel for the filing and litigation of patent infringement suits.

### I. MPHJ Has Standing and Its Claims Are Ripe

This Court, in its September 26 Order, granted the same relief as MPHJ seeks here. It did so in view of contentions by the AG Defendants that Activision lacked standing and ripeness. For the same reasons the Court implicitly rejected those defenses in that Order with respect to Activision, it should similarly reject them with respect to MPHJ. For those same reasons, MPHJ has standing to assert its claims against the AG Defendants here, and those claims are also ripe for judicial review.

Here, the same conduct is at issue – the AG Defendants' Cease and Desist Order prevents MPHJ and its exclusive licensees from using the Farney Daniels Firm to file and litigate suits in

4

federal court. As such, the Cease and Desist Order is directed at MPHJ, and admittedly so by the AG Defendants (*see* Dkt. No. 22, pp. 1-2; 20-21; 24 and 37), and targets MPHJ and its exclusive licensees' activities via counsel. Accordingly, MPHJ has standing to pursue this injunction and its claims against the AG Defendants. MPHJ's claims also are ripe, as it is prepared to file suit for patent infringement in federal court using counsel of its choice, Farney Daniels, and is being unlawfully prevented from doing so by the AG Defendants' Order.

Further, in its September 30 Order granting further preliminary injunctive relief to Activision, this Court more expressly addressed the AG Defendants' arguments on standing and ripeness. It rejected those arguments for reasons it similarly should reject them here. MPHJ has standing and its claims are ripe for the same reasons Activision had standing and its claims are ripe – because it has "suffered injury, and continues to suffer injury, as a result of the cease and desist order." Dkt. No. 41, p. 7. *See also* Dkt. No. 9, pp. 20-28; Dkt. No. 28, pp. 40-42 (relevant briefing incorporated herein by reference). As this Court acknowledged in its September 30 Order, "[f]ailure to address this issue now will permit continued injury" to MPHJ – including the prevention of MPHJ and its subsidiaries' enforcement of their time-limited property assets in federal court.

## II. A Balance of the *Dataphase* Factors Support the Entering of a Preliminary Injunction Here

Again, for the same reasons Activision expressed in its motion for preliminary injunction, MPHJ should be accorded preliminary injunctive relief because it also satisfies the *Dataphase* factors.

### A. MPHJ Has a Likelihood of Success on the Merits

It is clear that MPHJ has a First Amendment right to file patent infringement lawsuits in federal court, and may use the counsel of its choosing to file those suits. Dkt. No. 41, pp. 7-9, 11-

5

14. The AG Defendants have conceded that MPHJ has these rights. Dkt. No. 38, p. 2. This Court has held that the AG Defendants cannot obstruct those rights. Dkt. No. 38. Thus, for these reasons and those set forth in Activision's Motion for Preliminary Injunction, MPHJ plainly has demonstrated a likelihood that it will succeed on its claims, which ultimately will entitle it to a permanent injunction of a scope at least similar to the preliminary injunction sought by this Motion.

### B.  MPHJ Will Suffer Irreparable Harm if Its Preliminary Injunction is not Granted

There is no denying that the Cease and Desist Order has deprived MPHJ of rights secured by the U.S. Constitution and federal laws – including rights under the First and Fourteenth Amendments to seek redress of grievances in court using the counsel of MPHJ's choosing, in furtherance of the enforcement of MPHJ's patent rights. These rights and injury to them were explained in Activision's briefing on this issue, and by the Court's September 30 Order, and are adopted herein. *See* Dkt. No. 9, pp. 28-32; Dkt. No. 28, pp. 40-42; Doc. No. 41.

As explained *supra* and acknowledged by this Court, MPHJ has suffered an injury and continues to suffer injuries as a result of the Cease and Desist Order. Dkt. No. 41, p. 7. Accordingly, "[f]ailure to address this issue now will permit continued injury" to MPHJ – as its constitutional rights will continued to be violated by the AG Defendants – as neither MPHJ nor its exclusive licensees can use the Farney Daniels Firm to file infringement suits on their behalf. Accordingly, MPHJ will suffer irreparable harm if this injunction is not granted.

### C.  The Balance of Harms Weighs in Favor of Granting the Preliminary Injunction

Because MPHJ has a constitutional right to engage in, and to be represented by counsel of its choice to file suits on its behalf, neither the Nebraska AG, nor any Nebraska business, will suffer any harm if MPHJ is represented in these activities by Farney Daniels. Conversely, the

harm to MPHJ if it is not able to be represented by Farney Daniels in connection with the filing of lawsuits in federal court is grave, as acknowledged by this Court. *See* Dkt. No. 41, p. 15. *See also* Dkt. No. 9, pp. 30-32; Dkt. No. 28, pp. 41-42 (relevant briefing adopted herein). Thus, reasonable weighing of the balance of harms between MPHJ and the AG Defendants must be decided in favor of MPHJ.

### D. The Public Interest Will Be Served by the Granting of the Requested Preliminary Injunction

This Court has acknowledged that "[t]he public interest is served by enforcing the Constitution of the United States," including MPHJ's right to counsel and the right to use the counsel of its choosing to pursue its interests. Dkt. No. 41, pp. 15-16. *See also* Dkt. No. 9, pp. 32-33; Dkt. No. 28, pp. 42-43 (relevant briefing adopted herein). Thus, for these reasons and because MPHJ and the public have the right to due process prior to the issuance of a cease and desist order by a state Attorney General that acts as a prior restraint and prevents access to federal courts, the public interest will undoubtedly be served by the granting of the preliminary injunction requested here.

### III. That MPHJ Differs From Activision in That MPHJ Acquired and Does Not Practice Its Patents, Has No Legal Relevance to the Issues Presented

The AG Defendants may argue that MPHJ and Activision should be treated differently because Activision is an entity practicing patents invented by its personnel, where MPHJ instead acquired its patents and does not make or sell a product covered by those patents. But federal courts have consistently held that this distinction makes no difference under the law as to how the respective owners should be treated by the courts, or what rights they possess under the patents. *See, e.g., Cradle IP, LLC v. Tex. Instruments, Inc.*, 2013 U.S. Dist. LEXIS 19245, at *6 (D. Del. Feb. 13, 2013) ("many businesses and academic institutions enforce their patent rights through [non-practicing entities]; such a business strategy is not nefarious. The court declines to

7

treat such non-practicing entities as anything less than holders of constitutionally protected property rights, those rights having been legitimized by the Patent & Trademark Office"); *Advanced Processor Tech, LLC v. Atmel Corp.*, 2013 U.S. Dist. LEXIS 43050, at *20 (E.D. Tex. Mar. 26, 2013) (same); *Parallel Networks, LLC v. Netflix, Inc*., 2008 U.S. Dist. LEXIS 123563, at *20 (E.D. Tex. Dec. 23, 2008) (plaintiff's "status as a non-practicing entity has no bearing on whether it will be prejudiced by a stay because every patentee has equal rights under the law to enforce his patent rights."); *Tex. Data Co., L.L.C. v. Target Brands, Inc.,* 771 F. Supp. 2d 630, 638 (E.D. Tex. 2011) ("the 'patent troll' label [is] often ascribed to entities created solely to buy patents and then license them or bring patent infringement suits. But these entities own a legitimate property right—the patent—that they are seeking to enforce. The Court is not aware of any rules that apply differently to them."). In fact, these principles have been reaffirmed as recently as less than one week ago. *See Chrimar Sys. v. Foundry Networks,* 2013 U.S. Dist. LEXIS 143103, at *21-22 (E.D. Mich. Oct. 3, 2013) (in rejecting the defendant's argument that a $4.9 million attorneys' fees award was justified because the plaintiff was a "patent troll," the Court explained: "[Defendant], suggesting that [plaintiff] is a patent troll is poorly taken, and seriously damages its credibility . . . As [plaintiff] says in its response, '[t]his recitation is only provided for the purpose of evoking an emotional response,' and to prejudice the Court against [plaintiff].' A patent troll, as is well known, is a pejorative term used to describe a company has no bearing on the Court's decision.").

Congress agrees that patents are freely transferrable, having expressly enacted 35 U.S.C. § 261. Section 261 expressly provides that "patents shall have the attributes of personal property." *See also Fl. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 119 S. Ct. 2199 (1999). Section 261 also codifies Congress' express intention that patents be freely

8

transferrable. 35 U.S.C. § 261 ("patents, or any interest therein, shall be assignable").  Plainly, for patents to be transferable as Congress intended, patents must be saleable to a party other than the original inventor or assignee, and the new owner must then possess all the rights afforded to an owner of those patents under the U.S. patent laws. *See Advanced Processor Tech, LLC*, 2013 U.S. Dist. LEXIS 43050 at *20; *Parallel Networks, LLC*, 2008 U.S. Dist. LEXIS 123563 at *20; *Tex. Data Co., L.L.C.,* 771 F. Supp. 2d at 638; *Chrimar Sys.,* 2013 U.S. Dist. LEXIS 143103 at *21-22.

## CONCLUSION

On the basis of the foregoing recitation of facts and law, Intervenor MPHJ respectfully requests entry of the requested preliminary injunction enjoining Defendants Bruning, Cookson and Lopez from taking any steps to enforce the Cease and Desist Order issued to Farney Daniels on July 18, 2013 in any manner that would prevent or impede the Farney Daniels firm from representing MPHJ and its exclusive licensees in connection with the filing and litigation of suits in federal courts.  This order would be consistent with the September 26 Order previously entered by this Court with respect to Activision.

9

October 8, 2013                             MPHJ TECHNOLOGY INVESTMENTS,
                                            LLC, inclusive of its subsidiaries,
                                            Intervenor-Plaintiff

                                                    By: /s/ W. Bryan Farney
                                                    W. Bryan Farney (admitted *pro hac vice*)
                                                    Farney Daniels PC
                                                    800 South Austin Avenue, Ste. 200
                                                    Georgetown, Texas 78626
                                                    (512) 582-2828
                                                    bfarney@farneydaniels.com

                                                    M. Brett Johnson (admitted *pro hac vice*)
                                                    Farney Daniels PC
                                                    8401 N. Central Expressway, Suite 280
                                                    Dallas, Texas 75225
                                                    (972) 432-5780
                                                    bjohnson@farneydaniels.com

                                                    Steven E. Achelpohl #10015
                                                    Gross & Welch P.C., L.L.O.
                                                    1500 Omaha Tower
                                                    2120 South 72nd Street
                                                    Omaha, Nebraska 68124-2342
                                                    (402) 392-1500
                                                    sachelpohl@grosswelch.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served October 8, 2013, with a copy of this document via the Court's CM/ECF system.

                                                    */s/* W. Bryan Farney
                                                    W. Bryan Farney