HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON; | NO. 2:21-cv-00728-RSM |
| Plaintiff, | LANDMARK TECH. A, LLC'S MOT. TO STRIKE STATE'S EXPERTS OR, IN THE ALTERNATIVE, TO GRANT EXTENSION ON REBUTTAL WITNESS REPORTS |
| v. | |
| LANDMARK TECHNOLOGY A, LLC, and RAYMOND MERCADO, individually, | |
| Defendants. | NOTE ON MOTION CALENDAR: FRIDAY, JULY 5, 2024 |

TABLE OF CONTENTS

I.      INTRODUCTION ......................................... **ERROR! BOOKMARK NOT DEFINED.**

II.     STATEMENT OF FACTS ............................................................................................. 2

III.    ARGUMENT ................................................................................................................. 7

      A.      BECAUSE THE COURT NEVER GRANTED AN EXTENSION FOR EXPERT REPORTS, THE STATE'S DISCLOSURES WERE SIX WEEKS LATE AND THESE EXPERTS SHOULD BE PRECLUDED FROM TESTIFYING. ............ 7

      B.      THE EXTENSIVE NATURE OF THE STATE'S ALLEGATION AND FAILURE TO DISCLOSE ITS EXPERTS' IDENTITIES ONCE KNOWN TO THE STATE WARRANT AN EXTENSION. ...................................................... 8

IV.     CONCLUSION................................................................................................................ 10

V.      WORD COUNT CERTIFICATION ............................................................................... 10

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

TABLE OF AUTHORITIES

CASES

*Amos v. Makita U.S.A., Inc.*, No. 2:09–CV–01304–GMN–RJJ, 2011 WL 43092 (D. Nev. Jan. 6, 2011).................................................................................................................. 8

*Arnold v. City of Scappoose*, No. 00-CV-1640-FR, 2001 WL 34041776 (D. Or. June 11, 2001) . 7

*Green v. Seattle Art Museum*, No. 07-CV-58-MJP, 2008 WL 624961 (W.D. Wash. Feb. 8, 2008) ........................................................................................................................... 7

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992)...................................... 6, 7

*Ladow v. U.S.*, No. 09-CV-5020-RHW, 2010 WL 1740796 (E.D. Wash. Apr. 29, 2010)............ 7

*MatconUSA v. Houston Cas. Co.*, No. 19-CV-1952-JLR, 2022 WL 2357051 (W.D. Wash. June 29, 2022)........................................................................................................................ 6

*Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, No. 97-CV-2271-RHW, 2002 WL 34714563 (S.D. Cal. Jan. 14, 2002).......................................................................... 7

*Nehara v. Cal.*, No. 1:10-cv-00491-JLT, 2013 WL 5670867 (E.D. Cal. Oct. 16, 2023) .............. 6

*Prudential Ins. Co. of Amer. v. Manuele*, 2:15-CV-00688-JCM-NJK, 2015 WL 13427804 (D. Nev. Nov. 4, 2015) ....................................................................................................... 8

*Rice v. Morehouse*, No. 1:13-CV-441-BLW, 2018 WL 1916343 (D. Idaho Apr. 23, 2018) ......... 6

*Workman v. Chinchinian*, 807 F. Supp. 634 (E.D. Wash. Mar. 6, 1992) ...................................... 7

RULES

FED. R. CIV. P. 26(a)(1)(A)(i)........................................................................................................ 3

FED. R. CIV. P. 26(a)(2)(D)(ii) ..................................................................................................... 3

LANDMARK TECH. A, LLC'S MOT. TO STRIKE STATE'S
EXPERTS OR, IN THE ALTERNATIVE, TO GRANT EXTENSION
ON REBUTTAL WITNESS REPORTS - 2

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

TREATISES

WRIGHT & MILLER, FED. PRAC. & PROC. § 1165: EXTENDING TIME IN GENERAL, & n.37 (4th Ed. & June 2024 Update) .................................................................................................................. 5

LANDMARK TECH. A, LLC'S MOT. TO STRIKE STATE'S
EXPERTS OR, IN THE ALTERNATIVE, TO GRANT EXTENSION
ON REBUTTAL WITNESS REPORTS - 3

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

## I.   INTRODUCTION

The deadline for expert disclosures in this case was April 17, 2024. Despite a proposed stipulation by the parties, the Court did not sign off or in any way alter that deadline.

The State failed to supplement its initial disclosures or its interrogatories regarding those persons with knowledge of the case. These requirements are, in part, meant to allow Defendants the opportunity to properly plan for rebutting expert opinions based on the identification of said experts.

Without prior disclosure, and six weeks after the deadline for disclosure, the State disclosed two expert reports for experts not disclosed prior, necessitating a scramble to rebut the opinions in a shortened timeframe. As such, they should be stricken.

Defendants have obtained a rebuttal expert, but require a brief extension of the deadline in order to provide a report beyond the current June 30, 2024 rebuttal date.

If the reports are not stricken, the State cannot claim prejudice with regard to any extension, as amendment of the expert reports will be required after the development of expert testimony, which will require further rebuttal, as required by Federal Rule of Civil Procedure 26(e)(2), as depositions in this matter are continuing through mid-July.

## II.   STATEMENT OF FACTS

In the initial case scheduling order, initial expert reports were due May 31, 2023. Dkt. 42. No deadline was set for rebuttal expert reports. *Id.* As such, rebuttal reports would have been due 30 days later, on June 30, 2023. *See generally*, FED. R. CIV. P. 26(a)(2)(D)(ii).

Initially, the Court also set an initial disclosures deadline, which required the State to disclose "the name of each individual likely to have discoverable information." FED. R. CIV. P. 26(a)(1)(A)(i). In its initial disclosures, the State noted it would have experts, and that it was also

LANDMARK TECH. A, LLC'S MOT. TO STRIKE STATE'S
EXPERTS OR, IN THE ALTERNATIVE, TO GRANT EXTENSION
ON REBUTTAL WITNESS REPORTS - 4

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

disclosing Defendants experts as having "discoverable information." However, it did not identify any of its experts in the initial disclosures, despite Plaintiff's experts also having "discoverable information." Decl. of Justin P. Walsh at Ex. 1 (Pl.'s Init. Disclosures (Jan. 20, 2023)).

The State has never supplemented these disclosures. Decl. of Justin P. Walsh.

On April 24, 2023, the Court granted an amendment to the case scheduling order. Dkt. 57. The Court set the disclosure of expert reports to April 17, 2023, which would have placed the disclosure of rebuttal reports at June 17, 2024.

Defendants specifically requested the State identify any persons with discoverable information. In Interrogatory No. 2, Defendants requested the identity of anyone _contacted_ pursuant to this litigation. Decl. of Justin P. Walsh at Ex. 2 (Interrogs. & Reqs. for Produc. to State, at Interrog. No. 2 (Oct. 10, 2023)). Defendants also requested the identity of any person with discoverable information on this matter. _Id._ at Interrog. No. 3. Interrogatory No. 24 requested information regarding any person who conducted any infringement analysis on behalf of the State with regard to the '508 Patent. These interrogatories were in addition to the expert disclosure deadlines. _Id._

The State did not timely respond to the interrogatories and requests for production, waiting until February 14, 2024, to respond, after requesting several extensions. In response to those interrogatories, the State did not provide the identity of its experts. _See_ State's Resps. to Interrogs. & Reqs. for Produc. to State (Ex. 3 to Walsh Decl.). Instead, it offered objections based on consulting experts, and work product, and stated it would provide the identities of experts pursuant to the rules, despite the identity also being requested in discovery. _Id._

The State supplemented its responses on April 25, 2024, and again provided no witness information, expert or otherwise, again objecting. _Id._ at Ex. 4 (April 24, 2024, Supp. Resps. to

LANDMARK TECH. A, LLC'S MOT. TO STRIKE STATE'S
EXPERTS OR, IN THE ALTERNATIVE, TO GRANT EXTENSION
ON REBUTTAL WITNESS REPORTS - 5

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Interrogs. & Reqs. for Produc.). It provided supplemental responses again on April 29, 2024, for the first time revealing fact witnesses who supplied information for interrogatories. *Id.* at Ex. 5 (Supp. Resps. to Interrogs. & Reqs. for Produc.). However, it again provided no identity of any expert witness. *Id.* No supplementation to name an expert, regardless of when their report was due, was done. *Id.*

On April 9, 2024, the parties filed a proposed stipulation to extend the expert disclosure deadline, and provided a two week rebuttal period. Dkt. 70. However, this stipulation was never approved by the Court. Despite the original deadline remaining in place, the State failed to disclose any expert reports, or to supplement its information regarding who its experts were in order to prepare for rebuttal.

On May 31, 2024, the State finally provided the names, as well as the expert reports, which were more than a month late, due to no extension being approved by the Court. Walsh Decl. at Ex. 6 (email disclosing and attached reports). The report of Alex Strand did not contain a signature as required by the rule. *Id.* Rather, the signature was not provided until June 4, 2024. *Id.* at Ex. 7.

Defendants request striking of the late-disclosed experts, as the Court had never extended its deadline. In the alternative, Defendants have been able to locate an expert to rebut the opinions of the State's experts, but require additional time to finalize the reports based on the extensive nature of the opinions, and request a short extension from June 30, 2024 (the date by which rebuttal reports are due, absent a Court order extending or shortening the deadline), to July 4, 2024, 30 days after the date Defendants submitted their expert report in full.

/

/

/

LANDMARK TECH. A, LLC'S MOT. TO STRIKE STATE'S
EXPERTS OR, IN THE ALTERNATIVE, TO GRANT EXTENSION
ON REBUTTAL WITNESS REPORTS - 6

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

III.   ARGUMENT

A.   BECAUSE THE COURT NEVER GRANTED AN EXTENSION FOR EXPERT REPORTS, THE STATE'S DISCLOSURES WERE SIX WEEKS LATE AND THESE EXPERTS SHOULD BE PRECLUDED FROM TESTIFYING.

Defendants request a striking of the late-disclosed experts. Though the parties submitted a proposed stipulation, the Court did not sign or grant the stipulation, and the original deadlines remained in place. "A stipulation by the parties for an extension of time is ineffective if it is not also embodied in an order of the district court." WRIGHT & MILLER, FED. PRAC. & PROC. § 1165: EXTENDING TIME IN GENERAL, & n.37 (4th Ed. & June 2024 Update) (citing *In re Sonoma V*, 703 F.2d 429 (9th Cir. 1983), and collecting cases). The failure is self-executing as to striking an expert who was not disclosed by the deadline set by the Court:

> If a party fails to timely disclose its expert witnesses in a manner prescribed by the court, the party is not allowed to use that witness to supply evidence, unless the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) "gives teeth" to the disclosure requirements of Rule 26(a)(2)(A). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion of improperly disclosed expert witnesses is "selfexecuting [*sic*] . . . and automatic to provide a strong inducement for disclosure of material . . ." *Id.* at 1106 (citations and internal quotation marks omitted). Thus, the burden falls on the party facing the sanction to demonstrate that its expert witness should not be excluded under Rule 37(c)(1). *Id.* at 1107; *see also Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir.2008).

*Nehara v. Cal.*, No. 1:10-cv-00491-JLT, 2013 WL 5670867 (E.D. Cal. Oct. 16, 2023). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth*

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

*Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) (internal citation and quotations omitted); *see also*, *Rice v. Morehouse*, No. 1:13-CV-441-BLW, 2018 WL 1916343 (D. Idaho Apr. 23, 2018) (where court order did not extend deadline to disclose expert reports, expert excluded); *MatconUSA v. Houston Cas. Co.*, No. 19-CV-1952-JLR, 2022 WL 2357051 (W.D. Wash. June 29, 2022) (where expert disclosure deadlines were not changed by Court, late disclosure warrants exclusion).

In the present case, though the parties initially proposed a stipulation, the Court did not enter an order extending the deadline, and thus the original deadline applied. As such, the State's expert reports were late, and their experts should be stricken.

B.    THE EXTENSIVE NATURE OF THE STATE'S ALLEGATION AND FAILURE TO DISCLOSE ITS EXPERTS' IDENTITIES ONCE KNOWN TO THE STATE WARRANT AN EXTENSION.

Defendant served proper interrogatories requesting identification of witnesses. Those that requested information of those with discoverable information included both lay and expert witnesses, by the State's own definition in its initial disclosures. Interrogatories seeking identity and an overview of expert witnesses are still required to be disclosed if asked in interrogatories. *See Workman v. Chinchinian*, 807 F. Supp. 634, 645-46 (E.D. Wash. Mar. 6, 1992). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also*, *Ladow v. U.S.*, No. 09-CV-5020-RHW, 2010 WL 1740796 (E.D. Wash. Apr. 29, 2010) (not allowing experts that were not identified in response to interrogatory responses, regardless of expert disclosures); *Arnold v. City of Scappoose*, No. 00-CV-1640-FR, 2001 WL 34041776 (D. Or. June 11, 2001) (upholding as proper interrogatories regarding expert witness identification); *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, No. 97-CV-2271-RHW,

LANDMARK TECH. A, LLC'S MOT. TO STRIKE STATE'S
EXPERTS OR, IN THE ALTERNATIVE, TO GRANT EXTENSION
ON REBUTTAL WITNESS REPORTS - 8

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

2002 WL 34714563 (S.D. Cal. Jan. 14, 2002) (failure to disclose information on expert witnesses despite interrogatory which covers the topic results in exclusion); *Green v. Seattle Art Museum*, No. 07-CV-58-MJP, 2008 WL 624961, *6 (W.D. Wash. Feb. 8, 2008) (noting propriety of interrogatories as it pertains to expert witnesses and cautioning party for need to supplement the same in addition to expert report deadlines).

In the present case, rather than disclose as soon as that information was available, the State waited until May 31, 2024, to disclose this information. This leaves Defendants in a place where they have limited time both to identify their rebuttal expert, having only learned the identities of the State's witnesses, but also to prepare the extensive rebuttal necessary in this case, which, as this court is aware, presents complexities due to its intersection with a new state law and the existing patent law. Where an expert is late-disclosed and there is still sufficient time to prepare, "courts will generally provide a reasonable extension of time for the opposing party to obtain a rebuttal expert if necessary." *Prudential Ins. Co. of Amer. v. Manuele*, 2:15-CV-00688-JCM-NJK, 2015 WL 13427804, at *1 (D. Nev. Nov. 4, 2015) (citing *Amos v. Makita U.S.A., Inc.*, No. 2:09–CV–01304–GMN–RJJ, 2011 WL 43092, *5 (D. Nev. Jan. 6, 2011)).

As such, if the Court is unwilling to strike the late expert reports of the State, Defendants request an extension to July 7, 2024, to provide their rebuttal reports.

C.     THERE IS NO PREJUDICE TO THE STATE.

There is no prejudice to the State in altering the deadline for disclosure of the rebuttal expert. As noted above, the parties have depositions scheduled into mid-July, which will require supplementation of expert reports. Defendants intend to make their rebuttal expert available for deposition with plenty of time for the State to prepare for trial. Further, any claimed prejudice is the result of the State's delay in forming its expert opinions, failing to disclose the names of its

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

witnesses once known, and failing to provide its experts' reports in accord with the standing scheduling order, which has not been modified.

IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court strike the State's experts that were disclosed beyond the deadline set by this Court, or, in the alternative, if the Court does not strike the reports, to extend the deadline on rebuttal to July 7, 2024.

V.   WORD COUNT CERTIFICATION

I certify this brief contains 1,982 words, in conformance with Western District Local Rule 7(e)(3).

DATED this 14th day of June, 2024.

GLEAM LAW, PLLC

/s/ Justin P. Walsh
Justin P. Walsh, WSBA No. 40696
Gleam Law, PLLC
605 1st Avenue, Ste 330
Seattle, WA 98104
justin@gleamlaw.com
Tel (206) 983-2900
Fax (206) 319-4596
Of Attorneys for Defendant

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the United States of America, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | | |
|---|---|---|
| ROBERT W. FERGUSON | *Attorneys for Plaintiff* | [  ] Via Messenger |
| Attorney General | | [X] Via Email |
| AARON J. FICKES, WSBA #51584 | | [  ] Via Certified Mail |
| BEN J. BRYSACZ, WSBA #54683 | | [  ] Via U.S. Mail |
| HEIDI C. ANDERSON, WSBA #37603 | | [X] Via ECF |
| Assistant Attorneys General | | |
| Attorneys for Plaintiff State of Washington | | |
| 800 Fifth Avenue, Suite 2000 | | |
| Seattle, WA 98104 | | |

DATED this 14th day of June, 2024, at Seattle, Washington.

s/Joseph A. Hylkema
Joseph A. Hylkema
Paralegal to Justin P. Walsh

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596