# EXHIBIT L

# Bob Ferguson
## ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA  98104-3188
(206) 464-7744

July 8, 2024

**SENT VIA E-MAIL**

Justin P. Walsh
Counsel for Landmark Technology A, LLC and Raymond Mercado
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com

**RE:**   *State of Washington v. Landmark Technology A, LLC, et al.*
**Defendants' Incomplete Production of Responsive Communications Related to Melody Camp, Patrick Nunally, and Raymond Mercado, and Documents of Landmark Technology, LLC**

Counsel,

We write to respond to your July 2, 2024, letter purporting to memorialize the parties' telephone conference of the same date. As described below, and in the State's Motion to Compel and for Relief from Deadlines (Dkt. 89), the parties discussed numerous topics not included in your letter, and remain at an impasse.

## I.   Timing and Waiver

As an initial matter, you sent an email twenty-five minutes before the telephone conference arguing that several of the topics in our deficiency letters had been waived because they were "being raised for the first time (1) after the discovery cutoff; and (2) after the discovery motions cutoff." On the call, we noted that the State had asked you to meet and confer about this before the discovery cutoff and you declined. We also noted that the State could not have known to meet and confer with you about the emails produced on June 25 prior to the motions cutoff because they were improperly withheld until well after the May 3 discovery motions cutoff. We then requested a conference within 48 hours of your production of the emails. Nothing has been waived.

Justin P. Walsh
July 8, 2024
Page 2

## II.     Repositories, Supplementation, New Redactions

We proceeded to address the topics raised in the State's June 27 and July 1 letters. When I asked how the State could have known of the existence of these emails prior to your production, you pointed to various objections Defendants interposed based on burden and vagueness. You also stated that despite Defendant Mercado being a named defendant in this matter and the Managing Member of Defendant LTA, the State only issued the subject discovery requests to LTA, not to Mercado individually. To be clear, Defendants had an obligation to search all email accounts Defendant Mercado used for LTA business, regardless of whether he was named as an individual defendant. You acknowledged that the material beneath the previously-unexplained redactions in the June 25th production were email header information, and that the emails were provided to you by Defendant Mercado. You declined to specify when you received these emails and what document repository they came from, citing attorney-client privilege.

The State also raised questions regarding Defendants' search and collection procedures. You indicated you would follow up with your client to identify which repositories had been searched. When I asked if you relied on your client to search for documents, you objected on the basis of attorney-client privilege. When I asked what custodians were searched in this case, you responded that only one person—Raymond Mercado—works for Defendant LTA at this juncture and declined to elaborate further.

To reiterate, as we stated on the call, and as set forth below regarding ESI/Metadata, basic factual information about discovery—such as when these emails were discovered and what repository or custodian they came from, and Defendants' search and collection parameters, generally—are not privileged. The parties were at an impasse over Defendants' refusal to remove the redactions or to identify when, how, and from where the emails disclosed on June 25th were obtained. The parties were also at an impasse regarding Defendants' refusal to identify the repositories, custodians, and search terms used in Defendants' collection efforts.

After the conference, in your July 2 letter, you stated that "he [presumably Defendant Mercado] searched his computer's hard drive (the only computer asset of LTA), the Google Drive associated with LTA, and the two email addresses associated with LTA. There are no other data repositories for LTA." The State needs additional information to evaluate that conclusion. First, has Melody Camp ever owned a computer and if so, was that computer ever used to conduct business related to LT or LTA? Second, what are the two email addresses associated with LTA that Defendants searched? Third, did Defendants search Defendant Mercado's personal email accounts, if they were ever used to communicate about LT/LTA or the '319 or '508 Patents? Fourth, did Defendants search Melody Camp's email account? Fifth, what search terms or other parameters—including date ranges—were used to conduct this search?

The parties also remain at an impasse as to whether any of the emails produced on June 25th are responsive to the State's prior discovery requests. As detailed in the State's Motion to Compel, the State disagrees. *See* RFP Nos. 4, 6, 8, 14, and 17. When we asked why these documents were not produced in response to the State's Civil Investigative Demand to LTA in 2020, you stated

ATTORNEY GENERAL OF WASHINGTON

Justin P. Walsh
July 8, 2024
Page 3

you only represent your client for purposes of the instant litigation and did not have an explanation as to Defendants' responses during the investigation.[1] In your July 2 letter, you reiterated that the June 25th email production involves emails that pre-date LTA's formation and none of the emails were responsive to the requests in the CID. As we explained on the call, the emails—which involve the same cast of witnesses Defendants identified in their initial disclosures—only predate LTA's corporate formation by approximately five months and involve the same '508 Patent. They are, on their face, planning efforts for LTA's enforcement of the '508 Patent only a few months later. Please also see the following requests in the CID, to which the emails produced on June 25th would have been responsive: Interrogatory No. 4, RFP Nos. 3, 6, and 8.

The State asked for supplementation of documents involving Melody Camp, Greg Bosch, Patrick Nunally, Lawrence Lockwood (and his estate), Raymond Mercado, and Landmark Technology LLC without limitation as to date. On our call, you said you think Defendants will be willing to supplement, but that as to dates, because the requests only went to LTA, some documents created before LTA's formation might not be produced. To reiterate, the State objects to this limitation—Defendants' June 25th supplemental initial disclosures and earlier privilege log contain numerous documents pre-dating LTA's formation. Subsequently, Defendants' July 2 letter walked back the promise to supplement, suggesting that only Camp, Nunally, Bosch, and Mercado documents will be supplemented, and only with respect to RFP No. 17 and only to the extent in LTA's control. Please confirm that Defendants will produce documents related to the '509 and '319 Patents involving the individuals and entities identified above, without limitation as to date. And again, Mr. Mercado's personal email accounts—whether previously identified or not—are within LTA's control.

### III.   ESI/Metadata

Regarding ESI and metadata, you acknowledged that Defendants agreed to the Court's model ESI protocol, although you argued the point had been waived by being raised after the discovery motions cutoff. You indicated you would produce documents in native form, but suggested the Gmail documents could only be produced in limited formats, including PDF. This is incorrect. Defendants can download native emails in .eml format and produce them with metadata. If you have questions about this process, please contact us.

### IV.   Waiver of Privilege

Regarding waiver of privilege with respect to certain communications with John Lee, you stated that if Patrick Nunally, a third party, were copied on a communication then the privilege had been waived. When we asked why Defendants were withholding several communications with Lee and Nunally (see Rows 10-18 of Defendants' privilege log), you agreed to produce those

---

[1] Your July 2 letter adds that the State "claim[s] the initial responses should have been supplemented under the CID" and that you are not aware of any supplementation requirement for CID responses. Respectfully, you misunderstand the State's position. These materials in the June 25 production should have been produced immediately in response to the CID, not as a supplementation.

ATTORNEY GENERAL OF WASHINGTON

Justin P. Walsh
July 8, 2024
Page 4

documents to the State. Defendants' July 2 letter, however, notes that the State requested production of the previously withheld emails, but does not promise to produce them. Then shortly after your July 2 letter, you sent an email indicating that Defendants do not concede any waiver with respect to John Lee, and would only agree to supplement with respect to Mr. Lee's communications with alleged patent infringers.

We also asked whether Defendants were withholding other communications with Lee not identified on Defendants' privilege log, and you said your understanding was that Defendants have agreed to let Lee respond to a subpoena and have not objected to his responding to that subpoena. You said you would confirm with your clients and put the clients' position in writing. To be clear, if your clients possess responsive communications with Lee and are withholding them, we do not view Lee's response to the subpoena as adequately discharging Defendants' discovery obligations. It goes without saying, but Defendants may possess additional documents that are not in Mr. Lee's records. Defendants' continued refusal to confirm or deny whether that is the case is improper.

You also indicated that Defendants' privilege log is incorrect in that it identifies Greg Bosch as the author of several documents being withheld. You stated that Patrick Nunally is the author of those withheld documents. You also indicated you would ask your clients whether Bosch was involved in any enforcement efforts for the '508 efforts. Please confirm that point with your clients, and also produce a corrected privilege log immediately. To the extent Nunally, Bosch, or any other third party is the author of those documents, please produce them immediately, with metadata as required by the ESI protocol.

### V. Supplementation of Defendant Mercado's Initial Disclosures

You agreed that Defendant Mercado has an obligation to supplement his initial disclosures, and offered to so-supplement upon request. Please supplement Mr. Mercado's initial disclosures by July 10th.

### VI. Timing and Relation to Court Call and Pending Motion to Compel and for Relief from Deadlines

As to timing regarding the other supplementations, you indicated you could supplement by July 10th. When I indicated that might not leave adequate time for preparing for upcoming depositions, you offered July 9th. The State reiterates that even the proposed supplementation remains inadequate, regardless of the promised delivery date. Moreover, depending on the content of the supplementation, the State may need to subpoena additional witnesses and/or issue follow-up discovery. To that end, we informed you that we would be contacting the Court via the telephonic motion procedure in LCR 7(i) the following morning at 9 a.m. to inform the Court of the dispute, and ask for expedited briefing and a hearing on the State's motion to compel and request for a 60-day temporary stay of deadlines and reopening of discovery. You indicated you would not stipulate to expediting this, but would be available for the phone call to the Court.

ATTORNEY GENERAL OF WASHINGTON

Justin P. Walsh
July 8, 2024
Page 5

You also raised issues related to your subpoenas to the State's experts. We indicated the documents requested were produced to Defendants during the call. I understand that additional conferrals have taken place on that topic, and are the subject of separate correspondence.

Sincerely,

*s/ Ben Brysacz*
AARON J. FICKES
BOB HYDE
BEN J. BRYSACZ
HEIDI C. ANDERSON
MICHAEL HALL
Assistant Attorneys General
Attorneys for the State of Washington
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4176
aaron.fickes@atg.wa.gov
robert.hyde@atg.wa.gov
ben.brysacz@atg.wa.gov
heidi.anderson@atg.wa.gov
michael.hall@atg.wa.gov

BB/LO