HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON;

    Plaintiff,

v.

LANDMARK TECHNOLOGY A, LLC, and RAYMOND MERCADO, individually,

    Defendants.

NO. 2:21-cv-00728-RSM

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

## I.  INTRODUCTION

The State seeks to include activity known to it at the time of the filing of this lawsuit involving Landmark Technology ("LT"), a company Mercado acquired after the owner's death in 2018. It seeks to include claims against independent contractors for *non-assertion activity* performed for both LT and Landmark Technology A ("LTA") – activity disclosed at the start of discovery.

The State has not been diligent in pursuing these theories, noting possible amendment to add parties other than Mercado at the outset of discovery. It failed to pursue discovery related to LT despite LTA's early objection as outside the scope of discovery. It failed to inquire with

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 1

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Mercado about his relationship with LT. It sent no subpoenas and set no depositions of witnesses until close to the close of discovery.

Even if the good cause standard under FRCP 16(b) was met, these amendments are futile and prejudice Defendants.

The State's motion is properly denied.

## II.    FACTS

As a threshold matter, the State offers no factual support under FRCP 16 and relied solely on FRCP 15.

### A.    NUNALLY AND CAMP.

On May 26, 2020, the State issued a Civil Investigative Demand to LTA ("CID"). Mercado Ex. 1. The CID was date-limited, only requesting documents from January 1, 2017, forward. *Id*. The State requested '508 demands sent by LTA *AFTER* December 28, 2018. *Id.* Ex. 1. It also requested communications in that timeframe. *Id.* It also requested '508 demands sent by LT after January 1, 2017, as well as communications. *Id.*

LTA responded to the CID on July 25, 2020, only producing infringement notices sent by LTA, and not those for LT – only one letter relating to a Washington entity. Mercado Ex. 2. LTA objected based on the fact it was not LT. *Id.* Some LTA letters disclosed LTA was following up on letters **_related to LT and the '319 Patent_**.

Despite only being providing infringement notices for LTA and objecting that it was not LT, the State at no time exercised its sole remedy under the CID statute. Dkt. 93, at ¶ 8; Dkt. 94 at ¶ 7; WASH. REV. CODE § 74.66.120(25).

The State brought suit in May 2021, alleging violations of the PTPA by LTA only. Dkt. 1-1. Though not included in the CID, the State also referenced five (5) Washington lawsuits brought

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 2

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1  by LTA. *Id.* at ¶ 4.97. **It alleged LTA was a successor to LT**. *Id.* at 4.102.

2      On June 22, 2021, the Court entered a stay, requiring an FRCP 26 conference within 28
3  days from the entry of an order on remand. Dkt. 7. The State withdrew the motion to remand on
4  February 2, 2022. Dkt. 20. That same day, the Parties stipulated to motions practice and answer
5  deadlines, but the Court never modified its stay. Dkt. 21, 22. This Court's initial case scheduling
6  order of December 7, 2022, set the deadline for amending pleadings at January 3, 2023. Dkt. 42.
7  On April 24, 2023, the Court amended the case scheduling order, but did not change the deadline
8  for amending pleadings. Dkt. 57.

9      On January 20, 2023, Defendants submitted initial disclosures specifically disclosing
10 Patrick Nunally:

11 > Patrick Nunally, Ph.D. is a consultant who performed work for Landmark
12 > Technology A, LLC. He has knowledge regarding investigations done by him prior
13 > to patent assertion activity by Landmark Technology A, including determinations
14 > of likely infringers of the '508 Patent. In addition, Dr. Nunally has knowledge
15 > regarding Landmark's licensing program, Landmark's past attempt to license the
16 > patent, infringement of the patent and damages that would be caused to Landmark
17 > from infringement of the '508 Patent. In addition, Patrick Nunally has information
18 > regarding all investigations performed on Washington companies prior to
19 > Landmark Technology A notifying or bringing suit against alleged infringers.

16 Walsh Ex. 1.

17     On February 2, 2023, the Parties entered their joint status report. The State made known,
18 aside from its previous addition of Raymond Mercado, it wanted to add others:

19 > January 3, 2023, per the Court's order of December 6, 2022. The State anticipates
20 > seeking a modest extension of deadlines set forth in the Order Setting Trial Date
21 > and Related Dates (Dkt. No. 42), ***including the deadline for joining additional***
22 > ***parties***, and will work with Defendants to reach agreeable dates to propose to the
23 > Court. Defendants do not generally oppose a continued trial date and most pre-trial
> deadlines. However, ***Defendants deny the deadline for joining additional parties***
> ***should be extended, given the prelitigation Civil Investigative Demand conducted***
> ***in this case, the time that has lapsed since the initiation of this case, and the fact***
> ***that Plaintiff has already once amended this complaint to add an additional party***.

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 3

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1  Dkt. 50, at ¶ 2.

2  Between March 2, 2022, and March 20, 2023, the State conducted no discovery, and then
3  only issued a single set of discovery to LTA. Walsh Ex. 2. LTA responded on April 19, 2023.
4  Walsh Ex. 3. LTA objected on discovery related to LT as outside the scope of discovery. *Id.* LTA
5  also disclosed the involvement of both Nunally and Camp as the only other persons involved in
6  the screening process. *Id.*

7  Interrogatory No. 3 specifically asked who at LTA was involved in that process made LTA
8  aware of a potentially infringing website. Walsh Ex. 2 at p. 9. LTA responded that Patrick Nunally
9  and LTA were responsible, with Nunally providing the screening and Camp providing some initial
10 screening of websites. Walsh Ex. 3 at p. 5.

11 Interrogatory No. 5 asked how potential infringers were ascertained. Walsh Ex. 2 at p. 10.
12 LTA ***responded that Melody Camp, Raymond Mercado, and Patrick Nunally were all involved***
13 ***in the process*** of identifying potential companies to evaluate for infringement. Walsh Ex. 3 at 6-
14 7.

15 In the discovery conferences prior to the supplemental initial disclosures leading to the
16 Motion to Compel, the State did not follow up on discovery related to LT. Walsh. Ex. 9.

17 On June 25, 2024, LTA supplemented initial disclosures with potential impeachment
18 evidence utilized for the then-upcoming deposition of Patrick Nunally. Dkt. 106. Defendants
19 supplemented with public records of the Patent Prosecution history, as well as an emails regarding
20 forward chaining, a term of art used in the patent. The emails also included information that
21 Melody Camp assisted with mail merging, a Microsoft Word process by which one can "assemble"
22 documents to varying addresses, but which required information on who was alleged to be

23

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 4

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1  infringing, consistent with LTA's answers to interrogatories. Walsh Ex. 4.[1] Importantly, **_these_**

2  **_emails pre-date LTA's existence_** and were not previously disclosed **_consistent with LTA's_**

3  **_objections regarding LT_**, and for which the State never brought a motion to compel, despite

4  knowing documents related to LT had not been provided and were objected to as outside the

5  confines of Rule 26 discovery. Walsh Ex. 3.

6  The Court is well-informed of what occurred after.

7  This motion seeks to add **_the only other individuals who assisted with identification of_**

8  **_targets outside of Raymond Mercado and LTA – Patrick Nunally and Melody Camp. Both were_**

9  **_identified in early 2023_**.

10        B.     LT VERSUS LTA AND THE '319 PATENT.

11  Within the pre-litigation CID, the State requested information related to LT. Mercado Ex.

12  1 at 7-9. This is unsurprising, as PACER reveals 176 lawsuits involving LT, all commenced

13  between 2012 and 2018, of which the State knew or should have been aware with any diligence,

14  especially given their knowledge of LTA lawsuits. Walsh Ex. 5. These public records also reveal

15  the involvement of both Patrick Nunally and Melody Camp with Landmark Technology. Memo.

16  Opinion & Order, *Landmark Technology, LLC v. Ann, Inc.*, No. 6:12-cv-00672-MHS-JDL, 2013

17  WL 3354451, at *3, n.2 (E.D. Tex. July 1, 2013).

18  In response to the CID, LTA provided several letters noting LT had previously alleged

19  infringement of the '319 Patent, and LTA held the rights to the similar '508 Patent:

20      Since our last communication, Landmark Technology A, LLC, has assumed all
    substantial rights under the '508 patent and has furthered its analysis and discovered

21      that while indeed Huckberry data processing systems practices Landmark's U.S.
    Patent No. 6,289,319 C2 that Huckberry multimedia data processing systems,

22

---

23  [1] https://support.microsoft.com/en-us/office/use-mail-merge-for-bulk-email-letters-labels-and-envelopes-f488ed5b-b849-4c11-9cff-932c49474705

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 5

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

particularly https://huckberry.com/ practices Landmark's U.S. Patent No. 7,010,508 C1 ("'508 Patent").

Mercado Ex. 3.

The State issued a press release **_at the time of filing_**, specifically claiming LTA's ties to LT:

**FOR IMMEDIATE RELEASE:**
May 14 2021
*First-ever enforcement of the AG-request Patent Troll Prevention Act*

**OLYMPIA —** Attorney General Bob Ferguson filed a lawsuit against Landmark Technology A for its predatory "patent troll" practices that harm small businesses.
. . .
Landmark Technology A's business model is similar to an earlier, now-defunct company called Landmark Technology. **_Landmark Technology also sent demand letters and sued companies related to the '508 patent and other related patents_**. The new Landmark Technology A started in early 2019.

Walsh Ex. 6. Despite this, the State did not send interrogatories to Mercado until October 2023, related only to his finances, and made no inquiry into his relationship with LT. Walsh Ex. 7. Though the State never requested any documentation from Mr. Mercado regarding his relationship to LT, it received documents noting Lockwood was the sole holder of rights in the patents prior to July 16, 2018. Walsh Ex. 8.

Lockwood held the IP in the patents alleged and was the head of LT. In 2012, Lockwood, now deceased, designated Raymond Mercado as a successor managing member in event of his incapacity. Mercado Ex. 4. This was invoked and extended in 2018. Mercado Exs. 5-6. Licenses transferred the IP in mid-2018 from Lockwood to RTI, then from RTI to LT. These were provided to the State Dec. 22, 2013, in first supplement responses. Walsh Ex. 8.[2]

---

[2] This was subsequently confirmed in a license between the Estate of Lawrence Lockwood and LTA, which was also provided on April 19, 2023. *Id.*

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 6

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

C. MISREPRESENTATIONS IN THE STATE'S MOTION.

Notably, the State did not support its motion with the record..

The State alleged LTA did not provide its business plan, citing an email involving Lockwood. However, the State's request asked only for LTA business plans, not LT business plans. Walsh Ex. 2 at 16. The document referenced is a 2017 business plan by Lockwood for LT, drafted before LTA's formation. Mercado Ex. 8. Camp's receipt or even involvement in the business plan is irrelevant, as liability does not attach unless she was the one who sent the letters (the "wrongful conduct" under the PTPA), which is undisputed those were sent by LT or LTA through their attorney, John Lee. *See*, *infra*.

The State alleges Mercado had a 95% interest in LT. However, that 95% interest did not accrue until 2021, well-after LT asserted its patent rights. Mercado Decl., & at Ex. 7.

The quote at page 5 of the State's Motion, regarding CBM reviews is again an email sent by the deceased patent rights holder in his then-role as head of LT, not LTA. Mercado Ex. 8. The alleged August 7, 2020, email involving Mercado has nothing to do with the business plan created by Lockwood in 2017, only whether it would be appropriate to release an alleged infringer for patents owned by LT now or obtained in the future. Mercado Ex. 9. ((LTA 038174)).

The State claims LTA "failed to identify Camp until April 2023" and "failed to identify Nunally until January 2023." The State omits it never asked prior. Both were disclosed at the outset of discovery. *Compare* Mercado Ex. 1 to Mercado Ex. 2, Walsh Ex. 3. The State issued no subpoenas to them until May 30, 2024, and then only for deposition. Walsh Ex. 10. The State first requested John Lee accept a subpoena duces tecum June 6, 2024, for the first time requesting any documents related to the '319 Patent and requesting information regarding work he did for

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 7

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Lockwood on the '508 and '319 patents. Walsh Ex. 11. On June 18, 2024, the State amended a subpoena to Greg Bosh requesting document. Walsh Ex. 12.

The State knew of these potential defendants long ago. It knew of LT's involvement long ago. Their lack of diligence in amendment, and the futility of the amendment as to the employees of LTA, warrant denial of the motion.

### III. STATEMENT OF THE ISSUES

Whether a motion to amend is properly denied when (1) the amendments are futile; (2) Plaintiff did not follow up with the Court on materials it knew Defendants objected to, failed to request discovery from Mercado on his relationship with LT, and failed to issue document subpoenas to any witnesses until well after the amendment deadline, and (3) Plaintiff knew of the roles of the witnesses and the relationship between LT and LTA a year and a half prior to this motion. **YES.**

### IV. LEGAL ARGUMENT

#### A. THE STATE HAS NOT SHOWN GOOD CAUSE UNDER RULE 16(b) AND THE COURT CANNOT ENTERTAIN RULE 15 ARGUMENTS.

The Order Setting Trial Dates and Related dates clearly states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown." Dkt. 42 at 2. Accordingly, a plaintiff must first adhere to FRCP 16's more stringent good cause requirement before the FRCP standards can be addressed. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 459 (D. Ariz. 2012). The Court need not address the legal standards of FRCP 15, unless the State has complied with FRCP 16 and shown diligence and good cause. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Throughout the case, the State has lacked diligence in its discovery. The State made it known in the joint status report it was looking to add parties other than Mercado. Dkt. 50, at ¶ 2. Despite LTA objecting to LT-related discovery in the CID *and* in discovery, the State never made

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 8

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

a motion to this Court until the discovery cutoff. It never subpoenaed disclosed witness until just prior to the discovery cutoff, only requesting documents from two witnesses. It never issued discovery to Mercado related to his relationships to LT. It never issued a CID or subpoena to LT or Lockwood's estate, despite its 2020 knowledge. *See*, *supra* at 2-8.

Where a party does not pursue investigations regarding amendment with vigor, despite knowing of potential amendment, it has not shown diligence. *See*, *Jackson v. Laureate, Inc.*, 186 F.R.D. 605 (E.D. Cal. June 16, 1999); *Dag Enters. v. Exxon Mobile Corp.*, 226 F.R.D. 95, 106-07 (D.D.C. Feb. 11, 2005) (failure to diligently follow up on a contrary position of a party amounts to lack of diligence). Likewise, where the party seeking to amend the schedule has failed to timely notify the Court of discovery issues, good cause is not satisfied. *Bailey v. Gatan, Inc.*, 783 Fed. Appx. 692, 694 (9th Cir. 2019) ("'Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.' *Johnson*, 975 F.2d at 609. Here, the record supports that Appellants were not diligent in seeking discovery. For example, ***Appellants' motion to compel discovery, filed just three weeks before the discovery cut-off date, sought to compel responses to discovery requests that Appellees said they would not provide nearly nine months before***.") (emphasis added); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488 (S.D. Tex. Jan. 21, 2009) ("Moreover, if the depositions were so important, then the parties would have either (1) been diligent in scheduling the expert depositions, *or (2) brought the issue before the Court in a timely manner.*") (emphasis added); *EEOC v. Hooters of Amer.*, ___ FRD ___, at *3, No. 23-cv-722, 2024 WL 4362863 (M.D.N.C. Oct. 1, 2024) (failure to timely bring known discovery issues to the Court or to timely take depositions is not diligence). Here, the State failed to follow up on discovery it knew had not been provided due to LTA objections in April 2023.

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 9

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Clearly the State chose not to explore with diligence claims against LT, Camp, and Nunally despite its ample opportunity and knowledge involvement – this is not diligence or good cause under FRCP 16.

B. THE STATE HAS NOT MET ITS BURDEN UNDER RULE 15(a).

The Court should deny the State's request for leave to amend because the amendment will prejudice Defendants, was made years after the State learned of the facts serving as a basis for its request, and is futile. FRCP 15's deference to amendments is not unlimited. "[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; . . . (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal citations omitted, ellipses added). "[L]ate amendments to assert new theories are not reviewed favorably _when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action_." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (emphasis added). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citations omitted). The State's request should be denied because it prejudices Defendants, will cause undue delay in what is not an overly large case, and is futile.

1. THE STATE HAS KNOWN ABOUT LT SINCE BEFORE THE INCEPTION OF THE CASE, AND ABOUT NUNALLY AND CAMP SINCE EARLY 2023.

Conspicuously absent from the State's motion is any argument why claims related to LT, Camp, and Nunally were not brought earlier, as this information was disclosed in the CID, initial discovery, and was ascertainable via public records.

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 10

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1   In assessing undue delay, courts "do not merely ask whether a motion was filed within the period of time allotted by the district court in a [] scheduling order. Rather, [] [the courts] also inquire whether the moving party *knew or should have known* the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal citations omitted, bracketing added, emphasis added); *see also*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Notably, the Ninth Circuit held an eight-month delay in seeking leave to amend after discovering facts serving as a basis for new claims constitutes unreasonable delay. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).

For example, in *Lochridge v. City of Tacoma*, 315 F.R.D. 596, 598 (W.D. Wash. 2014), Lochridge filed claims against the City alleging retaliation for voicing of safety concerns. Though Lochridge alleged a settlement agreement related to his termination that "represented the complete resolution of the issues brought forth in Plaintiff's complaint," he did not allege a breach of the same. *Id.* at 598. Lochridge sought leave to amend to add a claim for breach a year later on the eve of the discovery cutoff. *Id.* Citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986), the district court denied Lochridge's request, stating Lochridge was "certainly aware of the settlement agreement when he filed the complaint" and offered no explanation why he did not add the cause of action when he filed his complaint. *Id.* at 599.

With respect to LT, the State's position tracks Lochridge's actions. The State knew LTA acquired the rights to LT's patents, and knew of the '319 Patent Assertion at the time of the CID, alleging the same in the Complaint. Mercado Ex. 1; Dkt. 1-1 at ¶¶ 4.6, 4.102-.103. It was provided the assignment documents in early discovery. Walsh Ex. 8. The State's delay in asserting claims related to LT's actions is due to unjustifiable. *Easton v. Asplundh Tree Experts, Co.*, No. C16-

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 11

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1694RSM, 2018 WL 400240, at *3 (W.D. Wash. Jan. 12, 2018) (denying motion for leave to amend for potential claims known at time of removal).

Defendants disclosed Nunally's involvement with LTA in initial disclosures. Walsh Ex. 1. It disclosed Camp's involvement in its first discovery responses. Walsh Ex. 3. The State's assertion it only recently learned of their involvement is patently false – the State simply failed to follow the lead. Both Nunally and Camp were in the public record as having been involved with LT as far back as 2013. *Supra*, at 5. The State has had the information a year and a half ago, only recently chose to act on it. There is no justification for the undue delay and granting leave to amend is not warranted.

## 2. THE LATE AMENDMENT PREJUDICES LTA, BOTH IN TERMS OF EXPERT EXPENSES AND AVAILABILITY OF INFORMATION FROM THE ESTATE OF LOCKWOOD.

Prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The State seeks to amend the complaint *after* the expert report deadline to assert untested theories against two new defendants, as well as claims involving a separate company to which Mercado only had a 5% interest at the time of assertion activity, as well as a separate patent. Litigation has already resulted in more than 200,000 pages of production, extended motion practice, expert opinions, and rebuttal reports. This case will begin again from scratch. The new allegations seek redress against Defendants for activities of, per the State, a "defunct" company (LT), whose principal member died 6 years ago. The additional discovery from two new defendants, an additional company, and an additional patent warrants denial. *See*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) (additional discovery and delay in case would prejudice Defendants).

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 12

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Mercado has had to sell his house to finance litigation. Mercado Decl. In the meantime, licensing fees of less than $100,000$^3$ in Washington has resulted in $1.6M being accrued in legal fees alone. Walsh Decl. The State's proposed amended complaint will unjustifiably delay resolution and balloon the litigation costs for a small claim where it still cannot articulate its damages. Dkt. 106, at 4-5. Rather than addressing the merits, the State seeks to litigate Defendants into bankruptcy and leverage Mercado's 73 year old mother.

### 3. THE PROPOSED AMENDMENTS ARE FUTILE AS TO CAMP AND NUNALLY.

Additionally, the Court should deny the State's request because the newly asserted causes of action against Nunally and Camp are defective. Futility is a basis to deny a request for leave to amend. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). To ascertain whether a proposed amendment is legally insufficient, courts apply the same test as they use when considering a Rule 12(b)(6) motion. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Each of the State's causes of action are legally defective.

### a. Neither Camp nor Nunally are alleged to have engaged in conduct violative of the PTPA.

The PTPA's liability applies only to the sending of letters or making claims, neither of which were done by Camp or Nunally. Consistent with the legislative intent, Chapter 19.350 WASH. REV. CODE only imposes liability only for ***"mak[ing]"*** bad faith "assertions of patent infringement." WASH. REV. CODE § 19.350.005, 010(1)(a). This Court must give effect to the plain language of the statute. *U.S. v. Acevedo-De La Cruz*, 844 F.3d 1147, 1150 (9th Cir. 2017); *Sherry v. Emp. Sec. Dep't*, 498 P.3d 580, 584, 19 Wash. App. 2d 952 (2021). Persons assembling

---

[3] The entirety of the licensing fees in Washington were obtained in litigation and outside the scope of the PTPA. WASH. REV. CODE § 19.350.10(1)(d).

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 13

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1  information or performing preliminary reviews prior to handing information to an attorney, which
2  is then used by a company to send letters, is not actionable. The State has failed to allege Camp or
3  Nunally sent letters or made claims, regardless of what work they performed prior to those letters
4  being sent. *Compare*, *id.* to Dkt. 105 at 10-12. It alleges Camp performed a "rudimentary check of
5  potential companies", providing a database of companies that *could* be infringing on LT or LTA's
6  patents and performed administrative work related to the letters – letters then provided to and
7  ultimately sent by LT or LTA's counsel. *Id.* They allege Nunally reviewed platforms to determine
8  if they may be infringing. *Id.* All were subject to review by LT or LTA's principals and attorney,
9  who had final say on whether the letters were sent with the attorney's signature.

10  These rudimentary, administrative actions cannot serve as a basis for liability under
11  Chapter 19.350 WASH. REV. CODE, and the State's attempt to insert liability not imposed by the
12  PTPA makes the claims futile. *See*, *Annechino v. Worthy*, 175 Wn.2d 630, 638 (2012) (liability
13  only attaches to agent in a corporation if they *independently owe a duty* to the alleged plaintiff);
14  *Rayner v. Reeves Custom Builders*, 691 N.W.2d 705, 710, 277 Wis.2d 535, 2004 WI App. 231
15  (2004) (employees not liable unless "they commit violations of their own volition and design").
16  The State also neglects to mention that in *State v. Ralph Williams' N.W. Chrysler Plymouth*, 87
17  Wn.2d 298, 332 (1976), the Court was only holding the corporate officer responsible, not an
18  employee. The opposite is actually true for non-officers. *Mika v. JBC Ent. Holdings, Inc.*, 195
19  Wash. App. 1052, 2016 WL 4506788, at *6 (2016). They have not alleged Camp or Nunally were
20  corporate officers.

21  //
22  //
23  //

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 14

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

        b.    <u>The State Has Failed to Plead Personal Jurisdiction Over Camp and Nunally</u>.

The State also fails to allege Camp and Nunally committed any actions in Washington state. Camp is a retired schoolteacher who lives in North Carolina. Nunally resides in California. Neither sent letters nor made claims in Washington state, much less any other state. Accordingly, it is unclear why the State believes this Court has personal jurisdiction over them.

Federal Circuit law applies to patent-related personal jurisdiction related to State claims. *3D Sys., Inc. v. Aarotech Lab'ys. Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998); *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003); *I play, inc. v. Aden & Anais, Inc.*, 186 F. Supp. 3d 518, 521 (W.D.N.C. 2016). Though *sending* letters provides such jurisdiction, there is no support that preparation of a letter in another state provides jurisdiction. *See*, *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1155 (Fed. Cir. 2001); *see also*, *Saktides v. Cooper*, 742 F. Supp. 382, 387 (W.D. Tex. 1990) (personal jurisdiction offended by forcing employees who have even incidental state contact to defend for work performed for the employer).

To maintain specific personal jurisdiction over Camp and Nunally, the State must show they "engaged in conduct in violation of [Chapter 19.86 Wash. Rev. Code] which has had the impact in this state which this chapter reprehends." *See* WASH. REV. CODE § 19.86.160. From a due process standpoint, the State must plead *Camp and Nunally* purposefully directed their actions toward Washington ***and*** their actions serve as the basis for the State's causes of action. *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1076 (S.D. Cal. 2020); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

The State does not allege Camp or Nunally signed any letters or they had final say in which letters were sent out. Their work is alleged to have been preparatory only. The State does not allege

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 15

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1  Camp or Nunally directed any action toward Washington state and therefore, has failed to establish
2  the Court has personal jurisdiction over them.

3        c.     <u>The State's Defects Cannot Be Cured</u>.

4  If the State argues it should be allowed to submit a new proposed Amended Complaint to
5  cure futility, the Court should deny the request because any allegations Camp or Nunally directed
6  action to Washington state would offend FRCP 11. To use the State's own language, Camp
7  performed rudimentary research on companies and Nunally provided additional research. These
8  then fed to LTA's attorney, John Lee. Dkt. 105-1 at p. 10-12. Neither had authority to decide
9  whether letters were sent, regardless of the work done in preparation. Simply put, Camp and
10 Nunally did not take any specific action directed to Washington state and the State knows it. The
11 State's claims against Camp and Nunally are futile and therefore, leave to amend should be denied.

12            V.     CONCLUSION

13 For the foregoing reasons, the State's motion to amend should be DENIED.

14            VII.     WORD COUNT

15 Defendants certify this motion contains 4,749 words, in compliance with local rule.

16 DATED: November 1, 2024

17            G<small>LEAM</small> L<small>AW</small>, PLLC

18            s/Justin P. Walsh
           Justin P. Walsh, WSBA No. 40696
19            James P. Ware, WSBA No. 36799
           Gleam Law, PLLC
20            605 1st Avenue, Ste 330
           Seattle, WA 98104
21            justin@gleamlaw.com
           james@gleamlaw.com
22            Tel (206) 983-2900
           Fax (206) 319-4596
23            Of Attorneys for Defendants

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 16

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the United States of America, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | | |
|---|---|---|
| ROBERT W. FERGUSON<br>Attorney General<br>AARON J. FICKES, WSBA #51584<br>BEN J. BRYSACZ, WSBA #54683<br>HEIDI C. ANDERSON, WSBA #37603<br>BOB HYDE, WSBA ##33593<br>MICHAEL HALL, WSBA #19871<br>Assistant Attorneys General<br>Attorneys for Plaintiff State of Washington<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104 | *Attorneys for Plaintiff* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Certified Mail<br>[ ] Via U.S. Mail<br>[X] Via ECF |

DATED: November 1, 2024, at Seattle, Washington.

s/Joseph A. Hylkema
Joseph A. Hylkema
joe@gleamlaw.com
Paralegal to Justin P. Walsh and James P. Ware

DEFS.' RESP. IN OPP'N TO PL.'S
2D MOT. TO AMEND COMPL.
(NO. 2:21-cv-00728-RSM) - 17

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596