1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON;

          Plaintiff,

    v.

LANDMARK TECHNOLOGY A, LLC, and
RAYMOND MERCADO, individually,

          Defendants.

NO. 2:21-cv-00728-RSM

DECLARATION OF JUSTIN P. WALSH
IN SUPPORT OF DEFENDANTS'
RESPONSE IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO
AMEND COMPLAINT

COMES NOW, Justin P. Walsh, under penalty of perjury under the laws of the United States of America, and hereby declares as follows:

1.     I am over the age of eighteen, am competent to be a witness, and am one of the attorneys for Defendants.

2.     Plaintiffs were provided initial disclosures from Defendants after the amendment of the complaint to add Mercado. As noted in the motion, the initial disclosures provided a detailed description of the knowledge held by Patrick Nunally.

3.     After the initial discussion and my drafting of the joint status report, the State returned its redlines, which included information it planned to seek amendment to add additional

DECL. OF JUSTIN P. WALSH IN SUPP. OF DEFS.' RESP.
IN OPP'N TO PL.'S 2D MOT. TO AMEND COMPL. - 1

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1    parties. However, it also agreed that it did not believe any amendments to the case scheduling order

2    were necessary.

3        4.        Despite the stay being lifted once the State withdrew its motion to remand, the State

4    did not bother issuing first discovery until March 2023, and then only issuing discovery to LTA.

5    In the responses, both Melody Camp and Patrick Nunally were disclosed as being involved in the

6    process for determining potential infringers, with Patrick Nunally also being involved in initial

7    infringement review.

8        5.        The State issued no discovery to Mercado until October 2023, only inquiring into

9    his finances.

10        6.        The State issued no subpoenas, brought no motions to compel, and set no

11    depositions during this time frame. It wasn't until May 2024, the State issued its first subpoenas

12    to witnesses, only requesting documents from some of them. The State never sought a motion to

13    compel. This is despite the State seeking supplementation regarding LTA documents, but not

14    addressing objections related to Landmark Technology. It was apparent to me at the time the State

15    was not seeking to follow up on those documents, and I believed the State had essentially conceded

16    discovery regarding LT directly, except to the extent it played into LTA's rights to the patents, had

17    largely been abandoned in agreement with LTA's position.

18        2.        Several months ago, the State advised that one element of damages it would be

19    seeking were attorneys fees and costs, which at the time they advised exceeded $1M. In addition,

20    Mercado has a judgment against him from his prior law firm for attorneys' fees and costs of

21    $137,690. Currently, Mercado has accrued over $417k in fees and costs from this firm.

22        3.        The following exhibits are true and correct copies of the original documents:

23        a.        Defs.' Initial Disclosures (Ex. 1);

24    DECL. OF JUSTIN P. WALSH IN SUPP. OF DEFS.' RESP.          **Gleam Law, PLLC**
      IN OPP'N TO PL.'S 2D MOT. TO AMEND COMPL. - 2            605 First Avenue, Suite 330
                                                               Seattle, WA 98104
                                                               P: (206) 693-2900
                                                               F: (206) 319-4596

b.    Pl.'s 1st Interrogs. & Reqs. for Produc. to LTA (Ex. 2);

c.    LTA's Resps. to Pl.'s 1st Interrogs. & Reqs. for Produc (Ex. 3);

d.    Excerpts from Defs.' 1st Supp. Initial Disclosures (Ex. 4);

e.    List of federal court actions involving Landmark Technology, LLC, downloaded from Pacer (Ex. 5);

f.    Press Release. Washington State Attorney General, AG Ferguson Files Lawsuit Against "Patent Troll" Targeting Small Businesses (May 14, 2021), *available at* https://www.atg.wa.gov/news/news-releases/ag-ferguson-files-lawsuit-against-patent-troll-targeting-small-businesses (Ex. 6);

g.    Pl.'s 1st Interrogs. & Reqs. for Produc. to Raymond Mercado (Oct. 27, 2023) (Ex. 7);

h.    Documents produced by LTA on December 22, 2023, after entry of protective order, re: LTA's rights to the '508, '319, and other patents (Ex. 8);

i.    State's discovery letters, and discovery conference confirmations, including raising, for the first time, issues related to Landmark Technology on June 27, 2024 (Ex. 9);

j.    Email issuing subpoenas and attached subpoenas (May 30, 2024) (Ex. 10);

k.    Email to John Lee with Attached Subpoenas (June 6, 2024) (Ex. 11);

l.    Amended subpoena to Greg Bosch (June 18, 2018) (Ex. 12).

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

/

/

DECL. OF JUSTIN P. WALSH IN SUPP. OF DEFS.' RESP.
IN OPP'N TO PL.'S 2D MOT. TO AMEND COMPL. - 3

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

SO SWORN this 1st day of November 2024.

GLEAM LAW, PLLC

s/Justin P. Walsh
Justin P. Walsh, WSBA No. 40696

DECL. OF JUSTIN P. WALSH IN SUPP. OF DEFS.' RESP.
IN OPP'N TO PL.'S 2D MOT. TO AMEND COMPL. - 4

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the United States of America, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

ROBERT W. FERGUSON                  *Attorneys for Plaintiff*      [  ] Via Messenger
Attorney General                                                   [  ] Via Email
AARON J. FICKES, WSBA #51584                                       [  ] Via Certified Mail
BEN J. BRYSACZ, WSBA #54683                                        [  ] Via U.S. Mail
HEIDI C. ANDERSON, WSBA #37603                                     [X] Via ECF
BOB HYDE, WSBA ##33593
MICHAEL HALL, WSBA #19871
Assistant Attorneys General
Attorneys for Plaintiff State of
Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

DATED this 1st day of November 2024 at Seattle, Washington.

s/Joseph A. Hylkema
Joseph A. Hylkema
Paralegal to Justin P. Walsh and James P. Ware

DECL. OF JUSTIN P. WALSH IN SUPP. OF DEFS.' RESP.
IN OPP'N TO PL.'S 2D MOT. TO AMEND COMPL. - 5

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

# EXHIBIT 1

HON. RICARDO S. MARTINEZ

Justin P. Walsh, WSBA No. 40696
Gleam Law, PLLC
605 1st Avenue, Ste 330
Seattle, WA 98104
justin@gleamlaw.com
Tel (206) 983-2900
Fax (206) 319-4596

UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON;

        Plaintiff,

  v.

LANDMARK TECHNOLOGY A, LLC, and
RAYMOND MERCADO, individually,

        Defendants.

NO. 2:21-cv-00728-RSM

DEFENDANTS' INITIAL DISCLOSURES
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 26(a)(1)

COME NOW Defendants Landmark Technology A, LLC (hereinafter "Landmark") and

Raymond Mercado (hereinafter "Mercado") (Collectively "Defendants"), by and through their

counsel of record, Justin P. Walsh of Gleam Law, PLLC, and provides the following disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1).

## I.    LAY WITNESSES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendants Landmark and

Mercado disclose the following names, addresses, and telephone numbers of those individuals it

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 1

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

reasonably believes have, or may have, discoverable information in this matter:

1.      Raymond Mercado
        c/o Gleam Law, PLLC
        605 1st Ave., Ste 330
        Seattle, WA 98104
        (206) 693-2900

Raymond Mercado is a defendant in this action and the principal of Landmark Technology A, LLC. Mercado has knowledge regarding the operations of Landmark Technology A, including the steps Landmark Technology A took in vetting potential infringers of Patent 7,010,508 (the "'508 Patent"). Mercado has knowledge regarding the patent assertion efforts Landmark has taken, both in relation to entities located in Washington and otherwise. In addition, Mercado has knowledge regarding the steps Mercado took in adhering to the corporate formalities required to differentiate Landmark Technology A from his personal self. Mercado has knowledge of all potential liability or damages issues in this case.

2.      Patrick Nunally, Ph.D.
        2227 Villa Verde Road
        Escondido, CA 92029
        (760) 533-9901

Patrick Nunally, Ph.D. is a consultant who performed work for Landmark Technology A, LLC. He has knowledge regarding investigations done by him prior to patent assertion activity by Landmark Technology A, including determinations of likely infringers of the '508 Patent. In addition, Dr. Nunally has knowledge regarding Landmark's licensing program, Landmark's past attempt to license the patent, infringement of the patent and damages that would be caused to Landmark from infringement of the '508 Patent. In addition, Patrick Nunally has information regarding all investigations performed on Washington companies prior to Landmark Technology A notifying or bringing suit against alleged infringers.

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 2

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

3.      Greg Bosch
        2929 Bridgeport Avenue
        Bridgeport, CT 06605
        (203) 923-2874

Greg Bosch is a former consultant to Landmark Technology, LLC and developed the Claim

Chart that is utilized by Landmark Technology A, LLC and its consultant, Patrick Nunally, Ph.D.

in evaluation of potential infringers of the '508 Patent.


## II.      <u>DOCUMENTS</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendants Landmark and

Mercado disclose the attached documents:

- Letter to Shipwreck Beads, Inc. (LTA 000001);

- Letter drafted, but not sent, to Oiselle Running, Inc. (LTA 000002-03);

- Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000004-16);

- Exhibit A to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Patent 7,010,508 (the "'508 Patent")) (LTA 000017-27);

- Exhibit B to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Patent 4,359,631 (the "'631 Patent")) (LTA 000028-41);

- Exhibit C to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Amendment to Application 08/418,772) (LTA 000042-68);

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 3

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Exhibit D to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Decision on Appeal, Application 08/418,772) (LTA 000069-104);

- Exhibit E to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Declaration of Joey Maitra re: Ordinary Skill in the Art) (LTA 000105-21);

- Exhibit F to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Ex Parte Reexamination Certificate, '508 Patent) (LTA 000122-23);

- Exhibit G to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Ex Parte Detailed Action, '508 Patent) (LTA 000124-232);

- Exhibit H to Complaint, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (Claim Analysis Chart Regarding Specific Infringements by Specialty Bottle, Inc. and Specialty Bottle Supply, Inc.) (LTA 000233-312);

- Civil Cover Sheet, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000313)

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000314);

- Summons, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000315-16);

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 4

- Corporate Disclosure Statement, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000317-18);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000319);

- Summons, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000320-21);

- Stipulation and Joint Motion to Extend Deadlines, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000322-24);

- Proposed Order Granting Stipulation and Joint Motion to Extend Deadlines, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000325-26);

- Order Granting Stipulation and Joint Motion to Extend Deadlines, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000327-28);

- Notice of Appearance, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000329-31);

- Order of Dismissal, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000332-33);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Specialty Bottle, Inc. & Specialty Bottle Supply, Inc.* (LTA 000334);

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000335-46);

- Exhibit A to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (the '508 Patent) (LTA 000347-57);

- Exhibit B to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (the '631 Patent) (LTA 000358-71);

- Exhibit C to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (Amendment to Application 08/418,772) (LTA 000372-98);

- Exhibit D to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (Decision on Appeal, Application 08/418,772) (LTA 000399-434);

- Exhibit E to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (Declaration of Joey Maitra re: Ordinary Skill in the Art) (LTA 000435-51);

- Exhibit F to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (Ex Parte Reexamination Certificate, '508 Patent) (LTA 000452-53);

- Exhibit G to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (Ex Parte Detailed Action, '508 Patent) (LTA 000454-562);

- Exhibit H to Complaint, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (Claim Analysis Chart Regarding Specific Infringements by The Essential Baking Company, Inc.) (LTA 000563-644);

- Civil Cover Sheet, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000645-46);

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000647);

- Summons, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000648-49);

- Landmark Technology A, LLC's Corporate Disclosure Statement, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000650-51);

- Summons, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000652-53);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000654);

- Notice of Appearance, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000655-57);

- Stipulation and Joint Motion to Dismiss with Prejudice, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000658-60);

- Proposed Order Granting Stipulation and Motion to Dismiss with Prejudice, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000661-62);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000663);

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Order Granting Stipulation and Motion to Dismiss with Prejudice, *Landmark Technology A, LLC v. The Essential Baking Company, Inc.* (LTA 000664-65);

- Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000666-78);

- Exhibit A to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (the '508 Patent) (LTA 000679-89);

- Exhibit B to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (the '631 Patent) (LTA 000690-703);

- Exhibit C to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (Amendment to Application 08/418,772) (LTA 000704-30);

- Exhibit D to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (Decision on Appeal, Application 08/418,772) (LTA 000731-66);

- Exhibit E to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (Declaration of Joey Maitra re: Ordinary Skill in the Art) (LTA 000767-83);

- Exhibit F to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (Ex Parte Reexamination Certificate, '508 Patent) (LTA 000784-85);

- Exhibit G to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (Ex Parte Detailed Action, '508 Patent) (LTA 000786-894);

- Exhibit H to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (Claim Analysis Chart Regarding Specific Infringements by Tom Bihn, Inc.) (LTA 000895-972);

- Civil Cover Sheet, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000973-74);

---

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 8

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000975);

- Summons, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000976-77);

- Summons, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000978-79);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000980);

- Landmark Technology A, LLC's Corporate Disclosure Statement, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000981-82);

- Declaration of Service, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000983);

- Plaintiff's Unopposed Motion to Extend Time for Defendant to Respond to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000984-86);

- Proposed Order Granting Plaintiff's Unopposed Motion to Extend Time for Defendant to Respond to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000987-88);

- Order Granting Plaintiff's Unopposed Motion to Extend Time for Defendant to Respond to Complaint, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000989);

- Notice of Voluntary Dismissal, *Landmark Technology A, LLC v. Tom Bihn, Inc.* (LTA 000990-92);

- Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 000993-1005);

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 9

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Exhibit A to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (the '508 Patent) (LTA 001006-16);

- Exhibit B to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (the '631 Patent) (LTA 001017-30);

- Exhibit C to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (Amendment to Application 08/418,772) (LTA 001031-57);

- Pages 1 through 13 of Exhibit D to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (Decision on Appeal, Application 08/418,772) (LTA 001058-70);

- Exhibit E to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (Declaration of Joey Maitra re: Ordinary Skill in the Art) (LTA 001071-87);

- Exhibit F to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (Ex Parte Reexamination Certificate, '508 Patent) (LTA 001088-89);

- Exhibit G to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (Ex Parte Detailed Action, '508 Patent) (LTA 001090-198);

- Exhibit H to Complaint, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (Claim Analysis Chart Regarding Specific Infringements by Stoneway Electric Supply Co.) (LTA 001199-292);

- Civil Cover Sheet, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001293-94);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 0001295);

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Summons, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001296-97);

- Summons, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001298-99);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001300);

- Landmark Technology A, LLC's Corporate Disclosure Statement, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001301-02);

- Declaration of Service, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001303);

- Notice of Appearance, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001304-06);

- Stipulation and Joint Motion to Extend Deadlines, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001307-09);

- Stipulation and Joint Motion to Extend Deadlines, *Landmark Technology A, LLC v. Stoneway Electric Supply Co.* (LTA 001310-12);

- Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001313-25);

- Exhibit A to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (the '508 Patent) (LTA 001326-36);

- Exhibit B to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (the '631 Patent) (LTA 001337-50);

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 11

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Exhibit C to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (Amendment to Application 08/418,772) (LTA 001351-77);

- Pages 1 through 13 of Exhibit D to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (Decision on Appeal, Application 08/418,772) (LTA 001378-90);

- Exhibit E to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (Declaration of Joey Maitra re: Ordinary Skill in the Art) (LTA 001391-407);

- Exhibit F to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (Ex Parte Reexamination Certificate, '508 Patent) (LTA 001408-09);

- Exhibit G to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (Ex Parte Detailed Action, '508 Patent) (LTA 001410-518);

- Exhibit H to Complaint, *Landmark Technology A, LLC v. Saltworks, Inc.* (Claim Analysis Chart Regarding Specific Infringements by Saltworks, Inc.) (LTA 001519-605);

- Civil Cover Sheet, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001606-07);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001608);

- Summons, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001609-10);

- Summons, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001611-12);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001613);

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 12

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

- Notice of Voluntary Dismissal, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001614);

- Report on the Filing or Determination of an Action Regarding a Patent or Trademark, *Landmark Technology A, LLC v. Saltworks, Inc.* (LTA 001615);

- Reexamination File for the '508 Patent (LTA 001616-12907);

- Prosecution History for the '508 Patent (LTA 012908-14616);

- Claim Analysis Chart Regarding Specific Infringements by Shipwreck Beads, Inc. (LTA 014617-29).

## III.    DAMAGES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Defendants are not claiming damages in this matter.

## IV.    INSURANCE

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Defendants are unaware of any insurance policies which may be available to satisfy any judgment hereunder.

/

/

/

/

/

/

/

DEFS.' INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)(1) - 13

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DATED this 20th day of January, 2023.

GLEAM LAW, PLLC


/s/ Justin P. Walsh
Justin P. Walsh, WSBA No. 40696
Gleam Law, PLLC
605 1st Avenue, Ste 330
Seattle, WA 98104
justin@gleamlaw.com
Tel (206) 983-2900
Fax (206) 319-4596
Of Attorneys for Defendants

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies under penalty of perjury under the laws of the United

3

States of America, that on the date noted below, a true and correct copy of the foregoing was

4

delivered and/or transmitted in the manner(s) noted below:

5

6

| | | |
|---|---|---|
| ROBERT W. FERGUSON | *Attorneys for Plaintiff* | [  ] Via Messenger |
| Attorney General | | [X] Via Email |
| AARON J. FICKES, WSBA #51584 | | [  ] Via Certified Mail |
| BEN J. BRYSACZ, WSBA #54683 | | [  ] Via U.S. Mail |
| HEIDI C. ANDERSON, WSBA #37603 | | [  ] Via ECF |
| BOB HYDE, WSBA #33593 | | |
| Assistant Attorneys General | | |
| Attorneys for Plaintiff State of Washington | | |
| 800 Fifth Avenue, Suite 2000 | | |
| Seattle, WA 98104 | | |

7

8

9

10

11

12

13

DATED this 20th day of January, 2023.

14

15

16

/s/ Brittany Duplantis
Brittany Duplantis, Legal Assistant

17

18

19

20

21

22

23

24

25

26

27

28

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

# EXHIBIT 2

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

                  Plaintiff,

    v.

LANDMARK TECHNOLOGY A, LLC,
and RAYMOND MERCADO,
individually,

                  Defendants.

NO. 2:21-cv-00728-RSM

STATE OF WASHINGTON'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LANDMARK TECHNOLOGY A, LLC

**TO:**        **DEFENDANT LANDMARK TECHNOLOGY A, LLC**

**AND TO:**    **JUSTIN P. WALSH, COUNSEL FOR DEFENDANT**

In accordance with Federal Rule of Civil Procedure 33, you are hereby required to answer, in writing, the following Interrogatories separately and fully under oath, within thirty (30) days of their service upon you. These Interrogatories are deemed continuing in nature and you must supplement your answers pursuant to Fed. R. Civ. P. 26(e).

Also contained herein are Requests for Production of Documents pursuant to Fed. R. Civ. P. 34, by which the Plaintiff requests Defendant to produce the described documents for inspection and copying by Plaintiff's attorneys at the address stated below by no later than thirty

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 1

(30) days from the date of service. These Requests for Production of Documents are deemed continuing in nature, and you must supplement your responses pursuant to Fed. R. Civ. P. 26(e).

## I.     TIME AND PLACE OF PRODUCTION

1.1     The requested documents and written answers to Interrogatories are to be produced to Aaron Fickes, Heidi Anderson, Ben Brysacz and Bob Hyde, Assistant Attorneys General at the Attorney General's Office at 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, within thirty (30) days of being served with these Interrogatories and Requests for Production, or at such other time and place as is agreed to by the parties.

## II.     COMMUNICATIONS

2.1     All notices, questions, or communications concerning these Interrogatories and Requests for Production should be directed to Aaron Fickes, Heidi Anderson, Ben Brysacz and Bob Hyde, Assistant Attorneys General, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, by phone (206) 287-4176, or email at aaron.fickes@atg.wa.gov.

2.2     If in answering any of the questions or requests below you are unable to answer due to the space allotted, please continue your answer on a separate sheet of paper noting which question/request to which you are responding.

2.3     In order for your response to these Interrogatories and Requests for Production of Documents to be complete, submit with your response the attached Certification and Certification of Attorney.

2.4     Please read the "Definitions" and "Instructions" section before responding to these Requests.

## III.     DEFINITIONS

3.1     **"Relating to"** means constituting, containing, concerning, discussing, describing, analyzing, identifying, referring to, or stating.

3.2     **"You," "your,"** and **"Landmark Technology A, LLC"** refer to Landmark Technology A, LLC, and any parent, affiliate, sister, subsidiary, predecessor, successor, or

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

assignee of it, and its principals, operating divisions, present or former owners, employees, servants, officers, directors, agents, representatives, attorneys, accountants, independent contractors, distributors, and any other persons or entities acting on behalf of or under the direction, authorization, or control of it; including any foreign or overseas affiliates. Please note that this definition is intended to include Raymond Mercado in his role as principal of Landmark Technology A, but not in his role as an individual defendant. Thus, the State is directing these discovery requests only to Landmark Technology A, and seeks answers and responses only from Landmark Technology A at this point. Separate discovery directed to Raymond Mercado in his individual capacity will be forthcoming.

      3.3   **"Communication"** or **"Communications"** means every disclosure, transfer, exchange, or transmission of information, whether oral, written, or electronic, and whether face-to-face, by telecommunications, computer, mail, telecopier, facsimile (fax) machine, or otherwise.

      3.4   **"Document"** or **"Documents"** means, without limitation, any "writing," and includes originals or duplicates of or copies of the writings, and non-identical copies bearing or having any attachments, notes, or marks which distinguish them from the originals, and any electronic records, including, without limitation, electronic mail, spreadsheets, word processing files, and records saved as .pdf or other electronic files. Electronic mail subject to these discovery requests includes messages and/or attachments now only available on backup or archive tapes or disks. Also, if a print-out of an electronic record is a non-identical copy of the electronic version (for example, because the print-out has a signature, handwritten notation, or other mark or attachment not included in the computer document), both the electronic version in which the document was created and the original print-out must be produced.

      3.5   **"Person"** means any individual, corporation, partnership, limited liability company, government, governmental subdivision, institution of higher education, or any other legal or commercial entity.

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

3.6 **"Demand"** means a letter, an email, or any other communication sent to a Person and/or to any present or former owners, employees, servants, officers, directors, agents, representatives, attorneys, accountants, independent contractors, distributors, and any other persons or entities acting on behalf of or under the direction, authorization, or control of such Person, which (a) asserts patent infringement in any manner (for example, but not limited to, assertions that such Person's product(s), service(s), or technology(ies) practice a patent), and/or (b) offers a non-exclusive patent license.

3.7 **"Target"** means a Person to whom a Demand was addressed, including any present or former owners, employees, servants, officers, directors, agents, representatives, attorneys, accountants, independent contractors, distributors, and any other persons or entities acting on behalf of or under the direction, authorization, or control of such Person.

3.8 **"The '508 Patent"** means United States Patent No. 7,010,508 entitled "Automated Multimedia Data Processing Network."

3.9 **"Landmark Technology, LLC"** means that limited liability company currently or formerly organized under the laws of the State of Delaware with its principal place of business at 329 Laurel, San Diego, CA 92101, and any parent, affiliate, sister, subsidiary, predecessor, successor or assignee of it, and its principals, operating divisions, present or former owners, employees, servants, officers, directors, agents, representatives, attorneys, accountants, independent contractors, distributors, and any other persons or entities acting on behalf of or under the direction, authorization, or control of Landmark Technology LLC, including any foreign or overseas affiliates.

3.10 **"Claim Chart"** has the same meaning in Your disclosure of witness Greg Bosch in the document entitled Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1).

3.11 "**Identify**," when used with respect to a document, means to state with respect to each such document:

STATE OF WASHINGTON'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-RSM) - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1          a.     Title of the document;

2          b.     Author;

3          c.     Title or position of the addressee;

4          d.     Type of document;

5          e.     Date it was prepared;

6          f.     Number of pages it comprises; and

7          g.     Production number.

8      3.12   "**Identify**," when used with respect to an entity, means to state with respect to

9 each such entity:

10         a.     Full legal name or title;

11         b.     Form of business (i.e. corporation, partnership, limited liability co.);

12         c.     Relationship to You;

13         d.     Complete business location and mailing address;

14         e.     Telephone and facsimile numbers;

15         f.     State of incorporation or organization or, if organized outside the United

16              States, country and city of incorporation or organization; and

17         g.     Address of headquarters and/or principal place of business.

18      3.13   "**Identify**," when used with respect to an individual, means to state with respect

19 to each such person:

20         a.     Name;

21         b.     Last-known residence, business, or shipping address;

22         c.     Telephone number;

23         d.     Email address; and

24         e.     Employer.

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# IV.    INSTRUCTIONS

4.1     Unless otherwise stated in the Interrogatories and Requests for Production below, the relevant time period for which documents and information are requested is **January 1, 2019, to the present**.

4.2     These Discovery Requests request production of all described documents in your possession, custody, or control without regard to the person or persons by whom or for whom the documents were prepared (e.g., your employees, distributors, representatives, competitors, or others).

4.3     This Request includes documents in possession of your employees, agents, representatives, and attorneys, unless privileged. **If any document or information is withheld under claim of privilege or confidentiality, identify the document and state the basis for the claim of privilege or confidentiality, and provide a detailed privilege log** that contains at least the following information for each document or information that you have withheld:

a.     The name of each author, writer, sender, creator, or initiator of such document, and each such person's title and his or her employer or firm;

b.     The name of all recipients, addressees, or parties for whom such document was intended or to whom the document was sent;

c.     The date of such document, or an estimate thereof if no date appears on the document;

d.     The interrogatory or request for production to which the allegedly privileged document corresponds;

e.     The general subject matter of the document; and

f.     The claimed grounds for withholding the document; including, but not limited to, the nature of any claimed privilege and grounds in support thereof, stated in a manner that does not reveal privileged information but that provides information sufficiently detailed so as to enable the State to assess the applicability of the privileged claimed.

STATE OF WASHINGTON'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-RSM) - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

4.4     Pursuant to Fed. R. Civ. P. 26(e), these Interrogatories and Requests for Production impose a continuing duty to supplement your responses in the event additional documents and information come into your knowledge, possession, custody, or control after your initial production of responses to the requests.

4.5     In each instance in which a document is produced in response to a request, produce the current edition, along with all earlier editions or predecessor documents serving the same function, even though the title of earlier documents may differ from current versions.

4.6     The following procedures shall apply to the production of documents and information in response to these Interrogatories and Requests for Production:

    a.     The recipient of these Interrogatories and Requests for Production shall label each responsive document (i.e., Response to Request No. 1, Response to Request No. 2, and so forth), group all documents responsive to a particular request together, and place a label on each group of documents which identifies the corresponding request;

    b.     All attachments to responsive documents or information shall be produced with, and attached to, the responsive documents (or digitally in corresponding order);

    c.     Each responsive document or information shall be produced in its entirety and no portion of any document or information shall be edited, cut, masked, redacted, or otherwise altered, unless for applicable privilege which shall be logged according to the procedures set forth above; and

    d.     The recipient of these Interrogatories and Requests for Production shall provide a key to all abbreviations used in the documents or information and shall attach the key to the corresponding documents or information.

4.7     Documents or information that may be responsive to more than one (1) numbered request in these Requests need not be submitted more than once. However, for each such document or information, the recipient of these Interrogatories and Requests for Production shall identify all of the numbered requests to which the document or information is responsive. If any

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 7

responsive document or information has been previously supplied to the Washington Attorney General's Office, you shall identify the document(s) or information previously provided and the date(s) of submission.

4.8     You shall consecutively number each page of all documents or information produced with your response, and indicate the total number of pages produced with your response. This page numbering must be separate from and must not alter any original page numbering on the responsive documents or information.

4.9     Your responses to these discovery requests should include all relevant electronically stored information in your possession, custody, or control. The State of Washington considers electronically stored information to be an irreplaceable source of evidence in this matter. Accordingly, the State of Washington insists that you implement appropriate safeguard against the destruction of evidence until the final resolution of this issue.

4.10     Production of electronically stored information and other documents in electronic format shall conform to the standards set forth in Exhibit A.

4.11     If you are unable to fully answer any particular request for documents, supply all of whatever information is actually available. Designate such incomplete information as incomplete and accompany the information with an explanation that includes the reasons for the incomplete answer; a description of any and all of your efforts to obtain the information; and the source from which the Office of the Attorney General may obtain information to complete your response. If books, records, or other sources that provide accurate answers are not available, provide your best estimates and describe how you derived the estimates, including the sources or bases of such estimates. Designate estimated data as such by marking it with the "est." notation. If there is no reasonable way for you to make an estimate, provide an explanation.

4.12     If particular documents responsive to these Interrogatories and Requests for Production no longer exist for reasons other than the ordinary course of business but you have reason to believe they have been in existence, describe the documents, state the circumstances

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    under which such documents were lost or destroyed, and identify persons having knowledge of

2    the content of the documents.

3        4.13    **Do not destroy any documents or information relating to any of these**

4    **Interrogatories or Requests for Production.**

5                        V.        **INTERROGATORIES**

6    **INTERROGATORY NO. 1:**        For Landmark Technology A, LLC, please state the

7    amount of total revenue and total profit for each calendar year: 2019; 2020; 2021, 2022, and to

8    date.

9    **ANSWER:**

10

11

12

13    **INTERROGATORY NO. 2:**        Describe, in detail, how You become aware of Persons that

14    are potentially infringing the claims of the '508 Patent.

15    **ANSWER:**

16

17

18

19    **INTERROGATORY NO. 3:**        Identify each and every Person who has ever informed or

20    alerted You to the presence of a potential infringement of the '508 Patent.

21    **ANSWER:**

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 9

1   **INTERROGATORY NO. 4:**      Describe, in detail, Your process for identifying Target

2   companies that are potentially infringing the claims of the '508 Patent. If such process has

3   changed over time, include a description of how the process has changed in Your Answer.

4   **ANSWER:**

5

6

7

8   **INTERROGATORY NO. 5:**      Identify each and every Person involved in Your process

9   for identifying Target companies that are potentially infringing the claims of the '508 Patent.

10   Include in Your Answer a description of each such Person's responsibilities and tasks with

11   respect to such process.

12   **ANSWER:**

13

14

15

16   **INTERROGATORY NO. 6:**      Describe, in detail, what analysis You perform, if any,

17   comparing the claims of the '508 Patent to a Target's product, service, or technology, including

18   but not limited to a Target's data processing, data processing systems or functionalities, before

19   making a Demand asserting infringement of the '508 Patent. If such analysis has changed over

20   time, include a description of how the analysis has changed in Your Answer.

21   **ANSWER:**

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 10

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    **INTERROGATORY NO. 7:**      Describe, in detail, the analysis You perform to establish

2    Your basis for believing a Target has infringed the '508 Patent before making a Demand

3    asserting infringement of the '508 Patent. If such analysis has changed over time, include a

4    description of how the analysis has changed in Your Answer.

5    **ANSWER:**

6

7

8

9    **INTERROGATORY NO. 8:**      Identify each and every Person involved in performing any

10    aspect of the analyses described in Your answers to Interrogatory Nos. 6 and/or 7. Include in

11    Your Answer a description of each such Person's responsibilities and tasks with respect to such

12    analyses.

13    **ANSWER:**

14

15

16

17    **INTERROGATORY NO. 9:**      Identify any and all Persons against whom you filed a legal

18    complaint or initiated other legal process related to the '508 Patent, without first issuing a

19    Demand to such Person.

20    **ANSWER:**

21

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 11

1   **INTERROGATORY NO. 10:**         State whether You have made any investment in the use of

2   the '508 Patent and/or in the production or sale of a product covered by the '508 Patent. Include

3   in Your Answer a detailed description of any such investment.

4   **ANSWER:**

5

6

7

8   **INTERROGATORY NO. 11:**         State the factual basis, if any, for the assertion in Your

9   Demand letter that $65,000 "represents a substantial discount to the historic licensing price of

10  Landmark's portfolio, and will not be available in the event of litigation."

11  **ANSWER:**

12

13

14

15              **VI.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

16  **REQUEST FOR PRODUCTION NO. 1:**  Produce copies of any and all Demands sent by

17  You, dated on or after January 1, 2019.

18  **RESPONSE:**

19

20

21

22  **REQUEST FOR PRODUCTION NO. 2:**  Produce any and all Communications, not already

23  produced in response to Request for Production No. 1 or in response to the State of Washington's

24  Civil Investigative Demand, between You and any Target to whom You sent a Demand dated

25  on or after January 1, 2019.

26  **RESPONSE:**

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 12

1

2

3

4  **REQUEST FOR PRODUCTION NO. 3:**    Produce any and all Documents, including but not

5  limited to Communications, not already produced in response to Requests for Production Nos. 1

6  and 2 or in response to the State of Washington's Civil Investigative Demand, relating to any

7  Target to whom You sent a Demand dated on or after January 1, 2019.

8  **RESPONSE:**

9

10

11

12  **REQUEST FOR PRODUCTION NO. 4:**    Produce copies of any and all Demands in Your

13  possession, custody, or control, sent by Landmark Technology, LLC, at any time on or after

14  January 1, 2012, that referenced the '508 Patent, or any other patent that You currently have any

15  right, title, or interest in.

16  **RESPONSE:**

17

18

19

20  **REQUEST FOR PRODUCTION NO. 5:**    Produce any and all Communications between You

21  and any Target to whom Landmark Technology, LLC, sent a Demand of the type described in

22  Request for Production No. 4.

23  **RESPONSE:**

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 13

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**REQUEST FOR PRODUCTION NO. 6:**  Produce any and all Documents, including but not limited to Communications, not already produced in response to Requests for Production Nos. 4 and 5 or in response to the State of Washington's Civil Investigative Demand, relating to any Target to whom Landmark Technology, LLC, sent a Demand of the type described in Request for Production No. 4.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  Produce any and all settlement agreements, licensing agreements, or other agreements, however named, between You and any Target, entered into on or after January 1, 2019, which include provisions concerning payment of money or other consideration to You by a Target, and/or which refer to payment of money or other consideration to You by a Target.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  Produce all Documents, including but not limited to Communications, in your possession, custody or control relating to your rights to enforce the '508 Patent and/or to recovery for infringement of the '508 Patent, including but not limited to any assignments related to the '508 Patent.

**RESPONSE:**

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 14

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    **REQUEST FOR PRODUCTION NO. 9:**  Produce all Documents related to every Target

2    company with a Washington state address.

3    **RESPONSE:**

4

5

6

7    **REQUEST FOR PRODUCTION NO. 10:** Produce copies of the tax returns for Landmark

8    Technology A, LLC, including any and all federal, state, and local tax returns, for all or any part

9    of tax years 2019, 2020, 2021, and 2022.

10   **RESPONSE:**

11

12

13

14   **REQUEST FOR PRODUCTION NO. 11:** Produce copies of all of Landmark Technology A,

15   LLC's monthly income statements, monthly profit and loss statements, and/or monthly revenue

16   and expense statements, however named, for all or any part of the time period between

17   January 1, 2019, and the present, inclusive.

18   **RESPONSE:**

19

20

21

22   **REQUEST FOR PRODUCTION NO. 12:** Produce copies of all Landmark Technology A,

23   LLC monthly balance sheets, however named, for all or any part of the time period between

24   January 1, 2019, and the present, inclusive.

25   **RESPONSE:**

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 15

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

2

3    **REQUEST FOR PRODUCTION NO. 13:** Produce copies of all Landmark Technology A,

4    LLC business plans, however named, applicable to all or any part of the time period between

5    January 1, 2019, and the present, inclusive.

6    **RESPONSE:**

7

8

9

10    **REQUEST FOR PRODUCTION NO. 14:** Produce any and all Communications between You

11    and Landmark Technology, including but not limited to Communications between Lawrence B.

12    Lockwood and Raymond Mercado.

13    **RESPONSE:**

14

15

16

17    **REQUEST FOR PRODUCTION NO. 15:** Produce any and all retainer and/or fee agreements,

18    however named, entered into between You and Banie & Ishimoto LLP.

19    **RESPONSE:**

20

21

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 16

1    **REQUEST FOR PRODUCTION NO. 16:** Produce any and all retainer and/or fee agreements,

2    however named, between You and any other counsel that has identified Targets or issued and/or

3    drafted Demands on Your behalf.

4    **RESPONSE:**

5

6

7

8    **REQUEST FOR PRODUCTION NO. 17:** Produce any and all Communications regarding the

9    '508 Patent between You and any Person identified in response to Interrogatories Nos. 3

10   and/or 5.

11   **RESPONSE:**

12

13

14

15   **REQUEST FOR PRODUCTION NO. 18:** Produce each Claim Chart You prepared or used

16   for any claim of infringement of the '508 Patent.

17   **RESPONSE:**

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 17

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**REQUEST FOR PRODUCTION NO. 19:** Produce any and all license agreements, transfers of rights, or similar documents (however named) in which You are receiving any rights in the '508 Patent.

**RESPONSE:**

DATED this 20th day of March, 2023.

Presented by:

ROBERT W. FERGUSON
Attorney General

*s/ Aaron J. Fickes*
AARON J. FICKES, WSBA #51584
BEN BRYSACZ, WSBA #54683
BOB HYDE, WSBA #33593
HEIDI C. ANDERSON, WSBA #37603
Assistant Attorneys General
Attorneys for Plaintiff State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 18

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**<u>CERTIFICATION</u>**

I, _____, having made the foregoing responses to these Interrogatories, certify under penalty of perjury under the laws of the State of _____ that I am authorized to sign legal documents on Landmark Technology A's behalf and know the responses herein to be true, correct, and complete.

Signature: _____

Title or Position: _____

Date: _____

City and State: _____

STATE OF WASHINGTON  )

                                              ) ss.

COUNTY OF _____)

I certify that I know or have satisfactory evidence that_____ is the person who appeared before me, and said person signed this instrument, and on oath stated that he was authorized to execute the instrument.

_____

SUBSCRIBED AND SWORN TO before me this _____ day of_____, 2023.

_____
Notary Public in and for the State of Washington,
My           appointment           expires
_____

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 19

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

## **ATTORNEY CERTIFICATION**

2          THE UNDERSIGNED ATTORNEY for Defendants has read the foregoing Answers to

3   Interrogatories and Requests for Production of Documents to Defendants, and hereby certifies that

4   they are in compliance with Fed. R. Civ. P. 26(g).

5          DATED this _____ day of _____, 2023.

6

7                                        _____

8

9

10                                  By_____

11                                  _____WSBA#_____
                                    Attorney for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 20

1

## <u>CERTIFICATE OF SERVICE</u>

2

I certify that I caused a copy of this document to be served on the following parties via

3

email at the following addresses:

4

5

6

7

8

9

10

| | |
|---|---|
| Justin P. Walsh<br>Gleam Law, PLLC<br>605 1st Avenue, Suite 330<br>Seattle, WA 98104<br>Email: justin@gleamlaw.com<br><br>***Atty. for Defendant Landmark<br>Technology A, LLC*** | ☐Legal Messenger<br>☐First-Class Mail, Postage Prepaid<br>☐Certified Mail, Receipt Requested<br>☐Facsimile<br>☒Email<br>☐E-Service |

11

12

I certify, under penalty of perjury under the laws of the State of Washington, that the

13

foregoing is true and correct.

14

DATED this 20th day of March, 2023, at Seattle, Washington.

15

 *s/ Aaron J. Fickes*

16

AARON J. FICKES
Assistant Attorney General

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
LANDMARK TECHNOLOGY A, LLC (2:21-cv-00728-
RSM) - 21

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# EXHIBIT 3

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9G25C4F

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON;<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK TECHNOLOGY A, LLC, and RAYMOND MERCADO, individually,<br><br>Defendants. | NO. 2:21-cv-00728-RSM<br><br>DEFENDANT LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS, ANSWERS, AND FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT LANDMARK TECHNOLOGY A, LLLC |

COMES NOW Defendant Landmark Technology A, LLC ("Landmark"), by and through its counsel of record, Justin P. Walsh of Gleam Law, PLLC, and responds to the State of Washington's First Set of Interrogatories and Requests for Production.

## **GENERAL OBJECTIONS**

Landmark asserts the following General Objections. Each response to each Interrogatory and Request for Production is subject to, and is limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth.

1.       Landmark objects to each Interrogatory or Request for Production to the extent it calls for the production of documents or information: (i) protected from disclosure

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 1

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9G25C4F

by the attorney-client privilege; (ii) prepared in anticipation of litigation or for trial; (iii) prepared in anticipation of litigation or for trial that reflect the mental impressions, conclusions, opinions, or legal theories of attorneys or other agents or representatives of Landmark; or (iv) otherwise protected as confidential or privileged.

2.     Landmark objects to the State's definitions to the extent that they purport to impose definitions that differ from normal English usage, including any attempt to frame information from Landmark's sole principal as information from the company, especially given that Raymond Mercado is a defendant in his personal capacity.

3.     Landmark objects to the State's definition of the term "Document" and to its instructions to the extent they purport to require Landmark to produce electronic data in forms other than as Landmark maintains such data in the usual and ordinary course of its business.

4.     By responding to an Interrogatory or Request for Production with a defined term, Landmark is not by implication agreeing with or adopting any such definition.

5.     Landmark objects to each Interrogatory or Request for Production to the extent it is cumulative, overbroad, unduly burdensome, or expensive.

6.     Landmark objects to each Interrogatory or Request for Production to the extent it is vague or ambiguous.

7.     Landmark's answers and responses are made without in any way waiving: (i) the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its answer and responses or produced documents in any proceeding in this action or any other action; or (ii) the

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

right to object on any ground to other discovery involving or relating to the subject matter of this response.

8.    Landmark objects to each Interrogatory or Request for Production to the extent it calls for information not reasonably available to Landmark, or that is obtainable by the State from another source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and burdensome obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained, including, without limitation, any responses to any investigatory demand by the State.

9.    Landmark objects to each Interrogatory or Request for Production to the extent the scope of such Interrogatory is not geographically limited to events occurring in the State of Washington.

10.    Landmark objects to each Interrogatory or Request for Production to the extent the scope of such Interrogatory is not temporally limited.

11.    Landmark objects to the extent Plaintiff's purported answer, response, or production procedures require steps, actions, or anything else not required by the Federal Rules of Civil Procedure or local rules of the Federal District Court for the Western District of Washington

Without waiving and subject to said objections, Landmark response to Plaintiff's interrogatories and requests for production as set forth below.

## RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

INTERROGATORY NO. 1: For Landmark Technology A, LLC, please state the amount of total revenue and total profit for each calendar year: 2019, 2020, 2021, 2022, and to date.

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 3

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9G25C4F

<u>ANSWER</u>: Objection. This request amounts to 10 separate interrogatories, one related to one related to revenue for each year, and one related to profit for each year. By way of further objection, the phrase "to date" is vague and duplicative of total revenue, as total revenue by definition, "to date". By way of further objection, this request seeks information on revenue unrelated to any interaction with a Washington State business, and is thus overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence. By way of further objection, this interrogatory is vague as to "profit", as "[t]here are many different profit concepts in accounting and economics." Roy J. Epstein, et al., *Reasonable Royalty Patent Infringement Damages After* Uniloc, 39 AIPLA Q.J. 3, 13 (2011). Without waiving and subject to said objections, Landmark responds as follows:

Landmark will only produce said information, subject to the above objections and subject to a protective order in this matter. Find attached a proposed protective order in this matter.

<u>First Supplemental Response</u>:

With regard to revenue from Washington State businesses, pursuant to FRCP 33(d), *see* LTA 002098-2134.

<u>INTERROGATORY NO. 2</u>: Describe, in detail, how You become aware of Persons that are potentially infringing the claims of the '508 Patent.

<u>ANSWER</u>: Objection. This interrogatory is vague in that Landmark becomes aware of potential infringers in various ways and there is no unique method by which Landmark becomes aware of a potential infringer of the '508 Patent. By way of further objection, the phrase "become aware" is phrased in the present tense, and is thus vague and calls for an incomplete hypothetical incapable of answer. By way of further objection, Landmark objects to the use of Persons in reference to a corporation, as Plaintiff's definition of person does not match the reality that

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 4

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9G25C4F

corporations are legal fictions. By way of further objection, this interrogatory is vague as to "the claims". Without waiving and subject to said objections, Landmark responds as follows:

Landmark generally becomes aware of infringers of the '508 Patent through review of websites to determine if they are potentially infringing on the '508 Patent. An analysis is then performed on the suspected website of a potential infringer to determine if the company is indeed infringing or inducing others to infringe on the claims of the '508 Patent. In addition, Landmark was made aware of certain infringers after assignment of rights from Landmark Technology, LLC's intellectual property rights in the '508 Patent.

<u>INTERROGATORY NO. 3</u>: Identify each and every Person who has ever informed or alerted You to the presence of a potential infringement of the '508 Patent.

<u>ANSWER</u>: Objection. This claim is a request for each and every interaction with a Person, including verbal communications which were not recorded and for which Landmark could not possibly be aware or expected to retain within the memory of its principals or employees. By way of further objection, this interrogatory requests information unrelated to Landmark Technology A, insofar as it seeks information from Landmark Technology A's principal. Without waiving and subject to said objection, Landmark Response as follows:

Patrick Nunally, Ph.D.
2227 Villa Verde Road
Escondido, CA 92029
(760) 533-9901
patrick@nunally.com

Landmark Technology, LLC
402 West Broadway
Suite 400
San Diego, CA 92101
(619) 535-6966
landmarktechnologyllc@gmail.com

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 5

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-440C-9819-3363B9C25C4F

1

2    <u>INTERROGATORY NO. 4</u>: Describe, in detail, Your process for identifying Target

3    companies that are potentially infringing the claims of the '508 Patent. If such process has changes

4    over time, include a description of how that process has changed in Your answer.

5    <u>ANSWER</u>: Objection. The use of the term "Target" by the State is unduly prejudicial and

6    designed to invoke sympathy for patent infringers. Without waiving and subject to said objection,

7    Landmark responds as follows:

8    *See* Objection and Answer to Interrogatory No. 2.

9    <u>INTERROGATORY NO. 5</u>: Identify each and every person involved in Your process for

10   identifying Target companies that are potentially infringing the claims of the '508 Patent. Include

11   in Your Answer a description of each such Person's responsibilities and tasks with respect to such

12   process.

13   <u>ANSWER</u>: Objection. The use of the term "Target" by the State is unduly prejudicial and

14   designed to invoke sympathy for patent infringers. By way of further objection, this interrogatory

15   is compound and contains two distinct and separate sub parts – one asking for identification of

16   individuals and one asking for a description of their work. By way of further objection, this

17   interrogatory is vague as to "the claims of the '508 Patent," in that it fails to specify what claim(s)

18   of the '508 Patent are being referred to. By way of further objection, this request presumes a

19   particular process for identification of potential infringers (*see* Objection and Answer to

20   Interrogatory No. 2). Without waiving and subject to said objections, Landmark responds as

21   follows:

22
Patrick Nunally, Ph.D.
2227 Villa Verde Road
Escondido, CA 92029
(760) 533-9901
patrick@nunally.com

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 6

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9G25C4F

Ray Mercado
c/o Gleam Law, PLLC
605 First Avenue
Suite 330
Seattle, WA 98104
(206) 693-2900

Melody Camp
109 Rosecrans Ct.
Cary, NC 27518
(919) 535-8258
melodyanncamp@gmail.com

Dr. Nunally would review potentially infringing sites and provide a list of the same to Landmark's principal, Ray Mercado, to determine whether the potentially infringing sites warranted further review for potential infringement. Once selected, Mercado would narrow the potential infringers for further investigation, at which point Dr. Nunally would perform a claims analysis. In addition, Melody Camp would sometimes perform initial screening of websites, which were then provided to Dr. Nunally.

INTERROGATORY NO. 6: Describe, in detail, what analysis You perform, if any, comparing the claims of the '508 Patent to a Target's product, service, or technology, including [sic] but not limited to [sic] a Target's data processing, data processing systems or functionalities, before making a Demand asserting infringement of the '508 Patent. If such analysis has changed over time, include a description of how the analysis has changed in Your Answer.

ANSWER: Objection. The use of the term "Target" by the State is unduly prejudicial and designed to invoke sympathy for patent infringers. This request improperly presumes analysis of a "Target's data processing, data processing systems or functionalities" is required to analyze whether a potential infringer of the '508 Patent's valid claims has infringed the claims, especially as information regarding a potential infringer's "data processing, data processing systems or

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 7

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9G25C4F

functionality" may not be available to Landmark prior to litigation, and Landmark is limited in the methods by which it may verify infringement. By way of further objection, the phrase "infringement of the '508 Patent" is vague and ambiguous in that it fails to specify what claim(s) of the '508 Patent are being referred to. By way of further objection, the phrase "analysis you perform" is phrased in the present tense, and is thus vague and calls for an incomplete hypothetical incapable of answer. By way of further objection, the particular analysis done with regard to any particular claim is particularized to the particular suspected infringer, and thus this interrogatory improperly presumes a "one size fits all" approach to said analysis. Without waiving and subject to said objections, Landmark responds as follows:

Landmark utilizes a claims analysis chart that was developed with reference to the '508 Patent, that lists the valid claims, which is then compared to the means, systems, and/or methods of operation of a suspected infringing website to detail the specific means, systems, instances of code, and/or methods by which the suspected infringer is infringing or inducing others to infringe on the valid claims of the '508 Patent, including breaking down the infringement of each claim into individual elements. Landmark Technology A, LLC has always utilized this form of infringement analysis.

<u>INTERROGATORY NO. 7</u>: Describe, in detail, the analysis you perform to establish Your basis for believing a Target has infringed the '508 Patent before making a Demand asserting infringement of the '508 Patent. If such analysis has changed over time, include a description of how the analysis has changed in Your answer.

<u>ANSWER</u>: *See* Objection and Answer to Interrogatory No. 6.

<u>INTERROGATORY NO. 8</u>: Identify each and every Person involved in performing any aspect of the analyses described in your answer to Interrogatory Nos. 6 and/or 7. Include in Your

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 8

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9C25C4F

Answer a description of each person's responsibilities and tasks with respect to such analyses.

ANSWER: Objection. This interrogatory is compound and contains two distinct and separate sub parts – one asking for identification of individuals and one asking for a description of their work. Without waiving and subject to said objection, Landmark responds as follows:

> Patrick Nunally, Ph.D.
> 2227 Villa Verde Road
> Escondido, CA 92029
> (760) 533-9901
>
> Ray Mercado
> c/o Gleam Law, PLLC
> 605 1st Avenue
> Suite 330
> Seattle, WA 98104
> (206) 693-2900

In addition, *see* Answer to Interrogatory No. 5.

INTERROGATORY NO. 9: Identify any and all persons against whom you filed a legal complaint or initiated other legal process related to the '508 Patent, without first issuing a demand to such person.

ANSWER: Objection. This interrogatory is vague as to the phrase "without first issuing a demand." By way of further objection, this interrogatory is vague as to the entity that "first issue[d] a demand." By way of further objection, this request seeks information on unrelated to any interaction with a Washington State business, and is thus overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence. By way of further objection, Landmark has never issued demand letters, which were issued by Landmark's intellectual property counsel. By way of further objection, this interrogatory improperly, by its wording, presumes a demand would have only been presented by Landmark Technology A, LLC. Without waiving and subject to said objections, Landmark responds as follows:

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 9

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9C25C4F

Landmark Technology A, LLC did not send letters to the following Washington companies prior to filing suit against them for infringing the '508 Patent: Specialty Bottle, Inc.; The Essential Baking Company, Inc.; Tom Binh, Inc.; Stoneway Electric Supply Co.; or Saltworks Inc. However, settlement demand letters were sent by Landmark Technology, LLC's counsel, prior to the assignment of rights in the '508 Patent to Landmark Technology A, LLC.

First Supplemental Response:

The settlement demand letters referenced above and sent by Landmark Technology, LLC's counsel were sent to The Essential Baking Company, Tom Bihn, and Specialty Bottle.

INTERROGATORY NO. 10: State whether You have made any investment in the use of the '508 Patent and/or in the production or sale of a product covered by the '508 Patent. Include in Your Answer a detailed description of such investment.

ANSWER: Objection. This request presumes "investment in the use" is required for a person or company to notify others of infringement or enforce its patent rights pursuant to federal patent law, which is incorrect. To the extent Washington's Patent Troll Protection Act seeks to restrict assertions of patent infringement and patent enforcement to those cases involving "investment of the use" in the patent, such restriction is pre-empted by federal law and the Constitution of the United States of America. By way of further objection, this request is vague as to "investment in the use", "use of the '508 Patent", "production", "sale", "product covered". Without waiving and subject to said objections, Landmark responds as follows:

Landmark has invested in the licensing of the '508 Patent to various entities. Landmark has invested in the enforcement of the '508 Patent against various entities.

INTERROGATORY NO. 11: State the factual basis, if any, for your assertion in Your Demand letter that $65,000 "represents a substantial discount to the historic licensing price of

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 10

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Landmark's portfolio, and will not be available in the event of litigation."

ANSWER: Objection. Landmark has never issued demand letters, which were issued by Landmark's intellectual property counsel. By way of further objection, this interrogatory states that it is referencing a specific demand letter, but does not reference which Demand letter it is referring. Without waiving and subject to said objection, Landmark responds as follows:

The price for the non-exclusive license related to the '508 Patent, historically, was $95,000. The $65,000 price is a substantial discount from $95,000.

REQUEST FOR PRODUCTION NO. 1: Produce copies of any and all Demands sent by You, dated on or after January 1, 2019.

RESPONSE: Objection. This request unduly burdensome and can be obtained from some other source that is more convenient, less burdensome, and less expensive – to wit, Defendant Landmark's response to the State's investigative demand. By way of further objection, any and all demands were sent by Landmark's counsel. By way of further objection, this request is unduly burdensome and duplicative, and is also included in Landmark's initial disclosures. By way of further objection, this request is overly broad, unduly burdensome, and not reasonably likely to lead to admissible evidence to the extent is calls for assertions of patent enforcement activity against entities other than those in Washington State. By way of further objection, the wording of this request for production does not capture demands that may have been sent by Landmark Technology, which were later enforced through an assignment of rights by Landmark Technology A, but for which Landmark Technology A did not send a demand. Without waiving and subject to said objections, Landmark responds as follows:

*See* LTA 000001 (LANDMARKAWSAG000541). *See also*, LANDMARKAWSAG000001-3302, produced in response to the State's Civil Investigative

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS, ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. & REQS. FOR PRODUC. - 11

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B0G25C4F

demand.

First Supplemental Response: Specifically, Landmark Technology A did not send any demands to any Washington business from January 1, 2019, forward. It did follow up with a prior demand sent by Landmark Technology (*See*, LANDMARKAWSAG 000541, referenced above and produced at LTA 000001).

REQUEST FOR PRODUCTION NO. 2: Produce any and all Communications, not already produced in response to Request for Production No. 1 or in response to the State of Washington's Civil Investigative Demand, between You and any Target to whom You sent a Demand dated on or after January 1, 2019.

RESPONSE: Objection. The use of the term "Target" by the State is unduly prejudicial and designed to invoke sympathy for patent infringers. By way of further objection, this request is overly broad, unduly burdensome, and not reasonably likely to lead to admissible evidence to the extent is calls for assertions of patent enforcement activity against entities other than those in Washington State. By way of further objection, the wording of this request does not capture demands that may have been sent by Landmark Technology, which were later enforced through an assignment of rights by Landmark Technology A, but for which Landmark Technology A did not send a demand. Without waiving and subject to said objections, Landmark responds as follows:

Without waiving and subject to said objections, Landmark responds as follows:

This answer will be supplemented.

First Supplemental Response:

No other correspondence with Washington businesses resulting from a demand sent by LTA, as LTA did not send any demands.

REQUEST FOR PRODUCTION NO. 3: Produce any and all Documents, including but

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS, ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. & REQS. FOR PRODUC. - 12

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9C25C4F

not limited to Communications, not already produced in response to Request for Production Nos. 1 and 2 or in response to the State of Washington's Civil Investigative Demand, relating to any Target to whom You send a Demand dated on or after January 1, 2019.

RESPONSE: Objection. The use of the term "Target" by the State is unduly prejudicial and designed to invoke sympathy for patent infringers. By way of further objection, this request, per its wording, necessarily includes attorney-client privileged correspondence and attorney work product related to the instant demands. By way of further objection, this request does not state with specificity the category of documents sought, and by its wording appears to be a request for any and all documents related to any patent enforcement activity or anything related to any potential infringer, which is improper under Federal Rule of Civil Procedure 34. By way of further objection, this request is overly broad, unduly burdensome, and not reasonably likely to lead to admissible evidence to the extent is calls for assertions of patent enforcement activity against entities other than those in Washington State. Without waiving and subject to said objections, Landmark responds as follows:

*See* LTA 001616-28, 2023-97.

First Supplemental Answer:

In clarification, LTA 001616-28, 2023-27 relate to companies to whom demands were sent by Landmark Technology, the rights of which passed to LTA. *See*, e.g., First Supp. Resp. to Req. for Product. No. 1.

REQUEST FOR PRODUCTION NO. 4: Produce copies of any and all Demands in Your possession, custody, or control, sent by Landmark Technology, LLC at any time on or after January 1, 2012, that referenced the '508 Patent, or any other patent that You currently have any right, title, or interest in.

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS, ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. & REQS. FOR PRODUC. - 13

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

RESPONSE: Objection. This request is overly broad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence in that it requests information regarding a separate entity, not party to this lawsuit, and to which no Defendant is a member. By way of further objection, this request if vague as to "interest". By way of further objection, to the extent this request seeks information predating 2019, it is beyond the statute of limitations of any claim or potential claim against said entity, and is thus overly broad and unduly burdensome. By way of further objection, this request is overly broad, unduly burdensome, and not reasonably likely to lead to admissible evidence to the extent is calls for assertions of patent enforcement activity against entities other than those in Washington State. Without waiving and subject to said objections, Landmark responds as follows:

Landmark does not generally have possession, custody, or control of the documents of Landmark Technology, LLC. However, pursuant to the assignment, Landmark is in possession of the following responsive documents, subject to the above objections. *See* LTA 001629-34.

REQUEST FOR PRODUCTION NO. 5: Produce any and all Communications between You and any Target to whom Landmark Technology, LLC sent a Demand of the type described in Request for Production No. 4.

RESPONSE: Objection. The use of the term "Target" by the State is unduly prejudicial and designed to invoke sympathy for patent infringers. By way of further objection, this request is overly broad, unduly burdensome, and not reasonably likely to lead to admissible evidence to the extent is calls for assertions of patent enforcement activity against entities other than those in Washington State. By way of further objection, this request calls for information in the hands of a third party, Landmark Technology, which is distinct and separate from Landmark Technology A. Without waiving and subject to said objection, Landmark responds as follows:

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 14

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

*See* Objection and Answer to Request for Production No. 4. Without waiving and subject to said objection, Landmark responds as follows:

*See* LTA 2023-97.

First Supplemental Response:

In addition, *see* LTA 000001, additionally, *see* LTA 002135-2160.

REQUEST FOR PRODUCTION NO. 6: Produce any and all Documents, including but not limited to Communications, not already produced in response to Request for Production Nos. 4 and 5 or in response to the State of Washington's Civil Investigative Demand, relating to any Target to whom Landmark Technology, LLC, sent a Demand of the type described in Request for Production No. 4.

RESPONSE: *See* objections and answers to Request for Production Nos. 4 and 5.

REQUEST FOR PRODUCTION NO. 7: Produce any and all settlement agreements, licensing agreements, or other agreements, however named, between You and any Target, entered into on or after January 1, 2019, which include provisions concerning payment of money or other consideration to You by a Target, and/or which refer to payment of money or other consideration to You by a Target.

RESPONSE: Objection. The use of the term "Target" by the State is unduly prejudicial and designed to invoke sympathy for patent infringers. By way of further objection, this request calls for disclosure of information subject to a confidentiality agreement. By way of further objection, this request is overly broad, unduly burdensome, and not reasonably likely to lead to admissible evidence to the extent is calls for assertions of patent enforcement activity against entities other than those in Washington State. By way of further objection, this request, per its wording, necessarily includes attorney-client privileged correspondence and attorney work

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS, ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. & REQS. FOR PRODUC. - 15

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9G25C4F

product related to the instant demands. Without waiving and subject to said objections, Landmark responds as follows:

Landmark will only produce said documents, subject to the above objections, subject to a protective order in this matter. Find attached a proposed protective order in this matter.

First Supplemental Response:

*See* LTA 2098-2134.

REQUEST FOR PRODUCTION NO. 8: Produce all Documents, including but not limited to Communications, in your possession, custody or control relating to your rights to enforce the '508 Patent and/or to recovery for infringement of the '508 Patent, including but not limited to any assignments related to the '508 Patent.

RESPONSE: Objection. This request seeks private company information which is not generally known. By way of further objection, this request is vague as to "rights" which could be construed to technically include rights that accrue due to the discovery of infringement of those rights granted by the valid claims of the '508 Patent and any assignment thereof, and counsel interprets this as meaning the Patent itself and any assignments thereof. Without waiving and subject to said objection, Landmark responds as follows:

*See* LTA 000018-232, and repetitive versions of the same throughout Landmark's initial disclosures. Regarding additional disclosures, Landmark will only produce said documents subject to a protective order in this matter. Find attached a proposed protective order in this matter. In addition, *see* Privilege Log.

First Supplemental Response:

*See* LTA 001639-1641; 001643-62.

REQUEST FOR PRODUCTION NO. 9: Produce all Documents related to every Target

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS, ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. & REQS. FOR PRODUC. - 16

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

company with a Washington State address.

RESPONSE: Objection. The use of the term "Target" by the State is unduly prejudicial and designed to invoke sympathy for patent infringers. By way of further objection, this request does not state with specificity the category of documents sought, as required by Federal Rule of Civil Procedure 34. *See O'Brien v. Diaz*, No. 1:21-cv-00856-JLT-SAB (PC), 2022 WL 1650016, at *2-3 (E.D. Cal. May 24, 2022); *K'napp v. Adams*, No. 1;06-cv-01701-LJO-GSA-PC, 2014 WL 950353 (E.D. Cal. Mar. 11, 2014); *Lindell v. Synthes USA*, No. 11-cv-02053-LJO-BAM, 2013 WL 314 6805, at *9 (E.D. Cal. June 18, 2013).

Without waiving and subject to said objections, Landmark responds as follows:

*See* Objections and Responses to Request for Production Nos. 1-3, 5, 6, 7.

First Supplemental Response:

In addition, *see* LTA 002098-2134.

REQUEST FOR PRODUCTION 10: Produce copies of the tax returns for Landmark Technology A, LLC, including any and all federal, state, and local tax returns, for all or any part of tax years 2019, 2020, 2021, or 2022.

RESPONSE: Objection. This request seeks information that is overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence. By way of further objection, this request seeks information on revenue unrelated to any interaction with a Washington State business, and is thus overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence.

No such documents exist as Landmark Technology A, LLC is a pass-through entity that is not taxed as an S-Corp.

First Supplemental Response:

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 17

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

By way of further response, Schedule C's have not yet been completed for these tax years. Though not a tax return, as it is a pass through entity, LTA will produce these schedule C's once completed.

REQUEST FOR PRODUCTION NO. 11: Produce copies of all Landmark Technology A, LLC's monthly income statements, monthly profit and loss statements, and/or monthly revenue and expense statements, however named, or all or any part of the time period between January 1, 2019, and the present, inclusive.

RESPONSE: Objection. This request seeks information that is overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence. By way of further objection, this request seeks information on revenue unrelated to any interaction with a Washington State business, and is thus overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence. Without waiving and subject to said objections, Landmark responds as follows:

No such documents exist.

REQUEST FOR PRODUCTION NO. 12: Produce copes of all Landmark Technology A, LLC monthly balance sheets, however named, for all or any part of the time period between January 1, 2019, and the present, inclusive.

RESPONSE: Objection. This request seeks information that is overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence. By way of further objection, this request seeks information on revenue unrelated to any interaction with a Washington State business, and is thus overly broad, unduly burdensome, and not reasonably likely to lead to discovery of admissible evidence. Without waiving and subject to said objections, Landmark responds as follows:

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 18

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9C25C4F

Landmark will only produce said documents subject to a protective order in this matter. Find attached a proposed protective order in this matter.

<u>First Supplemental Response:</u>

*See* LTA 001642.

<u>REQUEST FOR PRODUCTION NO. 13</u>: Produce copies of all Landmark Technology A, LLC business plans, however named, applicable to all or any part of the time period between January 1, 2019, and the present, inclusive.

<u>RESPONSE</u>: Objection. This request is vague as to "business plans" and Landmark interprets this as "[a] document that explains what a company wants to do in the future and how it plans to accomplish those goals; specif., a written proposal explaining a new business or business idea and usu. covering financial, marketing, and operational plans." Business Plan, BLACK'S (11th Ed. 2019). Without waiving and subject to said objection, Landmark responds as follows:

No such documents exist.

<u>REQUEST FOR PRODUCTION NO. 14</u>: Produce any and all Communications between You and Landmark Technology, including, but not limited to Communications between Lawrence B. Lockwood and Raymond Mercado.

<u>RESPONSE</u>: Objection. This request is overly broad and unduly burdensome in that it conflates Raymond Mercado with Landmark Technology A, LLC and requests communications pre-dating Mercado's involvement with Landmark Technology A, LLC or having anything to do with Landmark Technology A, LLC. By way of further objection, this request does not state with specificity the category of documents sought, as required by Federal Rule of Civil Procedure 34. *See O'Brien v. Diaz*, No. 1:21-cv-00856-JLT-SAB (PC), 2022 WL 1650016, at *2-3 (E.D. Cal. May 24, 2022); *K'napp v. Adams*, No. 1;06-cv-01701-LJO-GSA-PC, 2014 WL 950353 (E.D. Cal.

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-440C-9819-3363B9G25C4F

Mar. 11, 2014); *Lindell v. Synthes USA*, No. 11-cv-02053-LJO-BAM, 2013 WL 314 6805, at *9 (E.D. Cal. June 18, 2013). Without waiving and subject to said objections, Landmark Responds as follows:

No such documents exist, as Landmark Technology A, LLC was not formed until near the death of Lawrence Lockwood.

REQUEST FOR PRODUCTION NO. 15: Produce any and all retainer and/or fee agreements, however named, entered into between You and Banie & Ishimoto LLP.

RESPONSE: *See* LTA 001663-68.

REQUEST FOR PRODUCTION NO. 16: Produce any and all retainer and/or fee agreement, however named, between You and any other counsel that has identified Targets or issued and/or drafted Demands on Your behalf.

RESPONSE: Objection. The use of the term "Target" by the State is unduly prejudicial and designed to invoke sympathy for patent infringers. Without waiving and subject to said objection, Landmark responds as follows:

*See* Response to Request for Production No. 15.

REQUEST FOR PRODUCTION NO. 17: Produce any and all Communications regarding the '508 Patent and any Person identified in response to Interrogatories Nos. 3 and/or 5.

RESPONSE: Objection. This request is overly broad and unduly burdensome to the extent it related to matters involving targets outside the State of Washington. By way of further objection, this request calls for unrelated personal information between Landmark's principal and his mother, regardless of whether related to the '508 Patent or not, which is overly broad and unduly burdensome. By way of further objection, this request does not state with specificity the category of documents sought, as required by Federal Rule of Civil Procedure 34. *See O'Brien v. Diaz*, No.

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 20

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1:21-cv-00856-JLT-SAB (PC), 2022 WL 1650016, at *2-3 (E.D. Cal. May 24, 2022); *K'napp v. Adams*, No. 1;06-cv-01701-LJO-GSA-PC, 2014 WL 950353 (E.D. Cal. Mar. 11, 2014); *Lindell v. Synthes USA*, No. 11-cv-02053-LJO-BAM, 2013 WL 314 6805, at *9 (E.D. Cal. June 18, 2013). By way of further objection, this request seeks materials protected by attorney-client privilege and work product privilege. Without waiving and subject to said objections, Landmark responds as follows:

      *See* Privilege Log.

      <u>REQUEST FOR PRODUCTION NO. 18</u>: Produce each Claim Chart You prepared or used for any claim of infringement of the '508 Patent.

      <u>RESPONSE</u>: Objection. This request is overly broad and unduly burdensome to the extent it related to matters involving targets outside the State of Washington. By way of further objection, this request is vague regarding the term "Claim Chart", in part because Plaintiff's definition of "Claim Chart" in 3.10 is itself vague and unintelligible. By way of further objection, this request unduly burdensome and can be obtained from some other source that is more convenient, less burdensome, and less expensive – to wit, Defendant Landmark's response to the State's investigative demand. By way of further objection, this request is unduly burdensome and duplicative, and is also included in Landmark's initial disclosures, and is readily available to the propounding party by way of claim charts previously filed in publicly available litigation. By way of further objection, this request is Without waiving and subject to said objections, Landmark response as follows:

      *See* LTA 000233-312 (LANDMARKAWSAG003232-3311); LTA 000563-644 (LANDMARKAWSAG003569-3650); LTA 000895-972 (LANDMARKAWSAG003906-3983); LTA 001199-1292 (LANDMARKAWSAG004251-4344); LTA 001519-1605), previously

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS, ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. & REQS. FOR PRODUC. - 21

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DocuSign Envelope ID: 57DE9156-AFEC-440C-9819-3363B9C25C4F

DocuSign Envelope ID: 57DE9156-AFEC-410C-9819-3363B9C25C4F

produced. In addition, *see* LTA 001616-28 (Claim Chart for Shipwreck Beads). In addition, *see* Privilege Log.

REQUEST FOR PRODUCTION NO. 19: Produce any and all license agreements, transfers of rights, or similar documents (however named) in which you are receiving any rights in the '508 Patent.

RESPONSE: Objection. This request is wholly included subset of Request for Production No. 8. Without waiving and subject to said objections, Landmark responds as follows:

*See* Objections and Answer to Request for Production No. 8.

First Supplemental Response:

*See* Objection and First Supplemental Response to Request for Production No. 8.

Objections dated this 22nd day of December, 2023.

GLEAM LAW, PLLC

/s/ Justin P. Walsh
Justin P. Walsh, WSBA No. 40696
Gleam Law, PLLC
605 1st Avenue, Ste 330
Seattle, WA 98104
justin@gleamlaw.com
Tel (206) 983-2900
Fax (206) 319-4596
Of Attorneys for Defendant

Answers dated this 22nd day of December, 2023.

DocuSigned by:
*Raymond Mercado*
EDBFB46D67148A
Raymond Mercado, individually and
on behalf of Landmark Technology
A, LLC

DEF. LANDMARK TECHNOLOGY A, LLC'S OBJECTIONS,
ANSWERS, & 1ST SUPP. RESPS. TO PL.'S 1ST INTERROGS. &
REQS. FOR PRODUC. - 22

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the United States of America, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | | |
|---|---|---|
| ROBERT W. FERGUSON | *Attorneys for Plaintiff* | [  ] Via Messenger |
| Attorney General | | [X] Via Email |
| AARON J. FICKES, WSBA #51584 | | [  ] Via Certified Mail |
| BEN J. BRYSACZ, WSBA #54683 | | [  ] Via U.S. Mail |
| HEIDI C. ANDERSON, WSBA #37603 | | [  ] Via ECF |
| Assistant Attorneys General | | |
| Attorneys for Plaintiff State of Washington | | |
| 800 Fifth Avenue, Suite 2000 | | |
| Seattle, WA 98104 | | |

DATED this 22nd day of December, 2023.


s/ Justin P. Walsh
Justin P. Walsh

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

# EXHIBIT 4

 

---------- Forwarded message ----------
From: **Patrick Nunally** <patrick@nunally.com>
Date: Wed, Jul 11, 2018 at 7:49 PM
Subject: RE: Draft PTO Complaint
To: Raymond Mercado, Ph.D. <mercado.raymond@gmail.com>
Cc: Larry Lockwood <lb_lockwood@yahoo.com>

Hi Ray,

Let me know if I can help.  I've been up to my ears in 508 means+ structure with Greg and it's been fun, Fun, FUN.  I should have my part done tomorrow but John is already clambering for Rule 11 charts for Hawaii Isle Kona Coffee and Cawood so, there's no end to the fun in sight.  8^)

All the best,

  -- Pat

Patrick Nunally, Ph.D.

San Diego, California

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax (see above) and delete the errant message in its entirety.  Thank you.

**From:** Raymond Mercado, Ph.D. [mailto:mercado.raymond@gmail.com]
**Sent:** Wednesday, July 11, 2018 4:43 PM
**To:** Patrick Nunally
**Cc:** Larry Lockwood
**Subject:** Re: Draft PTO Complaint

That definitely may be something to consider -- although it's a big step because even then the attorney would have to have to feel good about the case from a Rule 11 perspective and would have to be ready to litigate since at some point we would have to serve the PTO.  Then again, in all practicality, it's all going to come down to that first Motion to Dismiss, so not's not like we're undertaking a major litigation overnight. For many months, we would be really gearing up to fight that first Motion from the PTO.

At the moment I'm just hoping to get this attorney convinced enough to represent us, and then we can figure out a real strategy.

On Wed, Jul 11, 2018 at 7:37 PM, Patrick Nunally <patrick@nunally.com> wrote:

Hi Ray,

How about a file but not served thing where we show we're serious but give them a chance to react without any public attention.  A DJ would just make it public which I don't think they want.


All the best,


  -- Pat


Patrick Nunally, Ph.D.

San Diego, California

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax (see above) and delete the errant message in its entirety.  Thank you.




---------- Forwarded message ----------
From: **Patrick Nunally** <patrick@nunally.com>
Date: Wed, Jul 11, 2018 at 7:49 PM
Subject: RE: Draft PTO Complaint
To: Raymond Mercado, Ph.D. <mercado.raymond@gmail.com>
Cc: Larry Lockwood <lb_lockwood@yahoo.com>

Hi Ray,

Let me know if I can help.  I've been up to my ears in 508 means+ structure with Greg and it's been
fun, Fun, FUN.  I should have my part done tomorrow but John is already clambering for Rule 11
charts for Hawaii Isle Kona Coffee and Cawood so, there's no end to the fun in sight.  8^)

All the best,

  -- Pat

Patrick Nunally, Ph.D.

San Diego, California

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to
whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you
are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby
notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended
recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax
(see above) and delete the errant message in its entirety.  Thank you.



---------- Forwarded message ----------
From: **John Lee** <lee@banishlaw.com>
Date: Thu, May 24, 2018 at 5:16 PM
Subject: Landmark - Forward Chaining
To: Larry Lockwood <lb_lockwood@yahoo.com>, Raymond Mercado, Ph.D. <mercado.raymond@gmail.com>, Melody Camp <genevieve3290@yahoo.com>, Patrick Nunally <patrick@nunally.com>


Forward Chaining has been used by Moore & Giles, in their April 9 complaint, Baxter in their April 13 complaint, as well as Century LLC in their May 1 letter, and Jarrows in their April 26 letter (all attached). Baxter says they dont' use such antiquated technology, and Century calls forward-chaining complex and not used by their simple menu-driven system.

We should have a response to thee forward-chaining arguments, as it appears at the very least companies are using whatever defenses are lodged in the DJ Complaints and making it their own.



**John A. Lee**
Banie & Ishimoto LLP
3705 Haven Ave #137
Menlo Park, CA 94025
Tel.: (650) 241-2774
Fax: (650) 241-2770


--
_____
**Raymond A. Mercado, Ph.D.**
Tel. (858) 401-9732
http://www.raymondmercado.net

My research can be downloaded at:
http://ssrn.com/author=1154340

| | |
|---|---|
| **Scan.pdf** 1.1 MB | **As-Filed Landmark Complaint.pdf** 1.1 MB |
| **JCC Lee re Landmark Demand Ltr .pdf** 143 KB | **97728.00533 Response Letter to John A. Lee_s March 23, 2018...** 750 KB |




---------- Forwarded message ---------
From: **Patrick Nunally** <patrick@nunally.com>
Date: Thu, May 24, 2018 at 7:04 PM
Subject: RE: Landmark - Forward Chaining
To: John Lee <jlee@banishlaw.com>, Larry Lockwood <lb_lockwood@yahoo.com>, Raymond Mercado, Ph.D.
<mercado.raymond@gmail.com>, Melody Camp <genevieve3290@yahoo.com>

Hi John,


Before we dive deep into all the data and to be sure everyone has a nice evening, I offer a quick and
fairly simple answer.  Per the NIRC (attached), a search box is a forward-chaining instantiation.  See
Example.


I'll dig all the data out of the archives, as we have a lot more on the subject …. but for now.


All the best,


  -- Pat


Patrick Nunally, Ph.D.

San Diego, California

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to
whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you
are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby
notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended
recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax
(see above) and delete the errant message in its entirety.  Thank you.

**From:** John Lee [mailto:jlee@banishlaw.com]
**Sent:** Thursday, May 24, 2018 2:17 PM
**To:** Larry Lockwood; Raymond Mercado, Ph.D.; Melody Camp; Patrick Nunally
**Subject:** Landmark - Forward Chaining


Forward Chaining has been used by Moore & Giles, in their April 9 complaint, Baxter in their April 13 complaint, as well as Century LLC in
their May 1 letter, and Jarrows in their April 26 letter (all attached). Baxter says they dont' use such antiquated technology, and Century calls
forward-chaining complex and not used by their simple menu-driven system.


We should have a response to thee forward-chaining arguments, as it appears at the very least companies are using whatever defenses
are lodged in the DJ Complaints and making it their own.

**John A. Lee**

Banie & Ishimoto LLP

3705 Haven Ave #137

Menlo Park, CA 94025

Tel.: (650) 241-2774

Fax: (650) 241-2770

--
_____

**Raymond A. Mercado, Ph.D.**
Tel. (858) 401-9732
http://www.raymondmercado.net

My research can be downloaded at:
http://ssrn.com/author=1154340

| | |
|---|---|
| **3323 001REX6 - NIRC.pdf** <br> 3.6 MB |  |

**FROM 3323 001REX6 – NIRC PG. 23**

Continuing, the "means plus function" limitation "automatic data processing means for executing inquiries provided by a user in order to search said textual information and graphical information through said selected entry path means and for fetching data as a function of other data" is interpreted to require the function be the ability to execute inquiries provided by the user in order to search said textual and graphical information through the selected entry path means and for fetching data as a function of other data, i.e. "forward chaining" as characterized by the Patent Owner during the '301 prosecution



LTA018257





---------- Forwarded message ---------
From: **Patrick Nunally** <patrick@nunally.com>
Date: Thu, May 24, 2018 at 7:04 PM
Subject: RE: Landmark - Forward Chaining
To: John Lee <jlee@banishlaw.com>, Larry Lockwood <lb_lockwood@yahoo.com>, Raymond Mercado, Ph.D.
<mercado.raymond@gmail.com>, Melody Camp <genevieve3290@yahoo.com>

Hi John,


Before we dive deep into all the data and to be sure everyone has a nice evening, I offer a quick and
fairly simple answer.  Per the NIRC (attached), a search box is a forward-chaining instantiation.  See
Example.


I'll dig all the data out of the archives, as we have a lot more on the subject …. but for now.


All the best,


  -- Pat


Patrick Nunally, Ph.D.

San Diego, California 📊

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to
whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you
are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby
notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended
recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax
(see above) and delete the errant message in its entirety.  Thank you.

---

**From:** John Lee [mailto:jlee@banishlaw.com]
**Sent:** Thursday, May 24, 2018 2:17 PM
**To:** Larry Lockwood; Raymond Mercado, Ph.D.; Melody Camp; Patrick Nunally
**Subject:** Landmark - Forward Chaining


Forward Chaining has been used by Moore & Giles, in their April 9 complaint, Baxter in their April 13 complaint, as well as Century LLC in
their May 1 letter, and Jarrows in their April 26 letter (all attached). Baxter says they dont' use such antiquated technology, and Century calls
forward-chaining complex and not used by their simple menu-driven system.


We should have a response to thee forward-chaining arguments, as it appears at the very least companies are using whatever defenses
are lodged in the DJ Complaints and making it their own.

LTA018258

**John A. Lee**

Banie & Ishimoto LLP

3705 Haven Ave #137

Menlo Park, CA 94025

Tel.: (650) 241-2774

Fax: (650) 241-2770

--
_____
**Raymond A. Mercado, Ph.D.**
Tel. (858) 401-9732
http://www.raymondmercado.net

My research can be downloaded at:
http://ssrn.com/author=1154340

3323 001REX6 - NIRC.pdf
3.6 MB



**FROM 3323 001REX6 – NIRC PG. 23**

Continuing, the "means plus function" limitation "automatic data processing means for executing inquiries provided by a user in order to search said textual information and graphical information through said selected entry path means and for fetching data as a function of other data" is interpreted to require the function be the ability to execute inquiries provided by the user in order to search said textual and graphical information through the selected entry path means and for fetching data as a function of other data, i.e. "forward chaining" as characterized by the Patent Owner during the '301 prosecution



LTA018259



---------- Forwarded message ---------
From: **Patrick Nunally** <patrick@nunally.com>
Date: Mon, Jul 9, 2018 at 3:06 PM
Subject: RE: Mailings: Notices and Mail-Merge
To: Melody Camp <genevieve3290@yahoo.com>
Cc: Larry Lockwood <lb_lockwood@yahoo.com>, Raymond Mercado <mercado.raymond@gmail.com>

HI Melody,

I might have overlooked it as I've been working on the 508 rule 11 charts with Greg our expert.  Do I owe John a chart?

All the best,

  -- Pat

Patrick Nunally, Ph.D.
San Diego, California ■■

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax (see above) and delete the errant message in its entirety.  Thank you.

LTA018331



---------- Forwarded message ---------
From: **Patrick Nunally** <patrick@nunally.com>
Date: Mon, Jul 9, 2018 at 3:06 PM
Subject: RE: Mailings and Mail-Merge
To: Melody Camp <genevieve3290@yahoo.com>
Cc: Larry Lockwood <lb_lockwood@yahoo.com>, Raymond Mercado <mercado.raymond@gmail.com>

HI Melody,

I might have overlooked it as I've been working on the 508 rule 11 charts with Greg our expert.  Do I owe John a chart?

All the best,

   -- Pat

Patrick Nunally, Ph.D.
San Diego, California ∎∎

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax (see above) and delete the errant message in its entirety.  Thank you.

-----Original Message-----
From: Melody Camp [mailto:genevieve3290@yahoo.com]
Sent: Monday, July 09, 2018 11:48 AM
To: Patrick Nunally
Cc: Larry Lockwood; Raymond Mercado
Subject: RE: Mailings: Notices and Mail-Merge

Hi Patrick --

It's easy to amend the mail-merge(s) now, to include/reflect the appropriate URL for a clean mailing when we resume -- I just want to be clear on this...

Much thanks,

Melody

---------------------------------------------
On Mon, 7/9/18, Patrick Nunally <patrick@nunally.com> wrote:

Subject: RE: Mailings:  Notices and Mail-Merge
To: '"Melody Camp"' <genevieve3290@yahoo.com>
Cc: '"Larry Lockwood"' <lb_lockwood@yahoo.com>, '"Raymond Mercado"' <mercado.raymond@gmail.com>
Date: Monday, July 9, 2018, 2:14 PM

HI Melody,

We could point to the cart but that
invites the platform provider into the discussion rather
than focusing the company on their own functions which they
often "tie to" but, don't host via the commerce
platform.

As for the 508
specific bits ... I intend to use the URL's that we are
(or already have) gathered.  The difference will be in the
text of the letter where we will still point them to their
landing page but now instead of pointing them only to their
data gathering (interactive) we'll also point them to
their search functionally (chaining).

All the best,

   -- Pat

Patrick Nunally, Ph.D.
San
Diego, California ∎∎

CONFIDENTIALITY NOTICE: This confidential

CONFIDENTIALITY NOTICE: This confidential electronic mail message is intended only for the person(s) and/or individual entity (or entities) to whom it is addressed, and may contain information that is privileged and/or proprietary and exempt from disclosure under applicable laws. If you are not the intended recipient(s), or the employee or agent responsible for delivering this message to the intended recipient(s), you are hereby notified that you should NOT copy, forward, or otherwise distribute it or any part of its contents in any form to anyone other than the intended recipient(s). In addition, if you have received this electronic mail in error, please immediately notify this office by return email, telephone, or fax (see above) and delete the errant message in its entirety. Thank you.

-----Original Message-----
From: Melody Camp [mailto:genevieve3290@yahoo.com]

Sent: Monday, July 09, 2018 6:24 AM
To: Patrick Nunally
Cc: Larry
Lockwood; Raymond Mercado
Subject: Mailings:
Notices and Mail-Merge

Hi
Patrick --

Since we are
getting close to the 'release' of the 508 and will
soon resume mailings -- I would LOVE to get one in the
hopper and ready, set to go --

Knowing which URL's we will need to pull
from the user website to input into the notices will allow
me to ready the mail merge, as well prep the mailings to
follow...

I appreciate your help/insight
in getting this sorted so when the green flashes, notices
are immediately ready to roll-out

Melody

LTA018333

# EXHIBIT 5

prmsrng3-10.23.2024-14-10

| caseId | caseNumber | caseYear | courtId | firstName | generation | lastName | middleName | partyRole | partyType | bankruptcyChapter | caseNumberFull | caseOffice | caseTitle | caseType | dateDischarged | dateDismissed | dateFiled | dateReopened | dateTermed | disposition | natureOfSuit | jointBankruptcyFlag | jointDischargedDate | jointDismissedDate | jointDispositionMethod | caseLink |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 141524 | 998 | 2012 | txedc | | | Landmark Technology | | pla | pty | | 6:2012cv00998 | 6 | Landmark Technology v. Brinker International, Inc. et al | cv | | | 12/21/12 | | 4/19/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141524 |
| 539169 | 1263 | 2012 | cacdc | | | Landmark Technology LLC | | dft | pty | | 8:2012cv01263 | 8 | Eizo Nanao Corporation et al v. Landmark Technology LLC | cv | | | 8/6/12 | | 11/9/12 | | 830 | | | | | https://ecf.cacd.uscourts.gov/cgi-bin/iqquerymenu.pl?539169 |
| 112193 | 377 | 2008 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2008cv00377 | 6 | Landmark Technology LLC v. Zale Corporation et al | cv | | | 9/25/08 | | 9/3/09 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?112193 |
| 116725 | 262 | 2009 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2009cv00262 | 6 | Landmark Technology LLC v. Aeropostale et al | cv | | | 6/10/09 | | 3/30/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?116725 |
| 116725 | 262 | 2009 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2009cv00262 | 6 | Landmark Technology LLC v. Aeropostale et al | cv | | | 6/10/09 | | 3/30/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?116725 |
| 123561 | 302 | 2010 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2010cv00302 | 6 | Landmark Technology LLC v. Blockbuster Inc. et al | cv | | | 6/17/10 | | 3/30/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?123561 |
| 123561 | 302 | 2010 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2010cv00302 | 6 | Landmark Technology LLC v. Blockbuster Inc. et al | cv | | | 6/17/10 | | 3/30/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?123561 |
| 125606 | 507 | 2010 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2010cv00507 | 6 | Landmark Technology LLC v. Blockbuster Inc | cv | | | 9/27/10 | | 2/6/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?125606 |
| 125606 | 507 | 2010 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2010cv00507 | 6 | Landmark Technology LLC v. Blockbuster Inc | cv | | | 9/27/10 | | 2/6/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?125606 |
| 126087 | 554 | 2010 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2010cv00554 | 6 | Landmark Technology LLC v. BJ's Wholesale Club, Inc. et al | cv | | | 10/21/10 | | 8/18/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?126087 |
| 126087 | 554 | 2010 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2010cv00554 | 6 | Landmark Technology LLC v. BJ's Wholesale Club, Inc. et al | cv | | | 10/21/10 | | 8/18/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?126087 |
| 135228 | 73 | 2012 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2012cv00073 | 6 | Landmark Technology LLC v. New York & Company, Inc. | cv | | | 2/17/12 | | 8/27/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?135228 |
| 135432 | 108 | 2012 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2012cv00108 | 6 | Landmark Technology LLC v. Shoe Carnival, Inc. | cv | | | 3/2/12 | | 1/31/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?135432 |
| 135432 | 108 | 2012 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2012cv00108 | 6 | Landmark Technology LLC v. Shoe Carnival, Inc. | cv | | | 3/2/12 | | 1/31/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?135432 |
| 141090 | 909 | 2012 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2012cv00909 | 6 | Landmark Technology LLC v. Applied Industrial Technologies Inc | cv | | | 11/30/12 | | 6/20/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141090 |
| 141090 | 909 | 2012 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2012cv00909 | 6 | Landmark Technology LLC v. Applied Industrial Technologies Inc | cv | | | 11/30/12 | | 6/20/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141090 |
| 268056 | 3203 | 2013 | candc | | | Landmark Technology LLC | | dft | pty | | 3:2013cv03203 | 3 | Oracle Corporation et al v. Landmark Technology LLC | cv | | | 7/11/13 | | 9/12/13 | | 830 | | | | | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?268056 |
| 151374 | 243 | 2014 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2014cv00243 | 6 | Landmark Technology LLC v. Abercrombie & Fitch Company | cv | | | 4/4/14 | | 12/17/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?151374 |
| 151374 | 243 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00243 | 6 | Landmark Technology LLC v. Abercrombie & Fitch Company | cv | | | 4/4/14 | | 12/17/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?151374 |
| 151376 | 244 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00244 | 6 | Landmark Technology LLC v. Boyd Gaming Corp. | cv | | | 4/4/14 | | 4/25/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?151376 |
| 151378 | 246 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00246 | 6 | Landmark Technology LLC v. Caesars Entertainment Corp. | cv | | | 4/4/14 | | 4/25/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?151378 |
| 151380 | 247 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00247 | 6 | Landmark Technology LLC v. Dunkin' Brands Group, Inc. | cv | | | 4/4/14 | | 4/25/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?151380 |
| 151383 | 249 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00249 | 6 | Landmark Technology LLC v. Hitachi America LTD., | cv | | | 4/4/14 | | 4/25/14 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?151383 |
| 156198 | 895 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00895 | 6 | Landmark Technology LLC v. Allegiant Travel Company | cv | | | 12/8/14 | | 3/30/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156198 |
| 156199 | 896 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00896 | 6 | Landmark Technology LLC v. AmerisourceBergen Corporation | cv | | | 12/8/14 | | 1/21/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156199 |
| 156200 | 897 | 2014 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2014cv00897 | 6 | Landmark Technology LLC v. Chipotle Mexican Grill, Inc. | cv | | | 12/8/14 | | 3/20/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156200 |
| 156200 | 897 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00897 | 6 | Landmark Technology LLC v. Chipotle Mexican Grill, Inc. | cv | | | 12/8/14 | | 3/20/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156200 |
| 156201 | 898 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00898 | 6 | Landmark Technology LLC v. Choice Hotels International, Inc. | cv | | | 12/8/14 | | 4/28/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156201 |
| 156202 | 899 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00899 | 6 | Landmark Technology LLC v. PANERA BREAD COMPANY | cv | | | 12/8/14 | | 1/6/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156202 |
| 156203 | 900 | 2014 | txedc | | | Landmark Technology LLC | | cd | pty | | 6:2014cv00900 | 6 | Landmark Technology LLC v. Shutterstock, Inc. | cv | | | 12/8/14 | | 4/20/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156203 |
| 156203 | 900 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00900 | 6 | Landmark Technology LLC v. Shutterstock, Inc. | cv | | | 12/8/14 | | 4/20/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156203 |
| 156204 | 901 | 2014 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2014cv00901 | 6 | Landmark Technology LLC v. Wayfair, Inc. | cv | | | 12/8/14 | | 1/16/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156204 |
| 156701 | 4 | 2015 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2015cv00004 | 6 | Landmark Technology LLC v. Zillow, Inc. | cv | | | 1/6/15 | | 4/24/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156701 |
| 157045 | 68 | 2015 | txedc | | | Landmark Technology LLC | | pla | pty | | 6:2015cv00068 | 6 | Landmark Technology LLC v. The Michaels Companies, Inc. | cv | | | 1/23/15 | | 9/2/15 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?157045 |
| 302380 | 4831 | 2016 | candc | | | Landmark Technology LLC | | cc | pty | | 3:2016cv04831 | 3 | Tatcha, LLC v. Landmark Technology LLC | cv | | | 8/22/16 | | 4/4/17 | | 830 | | | | | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?302380 |
| 302380 | 4831 | 2016 | candc | | | Landmark Technology LLC | | dft | pty | | 3:2016cv04831 | 3 | Tatcha, LLC v. Landmark Technology LLC | cv | | | 8/22/16 | | 4/4/17 | | 830 | | | | | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?302380 |
| 306683 | 75 | 2017 | candc | | | Landmark Technology LLC | | cc | pty | | 3:2017cv00075 | 3 | Fabletics, LLC v. Landmark Technology LLC | cv | | | 1/6/17 | | 6/9/17 | | 830 | | | | | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?306683 |
| 306683 | 75 | 2017 | candc | | | Landmark Technology LLC | | dft | pty | | 3:2017cv00075 | 3 | Fabletics, LLC v. Landmark Technology LLC | cv | | | 1/6/17 | | 6/9/17 | | 830 | | | | | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?306683 |
| 283931 | 256 | 2017 | txndc | | | Landmark Technology LLC | | dft | pty | | 3:2017cv00256 | 3 | Collin Street Bakery Inc v. Landmark Technology LLC | cv | | | 1/27/17 | | 8/14/17 | | 830 | | | | | https://ecf.txnd.uscourts.gov/cgi-bin/iqquerymenu.pl?283931 |
| 247184 | 978 | 2017 | wawdc | | | Landmark Technology LLC | | pla | pty | | 2:2017cv00978 | 2 | Landmark Technology LLC v. Jones Soda Co et al | cv | | | 6/28/17 | | 8/31/17 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?247184 |
| 247705 | 1073 | 2017 | wawdc | | | Landmark Technology LLC | | dft | pty | | 2:2017cv01073 | 2 | Paint Sundries Solutions, Inc v. Landmark Technology, LLC | cv | | | 7/14/17 | | 9/26/17 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?247705 |
| 315902 | 4837 | 2017 | candc | | | Landmark Technology LLC | | dft | pty | | 3:2017cv04837 | 3 | WorldPantry.com, Inc. v. Landmark Technology LLC | cv | | | 8/18/17 | | 9/27/17 | | 830 | | | | | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?315902 |
| 250242 | 1396 | 2017 | wawdc | | | Landmark Technology LLC | | pla | pty | | 2:2017cv01396 | 2 | Landmark Technology, LLC v. Totally Chocolate, LLC | cv | | | 9/15/17 | | 12/5/17 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?250242 |
| 251740 | 1580 | 2017 | wawdc | | | Landmark Technology LLC | | pla | pty | | 2:2017cv01580 | 2 | CASE NUMBER NOT USED | cv | | | 10/24/17 | | 10/26/17 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?251740 |
| 251924 | 5872 | 2017 | wawdc | | | Landmark Technology LLC | | pla | pty | | 3:2017cv05872 | 3 | Landmark Technology LLC v. Gensco, Inc | cv | | | 10/24/17 | | 5/31/18 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?251924 |
| 251924 | 5872 | 2017 | wawdc | | | Landmark Technology LLC | | cd | pty | | 3:2017cv05872 | 3 | Landmark Technology LLC v. Gensco, Inc | cv | | | 10/24/17 | | 5/31/18 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?251924 |
| 261238 | 5506 | 2018 | wawdc | | | Landmark Technology LLC | | pla | pty | | 3:2018cv05506 | 3 | Landmark Technology LLC v. Blade-Tech Industries, Inc. | cv | | | 6/22/18 | | 9/25/18 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?261238 |
| 140828 | 307 | 2018 | hidc | | | Landmark Technology LLC | | pla | pty | | 1:2018cv00307 | 1 | Landmark Technology LLC v. Hawaiian Isles Kona Coffee Co., Ltd. | cv | | | 8/8/18 | | 5/16/19 | | 830 | | | | | https://ecf.hid.uscourts.gov//cgi-bin/iqquerymenu.pl?140828 |
| 140828 | 307 | 2018 | hidc | | | Landmark Technology LLC | | cd | pty | | 1:2018cv00307 | 1 | Landmark Technology LLC v. Hawaiian Isles Kona Coffee Co., Ltd. | cv | | | 8/8/18 | | 5/16/19 | | 830 | | | | | https://ecf.hid.uscourts.gov//cgi-bin/iqquerymenu.pl?140828 |
| 264861 | 1395 | 2018 | wawdc | | | Landmark Technology LLC | | pla | pty | | 2:2018cv01395 | 2 | Landmark Technology, LLC v. Thrift Books LLC et al | cv | | | 9/21/18 | | 3/27/19 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?264861 |
| 264861 | 1395 | 2018 | wawdc | | | Landmark Technology LLC | | cd | pty | | 2:2018cv01395 | 2 | Landmark Technology, LLC v. Thrift Books LLC et al | cv | | | 9/21/18 | | 3/27/19 | | 830 | | | | | https://ecf.wawd.uscourts.gov/cgi-bin/iqquerymenu.pl?264861 |
| 128415 | 91 | 2011 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2011cv00091 | 6 | Landmark Technology, LLC v. Cinemark Holdings, Inc. et al | cv | | | 2/23/11 | | 12/13/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?128415 |
| 128415 | 91 | 2011 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2011cv00091 | 6 | Landmark Technology, LLC v. Cinemark Holdings, Inc. et al | cv | | | 2/23/11 | | 12/13/11 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?128415 |
| 130843 | 322 | 2011 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2011cv00322 | 6 | Landmark Technology, LLC v. Body Central Corp et al | cv | | | 6/21/11 | | 5/11/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?130843 |
| 130843 | 322 | 2011 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2011cv00322 | 6 | Landmark Technology, LLC v. Body Central Corp et al | cv | | | 6/21/11 | | 5/11/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?130843 |
| 134379 | 709 | 2011 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2011cv00709 | 6 | Landmark Technology, LLC v. Hibbett Sports, Inc. | cv | | | 12/30/11 | | 4/12/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?134379 |
| 134433 | 6 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00006 | 6 | Landmark Technology, LLC v. Zumiez, Inc. | cv | | | 1/6/12 | | 4/4/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?134433 |
| 134673 | 28 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00028 | 6 | Landmark Technology, LLC v. Maidenform Brands, Inc. | cv | | | 1/19/12 | | 2/13/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?134673 |
| 134823 | 50 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00050 | 6 | Landmark Technology, LLC v. Kenneth Cole Productions, Inc, | cv | | | 1/31/12 | | 9/21/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?134823 |
| 134823 | 50 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00050 | 6 | Landmark Technology, LLC v. Kenneth Cole Productions, Inc, | cv | | | 1/31/12 | | 9/21/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?134823 |
| 135026 | 64 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00064 | 6 | Landmark Technology, LLC v. Coldwater Creek Inc. | cv | | | 2/9/12 | | 6/8/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?135026 |
| 135573 | 117 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00117 | 6 | Landmark Technology, LLC v. Haverty Furniture Companies, Inc. | cv | | | 3/9/12 | | 7/17/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?135573 |
| 135857 | 159 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00159 | 6 | Landmark Technology, LLC v. Pier 1 Imports, Inc. | cv | | | 3/19/12 | | 10/31/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?135857 |
| 135857 | 159 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00159 | 6 | Landmark Technology, LLC v. Pier 1 Imports, Inc. | cv | | | 3/19/12 | | 10/31/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?135857 |
| 136119 | 226 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00226 | 6 | Landmark Technology, LLC v. LA-Z-BOY, INC. | cv | | | 3/30/12 | | 7/30/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?136119 |
| 136208 | 248 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00248 | 6 | Landmark Technology, LLC v. Delia's, Inc. | cv | | | 4/4/12 | | 1/31/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?136208 |
| 136208 | 248 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00248 | 6 | Landmark Technology, LLC v. Delia's, Inc. | cv | | | 4/4/12 | | 1/31/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?136208 |
| 136694 | 276 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00276 | 6 | Landmark Technology, LLC v. The Leather Factory, LP | cv | | | 4/20/12 | | 7/16/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?136694 |
| 86395 | 2297 | 2012 | ksdc | | | Landmark Technology, LLC | | dft | pty | | 2:2012cv02297 | 2 | Gunze Plastics Engineering Corporation of America v. Landmark Te | cv | | | 5/18/12 | | 12/10/12 | | 830 | | | | | https://ecf.ksd.uscourts.gov/cgi-bin/iqquerymenu.pl?86395 |
| 137270 | 337 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00337 | 6 | Landmark Technology, LLC v. DSW, Inc. | cv | | | 5/18/12 | | 10/18/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?137270 |
| 137504 | 358 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00358 | 6 | Landmark Technology, LLC v. Destination Maternity Corporation | cv | | | 6/1/12 | | 9/26/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?137504 |
| 137504 | 358 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00358 | 6 | Landmark Technology, LLC v. Destination Maternity Corporation | cv | | | 6/1/12 | | 9/26/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?137504 |
| 138603 | 474 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00474 | 6 | Landmark Technology, LLC v. Bridgestone Americas, Inc. | cv | | | 7/23/12 | | 10/18/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?138603 |
| 139468 | 590 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00590 | 6 | Landmark Technology, LLC v. Lumber Liquidators, Inc. | cv | | | 8/31/12 | | 9/13/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139468 |
| 139468 | 590 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00590 | 6 | Landmark Technology, LLC v. Lumber Liquidators, Inc. | cv | | | 8/31/12 | | 9/13/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139468 |
| 139471 | 592 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00592 | 6 | Landmark Technology, LLC v. The Toro Company | cv | | | 8/31/12 | | 12/20/12 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139471 |
| 139472 | 593 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00593 | 6 | Landmark Technology, LLC v. Wolverine World Wide, Inc. | cv | | | 8/31/12 | | 6/10/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139472 |
| 139566 | 605 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00605 | 6 | Landmark Technology, LLC v. Cintas Corporation | cv | | | 9/7/12 | | 1/3/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139566 |
| 139567 | 606 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00606 | 6 | Landmark Technology, LLC v. PetSmart, Inc. | cv | | | 9/7/12 | | 9/11/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139567 |
| 139851 | 671 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00671 | 6 | Landmark Technology, LLC v. Tractor Supply Company | cv | | | 9/19/12 | | 2/5/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139851 |
| 139852 | 672 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00672 | 6 | Landmark Technology, LLC v. Ann Inc. | cv | | | 9/19/12 | | 9/11/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139852 |
| 139852 | 672 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00672 | 6 | Landmark Technology, LLC v. Ann Inc. | cv | | | 9/19/12 | | 9/11/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?139852 |
| 140067 | 735 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00735 | 6 | Landmark Technology, LLC v. Redbox Automated Retail, LLC | cv | | | 10/2/12 | | 10/15/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?140067 |
| 140067 | 735 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00735 | 6 | Landmark Technology, LLC v. Redbox Automated Retail, LLC | cv | | | 10/2/12 | | 10/15/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?140067 |
| 141092 | 910 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00910 | 6 | Landmark Technology, LLC v. Polaris Industries, Inc. | cv | | | 11/30/12 | | 4/12/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141092 |
| 141092 | 910 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00910 | 6 | Landmark Technology, LLC v. Polaris Industries, Inc. | cv | | | 11/30/12 | | 4/12/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141092 |
| 141094 | 911 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00911 | 6 | Landmark Technology, LLC v. Henry Schein, Inc. | cv | | | 11/30/12 | | 7/29/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141094 |
| 141094 | 911 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00911 | 6 | Landmark Technology, LLC v. Henry Schein, Inc. | cv | | | 11/30/12 | | 7/29/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141094 |
| 141271 | 930 | 2012 | txedc | | | Landmark Technology, LLC | | cd | pty | | 6:2012cv00930 | 6 | Landmark Technology, LLC v. Airgas, Inc. | cv | | | 12/11/12 | | 8/7/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141271 |
| 141271 | 930 | 2012 | txedc | | | Landmark Technology, LLC | | pla | pty | | 6:2012cv00930 | 6 | Landmark Technology, LLC v. Airgas, Inc. | cv | | | 12/11/12 | | 8/7/13 | | 830 | | | | | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141271 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 141272 | 931 | 2012 | txedc | Landmark Technology, LLC | pla | pty | 6:2012cv00931 | 6 | Landmark Technology, LLC v. BELK, INC. | cv | 12/11/12 | 2/27/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141272 |
| 141273 | 932 | 2012 | txedc | Landmark Technology, LLC | cd | pty | 6:2012cv00932 | 6 | Landmark Technology, LLC v. Burberry Limited | cv | 12/11/12 | 9/10/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141273 |
| 141273 | 932 | 2012 | txedc | Landmark Technology, LLC | pla | pty | 6:2012cv00932 | 6 | Landmark Technology, LLC v. Burberry Limited | cv | 12/11/12 | 9/10/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141273 |
| 141274 | 933 | 2012 | txedc | Landmark Technology, LLC | cd | pty | 6:2012cv00933 | 6 | Landmark Technology, LLC v. Jos. A. Bank Clothiers Inc. | cv | 12/11/12 | 6/20/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141274 |
| 141274 | 933 | 2012 | txedc | Landmark Technology, LLC | pla | pty | 6:2012cv00933 | 6 | Landmark Technology, LLC v. Jos. A. Bank Clothiers Inc. | cv | 12/11/12 | 6/20/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141274 |
| 141449 | 952 | 2012 | txedc | Landmark Technology, LLC | cd | pty | 6:2012cv00952 | 6 | Landmark Technology, LLC v. Fifth & Pacific Companies, Inc. et al | cv | 12/20/12 | 5/31/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141449 |
| 141449 | 952 | 2012 | txedc | Landmark Technology, LLC | pla | pty | 6:2012cv00952 | 6 | Landmark Technology, LLC v. Fifth & Pacific Companies, Inc. et al | cv | 12/20/12 | 5/31/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141449 |
| 141523 | 997 | 2012 | txedc | Landmark Technology, LLC | pla | pty | 6:2012cv00997 | 6 | Landmark Technology, LLC v. BlissWorld, LLC | cv | 12/21/12 | 4/1/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141523 |
| 141525 | 999 | 2012 | txedc | Landmark Technology, LLC | pla | pty | 6:2012cv00999 | 6 | Landmark Technology, LLC v. Cache, Inc. | cv | 12/21/12 | 3/20/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?141525 |
| 144692 | 411 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00411 | 6 | Landmark Technology, LLC v. iRobot Corporation | cv | 5/22/13 | 4/10/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144692 |
| 144692 | 411 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00411 | 6 | Landmark Technology, LLC v. iRobot Corporation | cv | 5/22/13 | 4/10/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144692 |
| 144696 | 413 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00413 | 6 | Landmark Technology, LLC v. Tempur-Pedic International, Inc. | cv | 5/22/13 | 12/15/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144696 |
| 144696 | 413 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00413 | 6 | Landmark Technology, LLC v. Tempur-Pedic International, Inc. | cv | 5/22/13 | 12/15/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144696 |
| 144703 | 414 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00414 | 6 | Landmark Technology, LLC v. Vitacost.com, Inc. | cv | 5/22/13 | 12/17/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144703 |
| 144703 | 414 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00414 | 6 | Landmark Technology, LLC v. Vitacost.com, Inc. | cv | 5/22/13 | 12/17/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144703 |
| 144711 | 416 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00416 | 6 | Landmark Technology, LLC v. World Wrestling Entertainment Inc. | cv | 5/22/13 | 1/2/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144711 |
| 144711 | 416 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00416 | 6 | Landmark Technology, LLC v. World Wrestling Entertainment Inc. | cv | 5/22/13 | 1/2/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144711 |
| 144713 | 417 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00417 | 6 | Landmark Technology, LLC v. Build-A-Bear Workshop Inc | cv | 5/22/13 | 9/30/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144713 |
| 144713 | 417 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00417 | 6 | Landmark Technology, LLC v. Build-A-Bear Workshop Inc | cv | 5/22/13 | 9/30/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?144713 |
| 145382 | 492 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00492 | 6 | Landmark Technology, LLC v. Discovery Communications, Inc. | cv | 6/18/13 | 10/29/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?145382 |
| 145383 | 493 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00493 | 6 | Landmark Technology, LLC v. Johnson Outdoors Inc. | cv | 6/18/13 | 9/11/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?145383 |
| 145384 | 494 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00494 | 6 | Landmark Technology, LLC v. Spreadshirt Inc. | cv | 6/18/13 | 2/26/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?145384 |
| 145384 | 494 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00494 | 6 | Landmark Technology, LLC v. Spreadshirt Inc. | cv | 6/18/13 | 2/26/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?145384 |
| 145385 | 495 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00495 | 6 | Landmark Technology, LLC v. Toto USA Inc. | cv | 6/18/13 | 10/17/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?145385 |
| 145386 | 496 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00496 | 6 | Landmark Technology, LLC v. Wacoal America, Inc. | cv | 6/18/13 | 9/19/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?145386 |
| 147761 | 758 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00758 | 6 | Landmark Technology, LLC v. The ADT Corporation | cv | 10/10/13 | 12/18/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147761 |
| 147776 | 759 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00759 | 6 | Landmark Technology, LLC v. The Bon-Ton Stores, Inc. | cv | 10/10/13 | 1/27/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147776 |
| 147777 | 760 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00760 | 6 | Landmark Technology, LLC v. Briggs & Stratton Corporation | cv | 10/10/13 | 12/1/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147777 |
| 147777 | 760 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00760 | 6 | Landmark Technology, LLC v. Briggs & Stratton Corporation | cv | 10/10/13 | 12/1/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147777 |
| 147778 | 761 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00761 | 6 | Landmark Technology, LLC v. Brunswick Corporation | cv | 10/10/13 | 2/25/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147778 |
| 147779 | 762 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00762 | 6 | Landmark Technology, LLC v. Geeknet, Inc. | cv | 10/10/13 | 1/30/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147779 |
| 147780 | 763 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00763 | 6 | Landmark Technology, LLC v. Genesco Inc. | cv | 10/10/13 | 4/4/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147780 |
| 147781 | 764 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00764 | 6 | Landmark Technology, LLC v. Genuine Parts Company | cv | 10/10/13 | 12/5/13 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147781 |
| 147782 | 765 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00765 | 6 | Landmark Technology, LLC v. Gregg Appliances Inc. | cv | 10/10/13 | 3/31/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147782 |
| 147782 | 765 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00765 | 6 | Landmark Technology, LLC v. Gregg Appliances Inc. | cv | 10/10/13 | 3/31/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147782 |
| 147783 | 766 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00766 | 6 | Landmark Technology, LLC v. Hugo Boss USA, Inc. | cv | 10/10/13 | 12/10/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147783 |
| 147784 | 767 | 2013 | txedc | Landmark Technology, LLC | cd | pty | 6:2013cv00767 | 6 | Landmark Technology, LLC v. The Jones Group, Inc. | cv | 10/10/13 | 12/11/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147784 |
| 147784 | 767 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00767 | 6 | Landmark Technology, LLC v. The Jones Group, Inc. | cv | 10/10/13 | 12/11/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147784 |
| 147785 | 768 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00768 | 6 | Landmark Technology, LLC v. Nacco Industries, Inc. | cv | 10/10/13 | 1/24/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147785 |
| 147786 | 769 | 2013 | txedc | Landmark Technology, LLC | pla | pty | 6:2013cv00769 | 6 | Landmark Technology, LLC v. Samsonite LLC | cv | 10/10/13 | 4/22/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?147786 |
| 149743 | 21 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00021 | 6 | Landmark Technology, LLC v. Deluxe Corp. | cv | 1/15/14 | 3/25/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149743 |
| 149745 | 22 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00022 | 6 | Landmark Technology, LLC v. Louis Vuitton North America Inc. | cv | 1/15/14 | 6/10/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149745 |
| 149746 | 23 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00023 | 6 | Landmark Technology, LLC v. Newell Rubbermaid Inc. | cv | 1/15/14 | 3/24/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149746 |
| 149747 | 24 | 2014 | txedc | Landmark Technology, LLC | cd | pty | 6:2014cv00024 | 6 | Landmark Technology, LLC v. Nutrisystem Inc. | cv | 1/15/14 | 6/20/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149747 |
| 149747 | 24 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00024 | 6 | Landmark Technology, LLC v. Nutrisystem Inc. | cv | 1/15/14 | 6/20/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149747 |
| 149748 | 25 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00025 | 6 | Landmark Technology, LLC v. The Children's Place Retail Stores, In | cv | 1/15/14 | 2/5/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149748 |
| 149749 | 26 | 2014 | txedc | Landmark Technology, LLC | cd | pty | 6:2014cv00026 | 6 | Landmark Technology, LLC v. Union Pacific Corp. | cv | 1/15/14 | 12/1/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149749 |
| 149749 | 26 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00026 | 6 | Landmark Technology, LLC v. Union Pacific Corp. | cv | 1/15/14 | 12/1/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?149749 |
| 151382 | 248 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00248 | 6 | Landmark Technology, LLC v. Harley-Davidson, Inc. | cv | 4/4/14 | 4/25/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?151382 |
| 152350 | 605 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 2:2014cv00605 | 2 | Landmark Technology, LLC v. eBay, Inc. et al | cv | 5/8/14 | 9/15/14 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?152350 |
| 156205 | 902 | 2014 | txedc | Landmark Technology, LLC | cd | pty | 6:2014cv00902 | 6 | Landmark Technology, LLC v. Weightwatchers.com, Inc. | cv | 12/8/14 | 4/20/15 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156205 |
| 156205 | 902 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00902 | 6 | Landmark Technology, LLC v. Weightwatchers.com, Inc. | cv | 12/8/14 | 4/20/15 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156205 |
| 156206 | 903 | 2014 | txedc | Landmark Technology, LLC | pla | pty | 6:2014cv00903 | 6 | Landmark Technology, LLC v. Zoetis Inc. | cv | 12/8/14 | 3/11/15 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?156206 |
| 157044 | 67 | 2015 | txedc | Landmark Technology, LLC | pla | pty | 6:2015cv00067 | 6 | Landmark Technology, LLC v. ACE INA Holdings, Inc. | cv | 1/23/15 | 4/22/15 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?157044 |
| 157046 | 69 | 2015 | txedc | Landmark Technology, LLC | pla | pty | 6:2015cv00069 | 6 | Landmark Technology, LLC v. YOOX CORP | cv | 1/23/15 | 8/7/15 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?157046 |
| 157115 | 76 | 2015 | txedc | Landmark Technology, LLC | pla | pty | 6:2015cv00076 | 6 | Landmark Technology, LLC v. Assurant, Inc. | cv | 1/28/15 | 8/24/15 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?157115 |
| 159157 | 437 | 2015 | txedc | Landmark Technology, LLC | pla | pty | 6:2015cv00437 | 6 | Landmark Technology, LLC v. ACE USA, INC. | cv | 4/17/15 | 9/11/15 | 830 | https://ecf.txed.uscourts.gov//cgi-bin/iqquerymenu.pl?159157 |
| 442376 | 3893 | 2015 | nysdc | Landmark Technology, LLC | dft | pty | 1:2015cv03893 | 1 | Yoox Corp. v. Landmark Technology, LLC | cv | 5/20/15 | 7/15/15 | 830 | https://ecf.nysd.uscourts.gov/cgi-bin/iqquerymenu.pl?442376 |
| 451264 | 9800 | 2015 | nysdc | Landmark Technology, LLC | dft | pty | 1:2015cv09800 | 1 | Adore Me, Inc. v. Landmark Technology, LLC | cv | 12/16/15 | 2/3/16 | 830 | https://ecf.nysd.uscourts.gov/cgi-bin/iqquerymenu.pl?451264 |
| 497840 | 558 | 2016 | casdc | Landmark Technology, LLC | pla | pty | 3:2016cv00558 | 3 | Landmark Technology, LLC v. Canada Drugs LP | cv | 3/4/16 | 12/28/16 | 830 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?497840 |
| 499883 | 760 | 2016 | casdc | Landmark Technology, LLC | pla | pty | 3:2016cv00760 | 3 | Landmark Technology, LLC v. G Stage Love.com Inc. | cv | 3/31/16 | 6/3/16 | 830 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?499883 |
| 149678 | 1690 | 2016 | moedc | Landmark Technology, LLC | dft | pty | 4:2016cv01690 | 4 | Triad Catalog Co., L.L.C. v. Landmark Technology, LLC | cv | 10/31/16 | 12/27/16 | 830 | https://ecf.moed.uscourts.gov/cgi-bin/iqquerymenu.pl?149678 |
| 867902 | 227 | 2017 | txwdc | Landmark Technology, LLC | dft | pty | 1:2017cv00227 | 1 | Build A Sign, LLC v. Landmark Technology, LLC | cv | 3/10/17 | 5/3/17 | 830 | https://ecf.txwd.uscourts.gov//cgi-bin/iqquerymenu.pl?867902 |
| 531611 | 851 | 2017 | casdc | Landmark Technology, LLC | pla | pty | 3:2017cv00851 | 3 | Landmark Technology, LLC v. GourmetGiftBaskets.com, Inc. | cv | 4/26/17 | 6/16/17 | 830 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?531611 |
| 153892 | 1399 | 2017 | moedc | Landmark Technology, LLC | dft | pty | 4:2017cv01399 | 4 | Antennas Direct, Inc. v. Landmark Technology, LLC | cv | 4/28/17 | 8/23/17 | 830 | https://ecf.moed.uscourts.gov/cgi-bin/iqquerymenu.pl?153892 |
| 532196 | 892 | 2017 | casdc | Landmark Technology, LLC | pla | pty | 3:2017cv00892 | 3 | Landmark Technology, LLC v. Launchpad, Inc. | cv | 5/3/17 | 6/15/17 | 830 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?532196 |
| 545518 | 1836 | 2017 | casdc | Landmark Technology, LLC | pla | pty | 3:2017cv01836 | 3 | Landmark Technology, LLC v. Southern Motorcycle Supply, Inc. | cv | 9/11/17 | 1/4/19 | 830 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?545518 |
| 207329 | 908 | 2017 | ohsdc | Landmark Technology, LLC | pla | pty | 2:2017cv00908 | 2 | Landmark Technology, LLC v. Anthony-Thomas Candy Company | cv | 10/19/17 | 5/18/18 | 830 | https://ecf.ohsd.uscourts.gov/cgi-bin/iqquerymenu.pl?207329 |
| 207329 | 908 | 2017 | ohsdc | Landmark Technology, LLC | cd | pty | 2:2017cv00908 | 2 | Landmark Technology, LLC v. Anthony-Thomas Candy Company | cv | 10/19/17 | 5/18/18 | 830 | https://ecf.ohsd.uscourts.gov/cgi-bin/iqquerymenu.pl?207329 |
| 175475 | 2630 | 2017 | codc | Landmark Technology, LLC | dft | pty | 1:2017cv02630 | 1 | Pugs Holdings, LLC v. Landmark Technology, LLC | cv | 11/2/17 | 1/24/18 | 830 | https://ecf.cod.uscourts.gov/cgi-bin/iqquerymenu.pl?175475 |
| 114429 | 1121 | 2017 | nywdc | Landmark Technology, LLC | dft | pty | 1:2017cv01121 | 1 | Stampede Presentation Products, Inc. v. Landmark Technology, LLC | cv | 11/2/17 | 10/10/18 | 830 | https://ecf.nywd.uscourts.gov/cgi-bin/iqquerymenu.pl?114429 |
| 349910 | 1557 | 2018 | ilndc | Landmark Technology, LLC | dft | pty | 1:2018cv01557 | 1 | Inventory Liquidators Corporation v. Landmark Technology, LLC | cv | 3/1/18 | 5/10/18 | 830 | https://ecf.ilnd.uscourts.gov/cgi-bin/iqquerymenu.pl?349910 |
| 491508 | 3044 | 2018 | nysdc | Landmark Technology, LLC | dft | pty | 1:2018cv03044 | 1 | The Tie Bar Operating Co., LLC v. Landmark Technology, LLC | cv | 4/6/18 | 4/24/18 | 830 | https://ecf.nysd.uscourts.gov/cgi-bin/iqquerymenu.pl?491508 |
| 111021 | 52 | 2018 | vawdc | Landmark Technology, LLC | dft | pty | 6:2018cv00052 | 6 | Moore & Giles, Inc. v. Landmark Technology, LLC | cv | 4/9/18 | 4/24/18 | 830 | http://ecf.vawd.uscourts.gov/cgi-bin/iqquerymenu.pl?111021 |
| 136342 | 629 | 2018 | ordc | Landmark Technology, LLC | dft | pty | 3:2018cv00629 | 3 | Baxter Auto Parts, Inc. v. Landmark Technology, LLC | cv | 4/13/18 | 6/14/18 | 830 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?136342 |
| 242564 | 966 | 2018 | ohndc | Landmark Technology, LLC | pla | pty | 5:2018cv00966 | 5 | Landmark Technology, LLC v. Arhaus, LLC | cv | 4/27/18 | 8/9/18 | 830 | https://ecf.ohnd.uscourts.gov/cgi-bin/iqquerymenu.pl?242564 |
| 213092 | 292 | 2018 | ohsdc | Landmark Technology, LLC | pla | pty | 1:2018cv00292 | 1 | Landmark Technology, LLC v. General Factory Supplies Company, I | cv | 4/27/18 | 7/11/18 | 830 | https://ecf.ohsd.uscourts.gov/cgi-bin/iqquerymenu.pl?213092 |
| 64728 | 161 | 2018 | iasdc | Landmark Technology, LLC | dft | pty | 4:2018cv00161 | 4 | FarmChem Corp. et al v. Landmark Technology | cv | 5/21/18 | 7/31/18 | 830 | https://ecf.iasd.uscourts.gov/cgi-bin/iqquerymenu.pl?64728 |
| 330268 | 11792 | 2018 | miedc | Landmark Technology, LLC | dft | pty | 2:2018cv11792 | 2 | Shar Products Company v. Landmark Technology, LLC | cv | 6/6/18 | 11/20/18 | 830 | https://ecf.mied.uscourts.gov/cgi-bin/iqquerymenu.pl?330268 |
| 330268 | 11792 | 2018 | miedc | Landmark Technology, LLC | cc | pty | 2:2018cv11792 | 2 | Shar Products Company v. Landmark Technology, LLC | cv | 6/6/18 | 11/20/18 | 830 | https://ecf.mied.uscourts.gov/cgi-bin/iqquerymenu.pl?330268 |
| 354228 | 4669 | 2018 | ilndc | Landmark Technology, LLC | pla | pty | 1:2018cv04669 | 1 | Landmark Technology, LLC v. Learning Resources, Inc. | cv | 7/6/18 | 8/30/18 | 830 | https://ecf.ilnd.uscourts.gov/cgi-bin/iqquerymenu.pl?354228 |
| 215694 | 757 | 2018 | ohsdc | Landmark Technology, LLC | pla | pty | 2:2018cv00757 | 2 | Landmark Technology, LLC v. Eloquii Design, Inc. | cv | 8/3/18 | 11/19/18 | 830 | https://ecf.ohsd.uscourts.gov/cgi-bin/iqquerymenu.pl?215694 |
| 139619 | 1568 | 2018 | ordc | Landmark Technology, LLC | pla | pty | 3:2018cv01568 | 3 | Landmark Technology, LLC v. Azure Farms, Inc. | cv | 8/24/18 | 12/24/20 | 830 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?139619 |
| 139619 | 1568 | 2018 | ordc | Landmark Technology, LLC | cd | pty | 3:2018cv01568 | 3 | Landmark Technology, LLC v. Azure Farms, Inc. | cv | 8/24/18 | 12/24/20 | 830 | https://ecf.ord.uscourts.gov/cgi-bin/iqquerymenu.pl?139619 |
| 216765 | 306 | 2018 | ohsdc | Landmark Technology, LLC | pla | pty | 3:2018cv00306 | 3 | Landmark Technology, LLC v. A.M. Leonard, Inc. | cv | 9/11/18 | 2/14/19 | 830 | https://ecf.ohsd.uscourts.gov/cgi-bin/iqquerymenu.pl?216765 |
| 247745 | 2339 | 2018 | ohndc | Landmark Technology, LLC | pla | pty | 1:2018cv02339 | 1 | Landmark Technology, LLC v. Kanan Enterprises, Inc. | cv | 10/9/18 | 1/2/19 | 830 | https://ecf.ohnd.uscourts.gov/cgi-bin/iqquerymenu.pl?247745 |

# EXHIBIT 6

10/31/24, 12:01 PM
AG Ferguson files lawsuit against "patent troll" targeting small businesses | Washington State...

Case 2:21-cv-00728-RSM-TLF   Document 109   Filed 11/01/24   Page 84 of 192

Home (/)   |   News (/news)   |   News Releases (/pressrelease.aspx)   |   AG Ferguson files lawsuit against "patent troll" targeting small businesses

# AG Ferguson files lawsuit against "patent troll" targeting small businesses

**FOR IMMEDIATE RELEASE:**
May 14 2021

*First-ever enforcement of the AG-request Patent Troll Prevention Act*

**OLYMPIA —** Attorney General Bob Ferguson filed a lawsuit against Landmark Technology A for its predatory "patent troll" practices that harm small businesses. Landmark unlawfully sent threatening letters in bad faith to over a thousand small businesses nationwide. In the letters, it demanded $65,000 in patent licensing fees. When five Washington small businesses refused to pay, Landmark sued them. The businesses settled to avoid the expense of a lawsuit.

Ferguson's lawsuit (https://agportal-s3bucket.s3.amazonaws.com/001_StampedComplaint.pdf), filed in King County Superior Court, asserts the company violated the Patent Troll Protection Act, which prohibits bad faith assertions of patent infringement. Ferguson requested this legislation in 2015 (https://www.atg.wa.gov/news/news-releases/attorney-general-s-patent-troll-legislation-passed-legislature), sponsored by Sen. David Frockt, D-Seattle, and Rep. Laurie Jinkins, D-Tacoma, to crack down on "patent trolls" who harass and threaten small businesses with patent infringement claims.

This lawsuit is the first enforcement of this law. The Attorney General's Office Patent Troll Working Group learned about this scheme from one of the targeted businesses.

Landmark does not make products. Its entire business model consists of demanding licensing fees from other companies. From January 2019 to July 2020, Landmark sent identical form demand letters to 1,176 small businesses nationwide, claiming the business infringed on Landmark's alleged patent rights. In those letters, Landmark threatened to sue if the business did not pay $65,000 to license the patent.

In the letters, Landmark claims it has rights to a vaguely worded patent related to loan processing and credit reporting. In 2014, the United States Patent and Trademark Office deemed this patent likely to be declared invalid. Nonetheless, the company broadly and aggressively misuses the patent claims, targeting virtually any small business with a website, seemingly at random. Landmark claims that common, near-ubiquitous business webpages infringe on its patent rights — such as small business home pages, customer login pages, new customer registration and product-ordering pages.

In short, Landmark misuses a legally questionable patent, falsely claims it has patent rights on web features that virtually every business uses, and uses those claims to demand tens of thousands of dollars from small businesses.

Landmark targets all types of small businesses. Landmark's small business targets typically cannot afford in-house attorneys or law firms on retainer. In just one month, Landmark sent demand letters to businesses in the following industries: apparel, appliances, automotive supplies, building supplies, candy, consumer electronics, department stores, event ticketing, fabrics, florists, food service, furniture, grocery, hardware, health & beauty, kitchen products, manufactured housing, mattresses, paper, pet products, petroleum, printers, sales & marketing, seeds, shoes and more.

Landmark sued multiple companies that refused to pay — including five Washington companies. Its infringement claims are highly unlikely to hold up in court, and Landmark could not succeed against all 1,176 businesses it targeted. Landmark frequently targets smaller businesses that cannot afford lengthy patent litigation. Four Washington companies sued by Landmark settled for $15,000 to $20,000 each to avoid hefty legal costs from litigation:

- A bottle maker in Seattle
- An electrical supplies company in Spokane
- A bakery in Seattle
- A bookseller in Seattle

Ferguson's lawsuit asks the court to require Landmark to pay restitution on any costs the companies incurred from Landmark's lawsuits and demand letters. Some Washington companies may have paid the $65,000 fee as demanded in Landmark's letters. During the course of the lawsuit, the Attorney General's Office will learn exactly how much the target companies paid.

"Landmark extorts small businesses, demanding payment for webpages that are essential for running a business," Ferguson said. "It backs them into a corner — pay up now, or get buried in legal fees. I'm putting patent trolls on notice: Bully businesses with unreasonable patent assertions, and you'll see us in court."

**Landmark's demand letters**

Landmark claims it has rights to a patent issued in 2006 for, as its demand letters put it, an "automated multimedia data processing network for processing business and financial transactions between entities from remote sites." This patent, known as the '508 patent, expires in 2023.

The '508 patent relates specifically to online loan processing and credit reporting technologies, but Landmark's letters demand license fees for ubiquitous business webpages, from customer logins to home pages. Landmark usually targets customer login pages, but has also demanded license fees for webpages containing privacy practices, shopping carts, products for sale and company home pages. This means any business with a web presence is a potential target for Landmark.

Landmark's demand letters do not contain any factual allegations against specific company webpages. Rather, Landmark sends form letters, containing identical infringement allegations, to each company. Only the name of the target company and the URL of the allegedly infringing webpage changes from letter to letter.

The '508 patent itself is vaguely worded. In 2014, in a lawsuit contesting the '508 patent, the federal Patent and Trademark Office found (https://agportal-s3bucket.s3.amazonaws.com/EBAY%20ENTERPRISE%20INC%20PETITIONER%20v%20LAWRENCE%20B%20LOCKWOOD%20PATENT%20OWNER.pdf) that the primary claim of the patent "does not recite a technological feature that is novel and unobvious over the prior art, and is therefore not a technological invention." However, that case settled out of court before the patent could be invalidated.

Even though the patent is not likely to survive under further legal scrutiny, Landmark has continued to assert the patent at a shocking rate, issuing an average of 24 demand letters per week — knowing that individual businesses lack the resources to combat its demands in court, and are likely to instead choose to pay the fee or settle.

Landmark Technology A's business model is similar to an earlier, now-defunct company called Landmark Technology. Landmark Technology also sent demand letters and sued companies related to the '508 patent and other related patents. The new Landmark Technology A started in early 2019.

Case 2:21-cv-00728-RSM-TLF    Document 109    Filed 11/01/24    Page 85 of 192

**Patent trolls**

Landmark is a "patent-assertion entity" — a company that enforces patent rights against other businesses, rather than producing a product itself. Abusive patent assertion entities — also known as "patent trolls" — target smaller companies that cannot afford long-drawn-out litigation, and demand payment of licensing fees.

Patent trolls typically assert patents after the target companies have independently invented or begun using a technology allegedly covered by a patent. They frequently only do so after the technology has already become ubiquitous in the industry.

Although patent trolls rarely succeed on patent infringement claims in court, the vast majority of disputes end in settlements because patent litigation is costly and disruptive for small businesses. Patent trolls often offer to settle for amounts well below litigation costs to make settlement an obvious business decision for the companies. Economic studies (https://hbr.org/2014/07/the-evidence-is-in-patent-trolls-do-hurt-innovation#:~:text=Research%20shows%20that%20patent%20trolls,in%20firm%20wealth%20each%20year.&text=Another%20survey%20of%20venture%20capitalis have found that patent trolls are a burden on productive companies and stifle innovation, costing their targets billions of dollars a year.

The Patent Troll Prevention Act was enacted to stop predatory patent troll activity. Ferguson's lawsuit asserts that Landmark's predatory assertions of patent infringement violate both the Patent Troll Prevention Act and the Washington State Consumer Protection Act.

Ferguson's lawsuit asks the court to legally bar Landmark from enforcing the '508 patent in bad faith, sending demand letters or filing patent infringement lawsuits. It also asks the court to require Landmark to pay civil penalties, attorney's costs & fees and restitution to businesses. This restitution would include all the money it made from its unlawful scheme and all expenses the businesses incurred as a result of Landmark's unlawful acts.

Assistant Attorney General Seann Colgan is leading the case for the Attorney General's Office.

-30-

*The Office of the Attorney General is the chief legal office for the state of Washington with attorneys and staff in 27 divisions across the state providing legal services to roughly 200 state agencies, boards and commissions. Visit www.atg.wa.gov (http://www.atg.wa.gov) to learn more.*

Media Contact:

Brionna Aho, Communications Director, (360) 753-2727, Brionna.aho@atg.wa.gov (mailto:Brionna.aho@atg.wa.gov)

General contacts: Click here (https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.atg.wa.gov%2Fcontact-us&data=02%7C01%7Cask4isd%40atg.wa.gov%7C0bf096ab891d45ee964608d812417366%7C2cc5baaf3b9742c9bcb8392cad34af3f%7C0%7C0%7C63727941961

| |
|---|
| ⌄ |

# News Release Search

| |
|---|
| |

Advanced Search (/news/news-releases/news-release-search)

## Topic:

AGO (/news/news-releases/AGO)
Campaign Finance (/news/news-releases/Campaign%20Finance)
Civil Rights (/news/news-releases/Civil%20Rights)
Consumer Protection (/news/news-releases/Consumer%20Protection)
Courts (/news/news-releases/Courts)
Crime (/news/news-releases/Crime)
Health (/news/news-releases/Health)
Labor and Worker's Rights (/news/news-releases/Labor%20and%20Worker%27s%20Rights)
Legislature (/news/news-releases/Legislature)
MMIWP (/news/news-releases/MMIWP)
Opioids (/news/news-releases/Opioids)
Other Languages (/news/news-releases/Other%20Languages)
Prescription Drugs; Opioids (/news/news-releases/Prescription%20Drugs%3B%20Opioids)
Scams (/news/news-releases/Scams)
Student loans (/news/news-releases/Student%20loans)
Utilities (/news/news-releases/Utilities)

# EXHIBIT 7

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

                Plaintiff,

    v.

LANDMARK TECHNOLOGY A, LLC,
and RAYMOND MERCADO,
individually,

                Defendants.

NO. 2:21-cv-00728-RSM

STATE OF WASHINGTON'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RAYMOND MERCADO

**TO:**       **DEFENDANT RAYMOND MERCADO**

**AND TO:**     **JUSTIN P. WALSH, COUNSEL FOR DEFENDANT**

In accordance with Federal Rule of Civil Procedure 33, you are hereby required to answer, in writing, the following Interrogatories separately and fully under oath, within thirty (30) days of their service upon you. These Interrogatories are deemed continuing in nature and you must supplement your answers pursuant to Fed. R. Civ. P. 26(e).

Also contained herein are Requests for Production of Documents pursuant to Fed. R. Civ. P. 34, by which the Plaintiff requests Defendant to produce the described documents for inspection and copying by Plaintiff's attorneys at the address stated below by no later than thirty

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 1

(30) days from the date of service. These Requests for Production of Documents are deemed continuing in nature, and you must supplement your responses pursuant to Fed. R. Civ. P. 26(e).

## I.    TIME AND PLACE OF PRODUCTION

1.1    The requested documents and written answers to Interrogatories are to be produced to Aaron Fickes, Heidi Anderson, Ben Brysacz, Mike Hall, and Bob Hyde, Assistant Attorneys General at the Attorney General's Office at 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, within thirty (30) days of being served with these Interrogatories and Requests for Production, or at such other time and place as is agreed to by the parties.

## II.    COMMUNICATIONS

2.1    All notices, questions, or communications concerning these Interrogatories and Requests for Production should be directed to Aaron Fickes, Heidi Anderson, Ben Brysacz, Mike Hall, and Bob Hyde, Assistant Attorneys General, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, by phone (206) 287-4176, or email at aaron.fickes@atg.wa.gov.

2.2    If in answering any of the questions or requests below you are unable to answer due to the space allotted, please continue your answer on a separate sheet of paper noting which question/request to which you are responding.

2.3    In order for your response to these Interrogatories and Requests for Production of Documents to be complete, submit with your response the attached Certification and Certification of Attorney.

2.4    Please read the "Definitions" and "Instructions" section before responding to these Requests.

## III.    DEFINITIONS

3.1    **"Relating to"** means constituting, containing, concerning, discussing, describing, analyzing, identifying, referring to, or stating.

3.2    **"You" and "your"** refer to **Raymond Mercado** in his role as principal of Landmark Technology A and as an individual defendant.

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

3.3 **"Document"** or **"Documents"** means, without limitation, any "writing," and includes originals or duplicates of or copies of the writings, and non-identical copies bearing or having any attachments, notes, or marks which distinguish them from the originals, and any electronic records, including, without limitation, electronic mail, spreadsheets, word processing files, and records saved as .pdf or other electronic files. Electronic mail subject to these discovery requests includes messages and/or attachments now only available on backup or archive tapes or disks. Also, if a print-out of an electronic record is a non-identical copy of the electronic version (for example, because the print-out has a signature, handwritten notation, or other mark or attachment not included in the computer document), both the electronic version in which the document was created and the original print-out must be produced.

3.4 **"Person"** means any individual, corporation, partnership, limited liability company, government, governmental subdivision, institution of higher education, or any other legal or commercial entity.

3.5 **"The '508 Patent"** means United States Patent No. 7,010,508 entitled "Automated Multimedia Data Processing Network."

3.6 **"Identify,"** when used with respect to a document, means to state with respect to each such document:

    a. Title of the document;

    b. Author;

    c. Title or position of the addressee;

    d. Type of document;

    e. Date it was prepared;

    f. Number of pages it comprises; and

    g. Production number.

3.7 **"Identify,"** when used with respect to an entity, means to state with respect to each such entity:

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1        a.      Full legal name or title;

2        b.      Form of business (i.e. corporation, partnership, limited liability co.);

3        c.      Relationship to You;

4        d.      Complete business location and mailing address;

5        e.      Telephone and facsimile numbers;

6        f.      State of incorporation or organization or, if organized outside the United States, country and city of incorporation or organization; and

8        g.      Address of headquarters and/or principal place of business.

9      3.8    "**Identify**," when used with respect to an individual, means to state with respect to each such person:

11        a.      Name;

12        b.      Last-known residence, business, or shipping address;

13        c.      Telephone number;

14        d.      Email address; and

15        e.      Employer.

## IV.    INSTRUCTIONS

4.1    Unless otherwise stated in the Interrogatories and Requests for Production below, the relevant time period for which documents and information are requested is **January 1, 2017, to the present**.

4.2    This Request includes documents in possession of your employees, agents, representatives, and attorneys, unless privileged. **If any document or information is withheld under claim of privilege or confidentiality, identify the document and state the basis for the claim of privilege or confidentiality, and provide a detailed privilege log** that contains at least the following information for each document or information that you have withheld:

a.    The name of each author, writer, sender, creator, or initiator of such document, and each such person's title and his or her employer or firm;

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

b.      The name of all recipients, addressees, or parties for whom such document was intended or to whom the document was sent;

c.      The date of such document, or an estimate thereof if no date appears on the document;

d.      The interrogatory or request for production to which the allegedly privileged document corresponds;

e.      The general subject matter of the document; and

f.      The claimed grounds for withholding the document; including, but not limited to, the nature of any claimed privilege and grounds in support thereof, stated in a manner that does not reveal privileged information but that provides information sufficiently detailed so as to enable the State to assess the applicability of the privileged claimed.

4.3     Pursuant to Fed. R. Civ. P. 26(e), these Interrogatories and Requests for Production impose a continuing duty to supplement your responses in the event additional documents and information come into your knowledge, possession, custody, or control after your initial production of responses to the requests.

4.4     In each instance in which a document is produced in response to a request, produce the current edition, along with all earlier editions or predecessor documents serving the same function, even though the title of earlier documents may differ from current versions.

4.5     The following procedures shall apply to the production of documents and information in response to these Interrogatories and Requests for Production:

a.      The recipient of these Interrogatories and Requests for Production shall label each responsive document (i.e., Response to Request No. 1, Response to Request No. 2, and so forth), group all documents responsive to a particular request together, and place a label on each group of documents which identifies the corresponding request;

b.      All attachments to responsive documents or information shall be produced with, and attached to, the responsive documents (or digitally in corresponding order);

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

c.    Each responsive document or information shall be produced in its entirety and no portion of any document or information shall be edited, cut, masked, redacted, or otherwise altered, unless for applicable privilege which shall be logged according to the procedures set forth above; and

d.    The recipient of these Interrogatories and Requests for Production shall provide a key to all abbreviations used in the documents or information and shall attach the key to the corresponding documents or information.

4.6    Documents or information that may be responsive to more than one (1) numbered request in these Requests need not be submitted more than once. However, for each such document or information, the recipient of these Interrogatories and Requests for Production shall identify all of the numbered requests to which the document or information is responsive. If any responsive document or information has been previously supplied to the Washington Attorney General's Office, you shall identify the document(s) or information previously provided and the date(s) of submission.

4.7    You shall consecutively number each page of all documents or information produced with your response, and indicate the total number of pages produced with your response. This page numbering must be separate from and must not alter any original page numbering on the responsive documents or information.

4.8    Your responses to these discovery requests should include all relevant electronically stored information in your possession, custody, or control. The State of Washington considers electronically stored information to be an irreplaceable source of evidence in this matter. Accordingly, the State of Washington insists that you implement appropriate safeguard against the destruction of evidence until the final resolution of this issue.

4.9    Production of electronically stored information and other documents in electronic format shall conform to the standards set forth in Exhibit A.

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    4.10    If you are unable to fully answer any particular request for documents, supply all

2  of whatever information is actually available. Designate such incomplete information as

3  incomplete and accompany the information with an explanation that includes the reasons for the

4  incomplete answer; a description of any and all of your efforts to obtain the information; and the

5  source from which the Office of the Attorney General may obtain information to complete your

6  response. If books, records, or other sources that provide accurate answers are not available,

7  provide your best estimates and describe how you derived the estimates, including the sources

8  or bases of such estimates. Designate estimated data as such by marking it with the "est."

9  notation. If there is no reasonable way for you to make an estimate, provide an explanation.

10    4.11    If particular documents responsive to these Interrogatories and Requests for

11  Production no longer exist for reasons other than the ordinary course of business but you have

12  reason to believe they have been in existence, describe the documents, state the circumstances

13  under which such documents were lost or destroyed, and identify persons having knowledge of

14  the content of the documents.

15    4.12    **Do not destroy any documents or information relating to any of these**

16  **Interrogatories or Requests for Production.**

17                    **V.        INTERROGATORIES**

18  **INTERROGATORY NO. 1:**          Please identify all locations, including but not limited to

19  financial accounts, real estate investments, or other stores of value, in which you or any of your

20  family members have control or beneficial interest and which contain assets derived directly or

21  indirectly from licensing/settlement agreements for the '508 Patent.

22  **ANSWER:**

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## VI.    REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents reflecting income from licensing/settlement agreements for the '508 Patent, including but not limited to your federal and state tax returns.

**RESPONSE:**

DATED this 27th day of October, 2023.

Presented by:

ROBERT W. FERGUSON
Attorney General

*s/ Aaron J. Fickes*
AARON J. FICKES, WSBA #51584
HEIDI C. ANDERSON, WSBA #37603
BEN BRYSACZ, WSBA #54683
BOB HYDE, WSBA #33593
MICHAEL HALL, WSBA #19871
Assistant Attorneys General
Attorneys for Plaintiff State of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## __CERTIFICATION__

I, _____, having made the foregoing responses to these Interrogatories, certify under penalty of perjury under the laws of the State of _____ that I am authorized to sign legal documents on Landmark Technology A's behalf and know the responses herein to be true, correct, and complete.

Signature: _____

Title or Position: _____

Date: _____

City and State: _____

STATE OF WASHINGTON  )

                               ) ss.

COUNTY OF _____)

I certify that I know or have satisfactory evidence that_____ is the person who appeared before me, and said person signed this instrument, and on oath stated that he was authorized to execute the instrument.

_____

SUBSCRIBED AND SWORN TO before me this _____ day of_____, 2023.

_____
Notary Public in and for the State of Washington,
My appointment expires _____

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    ### <u>ATTORNEY CERTIFICATION</u>

2          THE UNDERSIGNED ATTORNEY for Defendants has read the foregoing Answers to

3    Interrogatories and Requests for Production of Documents to Defendants, and hereby certifies that

4    they are in compliance with Fed. R. Civ. P. 26(g).

5          DATED this _____ day of _____, 2023.

6

7                                              _____

8

9

10                                     By_____

11                                     _____WSBA#_____
                                       Attorney for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 10

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

## <u>CERTIFICATE OF SERVICE</u>

2          I certify that I caused a copy of this document to be served on the following parties via

3    email at the following addresses:

4

5    | Justin P. Walsh | ☐Legal Messenger |
     | Gleam Law, PLLC | ☐First-Class Mail, Postage Prepaid |

6    | 605 1st Avenue, Suite 330 | ☐Certified Mail, Receipt Requested |
     | Seattle, WA 98104 | ☐Facsimile |

7    | Email: justin@gleamlaw.com | ☒Email |
     | | ☐E-Service |

8    | ***Atty. for Defendant Landmark*** |
     | ***Technology A, LLC*** |

9

10

11

12         I certify, under penalty of perjury under the laws of the State of Washington, that the

13   foregoing is true and correct.

14         DATED this 27th day of October, 2023, at Seattle, Washington.

15                              *s/ Aaron J. Fickes*
                                AARON J. FICKES
16                              Assistant Attorney General

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
RAYMOND MERCADO  (2:21-cv-00728-RSM) - 11

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# EXHIBIT 8

CONFIDENTIAL

## **PATENT LICENSE AND CONVEYANCE AGREEMENT**

This PATENT LICENSE AND CONVEYANCE AGREEMENT (the "Agreement") is made this 21st day of December, 2018 (the "Effective Date"), and is entered into by and between LANDMARK TECHNOLOGY, LLC ("Transferor"), a Delaware limited liability company whose address is 329 Laurel Street, San Diego, CA 92101, and RESEARCH TRIANGLE INNOVATIONS, LLC, a North Carolina limited liability company whose address is 108 Woodwinds Industrial Court, Suite, C, Cary NC 27519 ("Transferee").

   For valuable consideration, the receipt of which is acknowledged, Transferor and Transferee agree as follows:

1. Transferor is the holder of a perpetual exclusive license in and to the technology and rights described in Exhibit A attached hereto (collectively, "Technology"). Transferee wishes to obtain from Transferor, and Transferor is willing to grant Transferee, Transferor's exclusive license in and to the Technology to the broadest extent possible pursuant to the terms and conditions contained in this Agreement.

2. Transferor hereby grants to Transferee, and Transferee accepts from Transferor, the perpetual exclusive license in and to the technology and rights described in Exhibit A. Under this Agreement, Transferee shall have full any and all rights currently held by Transferor, including but not limited to the right to contract with third parties with regard to any aspect of the Technology, to grant sublicenses to the Technology, and to institute or defend against litigation involving the Technology. To the extent that there is any doubt as to the scope of this Agreement, such doubt shall be resolved in favor of the Transferee.

3. The license granted herein shall include the sole and exclusive right to take legal action and recover damages, profits, and any other form of legal or equitable relief from third parties on account of acts of infringement and/or misappropriation of, or unfair competition with respect to, the Technology, including without limitation, past or future acts of infringement or misappropriation.

4. In consideration of the transfer of rights held by the Transferor and conveyed to Transferee under this Agreement, Transferee shall pay one hundred dollars ($100) to Transferor as good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged.

5. This Agreement shall be governed by the laws of the State of North Carolina. The parties consent to the exclusive jurisdiction of the state and/or federal courts located in Raleigh, North Carolina, for any action, claim, suit or other proceeding arising out of or connected with this Agreement.

1

LTA 001639

CONFIDENTIAL

6. Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance, or regulation, the latter shall prevail; but the provision of this Agreement which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.

7. No waiver by any party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision thereof.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

TRANSFEROR:

By: _____

Name: Raymond Mercado

Title: Managing Member, Landmark Technology, LLC

TRANSFEREE:

By: _____

Name: Raymond Mercado

Title: Managing Member, Research Triangle Innovations, LLC

2

LTA 001640

CONFIDENTIAL

**EXHIBIT**
A

**Technology**

As used herein, the term "Technology" means all of Licensor's technology and information, whether patentable or unpatentable, copyrightable or not copyrightable, relating in any way and in the broadest way to the subject matter of the following patents and including without limitation the following patents and all patent applications related thereto, all continuation, continuation in part and divisional applications related thereto, all resulting patents, reexaminations and reissues thereof, and all foreign counterparts thereof, and all of Licensor's improvements, modifications, enhancements and refinements to the technology and information described in the foregoing patents, whether known now or in the future:

|      |                                   |
|------|-----------------------------------|
| A.   | U.S. Patent No. 7,010,508 B1      |
| B.   | U.S. Patent No. 6,289,319 C1      |
| C.   | U.S. Patent No. 5,576,951 C1      |
| D.   | U.S. Patent No. B1 Re 32,115      |
| E.   | U.S. Patent No. 5,309,355         |
| F.   | U.S. Patent No. 4,567,359         |
| G.   | U.S. Patent No. 4,359,631         |
| H.   | U.S. Patent No. 276,626           |
| I.   | U.S. Patent No. 286,956           |
| J.   | Canadian Patent No. 1,236,216     |
| K.   | Canadian Patent No. 1,189,973     |

LTA 001641

CONFIDENTIAL

## Landmark Technology A, LLC

|  | January 2022 |
|---|---|
| **Cash and cash equivalents** | $49,442.76 |
| **Total** | **$49,442.76** |

LTA 001642

CONFIDENTIAL

## TECHNOLOGY LICENSE AGREEMENT

This Technology License Agreement (the **"Agreement"**), dated as of July 16, 2018 (the **"Effective Date"),** is entered into by and between LAWRENCE B. LOCKWOOD, an individual, whose address is 5935 Folsom Drive, La Jolla, CA 92037 ("Licensor") and LANDMARK TECHNOLOGY, LLC, a Delaware limited liability company whose address is 329 Laurel St., San Diego, CA 92101 ("Licensee"). Licensor and Licensee shall be singly referred to as a "Party" and collectively as "Parties".

For valuable consideration, the receipt of which is acknowledged and other consideration as set forth below, Licensor and Licensee agree as follows:

I. Purpose of Agreement. Licensor is the owner of the technology and rights described in Exhibit A attached hereto (collectively, **"Technology"**). Licensee wishes to obtain from Licensor, and Licensor is willing to grant to Licensee, a perpetual exclusive license in and to the Technology to the broadest extent possible pursuant to the terms and conditions contained in this Agreement.

2.    Grant of License.

(a)    Licensor hereby grants to Licensee, and Licensee accepts, a perpetual exclusive, worldwide royalty-free right and license in and to the Technology, for all purposes, including without limitation the development, manufacture, marketing, distribution, sale and other commercialization of products and services that incorporate the Technology (the **"Licensed Products"),** and the enforcement of the Technology through any and all means including without limitation: litigation, arbitration, mediation or commercial transactions. Without limiting the foregoing, Licensee shall have the right to contract with third parties with regard to any aspect of the Technology or Licensed Products, to grant sublicenses for all or any portion of Licensee's right and license in the Technology, and to institute or defend against litigation involving the Technology subject to the limitations contained herein. To the extent there is any doubt as to the scope of the foregoing license, such doubt shall be resolved in favor of Licensee.

(b)    Notwithstanding anything to the contrary herein, the grant to Licensee of the exclusive right and license under the Technology herein shall be exclusive to Licensee, even as to Licensor, with respect to any and all persons or entities and Licensee shall have the sole and exclusive right with respect to the Technology to communicate, negotiate and enter into binding agreements with respect to any and all matters relating to the Technology, including without limitation any and all infringement claims, direct and indirect offers for licensing of the Technology and any sales of products and services, in whole or in part, covered by the Technology.

(c)    The license granted herein shall include the sole and exclusive right to take legal action and recover damages, profits and any other form of legal or equitable relief from third parties on account of acts of infringement and/or misappropriation of, or unfair competition with respect to, the Technology, including without limitation, past acts of infringement and misappropriation.

1

LTA 001643

CONFIDENTIAL

(d)     During the term of this Agreement, Licensor shall not assign, license, grant covenants not to sue, transfer or otherwise convey to any other person or entity any of his rights, title, claims, interest or privileges with respect to the Technology, and Licensor shall not authorize, create or cause to be created any lien or encumbrance on any Technology.

(e)     During the term of this Agreement, Licensee may assign, transfer or otherwise convey to any other person or entity any of its rights, title, claims, interests or privileges with respect to this Agreement. Further, in the event of Licensee's bankruptcy or insolvency, Licensee's rights, title, claims, interests or privileges with respect to this Agreement shall revert immediately to Licensor. This provision expressly amends and replaces Section 2(e) of the prior agreement between Lawrence B. Lockwood and Landmark Technology, LLC dated September 1, 2008.

3.     <u>Confidentiality</u>. The parties acknowledge that this Agreement will require each party to disclose its confidential and proprietary information and trade secrets (**"Confidential Information"**) to the other party. Each party shall regard and preserve the other party's Confidential Information as secret and confidential. Except as expressly provided herein, neither party shall use, publish or disclose the other party's Confidential Information without the prior written consent of the other party. Each party shall use the same level of care to prevent the disclosure of the other party's Confidential Information that it uses in protecting its own Confidential Information, and shall in any event take all reasonable precautions to prevent the disclosure of Confidential Information to any third party. Notwithstanding the foregoing, Licensee may disclose Confidential Information if necessary pursuant to a protective order in any litigation involving the Technology or in any negotiation for an agreement regarding the Technology, provided the receiving party agrees to maintain the disclosed information secret and confidential.

4.     <u>Patent Costs</u>. Licensee shall pay all costs incurred as of the date hereof which are incident to the maintenance of the patents identified on Exhibit A hereto (the **"Existing Patents"**). In addition, Licensor shall promptly file patent applications related to the Technology and Improvements as requested by Licensee and at Licensee's cost as approved in advance by Licensee. Licensor shall be named as the inventor and patent applicant on any such patent applications, shall keep Licensee informed as to the progress of any such patent applications and shall promptly respond to Licensee inquiries. The Parties shall cooperate with each other in the prosecution of such patent applications and the maintenance of any resulting patents. Licensee shall have the right to amend <u>Exhibit A</u> hereto as patent applications are filed and patents are issued related to the Technology or the Improvements, to include such patent applications and patents therein. Licensee shall have the right to select appropriate patent counsel to handle the patent application filings and patent maintenance.

5.     <u>Representations and Warranties.</u>

(a)     <u>By Licensee.</u> Licensee hereby represents and warrants that (i) Licensee has full power and authority to enter into this Agreement, and (ii) this Agreement is a valid and binding agreement of Licensee enforceable against it in accordance with its terms.

(b)     <u>By Licensor.</u> Licensor represents and warrants to Licensee that (i) he owns and possesses the entire right, title and interest in, to and under the Technology, free and clear of any and all liens, security interests or other encumbrances, (ii) he has not entered into

2

CONFIDENTIAL

any agreement, either written or oral, which would prohibit, prevent or restrict Licensor from granting Licensee the rights licensed in this Agreement or which would otherwise interfere with or dilute Licensee's exclusive rights as licensee hereunder, (iii) to the best of his knowledge, he is not aware of any prior art or other information that would render the patents included in the Technology invalid or unenforceable, (iv) Licensor has full power and authority to enter into this Agreement, and (v) this Agreement is a valid and binding agreement of Licensor enforceable against him in accordance with its terms.

      6.    <u>Infringement.</u>

        (a)    <u>Third Party Infringement.</u> In the event that either party learns of facts during the term of this Agreement which such party believes may constitute an infringement of any claims covered by any patents or patent applications included in the Technology, or an appropriation, infringement, or use of any of the Technology by any third party, then such party shall promptly notify the other party in writing, setting forth the facts, the basis for such party's belief, and any other reasonably available evidence in support thereof.

        (b)    <u>Procedure.</u> Licensee shall have the right, but not the obligation, to take all appropriate action against the infringing party and Licensee shall pay all costs and expenses (including without limitation attorneys' fees and costs of investigation and experts) incurred in connection with such action.

        (c)    <u>Cooperation; Nominal Plaintiff.</u> In the event that any infringement action, suit or proceeding is brought hereunder by Licensee to enforce any rights in the Technology, Licensor shall cooperate fully with Licensee, including without limitation executing and delivering any appropriate documents and participating fully in any legal action as a named or joined party, nominal plaintiff, or otherwise, and taking all other actions reasonably requested by Licensee. If requested by Licensee, Licensor shall be represented in any such legal action by the same counsel as Licensee.

      7.    **Term and Termination**

        (a) With respect to the rights granted herein, this Agreement shall continue until the latter of March 7, 2023, or the date on which the last patent of the Technology expires.

        (b) Subsequent to the termination of this Agreement, as provided or in sub-Section 7(a) hereof, Licensee agrees that it will not engage in the use, sale, or other commercialization of the Technology and it will not sell the Licensed Products. Notwithstanding the foregoing, Licensee may, for up to ninety (90) days after the effective date of such termination, sell all Licensed Products which may be in inventory and not sold.

        (c) In the event that the Licensee becomes insolvent or files for bankruptcy protection, Licensor may, upon ten (10) days written notice, terminate this Agreement. Under no circumstances may this Agreement become an asset of a bankruptcy estate.

        (d) Upon termination of this Agreement, nothing herein shall be construed to release either party of any obligation which matured prior to the effective date of such termination or which may continue beyond such termination.

3

LTA 001645

CONFIDENTIAL

8.    <u>Indemnification</u>.

(a)    <u>By Licensor.</u> Licensor shall indemnify, defend, save and hold harmless Licensee, its affiliates, and each of their respective successors and assigns, from and against any and all Damages (as hereinafter defined in Section 8(c) hereof), incurred in connection with or arising out of or resulting from a breach by the Licensor of his warranties, representations and obligations contained in this Agreement.

(b)    <u>By Licensee.</u> Licensee shall indemnify, defend, save and hold harmless Licensor and his respective heirs from and against any and all Damages (as hereinafter defined in Section 8(c) hereof), incurred in connection with or arising out of or resulting from (a) a breach by Licensee of its warranties, representations and obligations contained in this Agreement; or (b) product liability arising from the manufacture, distribution, marketing, or sale of the Licensed Products.

(c)    <u>Claim Procedures.</u> If a claim for Damages is to be made by a party entitled to indemnification hereunder against the indemnifying party, the party entitled to such indemnification shall give written notice (the **"Claim Notice"**) to the indemnifying party as soon as practicable after the party entitled to indemnification becomes aware of any fact, condition or event which may give rise to Damages for which indemnification may be sought under this Section 8. The Claim Notice shall set forth, with reasonable specificity, the facts, conditions or events that may give rise to Damages for which indemnification may be sought under this Section 8. If any lawsuit or enforcement action is filed against any party entitled to the benefit of indemnity hereunder, written notice thereof shall be given to the indemnifying party as promptly as practicable (and in any event within fifteen (15) days after the service of the citation or summons); provided, that the failure of any indemnified party to give timely notice shall not affect rights to indemnification hereunder, except to the extent that the indemnifying party demonstrates actual damage caused by such failure. After such notice, if the indemnifying party shall acknowledge in writing to the indemnified party that the indemnifying party shall be obligated under the terms of its indemnity hereunder in connection with such lawsuit or action, then the indemnifying party shall be entitled, if it so elects, to take control of the defense and investigation of such lawsuit or action and to employ and engage attorneys of its own choice to handle and defend the same, at the indemnifying party's cost, risk and expense, provided that the indemnifying party and its counsel shall proceed with reasonable diligence and in good faith with respect thereto. The indemnified party shall cooperate in all reasonable aspects with the indemnifying party and such attorneys in the investigation, trial and defense of such lawsuit or action and any appeal arising therefrom; provided, however, that the indemnified party may, at its own cost, participate in the investigation, trial and defense of such lawsuit or action and any appeal arising therefrom.

(d)    <u>Damages.</u> "Damages" shall include injunctive and specific performance relief, and all costs, losses (including, without limitation, diminution in value), liabilities, damages, lawsuits, deficiencies, claims and expenses (whether or not arising out of third-party claims), including, without limitation, interest, penalties, reasonable attorneys' fees and all amounts paid in investigation, defense or settlement of any of the foregoing. Damages is not limited to matters asserted by third parties against the party requesting indemnification, but

4

CONFIDENTIAL

includes Damages incurred or sustained by the party requesting indemnification in the absence of third party claims.

(e)     Exclusive Remedy. The parties acknowledge and agree that the indemnification provisions contained in this Section 8 shall be the sole and exclusive remedies of the parties arising out of any breach of the respective representations, warranties or obligations of the patties contained in this Agreement.

9.     Miscellaneous.

(a)     Applicable Law. This Agreement shall, in all respects, be governed by the laws of the State of California applicable to agreements executed and to be wholly performed within California. The parties hereto hereby consent to the exclusive jurisdiction of the state and/or federal courts located in the City of San Diego, California for any action, claim, suit or other proceeding arising out of or connected with this Agreement, and each of the parties hereto further irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum. The parties hereto further consent to acceptance of service of process by mail via registered or certified mail, addressed to the party to be served at the addresses set forth in the initial paragraph of this Agreement or such other address as either party may designate in writing to the other party. Any such delivery or mail service shall be deemed to have the same force and effect as personal service within the State of California.

(b)     Notices. Any notice or other communication required or which may be given hereunder shall be in writing and shall be delivered personally, or sent by facsimile (provided that confirmation of receipt is obtained), or sent by a prepaid international "overnight" courier service (such as FedEx, DHL and UPS), and shall be deemed given and received when so delivered, or sent by facsimile, or if sent by courier service, on the date on which delivery was recorded in such service's package tracking system, to the party to whom notice is to be given at the address set forth in the first paragraph of this Agreement, or to such other address as to which notice is so given.

(c)     Severability. Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance or regulation, the latter shall prevail; but the provision of this Agreement which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.

(d)     Further Assurances. Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder to carry out the intent of the parties hereto.

(e)     Modifications or Amendments. No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the parties hereto.

LTA 001647

CONFIDENTIAL

      (f)     <u>Successors and Assigns.</u> All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the parties hereto and their respective heirs, legal representatives, successors and assigns.

      (g)     <u>Entire Agreement.</u> This Agreement constitutes the entire understanding and agreement of the parties with respect to its subject matter and any and all prior agreements, understandings or representations with respect to its subject matter are hereby terminated and canceled in their entirety and are of no further force or effect. Without limiting the foregoing, this Agreement amends and restates the agreement between Lawrence B. Lockwood and Landmark Technology, LLC dated September 1, 2008.

      (h)     <u>Non-Waiver.</u> No waiver by any party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

      (i)     <u>Counterparts.</u> This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The execution and delivery of counterparts of this Agreement, by facsimile or by original manual signature, regardless of the means or any such variation in pagination or appearance shall be binding upon the parties executing this Agreement.

      (j)     <u>Number and Gender.</u> In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

      (k)     <u>Captions.</u> The captions appearing at the commencement of the sections hereof are descriptive only and for convenience in reference. Should there be any conflict between any such caption and the section at the head of which it appears, the section and not such caption shall control and govern in the construction of this Agreement.

      (l)     <u>Exhibit.</u> Exhibit A attached hereto is hereby incorporated by reference.

/// 

/// 

/// 

/// 

/// 

/// 

/// 

/// 

6

LTA 001648

CONFIDENTIAL

     (m) <u>Further Assurances.</u>  Each of the parties hereto shall  execute and deliver  any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance  of their obligations  hereunder  the carry out the intent of the parties hereto.

     IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

<u>LICENSOR:</u>                                           <u>LICENSEE:</u>

                                           LANDMARK TECHNOLOGY, LLC

By: _____          By: _____
Name: LAWRENCE B. LOCKWOOD, an       Name: _LAWRENCE  B.  LOCKWOOD_
Individual                           Title: _MANAGING  MEMBER_

7

CONFIDENTIAL

**EXHIBIT A**

**Technology**

As used herein, the term "Technology" means all of Licensor's technology and information, whether patentable or unpatentable, copyrightable or not copyrightable, relating in any way and in the broadest way to the subject matter of the following patents and including without limitation the following patents and all patent applications related thereto, all continuation, continuation in part and divisional applications related thereto, all resulting patents, reexaminations and reissues thereof, and all foreign counterparts thereof, and all of Licensor's improvements, modifications, enhancements and refinements to the technology and information described in the foregoing patents, whether known now or in the future:

| | |
|---|---|
| A. | U.S. Patent No. 7,010,508 Bl |
| B. | U.S. Patent No. 6,289,319 Cl |
| C. | U.S. Patent No. 5,576,951 Cl |
| D. | U.S. Patent No. Bl Re 32,115 |
| E. | U.S. Patent No. 5,309,355 |
| F. | U.S. Patent No. 4,567,359 |
| G. | U.S. Patent No. 4,359,631 |
| H. | U.S. Patent No. 276,626 |
| I. | U.S. Patent No. 286,956 |
| J. | Canadian Patent No. 1,236,216 |
| K. | Canadian Patent No. 1,189,973 |

LTA 001650

CONFIDENTIAL

# PATENT ASSIGNMENT

This PATENT ASSIGNMENT ("**Patent Assignment**"), dated as of August 2, 2021, is made by VICTOR LOCKWOOD in his capacity as TRUSTEE OF THE LAWRENCE B. LOCKWOOD TRUST ("**Assignor**"), a California Trust, in favor of LANDMARK TECHNOLOGY A, LLC ("**Assignee**"), a North Carolina limited liability company, located at 2530 Meridian Pkwy, Suite 300, Durham, NC 27713. Assignor and Assignee, as the assignor and assignee, respectively, of any rights or interests Assignor may have in certain patents referenced in SCHEDULE 1, shall be referred to herein individually as a "**Party**," and collectively as "**Parties**."

WHEREAS, Assignor has agreed to convey, transfer, and assign to Assignee, among other assets, any right, title or interest in may have with respect to certain intellectual property of Assignor, and has agreed to execute and deliver this Patent Assignment;

NOW Assignor and Assignee agree as follows:

1.    <u>Assignment</u>. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor hereby irrevocably conveys, transfers and assigns to Assignee, and Assignee hereby accepts, all of Assignor's right, title and interest in and to the following:

(a)    the patents and patent applications set forth in Schedule 1 hereto and all issuances, divisions, continuations, continuations-in-part, reissues, extensions, reexaminations and renewals thereof (the "**Assigned Patents**");

(b)    all rights and liabilities of any kind whatsoever of Assignor accruing under any of the Assigned Patents provided by applicable law of any jurisdiction, by international treaties and conventions and otherwise throughout the world

(i)    The Parties agree that liabilities assigned to Assignee by this Patent Assignment shall be limited to those accruing upon the execution of this Patent Assignment and moving forward only. Nothing in this section shall modify or otherwise impact the indemnification terms set forth in the Parties' settlement agreement as they relate to liabilities existing prior to the execution of this Patent Agreement.

(c)    any and all royalties, fees, income, payments and other proceeds now or hereafter due or payable with respect to any and all of the Assigned Patents; and

(d)    any and all claims and causes of action, with respect to any of the Assigned Patents, whether accruing before, on and/or after the date hereof, including all rights to and claims for damages, restitution and injunctive and other legal and equitable relief for past,

LTA 001651

CONFIDENTIAL

present and future infringement, misappropriation, violation, misuse, breach or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

2.    <u>Recordation and Further Actions</u>. Assignor authorizes the Commissioner for Patents and any other governmental officials to record and register this Patent Assignment upon request by Assignee. Assignor shall take such steps and actions following the date hereof, including the execution of any documents, files, registrations, or other similar items, to ensure that the Assigned Patents are properly assigned to Assignee, or any assignee or successor thereto.

3.    <u>Counterparts</u>. This Patent Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Patent Assignment delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Patent Assignment.

4.    <u>Successors and Assigns</u>. This Patent Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

5.    <u>Governing Law</u>. This Patent Assignment and any claim, controversy, dispute or cause of action (whether in contract, tort or otherwise) based upon, arising out of or relating to this Patent Assignment and the transactions contemplated hereby shall be governed by, and construed in accordance with, the laws of the United States and the State of California, without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction).

[SIGNATURE PAGE FOLLOWS]

9180267.1

LTA 001652

CONFIDENTIAL

**IN WITNESS WHEREOF,** Assignor has duly executed and delivered this Patent Assignment as of the date first above written.

LANDMARK TECHNOLOGY A, LLC
A North Carolina Limited Liability Company

By: _Raymond M_

Name: Raymond Mercado
Title: Managing Member

**AGREED TO AND ACCEPTED:**

THE LAWRENCE B. LOCKWOOD TRUST
A California Trust

By: _Victor Lockwood_

Name: Victor Lockwood
Title: Trustee

9180267.1

LTA 001653

CONFIDENTIAL

## SCHEDULE 1

## ASSIGNED PATENTS AND PATENT APPLICATIONS

### Technology

As used herein, the term "Technology" means all of Assignor's technology and information, whether patentable or unpatentable, copyrightable or not copyrightable, relating in any way and in the broadest way to the subject matter of the following patents and including without limitation the following patents and all patent applications related thereto, all continuations, continuations in part and divisional applications related thereto, all resulting patents, reexaminations and reissues thereof, and all foreign counterparts thereof, and all of Assignor's improvements, modifications, enhancements and refinements to the technology and information described in the following patents, whether known now or in the future:

| | |
|---|---|
| A. | U.S. Patent No. 7,010,508 B1 |
| B. | U.S. Patent No. 6,289,319 C1 |
| C. | U.S. Patent No. 5,576,951 Cl |
| D. | U.S. Patent No. B1 Re 32,115 |
| E. | U.S. Patent No. 5,309,355 |
| F. | U.S. Patent No. 4,567,359 |
| G. | U.S. Patent No. 4,359,631 |
| H. | U.S. Patent No. 276,626 |
| I. | U.S. Patent No. 286,956 |
| J. | Canadian Patent No. 1,236,216 |
| K. | Canadian Patent No. 1,189,973 |

4

LTA 001654

CONFIDENTIAL

## TECHNOLOGY LICENSE AGREEMENT

This Technology License Agreement (the **"Agreement"**), dated as of December 30, 2018 (the **"Effective Date"**), is entered into by and between RESEARCH TRIANGLE INNOVATIONS, LLC, a North Carolina limited liability company whose address is 108 Woodwinds Industrial Court, Cary NC 27519 and LANDMARK TECHNOLOGY A, LLC, a North Carolina limited liability company whose address is 22005 Bradford Green Square, Cary, NC 27519 ("Licensee"). Licensor and Licensee shall be singly referred to as a "Party" and collectively as "Parties".

For valuable consideration, the receipt of which is acknowledged and other consideration as set forth below, Licensor and Licensee agree as follows:

1.    Purpose of Agreement.  Licensor is the exclusive holder of rights to the Technology described in Exhibit A attached hereto (collectively, **"Technology"**). Licensee wishes to obtain from Licensor, and Licensor is willing to grant to Licensee, a perpetual exclusive license in and to the Technology to the broadest extent possible pursuant to the terms and conditions contained in this Agreement.

2.    Grant of License.

    (a)    Licensor hereby grants to Licensee, and Licensee accepts, a perpetual exclusive, worldwide royalty-free right and license in and to the Technology, for all purposes, including without limitation the development, manufacture, marketing, distribution, sale and other commercialization of products and services that incorporate the Technology (the **"Licensed Products"**), and the enforcement of the Technology through any and all means including without limitation: litigation, arbitration, mediation or commercial transactions. Without limiting the foregoing, Licensee shall have the right to contract with third parties with regard to any aspect of the Technology or Licensed Products, to grant sublicenses for all or any portion of Licensee's right and license in the Technology, and to institute or defend against litigation involving the Technology subject to the limitations contained herein.  To the extent there is any doubt as to the scope of the foregoing license, such doubt shall be resolved in favor of Licensee.

    (b)    Notwithstanding anything to the contrary herein, the grant to Licensee of the exclusive right and license under the Technology herein shall be exclusive to Licensee, even as to Licensor, with respect to any and all persons or entities and Licensee shall have the sole and exclusive right with respect to the Technology to communicate, negotiate and enter into binding agreements with respect to any and all matters relating to the Technology, including without limitation any and all infringement claims, direct and indirect offers for licensing of the Technology and any sales of products and services, in whole or in part, covered by the Technology.

    (c)    The license granted herein shall include the sole and exclusive right to take legal action and recover damages, profits and any other form of legal or equitable relief from third parties on account of acts of infringement and/or misappropriation of, or unfair competition with respect to, the Technology, including without limitation, past acts of infringement and misappropriation.

1

LTA 001655

CONFIDENTIAL

(d)      During the term of this Agreement, Licensor shall not assign, license, grant covenants not to sue, transfer or otherwise convey to any other person or entity any of his rights, title, claims, interest or privileges with respect to the Technology, and Licensor shall not authorize, create or cause to be created any lien or encumbrance on any Technology.

(e)      During the term of this Agreement, Licensee may assign, transfer or otherwise convey to any other person or entity any of its rights, title, claims, interests or privileges with respect to this Agreement.  Further, in the event of Licensee's bankruptcy or insolvency, Licensee's rights, title, claims, interests or privileges with respect to this Agreement shall revert immediately to Licensor.

3.      Confidentiality. The parties acknowledge that this Agreement will require each party to disclose its confidential and proprietary information and trade secrets (**"Confidential Information"**) to the other party. Each party shall regard and preserve the other party's Confidential Information as secret and confidential. Except as expressly provided herein, neither party shall use, publish or disclose the other party's Confidential Information without the prior written consent of the other party. Each party shall use the same level of care to prevent the disclosure of the other party's Confidential Information that it uses in protecting its own Confidential Information, and shall in any event take all reasonable precautions to prevent the disclosure of Confidential Information to any third party. Notwithstanding the foregoing, Licensee may disclose Confidential Information if necessary pursuant to a protective order in any litigation involving the Technology or in any negotiation for an agreement regarding the Technology, provided the receiving party agrees to maintain the disclosed information secret and confidential.

4.      Patent Costs. Licensee shall pay all costs incurred as of the date hereof which are incident to the maintenance of the patents identified on Exhibit A hereto (the **"Existing Patents"**). In addition, Licensor shall promptly file patent applications related to the Technology and Improvements as requested by Licensee and at Licensee's cost as approved in advance by Licensee. Licensor shall be named as the inventor and patent applicant on any such patent applications, shall keep Licensee informed as to the progress of any such patent applications and shall promptly respond to Licensee inquiries. The Parties shall cooperate with each other in the prosecution of such patent applications and the maintenance of any resulting patents. Licensee shall have the right to amend Exhibit A hereto as patent applications are filed and patents are issued related to the Technology or the Improvements, to include such patent applications and patents therein. Licensee shall have the right to select appropriate patent counsel to handle the patent application filings and patent maintenance.

5.      Representations and Warranties.

(a)      By Licensee. Licensee hereby represents and warrants that (i) Licensee has full power and authority to enter into this Agreement, and (ii) this Agreement is a valid and binding agreement of Licensee enforceable against it in accordance with its terms.

(b)      By Licensor. Licensor represents and warrants to Licensee that (i) he owns and possesses the entire right, title and interest in, to and under the Technology, free and clear of any and all liens, security interests or other encumbrances, (ii) he has not entered into

2

LTA 001656

CONFIDENTIAL

any agreement, either written or oral, which would prohibit, prevent or restrict Licensor from granting Licensee the rights licensed in this Agreement or which would otherwise interfere with or dilute Licensee's exclusive rights as licensee hereunder, (iii) to the best of his knowledge, he is not aware of any prior art or other information that would render the patents included in the Technology invalid or unenforceable, (iv) Licensor has full power and authority to enter into this Agreement, and (v) this Agreement is a valid and binding agreement of Licensor enforceable against him in accordance with its terms.

    6.    <u>Infringement.</u>

    (a)    <u>Third Party Infringement.</u> In the event that either party learns of facts during the term of this Agreement which such party believes may constitute an infringement of any claims covered by any patents or patent applications included in the Technology, or an appropriation, infringement, or use of any of the Technology by any third party, then such party shall promptly notify the other party in writing, setting forth the facts, the basis for such party's belief, and any other reasonably available evidence in support thereof.

    (b)    <u>Procedure.</u> Licensee shall have the right, but not the obligation, to take all appropriate action against the infringing party and Licensee shall pay all costs and expenses (including without limitation attorneys' fees and costs of investigation and experts) incurred in connection with such action.

    (c)    <u>Cooperation; Nominal Plaintiff.</u> In the event that any infringement action, suit or proceeding is brought hereunder by Licensee to enforce any rights in the Technology, Licensor shall cooperate fully with Licensee, including without limitation executing and delivering any appropriate documents and participating fully in any legal action as a named or joined party, nominal plaintiff, or otherwise, and taking all other actions reasonably requested by Licensee. If requested by Licensee, Licensor shall be represented in any such legal action by the same counsel as Licensee.

    7.    **Term and Termination**

    (a) With respect to the rights granted herein, this Agreement shall continue until the latter of March 7, 2023, or the date on which the last patent of the Technology expires.

    (b) Subsequent to the termination of this Agreement, as provided or in sub-Section 7(a) hereof, Licensee agrees that it will not engage in the use, sale, or other commercialization of the Technology and it will not sell the Licensed Products. Notwithstanding the foregoing, Licensee may, for up to ninety (90) days after the effective date of such termination, sell all Licensed Products which may be in inventory and not sold.

    (c) In the event that the Licensee becomes insolvent or files for bankruptcy protection, Licensor may, upon ten (10) days written notice, terminate this Agreement. Under no circumstances may this Agreement become an asset of a bankruptcy estate.

    (d) Upon termination of this Agreement, nothing herein shall be construed to release either party of any obligation which matured prior to the effective date of such termination or which may continue beyond such termination.

LTA 001657

CONFIDENTIAL

8. <u>Indemnification.</u>

      (a)    <u>By Licensor.</u> Licensor shall indemnify, defend, save and hold harmless Licensee, its affiliates, and each of their respective successors and assigns, from and against any and all Damages (as hereinafter defined in Section 8(c) hereof), incurred in connection with or arising out of or resulting from a breach by the Licensor of his warranties, representations and obligations contained in this Agreement.

      (b)    <u>By Licensee.</u> Licensee shall indemnify, defend, save and hold harmless Licensor and his respective heirs from and against any and all Damages (as hereinafter defined in Section 8(c) hereof), incurred in connection with or arising out of or resulting from (a) a breach by Licensee of its warranties, representations and obligations contained in this Agreement; or (b) product liability arising from the manufacture, distribution, marketing, or sale of the Licensed Products.

      (c)    <u>Claim Procedures.</u> If a claim for Damages is to be made by a party entitled to indemnification hereunder against the indemnifying party, the party entitled to such indemnification shall give written notice (the **"Claim Notice"**) to the indemnifying party as soon as practicable after the party entitled to indemnification becomes aware of any fact, condition or event which may give rise to Damages for which indemnification may be sought under this Section 8. The Claim Notice shall set forth, with reasonable specificity, the facts, conditions or events that may give rise to Damages for which indemnification may be sought under this Section 8. If any lawsuit or enforcement action is filed against any party entitled to the benefit of indemnity hereunder, written notice thereof shall be given to the indemnifying party as promptly as practicable (and in any event within fifteen (15) days after the service of the citation or summons); provided, that the failure of any indemnified party to give timely notice shall not affect rights to indemnification hereunder, except to the extent that the indemnifying party demonstrates actual damage caused by such failure. After such notice, if the indemnifying party shall acknowledge in writing to the indemnified party that the indemnifying party shall be obligated under the terms of its indemnity hereunder in connection with such lawsuit or action, then the indemnifying party shall be entitled, if it so elects, to take control of the defense and investigation of such lawsuit or action and to employ and engage attorneys of its own choice to handle and defend the same, at the indemnifying party's cost, risk and expense, provided that the indemnifying party and its counsel shall proceed with reasonable diligence and in good faith with respect thereto. The indemnified party shall cooperate in all reasonable aspects with the indemnifying party and such attorneys in the investigation, trial and defense of such lawsuit or action and any appeal arising therefrom; provided, however, that the indemnified party may, at its own cost, participate in the investigation, trial and defense of such lawsuit or action and any appeal arising therefrom.

      (d)    <u>Damages.</u> "Damages" shall include injunctive and specific performance relief, and all costs, losses (including, without limitation, diminution in value), liabilities, damages, lawsuits, deficiencies, claims and expenses (whether or not arising out of third-party claims), including, without limitation, interest, penalties, reasonable attorneys' fees and all amounts paid in investigation, defense or settlement of any of the foregoing. Damages is not limited to matters asserted by third parties against the party requesting indemnification, but

4

includes Damages incurred or sustained by the party requesting indemnification in the absence of third party claims.

(e)    <u>Exclusive Remedy.</u> The parties acknowledge and agree that the indemnification provisions contained in this Section 8 shall be the sole and exclusive remedies of the parties arising out of any breach of the respective representations, warranties or obligations of the parties contained in this Agreement.

9.    <u>Miscellaneous.</u>

(a)    <u>Applicable Law.</u> This Agreement shall, in all respects, be governed by the laws of the State of North Carolina applicable to agreements executed and to be wholly performed within North Carolina. The parties hereto hereby consent to the exclusive jurisdiction of the state and/or federal courts located in the City of Raleigh, North Carolina for any action, claim, suit or other proceeding arising out of or connected with this Agreement, and each of the parties hereto further irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum. The parties hereto further consent to acceptance of service of process by mail via registered or certified mail, addressed to the party to be served at the addresses set forth in the initial paragraph of this Agreement or such other address as either party may designate in writing to the other party. Any such delivery or mail service shall be deemed to have the same force and effect as personal service within the North Carolina.

(b)    <u>Notices.</u> Any notice or other communication required or which may be given hereunder shall be in writing and shall be delivered personally, or sent by facsimile (provided that confirmation of receipt is obtained), or sent by a prepaid international "overnight" courier service (such as FedEx, DHL and UPS), and shall be deemed given and received when so delivered, or sent by facsimile, or if sent by courier service, on the date on which delivery was recorded in such service's package tracking system, to the party to whom notice is to be given at the address set forth in the first paragraph of this Agreement, or to such other address as to which notice is so given.

(c)    <u>Severability.</u> Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance or regulation, the latter shall prevail; but the provision of this Agreement which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.

(d)    <u>Further Assurances.</u> Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder to carry out the intent of the parties hereto.

(e)    <u>Modifications or Amendments.</u> No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the parties hereto.

5

LTA 001659

CONFIDENTIAL

(f)    <u>Successors and Assigns.</u> All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the parties hereto and their respective heirs, legal representatives, successors and assigns.

(g)    <u>Entire Agreement.</u> This Agreement constitutes the entire understanding and agreement of the parties with respect to its subject matter and any and all prior agreements, understandings or representations with respect to its subject matter are hereby terminated and canceled in their entirety and are of no further force or effect.

(h)    <u>Non-Waiver.</u> No waiver by any party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

(i)    <u>Counterparts.</u> This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The execution and delivery of counterparts of this Agreement, by facsimile or by original manual signature, regardless of the means or any such variation in pagination or appearance shall be binding upon the parties executing this Agreement.

(j)    <u>Number and Gender.</u> In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

(k)    <u>Captions.</u> The captions appearing at the commencement of the sections hereof are descriptive only and for convenience in reference. Should there be any conflict between any such caption and the section at the head of which it appears, the section and not such caption shall control and govern in the construction of this Agreement.

(l)    <u>Exhibit.</u> Exhibit A attached hereto is hereby incorporated by reference.

///

///

///

///

///

///

///

///

LTA 001660

CONFIDENTIAL

(m) <u>Further Assurances.</u>   Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder the carry out the intent of the parties hereto.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

LICENSOR:                                LICENSEE:

RESEARCH TRIANGLE INNOVATIONS, LLC        LANDMARK TECHNOLOGY A, LLC

By: _____              By: _____
Name: RAYMOND A. MERCADO                  Name: _RAYMOND A. MERCADO_
Title: MANAGING MEMBER                    Title: _Managing Member_

7

CONFIDENTIAL

**EXHIBIT A**

**Technology**

As used herein, the term "Technology" means all of Licensor's rights to technology and information, whether patentable or unpatentable, copyrightable or not copyrightable, relating in any way and in the broadest way to the subject matter of the following patents and including without limitation the following patents and all patent applications related thereto, all continuation, continuation in part and divisional applications related thereto, all resulting patents, reexaminations and reissues thereof, and all foreign counterparts thereof, and all of Licensor's improvements, modifications, enhancements and refinements to the technology and information described in the foregoing patents, whether known now or in the future:

A.  U.S. Patent No. 7,010,508 Bl
B.  U.S. Patent No. 6,289,319 Cl
C.  U.S. Patent No. 5,576,951 Cl
D.  U.S. Patent No. Bl Re 32,115
E.  U.S. Patent No. 5,309,355
F.  U.S. Patent No. 4,567,359
G.  U.S. Patent No. 4,359,631
H.  U.S. Patent No. 276,626
I.  U.S. Patent No. 286,956
J.  Canadian Patent No. 1,236,216
K.  Canadian Patent No. 1,189,973

LTA 001662

# EXHIBIT 9



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue • Suite 2000• MS TB 14 • Seattle WA  98104-3188
(206) 464-7744

October 27, 2023

**SENT VIA EMAIL**

Justin P. Walsh
Nicole Rash
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com

RE:     ***State of Washington v. Landmark Technology A, LLC & Raymond Mercado***

Dear Justin and Nicole:

Thank you again for your August 16, 2023 letter and the October 23, 2023 call. We understand that in raising the possibility of a potential resolution of this case Defendants are not conceding unenforceability of the '508 patent or any defenses to the State's claims.

As we discussed on October 23, 2023, we do not have authority to discuss settlement terms at this time. To request settlement authority, we need to receive documents and information requested in our March 20, 2023 discovery requests to Landmark Technology A, LLC (LTA). We note that in several instances LTA objected to these requests based on the pendency of the entry of a protective order; we trust LTA will now produce responsive documents as soon as practicable given entry of the stipulated protective order.

1.  **Financials**

Please produce the following information:

- LTA's total revenue and total profits from 2019, 2020, 2021, 2022, and to date, not limited to Washington, Interrogatory (ROG) No. 1; and

ATTORNEY GENERAL OF WASHINGTON

October 27, 2023
Page 2

- LTA balance sheets, however named, from January 1, 2019 to the present, Request for Production (RFP) 12.

## 2. All Communications and Demands Related to Washington Entities

To obtain settlement authority, we also need to receive current and complete information regarding the Washington entities LTA contacted regarding the '508 patent. The State is not waiving any right to obtain documents related to LTA's national patent assertion activities. *See* Order Denying Mot. to Dismiss, Dkt. No. 35, at 2 ("Over a recent 18-month period, Landmark issued 1,892 patent assertion demand letters to 1,176 different companies in 48 states."). That said, ***we will agree, for the time being, to limit the following requests for production of documents and information relevant to Washington entities***:

- All demands sent from January 1, 2019 to present (RFP No. 1);
- All communications to any Target, to the extent not already produced (RFP No. 2)[1];
- All documents relating to any Target that received a demand, to the extent not already produced (RFP No. 3); and
- All agreements, however named, between LTA and any Target entered into on or after January 1, 2019 (RFP No. 7).

We also ask that LTA supplement its responses to these requests to include documents generated or discovered since its last production. The State reserves the right to seek more fulsome responses to such discovery, including without limitation any responsive documents related to LTA's activity outside of Washington.

## 3. Assignment of the '508 Patent Rights and Related Documents

LTA also withheld production of documents responsive to RFP No. 8, which sought documents "relating to LTA's rights to enforce the '508 patent and/or to recover[] for infringement of the '508 patent, including but not limited to any assignments related to the '508 patent" (RFP No. 8). Please produce responsive documents.

## 4. Forthcoming Requests to Raymond Mercado

We also sought copies of LTA's federal, state, and local tax returns. *See* RFP 10. LTA responded that because it is a "pass-through entity[…LTA] is not taxed as an S-Corp." As stated in our October 25, 2023 email, we are therefore propounding the attached limited discovery on Mr. Mercado seeking relevant financial information and documents.

---

[1] Defendants' response stated that the "answer will be supplemented." RFP Response No. 2.

ATTORNEY GENERAL OF WASHINGTON

October 27, 2023
Page 3

## 5. Production Standards

As discussed during our October 23, 2023 call, the information and documents sought in this correspondence are responsive to existing discovery requests. We consider information and documents responsive to those requests to be discovery not subject to ER 408. To the extent your clients produce information or documents that you do not consider responsive to an existing Interrogatory or Request for Production in this case, please specifically denote such documents so that we may follow up as needed.

Sincerely,

*s/ Aaron J. Fickes*
AARON J. FICKES
HEIDI C. ANDERSON
BEN J. BRYSACZ
MICHAEL HALL
BOB HYDE
Assistant Attorneys General
Attorneys for the State of Washington
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4176
aaron.fickes@atg.wa.gov
robert.hyde@atg.wa.gov
ben.brysacz@atg.wa.gov
heidi.anderson@atg.wa.gov
michael.hall@atg.wa.gov



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA  98104-3188
(206) 464-7744

February 12, 2024

**SENT VIA EMAIL**

Justin P. Walsh
Counsel for Landmark Technology A, LLC and Raymond Mercado
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com

**RE**: *State of Washington v. Landmark Technology A, LLC, et al.*
**Defendants' Discovery Responses**

Dear Justin,

We write in response to Raymond Mercado's discovery responses and Landmark Technology A, LLC's (LTA's) supplemental responses, as well as to follow up on our October 27, 2023 letter.

The categories of information and records we requested from LTA included LTA's total revenue and total profits from 2019 to date, not limited to Washington, as well as tax returns, profit and loss statements, and balance sheets, among others. From Mercado, we sought information about his assets deriving from the '508 patent and documents reflecting the same.

We understand from Defendants' responses that some of the requested records do not yet exist (tax returns) or apparently never will (profit and loss statements and balance sheets). Instead of filling these gaps with other requested information and records, Defendants object to providing substantive responses before judgment, other than citing to LTA 001642.

Defendants' objections are misplaced. The monetary remedies the State seeks in this action are restitution, civil penalties, and attorneys' fees and costs. These remedies are complementary components that, together, address unfair and deceptive practices. As such, federal courts recognize that governmental entities are entitled to broad pre-judgment discovery regarding Defendants' finances. *See, e.g.*, *SEC v. Richman, et al.*, 2021 WL 4951484 at *1 (N.D. Cal., Oct. 25, 2021) (denying motion to quash three subpoenas seeking personal bank and investment information because the subpoenas were relevant to the SEC's claims for relief, including

ATTORNEY GENERAL OF WASHINGTON

February 12, 2024
Page 2

disgorgement and civil penalties); *Arthur v. SEC*, 2020 WL 4498468 at *3 (D. Nevada, May 20, 2020) (subpoena seeking personal bank records was proper because "the records are relevant to its investigation beyond damages, including in its attempts to identify [p]etitioner's involvement in the alleged scheme, to identify others involved in the alleged scheme, and to 'follow the money' to get a more complete factual picture"). The cases Mercado references in the string citation of objections to Interrogatory No. 1 and Request for Production No. 1 are irrelevant because they do not involve a government enforcement action.

LTA 001642 does nothing to resolve the shortcomings in Defendants' responses. It is a single-page, generic document that lacks any context and which purports to show LTA's assets from over two years ago. Simply put, we give that document no weight as a reflection of Defendants' current financial condition.

As we stated in our October 27, 2023 letter, "we do not have authority to discuss settlement…." Defendants' responses do nothing to change that, and indeed are counterproductive to our even seeking authority to settle this case. If Defendants are serious about wishing to explore settlement options, they need to produce the financial documents that the State requested and to which it is entitled.

Sincerely,

 s/ Aaron J. Fickes
AARON J. FICKES
BOB HYDE
BEN J. BRYSACZ
HEIDI C. ANDERSON
MICHAEL HALL
Assistant Attorneys General
Attorneys for the State of Washington
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4176
aaron.fickes@atg.wa.gov
robert.hyde@atg.wa.gov
ben.brysacz@atg.wa.gov
heidi.anderson@atg.wa.gov
michael.hall@atg.wa.gov

# gleam law

| | |
|---|---|
| 605 1st Avenue | Los Angeles |
| Suite 330 | New Jersey |
| Seattle, WA 98104 | New York |
| (206) 693-2900 | San Francisco |
| (206) 319-4596 (f) | Seattle |
| www.gleamlaw.com | justin@gleamlaw.com |

March 28, 2024

**<u>VIA EMAIL ONLY</u>**
Aaron Fickes
State of Washington
Office of the Attorney General
800 Fifth Avenue
Suite 2000
Seattle, WA 98104

      Re:    *State of Washington v. Landmark Technology A, LLC, et al.*
               Confirmation of Discovery Conference and Additional Matters

Dear Aaron:

Thank you for the conference today. On the video conference were you, Mr. Brysacz, and me.

The first topic discussed were cross motions for summary judgment. We agreed that once you had a better idea when your initial filing could happen, we would re-confer on a briefing schedule. Because the issues are unlikely to overlap, we anticipate reply briefs to both motions.

With regard to expert disclosures, we agreed to extend the deadline by 44 days. Your office will circulate the formal stipulation, though we agreed this could technically be done by email, but that your office preferred the formality.

With regard to deposition scheduling, I informed you I also wished to take the depositions of the alleged Washington targets. You anticipated Mr. Mercado, the 30(b)(6) of Landmark A, and Melody Camp would occur in North Carolina.[1] I believe you stated Mr. Bosch and Mr. Nunnally would be remote. As we do not yet have expert disclosures, we obviously cannot yet schedule the same.

You agreed to provide a potential matrix for deposition scheduling. For that purpose, please find a link to my Calendly, which has my availability listed in half day chunks:

https://calendly.com/justinpwalsh/5hours

---

[1] This is presuming Mr. Mercado is indeed the person most knowledgeable with regard to the 30(b)(6) categories.

Fickes, Aaron
March 28, 2024

You also agreed to provide a list of topics for the 30(b)(6) of Landmark Technology A, so that I could confirm, prior to the notice going out, that Mercado was indeed the representative (in order to assist with scheduling).

With regard to discovery, we addressed these matters in the order in your letter, in Section 4.

With regard to revenue and profits (Interrogatory No. 1 to Landmark Technology A), I informed you we would be supplementing with the profit information derived from the Washington entities, as you had all revenue information. However, the revenue from non-Washington entities was not germane to any liability or damages issues in this case and pertained solely to collections issues, at best (if at all). You stated we were at an impasse at this issue.

If you have any additional case law outside of the SEC case you provided previously, we are happy to consider it.

With regard to Interrogatory No. 9 to Landmark Technology A, we will supplement with information outside of Washington.

With regard to Request for Production No. 1 to Landmark Technology A, I informed you there was nothing to supplement. If you believe there was anything not provided, please let me know, but my understanding from the call is that you were seeking any additional demands that may have been send after filing of the suit.

With regard to Request for Production No. 2 (communications to a "Target"), we agreed to supplement the same.

With regard to Communications from Landmark Technology, I informed you that only some of those items are in Landmark Technology A's custody or control, and that we would supplement with the non-Washington letters that were passed to Landmark Technology A pursuant to the licensing of the rights, similar to the Washington letters already produced.

With regard to documents related to any target that received a demand (Request for Production No. 3 to Landmark), we will review and supplement, but do not anticipate anything beyond the supplement to Request for Production No. 2. You also requested, in the next bullet, that this include agreements between Landmark A and any "Target". I informed you to that bullet I would need to confer with my client. After conferring with my client, we will produce the same, to the extent any licensing amount is redacted. As explained above, the amount of a license outside the state of Washington is not relevant or potentially relevant to any liability or damages issue in this case.

With regard to communications (RFP 18), we will review and supplement this response.

With regard to the Interrogatories and Requests for Production to Mr. Mercado, we will supplement Interrogatory No. 1. However, consistent with our response above, we do not feel it is appropriate to supplement Request for Production No. 1, as it has nothing to do with liability or damages in this case to the extent not already produced in Request for Production No. 1 to Landmark.

Fickes, Aaron
March 28, 2024

In addition, I had sent, at 3:18 PM, a letter of discovery deficiencies identified in the State's responses. However, by the noon call neither You or Mr. Brysacz had an opportunity to review and discuss. As such, we tabled that conversation to the 4th at 3:00.

Though we did not discuss a timeline for supplementation, I believe I can get those to you in two weeks, but would appreciate three.

If this letter did not capture our conference, please do let me know as soon as practicable, so we may resolve any discrepancies.

Sincerely,
GLEAM LAW, PLLC

Justin P. Walsh

JPW



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA  98104-3188
(206) 464-7744

March 29, 2024

**SENT VIA EMAIL**

Justin P. Walsh
Counsel for Landmark Technology A, LLC and Raymond Mercado
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com

**RE**: ***State of Washington v. Landmark Technology A, LLC, et al.***
**Conferral of March 28, 2024**

Dear Justin,

Thank you again for your time yesterday. We have received and reviewed your March 28, 2024 letter regarding our conferral of the same day and are responding to provide additional context and address additional issues/questions raised in your letter.

We began the call by discussing your March 27, 2024 letter, which we received at 3:18 PM. I responded to you at 3:22 PM, confirming receipt but stating that I was preparing for calls the following morning, and that I would attempt to review your letter before our call the following day at noon. My schedule did not allow me to do so, and so we agreed to discuss the issues you raise in that letter at 3:00 PM on April 4, 2024.

Turning to the four topics listed in the State's March 22, 2024 letter, which we discussed in turn:

1. **Motion(s) for Summary Judgment**

We stated that we will be filing a motion for partial summary judgment but do not have a current filing date. We understand that Defendants will be filing a motion for summary judgment. Pursuant to Western District of Washington Local Civil Rule 7(k), we discussed whether it would be appropriate to forego reply briefs, but decided it would not be in this instance. We also agreed to coordinate on the timing of filing and a briefing schedule if the latter is appropriate/needed.

ATTORNEY GENERAL OF WASHINGTON

March 29, 2024
Page 2

**2.  Expert Disclosures**

You agreed to the 44-day extension for expert disclosures and the 14-day extension for rebuttal reports, if needed, that we proposed in our March 22, 2024 letter. We will prepare a short stipulation for your review and signature.

**3.  Depositions**

Our letter set forth the depositions we anticipate taking. You asked me what depositions we think we may take in person or remotely. While I had no intention of making a binding agreement on this, I shared that we would likely take in-person the depositions of Raymond Mercado, the Rule 30(b)(6) witness for Landmark Technology A, LLC, and perhaps Melody Camp, since she is located near Mercado and the probable 30(b)(6) witnesses (Mercado). For the 30(b)(6) depositions, we understand that the ultimate identity of the witness will depend in part on the topics we plan to address. We agreed to send letter outlining topics at a later date so you could confirm the identity of the deponent.

I stated that the depositions of Patrick Nunally and Greg Bosch could be remote, but did not did not commit to that. Indeed, whether those depositions will be remote will depend in part on on-going discovery.

We understand that Defendants anticipate taking 30(b)(6) depositions of the Washington entities contacted on behalf of LTA on the question of "damages," by which we understand you to mean payments to LTA and attorneys' fees regarding the same, that you expect those depositions to be fairly short, and that all will be local. Our understanding is that one of the Targets, Stoneway Electric Supply Co., is headquartered in Spokane, but we can discuss the location of that and the other Target depositions at a later date.

**4.  Discovery**

I started the topic of Defendants' discovery responses by stating that a common theme is that Defendants, at least of late, are attempting to limit discovery to their Washington activity. I also stated that a review of our complaint, opposition to Defendants motion to dismiss, and the Court's opinion and order denying the motion to dismiss make clear that Defendants' national activity is relevant.

We then determined to address the discovery items as set forth in the State's March 22, 2024 letter.

ATTORNEY GENERAL OF WASHINGTON

March 29, 2024
Page 3

As to LTA:

- LTA revenue (ROG No. 1): I understood that we were at an impasse as to revenue obtained outside of Washington.

  o I now see from your subsequent letter that you are asking for additional authorities outside of the cases we have already cited. As stated in our February 12, 2024 letter, the string citation of objections to ROG No. 1 and Request for Production No. 1 are irrelevant because they do not involve a government enforcement action. We provided you authorities involving a government enforcement action, where, for example, the agency's ability to recover disgorgement and civil penalties was relevant to the court ordering the production of personal bank and investment information. *See, e.g.*, *SEC v. Richman, et al.*, 2021 WL 4951484 at *1 (N.D. Cal., Oct. 25, 2021). Indeed, and not cited in our previous letter, federal courts have approved subpoenas seeking personal baking records of third parties not named in the underlying action. *See e.g., In re Suzuki*, 2014 WL 6908384 at *4 (D. Haw. Dec. 5, 2014) (third party subpoena seeking personal banking information was permissible as the information sought was "relevant to the claims, remedies, and resolution of the underlying action."). The State's rationale for seeking LTA's and Mercado's financials are much stronger here, because for among other reasons, both are named parties.

  o If it would be helpful, we can also provide examples where Washington Superior Courts have granted the State pre-judgment financial discovery under the Washington corollary to the Federal Rules. ***Otherwise, if you have additional authorities aside from those we already addressed in Mercado's objections to ROG No. 1 and RFP No. 1, please send us the citations and we will review.***

- Legal complaints not preceded by an LTA demand letter (ROG No. 9): We understand that LTA will supplement its response to include information from outside of Washington.

- LTA demand letters January 1, 2019 and later (RFP No. 1): We understand that are no documents to supplement.

- Communications to LTA Targets (RFP No. 2): You agreed to supplement.

- Landmark Technology, LLC Communications (RFP No. 4): You agreed to supplement to the extent within LTA's possession, custody, or control, and you would check with your client with respect to correspondence "inherited" from Landmark Technology, LLC.

ATTORNEY GENERAL OF WASHINGTON

March 29, 2024
Page 4

- All documents for any Target that received a demand (RFP No. 3): You agreed to supplement, if and as needed.

- All agreements entered into on or after January 1, 2019 (RFP No. 3): We understand that after conferring with your client, LTA is agreeable to producing responsive documents but only if the licensing amount is redacted.

  - ***We do not agree to LTA redacting the licensing amounts.*** There is a protective order in place, and such information is relevant beyond Defendants' finances and financial condition, including LTA's representations about historic licensing fees in LTA's demand letters.

- Communications regarding the '508 Patent (ROGS No. 3 and/or 5; RFP No. 18): You will supplement the response.

For Raymond Mercado:

- We are at an impasse as to ROG No. 1 and RFP No. 1.

As for the timeline for supplementation, we agree to your proposed three-week. Calculating from today, that would make any supplementations due on or before April 19, 2024.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

ATTORNEY GENERAL OF WASHINGTON

March 29, 2024
Page 5


Last, because the redaction of certain licensing amounts was raised for the first time in your letter, we ask that you be prepared to discuss that issue during our April 4, 2024 call, but we can reserve that issue until the end of the call.

Sincerely,

*s/ Aaron J. Fickes*
AARON J. FICKES
BOB HYDE
BEN J. BRYSACZ
HEIDI C. ANDERSON
MICHAEL HALL
Assistant Attorneys General
Attorneys for the State of Washington
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4176
aaron.fickes@atg.wa.gov
robert.hyde@atg.wa.gov
ben.brysacz@atg.wa.gov
heidi.anderson@atg.wa.gov
michael.hall@atg.wa.gov



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue ● Suite 2000 ● MS TB 14 ● Seattle WA  98104-3188
(206) 464-7744

March 22, 2024

**SENT VIA EMAIL**

Justin P. Walsh
Nicole Rash
Counsel for Landmark Technology A, LLC and Raymond Mercado
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com
nicole@gleamlaw.com

**RE**: *State of Washington v. Landmark Technology A, LLC, et al.*

Dear Justin and Nicole,

We would like to schedule a call to discuss the items listed below. Are you available on the afternoon of <u>Thursday March 28, 2024</u> or the morning of <u>Friday March 29, 2024</u>?

## 1.   Motion(s) for Summary Judgment

We understand from your February 19, 2024 voicemail that Defendants are contemplating filing a motion for summary judgment on the issue of objective baselessness. We are preparing a motion for partial summary judgment regarding the legal standard of proof that applies in this case. Pursuant to LCR 7(k), we should discuss the timing of filing and a briefing schedule so, if appropriate, the motions can be noted for the same date.

## 2.   Expert Disclosures

Expert disclosures are currently due on April 17, 2024, with any Rule 26(a)(2)(d)(iii) rebuttals due on May 17, 2024. In the amended case schedule, we built in additional time for expert discovery beyond what is required under the rules. Rule 26(a)(2) contemplates that expert disclosures be exchanged within 90 days of trial. The current case schedule provides for 187 days between the disclosures and the October 21, 2024 trial. We propose stipulating to extend the expert disclosure deadline by 44 days, making them due on or before May 31, 2024. If

ATTORNEY GENERAL OF WASHINGTON

March 22, 2024
Page 2

rebuttal reports are needed, the deadline for those can be extended by 14 days, making them due on or before June 14, 2024.

### 3. Deposition Scheduling

We anticipate deposing witnesses listed in Defendants' disclosures and identified in discovery, as well as certain others. Those include, but are not limited to the following:

- Raymond Mercado,
- Patrick Nunally,
- Greg Bosch,
- Melody Camp,
- Rule 30(b)(6) witness for Landmark Technology A, LLC ("Landmark A"), and
- Any experts identified by Defendants.

We will work with you on scheduling, especially considering the number of out-of-state deponents. For that same reason, please tell us which witnesses you can accept deposition notices for. We may notice these depositions soon as a placeholder, but will do so with the intention of finding agreeable times for conducting them.

### 4. Discovery

Overlapping with the first three items is the current status of document/written discovery. We understand from previous communications that we may be at an impasse on certain topics and categories of documents, but we suggest conferring further in case agreement can be reached. Our records reflect the following outstanding items as to Landmark A:

- Landmark A's total revenue and total profits from 2019 to date, not limited to Washington, Interrogatory (ROG) No. 1;
- Legal complaints/process for which Landmark A or its agents did not first send a demand, not limited to Washington, ROG No. 9;
- All demands sent from January 1, 2019 to present, not limited to Washington, Request for Production (RFP) No. 1;
- All communications to any Target by Landmark A, to the extent not already produced, not limited to Washington, RFP No. 2;
- All communications in Defendants' possession, custody, or control to any Target sent by Landmark Technology, LLC, from January 1, 2012 to date, that referenced the '508

ATTORNEY GENERAL OF WASHINGTON

March 22, 2024
Page 3

Patent, or any other patent that Defendants currently have any right, title, or interest in, not limited to Washington, RFP No. 4; [1]

- All documents relating to any Target that received a demand, to the extent not already produced, not limited to Washington, RFP No. 3;
- All agreements, however named, between Landmark A and any Target entered into on or after January 1, 2019, not limited to Washington, RFP No. 3; and
- All communications regarding the '508 Patent and any Person identified in response to ROG Nos. 3 and/or 5, RFP No. 18.

For Raymond Mercado, we have not received complete responses on the following:

- Identity of financial accounts, real estate investments, or other stores of value, which contain assets directed directly or indirectly from licensing/settlement agreements for the '508 patent, not limited to Washington activity, ROG No. 1; and
- Documents reflecting income from licensing/settlement agreements for the '508 Patent, not limited to Washington, RFP No. 1.

Please let us know your availability on the afternoon of Thursday March 28, 2024 or the morning of Friday March 29, 2024, and we will send a meeting invitation. If you are not available, please provide alternate days and times.

---

[1] Based on what has been produced to date, including documents produced in response to Civil Investigative Demands, it appears that documents responsive to RFP Nos. 2 and 4 are missing. If it is Defendants' position that such documents are not in their possession, custody, or control because they were sent by Baine & Ishimoto LLP on behalf of Landmark Technology, LLC, we would like to discuss whether Defendants will request that Baine & Ishimoto LLP make those documents available to Defendants for production, since Baine & Ishimoto LLP sent follow-up correspondences to Targets on behalf of Defendants.

ATTORNEY GENERAL OF WASHINGTON

March 22, 2024
Page 4


Sincerely,


*s/ Aaron J. Fickes*
AARON J. FICKES
BOB HYDE
BEN J. BRYSACZ
HEIDI C. ANDERSON
MICHAEL HALL
Assistant Attorneys General
Attorneys for the State of Washington
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4176

aaron.fickes@atg.wa.gov
robert.hyde@atg.wa.gov
ben.brysacz@atg.wa.gov
heidi.anderson@atg.wa.gov
michael.hall@atg.wa.gov



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA  98104-3188
(206) 464-7744

February 23, 2024

**SENT VIA EMAIL**

Justin P. Walsh
Counsel for Landmark Technology A, LLC and Raymond Mercado
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com

**RE**: *State of Washington v. Landmark Technology A, LLC, et al.*
**Status of Local Patent Rule Requirements**

Dear Justin,

Defendants asked us what information we need to seek settlement authority. We provided those categories of information, with several limitations. Defendants have shown they are not willing to provide that information. That seems to be the end of the matter for ER 408 purposes.

Defendants have implied several times that the State should consider their ability to pay in valuing this case. And Defendants in their February 19, 2024, letter focus on gross payments to Washington entities, which is relevant to restitution, in asserting that we should need nothing else. Not so. As we stated in our February 12, 2024 letter, and as the State's Complaint makes clear, the State is also seeking penalties and attorneys' fees. Simply put, we cannot credit any ability-to-pay arguments when Defendants are refusing to provide documentary support for those arguments.

In sum, in light of Defendants' refusal to provide the requested information, continued ER 408 settlement discussions seem counter-productive at this time, so we will continue to move forward with litigation.

ATTORNEY GENERAL OF WASHINGTON

February 23, 2024
Page 2


Sincerely,

*s/ Aaron J. Fickes*
AARON J. FICKES
BOB HYDE
BEN J. BRYSACZ
HEIDI C. ANDERSON
MICHAEL HALL
Assistant Attorneys General
Attorneys for the State of Washington
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4176
aaron.fickes@atg.wa.gov
robert.hyde@atg.wa.gov
ben.brysacz@atg.wa.gov
heidi.anderson@atg.wa.gov
michael.hall@atg.wa.gov



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA  98104-3188
(206) 464-7744

June 27, 2024

**SENT VIA E-MAIL**

Justin P. Walsh
Counsel for Landmark Technology A, LLC and Raymond Mercado
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com

RE:     *State of Washington v. Landmark Technology A, LLC, et al.*
        **Defendants' Incomplete Production of Responsive Communications Related to
        Melody Camp, Patrick Nunally, and Raymond Mercado, and documents of
        Landmark Technology, LLC**

Counsel,

I write to follow up on Defendants' failure to produce documents related to Melody Camp,
Patrick Nunally, Raymond Mercado, and Landmark Technology, LLC and to request a meet and
confer tomorrow, June 28th, 2024 at 10 a.m.

You will recall that the State's Interrogatory No. 5 to LTA asked for identification of every
person involved in LTA's process for identifying companies that are potentially infringing on the
'508 Patent. LTA's response identified Ms. Camp, Mr. Nunally, and Mr. Mercado.[1] The State's
accompanying RFP No. 17 instructed LTA to produce "any and all Communications regarding
the '508 Patent and any Person identified in response to Interrogatories Nos. 3 and/or 5." In
response, LTA objected that this request "calls for unrelated personal information between
Landmark's principal and his mother, regardless of whether related to the '508 Patent or not,

---

[1] As an initial matter, Defendants' document production on June 25, 2024 illustrates that their prior discovery
responses were incorrect. Documents indicate that Greg Bosch, who was not listed in response to Interrogatories No.
5 and 8, was also involved in identifying potentially infringing websites and performing infringement analysis.
Defendants must supplement and correct their prior responses to Interrogatories No. 5 & 8 and RFP No. 17, and
immediately produce all communications with Greg Bosch related to the '508 Patent.

ATTORNEY GENERAL OF WASHINGTON

Justin P. Walsh
June 27, 2024
Page 2

which is overly broad and unduly burdensome." You identified only Defendants' privilege log as responsive to the requests.

During our March 28, 2024 meet and confer, you agreed that RFP No. 17 only sought communications related to the patent, and agreed to supplement Defendants' responses. Prior to this week, however, none of Defendants' document productions contained any communications whatsoever with Melody Camp regarding the '508 Patent, despite identifying her as someone who was involved in identifying potential infringers. Earlier this week, on June 25th, Defendants served their first supplemental initial disclosures, including—for the first time—emails with Ms. Camp describing the "mail merge" she planned to run with respect to the '508 Patent. These documents are plainly relevant to the State's claims that Defendants engaged in bad faith patent enforcement, and there is no reason they should have been withheld until the close of discovery. Moreover, even this eleventh-hour production is facially incomplete and woefully inadequate, containing no more than 5 emails, some of which contain unexplained redactions. Yet the context of the emails indicates prior (and likely subsequent) communications related to these subjects, none of which have ever been produced by Defendants. There is no reason for this production of responsive emails to be limited to a handful of emails from 2018. The State further objects to Defendants' decision to produce these communications as PDFs without any associated metadata. Finally, none of the emails produced thus far show how Ms. Camp "would sometimes perform initial screening of websites, which were then provided to Dr. Nunally," as described in Defendants' response to Interrogatory No. 5.

Please produce all communications in Defendants' possession involving the '508 Patent and any of the individuals identified in response to Interrogatory No. 5 no later than July 5, 2024. If no other documents exist, please confirm by noon on Friday, June 28 that the only communications in Defendants' possession involving the '508 Patent and any of the individuals identified in response to Interrogatory No. 5 are (1) the specific documents identified on Defendants' privilege log and (2) the documents included in Defendants' supplemental initial disclosures. If that is not the case, and other responsive communications with Melody Camp, Patrick Nunally, or Raymond Mercado exist, produce them immediately.

Similarly, in your supplemental discovery responses, Defendants admit that Raymond Mercado owns 95% of Landmark Technology, LLC, and Defendants' documents reveal that Raymond Mercado signed multiple contracts and agreements as the Managing Member of that company. The 2018 emails discussed above demonstrate that Lawrence Lockwood, the previous Managing Member of that company and the initial holder of the '508 Patent, was involved in the "mail merge" planned for the '508 Patent (i.e., the bad faith licensing activities alleged in the State's complaint here). Despite these facts, Defendants boldly claim that the information and records of Landmark Technology, LLC is beyond Defendants' possession, custody, or control.

ATTORNEY GENERAL OF WASHINGTON

Justin P. Walsh
June 27, 2024
Page 3

Please be prepared to discuss these matters at the parties' meet and confer.

Sincerely,

*s/ Ben Brysacz*
AARON J. FICKES
BOB HYDE
BEN J. BRYSACZ
HEIDI C. ANDERSON
MICHAEL HALL
Assistant Attorneys General
Attorneys for the State of Washington
800 5th Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4176
aaron.fickes@atg.wa.gov
robert.hyde@atg.wa.gov
ben.brysacz@atg.wa.gov
heidi.anderson@atg.wa.gov
michael.hall@atg.wa.gov

BB/LO

# EXHIBIT 10



**Justin Walsh - he him Mr <justin@gleamlaw.com>**

---

# State of Washington v. Landmark Technology A, LLC, et al. - Depositions

---

**Raven, Elliot (ATG)** <elliot.raven@atg.wa.gov>         Thu, May 30, 2024 at 1:58 PM
To: Justin Walsh <justin@gleamlaw.com>, Brittany Duplantis <bduplantis@gleamlaw.com>, Nicole Rash
<nicole@gleamlaw.com>, "Neil@gleamlaw.com" <Neil@gleamlaw.com>
Cc: "Brysacz, Ben (ATG)" <ben.brysacz@atg.wa.gov>, "Hall, Michael K. (ATG)" <michael.hall@atg.wa.gov>, "Hyde, Bob
(ATG)" <robert.hyde@atg.wa.gov>, "Aliiasov, Emin (ATG)" <Emin.Aliiasov@atg.wa.gov>, "Fickes, Aaron (ATG)"
<aaron.fickes@atg.wa.gov>, "Anderson, Heidi (ATG)" <heidi.anderson@atg.wa.gov>


Good afternoon,


Please find attached the following documents regarding depositions in the Landmark matter:

·   A cover letter with deponent names and details

·   A 30(b)(6) Deposition Notice for Landmark Technology A, LLC

·   FRCP45 Deposition Subpoenas for 6 individuals

·   A notice of subpoena for John A. Lee (document production requested).


If you encounter any issues opening the files, please let me know.


Sincerely,


<span style="color:#1155cc">**Elliot Raven**</span>

Legal Assistant, Consumer Protection

Seattle — Office of the Attorney General

(206) 254-4264

---

**9 attachments**


    **2024_05_30DepsCoverLetter.docx**
    27K


    **Ames_DepSubpoena.pdf**
    599K

    **Bosch_DepSubpoena.pdf**
    605K

    **Camp_DepSubpoena.pdf**
    599K

    **Landmark30b6DepNotice.pdf**
    155K

    **Mercado_DepSubpoena.pdf**
    1149K

**Nunally_DepSubpoena.pdf**
594K

**Lee_DepSubpoena.pdf**
702K

**LeeDepNotice.pdf**
150K



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA  98104-3188
(206) 464-7744

May 30, 2024

**SENT VIA ELECTRONIC MAIL**

Justin P. Walsh
Nicole Rash
Counsel for Landmark Technology A, LLC, and Raymond Mercado
Gleam Law PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com
nicole@gleamlaw.com

RE:    ***State of Washington v Landmark Technology A, LLC, et al.***

Dear Counsel:

Included with this letter are Fed. R. Civ. P. 45 deposition subpoenas for the following witnesses, on the following dates, and whether we seek to take the depositions remotely or in person.

| Witness | Date | Location |
|---|---|---|
| Patrick Ames | Thurs, June 13 | Remote |
| Melody Camp | Mon, June 17 | Remote |
| John Lee | Thurs, June 20 | Remote |
| Greg Bosch | Fri, June 21 | Remote |
| Patrick Nunally | Tues, June 25 | Remote |
| Raymond Mercado | Wed, June 26 | In Person |
| LTA 30(b)(6) | Thurs, June 27 | In Person |

**Patrick Ames** is listed as the Assistant Secretary to Landmark Technology, A, LLC (LTA) in the company's 2019-2022 annual reports. We have therefore directed service to you.

Because **Melody Camp** is Mr. Mercado's mother, and because **Patrick Nunally** and **Greg Bosch** are or were consultants for LT/LTA, please let us know if you can accept service on their behalves. If you do not respond by Tuesday, June 4, we will arrange for personal service.

With respect to **John Lee**, we understood from your May 3 email that Banie & Ishimoto communications responsive to Request for Production No. 2 would be produced on or around May 13. Since that has not happened, we are including a subpoena for those and related documents, and are thus providing you with notice before we attempt service. To arrange for service, we will contact Mr. Lee directly and will copy you on those communications.

Assuming that **Raymond Mercado** will be the **Fed. R. Civ. P. 30(b)(6)** witness for LTA, would he be willing to travel to Seattle for those depositions? If not, we will take those depositions in North Carolina. However, we think Mr. Mercado traveling to Seattle makes more sense (both financially and practically) than both sides' attorneys traveling to North Carolina.

Subpoenas will be forthcoming for any experts LTA designates on Friday, May 31. We understand that LTA will likely want to depose our testifying experts as well.

Last, we will work with you regarding the dates of these depositions. That said, these need to happen soon considering the June 28 discovery cut off and other case scheduling deadlines.

Best regards,

*/s/ Aaron J. Fickes*

AARON J. FICKES
Assistant Attorney General
Consumer Protection Division
206.287.4176

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❒  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 2:22-cv-01835-RSM |
| Plaintiff, | NOTICE OF VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION OF JOHN A. LEE |
| v. | |
| LANDMARK TECHNOLOGY A, LLC and RAYMOND MERCADO, individually, | |
| Defendants. | |

**TO:    JOHN A. LEE; and**

**TO:    ATTORNEYS FOR THE DEFENDANTS**

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the testimony of the witness named above will be taken upon oral examination at the request of Plaintiff State of Washington before a notary public as indicated below.

Date:           Thursday, June 20, 2024

Time:           9:00AM PST

Method:      Stenography and videography

Location:     800 5th Ave #2000 Seattle, WA 98104

1    The deposition shall be taken pursuant to Federal Rules of Civil Procedure and shall be

2  subject to continuance until completed.

3    DATED this 30th day of May, 2024.

4

5    ROBERT W. FERGUSON
    Attorney General

6

7    */s/ Robert Hyde*

8    AARON J. FICKES, WSBA #51584
    BEN J. BRYSACZ, WSBA #54683

9    HEIDI C. ANDERSON, WSBA #37603
    ROBERT HYDE, WSBA #33593

10    MICHAEL HALL, WSBA #19871
    Assistant Attorneys General

11    Attorneys for Plaintiff
    800 5th Avenue, Suite 2000

12    (206) 464-7744

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF DEPOSITION OF JOHN A.
LEE
(2:22-cv-01835-RSM) - 2

1

**CERTIFICATE OF SERVICE**

2

I certify that I caused a copy of the foregoing to be served on the following parties via

3

the following methods:

4

5          Justin P. Walsh                          ☐Legal Messenger
           Gleam Law, PLLC                          ☐First-Class Mail, Postage Prepaid
6          605 1st Avenue, Suite 330                ☐Certified Mail, Receipt Requested
           Seattle, WA 98104                        ☒Email
7          justin@gleamlaw.com                      ☐E-Service

8

9

10         John A. Lee                              ☐Legal Messenger
           Banie & Ishimoto LLP                     ☒First-Class Mail, Postage Prepaid
11         3705 Haven Avenue, #137                  ☐Certified Mail, Receipt Requested
           Menlo Park, CA 94025                     ☐Email
12         650-241-2771                             ☐E-Service

13

14         I certify, under penalty of perjury under the laws of the State of Washington, that the

15

foregoing is true and correct.

16

17

18         DATED this 30th day of May, 2024, at Seattle, Washington.

19

20                                         _/s/ Aaron J. Fickes_____
                                           AARON J. FICKES, WSBA #51584
21                                         Assistant Attorney General

22

23

24

25

26

NOTICE OF DEPOSITION OF JOHN A.
LEE
(2:22-cv-01835-RSM) - 3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____<br>*Plaintiff* | )<br>)<br>) |
| v. | ) |
| _____<br>*Defendant* | )<br>)<br>) |

Civil Action No. 

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DOCUMENTS REQUESTED**

1.      Copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Landmark Technology, LLC, relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

2.      If not already produced in response to the previous request, copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Lawrence Lockwood relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

3.      Copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Landmark Technology A, LLC, relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

4.      If not already produced in response to the previous request, copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Raymond Mercado relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

5.      Copies of all letters and emails sent to Banie & Ishimoto, LLP contesting a claim of infringement of U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319, or otherwise contesting the validity or enforceability of U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❑  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:


The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | )  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❑  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1
2
3
4
5
6

The Honorable Ricardo S. Martinez

7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

9    STATE OF WASHINGTON,

NO.  2:22-cv-01835-RSM

10                              Plaintiff,

NOTICE OF VIDEOTAPED
FED. R. CIV. P. 30(b)(6)
DEPOSITION OF
LANDMARK
TECHNOLOGY A, LLC

11        v.

12    LANDMARK TECHNOLOGY A, LLC and
RAYMOND MERCADO, individually,

13

14                              Defendants.

15    **TO:    Landmark Technology A, LLC and Counsel.**

16        PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

17
Procedure, Plaintiff State of Washington will take the deposition of Defendant Landmark

18
Technology A, LLC before a court reporter, notary public and videographer as indicated below:

19

20
Date:        Thursday, June 27, 2024

21
Time:        9:00AM PST

22
Method:      Stenography and videography

23
Location:    800 5th Ave #2000 Seattle, WA 98104

24

25

26

NOTICE OF FED. R. CIV. P. 30(B)(6)
DEPOSITION OF LANDMARK
TECHNOLOGY A, LLC - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1    The deposition shall be taken pursuant to Federal Rules of Civil Procedure and shall be

2    subject to continuance until completed. Pursuant to Federal Rule of Civil Procedure 30(b)(6),

3    Landmark Technology A, LLC shall designate one or more officers, directors or managing

4    agents, or other persons who consent to testify on their behalf, on the topics indicated below in

5    **Exhibit A**.

6    DATED this 30th day of May, 2024.

7

8    ROBERT W. FERGUSON
     Attorney General

9

10

     */s/ Robert Hyde*

11    AARON J. FICKES, WSBA #51584
      BEN J. BRYSACZ, WSBA #54683

12    HEIDI C. ANDERSON, WSBA #37603
      ROBERT HYDE, WSBA #33593

13    MICHAEL HALL, WSBA #19871
      Assistant Attorneys General

14    Attorneys for the State of Washington

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF FED. R. CIV. P. 30(B)(6)
DEPOSITION OF LANDMARK
TECHNOLOGY A, LLC - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## **EXHIBIT A**

### **DEFINITIONS**

1.    "LTA" means and refers to Defendant Landmark Technology A, LLC, including all parent, subsidiary, and affiliated entities, and all current and former owners, officers, directors, managers, employees, agents, representatives, attorneys, accountants, independent contractors, and any other persons or entities currently or formerly acting on its behalf or under its direction, authorization, or control.

2.    "The '508 Patent" means and refers to U.S. Patent Number 7,010,508.

### **TOPICS FOR DEPOSITION TESTIMONY**

1.    The ownership, management, assets, formation, and business operations of LTA.

2.    The relationship between LTA and Landmark Technology, LLC, including:

    a.    LTA's knowledge of Landmark Technology's historical operations and enforcement of the '508 Patent; and

    b.    The details of any financial transactions between LTA and Landmark Technology, LLC.

3.    The relationship between LTA and Lawrence Lockwood.

4.    The steps LTA took to adhere to the corporate formalities required to differentiate LTA from Raymond Mercado, individually.

5.    The details of LTA's ownership interest or other rights to enforce the '508 Patent, including:

    a.    The reasons behind LTA's acquisition of such rights or ownership;

    b.    From whom LTA's rights or ownership interest was obtained;

    c.    The date of any such transfer;

    d.    The negotiation of the terms of any such transfer; and

    e.    The terms of any such transfer.

NOTICE OF FED. R. CIV. P. 30(B)(6)
DEPOSITION OF LANDMARK
TECHNOLOGY A, LLC - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

6.    LTA's licensing and enforcement program for the '508 Patent, LTA's past attempts to license the patent, and its claims of infringement of the '508 Patent, including:

    a.    The steps LTA took in identifying potential infringers of the '508 Patent;

    b.    All investigations LTA undertook (or anyone undertook on LTA's behalf) regarding Washington companies prior to LTA notifying or bringing suit against alleged infringers;

    c.    All investigations LTA undertook (or anyone undertook on LTA's behalf) regarding non-Washington companies prior to LTA notifying or bringing suit against alleged infringers;

    d.    All letters LTA sent (or anyone sent on LTA's behalf) to any individual or entity regarding potential infringement of the '508 Patent;

    e.    LTA's assertion in its response to Interrogatory No. 11 that "The price for the non-exclusive license related to the '508 Patent, historically, was $95,000," including but not limited to the details of all license agreements related to the '508 Patent for the sum of $95,000 or above, and the details of all license agreements related to the '508 Patent for sums between $35,000 and $95,000;

    f.    The gross and net revenue generated by LTA's enforcement of the '508 Patent;

    g.    Any profit realized from LTA's enforcement of the '508 Patent;

    h.    The compensation paid by LTA to Patrick Nunally;

    i.    The compensation paid by LTA to Melody Camp;

    j.    The compensation paid by LTA to Greg Bosch;

NOTICE OF FED. R. CIV. P. 30(B)(6)
DEPOSITION OF LANDMARK
TECHNOLOGY A, LLC - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

k.     The compensation paid by LTA to Banie & Ishimoto LLP;

l.     The creation and use of claim chart(s) regarding the '508 Patent; and

m.     LTA's claimed damages caused from infringement of the '508 Patent.

7.     LTA's ability to pay civil penalties in this lawsuit, including:

a.     LTA's assets and liabilities; and

b.     The financial and other records maintained by LTA.

8.     Litigation brought by or against LTA relating to the '508 patent, including:

a.     All parties to such litigation;

b.     Negotiation of settlements of all such litigation; and

c.     Final outcomes of all such litigation.

NOTICE OF FED. R. CIV. P. 30(B)(6)
DEPOSITION OF LANDMARK
TECHNOLOGY A, LLC - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❏  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |  |
|---|---|---|
| CLERK OF COURT | | |
| | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

<div align="center">

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

</div>

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❒  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 11

10/31/24, 4:18 PM                Gmail - State of Washington v. Landmark Technology A, LLC, et al., 2:21-cv-00728-RSM (W.D. Wash.)

Case 2:21-cv-00728-RSM-TLF  Document 109  Filed 11/01/24  Page 179 of 192

                              **Justin Walsh - he him Mr <justin@gleamlaw.com>**

---

## State of Washington v. Landmark Technology A, LLC, et al., 2:21-cv-00728-RSM (W.D. Wash.)

1 message

---

**Hyde, Bob (ATG)** <robert.hyde@atg.wa.gov>                           Thu, Jun 6, 2024 at 12:50 PM
To: "JLEE@BANISHLAW.COM" <JLEE@banishlaw.com>
Cc: Justin Walsh - he him Mr <justin@gleamlaw.com>, Nicole Rash <nicole@gleamlaw.com>, "Neil@gleamlaw.com"
<Neil@gleamlaw.com>, Joe Hylkema <joe@gleamlaw.com>, "Aliiasov, Emin (ATG)" <Emin.Aliiasov@atg.wa.gov>,
"Anderson, Heidi (ATG)" <heidi.anderson@atg.wa.gov>, "Brysacz, Ben (ATG)" <ben.brysacz@atg.wa.gov>, "Fickes, Aaron
(ATG)" <aaron.fickes@atg.wa.gov>, "Hall, Michael K. (ATG)" <michael.hall@atg.wa.gov>, "Raven, Elliot (ATG)"
<elliot.raven@atg.wa.gov>

Mr. Lee,

Enclosed with this email is a subpoena *duces tecum* and notice of deposition in the case of *State of
Washington v. Landmark Technology A, LLC, et al.*, 2:21-cv-00728-RSM (W.D. Wash.). Counsel for
defendants (Justin Walsh) is copied on this email. We understand from Mr. Walsh that you have been
working on collecting some or all of the requested documents already.

I am writing to ask whether you would accept service of this subpoena via email. If not, I will arrange for
process service forthwith.

Although the deposition notice shows our office in Seattle, we intend to take this dep via Zoom or similar
platform. Additionally, we have some flexibility on the deposition date if it does not work for you, but please
note that our discovery deadline is June 28.

Please let me know by COB tomorrow (Friday June 7) if you can accept service by email.

Thanks,

**Bob Hyde**
Assistant Attorney General
Consumer Protection Division
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Office: (206) 233-3392
bob.hyde@atg.wa.gov

---

**2 attachments**

📄 **Lee_DepSubpoena.pdf**
702K

📄 **LeeDepNotice.pdf**
150K

1

2
The Honorable Ricardo S. Martinez

3

4

5

6

7
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9
STATE OF WASHINGTON,    NO.  2:22-cv-01835-RSM

10
        Plaintiff,    NOTICE OF VIDEOTAPED
    DEPOSITION UPON ORAL
11
    v.    EXAMINATION OF JOHN
    A. LEE

12
LANDMARK TECHNOLOGY A, LLC and
RAYMOND MERCADO, individually,

13

14
        Defendants.

15
**TO:    JOHN A. LEE; and**

16
**TO:    ATTORNEYS FOR THE DEFENDANTS**

17
        YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the testimony of the

18
witness named above will be taken upon oral examination at the request of Plaintiff State of

19
Washington before a notary public as indicated below.

20

21
Date:        Thursday, June 20, 2024

22
Time:        9:00AM PST

23
Method:        Stenography and videography

24
Location:        800 5th Ave #2000 Seattle, WA 98104

25

26

NOTICE OF DEPOSITION OF JOHN A.
LEE
(2:22-cv-01835-RSM) - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1     The deposition shall be taken pursuant to Federal Rules of Civil Procedure and shall be

2  subject to continuance until completed.

3     DATED this 30th day of May, 2024.

4

5                                    ROBERT W. FERGUSON
                                     Attorney General
6

7                                    /s/ Robert Hyde

8                                    AARON J. FICKES, WSBA #51584
                                     BEN J. BRYSACZ, WSBA #54683
9                                    HEIDI C. ANDERSON, WSBA #37603
                                     ROBERT HYDE, WSBA #33593
10                                   MICHAEL HALL, WSBA #19871
                                     Assistant Attorneys General
11                                   Attorneys for Plaintiff
                                     800 5th Avenue, Suite 2000
12                                   (206) 464-7744

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF DEPOSITION OF JOHN A.
LEE
(2:22-cv-01835-RSM) - 2

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing to be served on the following parties via the following methods:

Justin P. Walsh
Gleam Law, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
justin@gleamlaw.com

☐ Legal Messenger
☐ First-Class Mail, Postage Prepaid
☐ Certified Mail, Receipt Requested
☒ Email
☐ E-Service

John A. Lee
Banie & Ishimoto LLP
3705 Haven Avenue, #137
Menlo Park, CA 94025
650-241-2771

☐ Legal Messenger
☒ First-Class Mail, Postage Prepaid
☐ Certified Mail, Receipt Requested
☐ Email
☐ E-Service

I certify, under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 30th day of May, 2024, at Seattle, Washington.

*/s/ Aaron J. Fickes*
AARON J. FICKES, WSBA #51584
Assistant Attorney General

NOTICE OF DEPOSITION OF JOHN A.
LEE
(2:22-cv-01835-RSM) - 3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____  .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DOCUMENTS REQUESTED**

1.      Copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Landmark Technology, LLC, relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

2.      If not already produced in response to the previous request, copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Lawrence Lockwood relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

3.      Copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Landmark Technology A, LLC, relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

4.      If not already produced in response to the previous request, copies of all letters and emails Banie & Ishimoto, LLP sent on behalf of Raymond Mercado relating to U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

5.      Copies of all letters and emails sent to Banie & Ishimoto, LLP contesting a claim of infringement of U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319, or otherwise contesting the validity or enforceability of U.S. Patent Number 7,010,508 or U.S. Patent Number 6,289,319.

# EXHIBIT 12



Justin Walsh - he him Mr <justin@gleamlaw.com>

---

# State v. Landmark Technology A, LLC, et al.
1 message

---

**Hall, Michael K. (ATG)** <michael.hall@atg.wa.gov>                    Fri, Jun 14, 2024 at 4:10 PM
To: "walters@lowegrahamjones.com" <walters@lowegrahamjones.com>
Cc: "voigt@lowegrahamjones.com" <voigt@lowegrahamjones.com>, "justin@gleamlaw.com" <justin@gleamlaw.com>,
"Joe@gleamlaw.com" <Joe@gleamlaw.com>, "Hyde, Bob (ATG)" <robert.hyde@atg.wa.gov>

Mark,

Thanks for speaking with us this afternoon about the State's deposition subpoena to Greg Bosch.
To summarize our conversation and the agreements we reached:

- You agreed to accept service of an amended subpoena to Mr. Bosch setting his deposition for
  the agreed date of July 10, 2024. We set the deposition for 10:00 a.m. Eastern time, but that
  can be changed if it doesn't work for Mr. Bosch or your office.

- Per our agreement, we have included a subpoena duces tecum requesting copies of all
  documents in Mr. Bosch's possession relating to the '319 and '508 patents. To alleviate any
  potential confidentiality concerns, we agreed that the documents can be designated as
  "Confidential" pursuant to the protective order entered in this case. I've attached a copy of that
  order. You indicated that Mr. Bosch has already assembled his file and the its production is not
  unduly burdensome.

- Per our agreement, the subpoena duces tecum has a return date of June 20.

- Once we have reviewed the documents, we will let you know if we need to proceed with the
  deposition.

Thanks very much and have a nice weekend.

Mike


Michael Hall (*he/him*)
Assistant Attorney General
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
ph: (206) 389-2105 / cell: (360) 545-2744 / fax: (206) 587-5636

---

**2 attachments**

 **ProtectiveOrder.pdf**
164K

**6_14_24_AmendedBosch_DepSubpoena.pdf**
579K

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❑  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).