UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK TECHNOLOGY A, LLC, and RAYMOND MERCADO, individually,<br><br>Defendants. | Case No. C21-728RSM<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION TO AMEND |

## I.　　INTRODUCTION

This matter comes before the Court on Plaintiff State of Washington's Second Motion to Amend Complaint, Dkt. #105. Plaintiff seeks leave to amend its First Amended Complaint to: "(1) join Melody Camp and Patrick Nunally as additional defendants; (2) add allegations clarifying that [Defendant] Mercado's, Camp's, and Nunally's actions violating the Washington Consumer Protection Act (CPA) and the Washington Patent Troll Prevention Act (PTPA) have been an ongoing, unbroken scheme stretching back to at least 2016; and (3) add allegations clarifying that Mercado's, Camp's, and Nunally's [sic] undertook illegal actions under the names of both Landmark Technology, LLC (LT) and LTA involving two patents…" *Id*. at 4. Defendants oppose. Dkt. #108. No party has requested oral argument. For the reasons stated below, the Court GRANTS this Motion.

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO AMEND - 1

## II. BACKGROUND

The Attorney General of the State of Washington brought this action on June 2, 2021, in the name of the State, or as *parens patriae* on behalf of persons residing in the State, to enforce the provisions of the Washington Consumer Protection Act, RCW 19.86 ("CPA") and the Patent Troll Prevention Act, RCW 19.350 ("PTPA").

Defendant Landmark Technology A, LLC ("LTA") is a North Carolina patent-assertion entity ("PAE"). The sole member of LTA is Defendant Raymond Mercado, a North Carolina resident.

On November 14, 2022, the State of Washington moved for leave to amend its Complaint to add Mr. Mercado as a defendant. Dkt. #36. The Court granted that Motion. Dkt. #41. A trial date was set and discovery proceeded.

Discovery has not gone well. After conducting a status conference, discovery issues were referred to Magistrate Judge Fricke and the trial date has been stricken. *See* Dkts. #106 and #107. This case currently has no trial date.

Plaintiff contends that "[a]fter the close of discovery, and only in response to Plaintiff State of Washington's motion to compel, Defendants… produced tens of thousands of previously undisclosed documents…. reveal[ing] that Defendants, together with two individuals sought to be joined, collaborated on an uninterrupted scheme to engage in bad faith patent assertion for much longer and on a wider scale than previously known." Dkt. #105 at 4.

Plaintiff's proposed amended complaint states that proposed Defendant Melody Camp used databases to create a list of targeted companies. Dkt. #105-1 at 11. Camp then sent the initial list of potential target companies to proposed Defendant Nunally, who performed a check on the companies' websites to determine whether or not to proceed. *Id*. at 12.

However, the proposed complaint also alleges that Camp participated with Defendant Mercado in drafting or discussing a "Business Plan" that set the financial goals of the company and served as a blueprint for Defendants' bad faith patent assertion activities. Dkt. #105-1 at 9. The Business Plan makes clear that Mercado, Nunally, and Camp were paid a total of $20,000 a month. *Id*. at 10. Subsequent emails indicate that this Business Plan continued into the future, including LTA's alleged activities at issue in this case. The proposed complaint also alleges that Camp and Nunally and actually "sent" out demand letters to certain targeted companies. *Id.* at 14.

### III.   DISCUSSION

**A. Legal Standard**

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id.* However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.* Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

**B. Analysis**

Typically, when a case is this far along the Court would look at diligence under Rule 16 because amending the complaint would require amending the scheduling order. Here, the trial date has been stricken and discovery sent to a magistrate judge, largely due to the actions of Defendants. There is no scheduling order to modify. In that sense, the proper legal standard for this Motion is under Rule 15(a)(2).[1]

The Court finds that Plaintiff's amendment is not made in bad faith, given the unusual circumstances of this case. The Court believes there is some evidence of undue delay as these proposed additional defendants were known to Plaintiff from early on in this case, however it is undeniable that the extent of their involvement was not revealed until the late document dump.

---

[1] The Court notes that it would still grant this Motion even under the more stringent Rule 16 diligence standard. This is because the delay in bringing this amendment was due in no small part to Defendants' improper actions in discovery.

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO AMEND - 4

The majority of the additions to the pleading appear to come directly from late-disclosed documents. Although Defendants will clearly be prejudiced by this amendment, that is due in part to their own refusal to fully engage in discovery without Court action. Plaintiff has previously amended its Complaint. This leaves only the issue of the futility of amendment.

Plaintiff has evidence that Defendants' dilatory document dump revealed significant involvement by Defendant Mercado's mother Melody Camp and consultant/employee Patrick Nunally in LTA's business. *See* Dkt. #105 at 7–12. This allegedly includes actions for which they could be personally liable. Plaintiff points to case law establishing personal liability for a CPA violation if a corporate officer authorized or participated in the wrongful conduct. *Id*. at 15 (citing *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 322 (1976); *State v. Arlene's Flowers*, 193 Wash. 2d 469, 535 (2019)).

Defendants argue that *Ralph Williams* only discusses liability for corporate officers, not the mothers of corporate officers, or employees, or consultants who performed "rudimentary, administrative actions." Dkt. #108 at 14. They argue Camp and Nunally cannot be liable under the PTPA based on these allegations because they did not "make" bad faith assertions to others by sending letters, rather they assembled information and handed it off to an attorney who then sent out the letters. *Id*. at 13–14.

On Reply, Plaintiff points to the definitions section of the CPA, which includes all "natural persons" who participate in the violating activity, not just officers or owners. Dkt. #114 at 6 (citing RCW 19.86.010(1)). Plaintiff does not cite to any case applying individual liability to employees/consultants under similar circumstances. Plaintiff does not address PTPA liability.

Defendants' legal arguments are somewhat reasonable. Plaintiff fails to point to any case law extending PTPA or CPA liability to employees or consultants. However, the proposed amended complaint alleges that Camp and Nunally did more than just "administrative actions." It is unclear if a jury would see Camp and Nunally as mere administrative assistants considering their alleged involvement in business planning and share of the proceeds. Furthermore, it is plausible that these defendants themselves made bad faith assertions of patent infringement by directly sending those assertions to companies or agreeing to do so as part of a common scheme.

Making all reasonable inferences in favor of amendment, the proposed amended complaint could plausibly establish liability for these defendants because they acted with Mercado to form a business plan, to discuss strategies for the unlawful actions, and indeed to directly send out emails. The Court cannot say that these claims are futile.

Weighing all of the above, the Court will grant this Motion and permit amendment. Any defects in the pleading, including personal jurisdiction, can be raised by Defendants in a subsequent Rule 12 motion.

## IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that the State of Washington's Motion to Amend, Dkt. #105, is GRANTED.

DATED this 7th day of January, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE