UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 2:21-cv-00728-RSM-TLF |
| Plaintiff, | CONSENT DECREE |
| v. | |
| LANDMARK TECHNOLOGY A, LLC; RAYMOND MERCADO, individually; PATRICK NUNALLY, individually; and MELODY CAMP, individually | |
| Defendants. | |

## I.  JUDGMENT SUMMARY

| | | |
|---|---|---|
| 1.1 | Judgment Creditor | State of Washington |
| 1.2 | Judgment Debtors | Landmark Technology A, LLC; Raymond Mercado; and Melody Camp |
| 1.3 | Principal Judgment Amount | $95,000.00 |
| 1.4 | Suspended Judgment Amount | $2,914,650.40 (suspended upon compliance with Consent Decree) |
| 1.5 | Post Judgment Interest Rate: | 12 percent per annum |
| 1.6 | Attorneys for Judgment Creditor: | Ben Brysacz, WSBA #54683<br>Bob Hyde, WSBA #33593<br>Aaron J. Fickes, WSBA #51584<br>Assistant Attorneys General |

CONSENT DECREE - 1

1.7     Attorneys for Judgment Debtors:     Justin P. Walsh, WSBA #40696
James P. Ware, WSBA #36799
Gleam Law, PLLC

1.8     Plaintiff State of Washington (Plaintiff), having conducted an investigation and commenced this action pursuant to Wash. Rev. Code § 19.86, the Washington Consumer Protection Act (CPA) and Wash. Rev. Code § 19.350, the Washington Patent Troll Prevention Act (PTPA); and

1.9     Defendants Landmark Technology A, LLC; Raymond Mercado; Patrick Nunally; and Melody Camp (Defendants), having been served with the Summons and Second Amended Complaint or having waived service; and

1.10    Plaintiff, appearing by and through its attorneys, Nicholas W. Brown, Attorney General, and Ben Brysacz, Bob Hyde, and Aaron J. Fickes, Assistant Attorneys General; and

1.11    Defendants Landmark Technology A, LLC; Raymond Mercado; and Melody Camp, appearing by and through their attorneys Justin P. Walsh and James P. Ware ("the LTA Defendants"); and Defendant Patrick Nunally ("Nunally") appearing *pro se*; and

1.12    Plaintiff and the LTA Defendants having agreed on a basis for the settlement of the matters alleged in the Second Amended Complaint and to the entry of this Consent Decree against those Defendants without the need for trial or adjudication of any additional issues of law or fact; and

1.13    The LTA Defendants invoked this Court's jurisdiction by removing the case from state court. By entering into this Consent Decree, LTA Defendants do not admit the allegations of the Second Amended Complaint other than those specifically admitted in answer to the Second Amended Complaint; and

1.14    Plaintiff and the LTA Defendants agree this Consent Decree does not constitute evidence or an admission regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Plaintiff; and

1.15    The LTA Defendants recognize and state this Consent Decree is entered into voluntarily and that no promises, representations, or threats have been made by the Attorney General's Office or any member, officer, agent, or representative thereof to induce them to enter into this Consent Decree, except for the promises and representations provided herein; and

1.16    The Parties waive, to the fullest extent applicable at law, any right they may have to appeal from this Consent Decree or to otherwise contest the validity of this Consent Decree; and

1.17    The Parties further agree this Court shall retain jurisdiction of this action and jurisdiction over Defendants for the purpose of implementing and enforcing the terms and conditions of this Consent Decree and for all other purposes related to this matter; and

The Court, finding no just reason for delay;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.    GENERAL

2.1    This Court has jurisdiction over the subject matter of this action and of the parties.

2.2    This Consent Decree or the fact of its entry does not constitute evidence or an admission by any party regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Plaintiff. To the contrary, the LTA Defendants have denied and continue to deny any and all wrongdoing of any kind whatsoever and retain, and do not waive, any and all defenses they may have with respect to such matters.

2.3    This Consent Decree fully and finally resolves and forever discharges and releases all claims and causes of action under the CPA and the PTPA that Plaintiff has filed or may in the future file against the LTA Defendants arising out of or relating to the facts and matters specifically described in the Second Amended Complaint, regardless of whether the cause of action is based on the CPA or PTPA or on some other cause of action, except that the LTA Defendants' material failure to comply with this Consent Decree shall permit the Attorney

General of Washington to take such further action against the LTA Defendants as provided for herein. For avoidance of doubt, for purposes of this paragraph, "Plaintiff" refers to the Consumer Protection Division of the Washington State Attorney General's Office. This Consent Decree does not release claims that could have been or were asserted by any other state agency, including but not limited to tax-related claims or criminal matters.

2.4 The undersigned representatives of the LTA Defendants represent and warrant that they have the authority to execute this Consent Decree on behalf of the LTA Defendants.

### III. INJUNCTIONS

3.1 The injunctive provisions of this Consent Decree shall apply to the LTA Defendants and to their successors, assigns, and others acting in concert with the LTA Defendants with respect to the enforcement of any patent rights of U.S. Patent No. 6,289,319 or U.S. Patent No. 7,010,508 and any patent rights or licenses held in the future by LTA or any LTA defendant.[1] Nothing in this Consent Decree shall apply to Defendant Raymond Mercado's work as a paralegal or to the extent he is a named inventor on a patent.

3.2 Within 30 days following the entry of this Consent Decree, the LTA Defendants shall inform all persons acting in concert or active participation with the LTA Defendants with respect to the facts and matters described in the Second Amended Complaint of the terms and conditions of this Consent Decree and shall direct those persons and entities to comply with this Consent Decree.

3.3 Permanent Injunctions. The LTA Defendants and their successors, employees, assigns, contractors, representatives, and all others acting in concert or active participation with the LTA Defendants shall permanently refrain and are hereby enjoined and restrained from engaging in the following acts and practices:

---

[1] The form and scope of this language, as used throughout this document, is intended to have the same form, scope, and application as subsection (d)(1) and (d)(2) of Rule 65 of the Federal Rules of Civil Procedure.

A. The LTA Defendants shall refrain from engaging in assertions of patent infringement with respect to the enforcement of any patent rights of the '508 Patent, '319 Patent and any related patents included in any license issued by LTA or held by any LTA defendant in bad faith as defined in Wash. Rev. Code § 19.350 in the State of Washington or against Washington consumers and/or businesses;

B. If the LTA Defendants assert any U.S. Patent issued to or held by any LTA Defendant against any Washington consumer or business, the LTA Defendants shall include a copy of this Consent Decree with any such demand. For clarity, this paragraph does not apply to any patent assertions done through work as a paralegal by Defendant Mercado performed for others and not related to a patent issued to or held by any LTA Defendant;

C. The LTA Defendants shall refrain from asserting or enforcing U.S. Patent No. 6,289,319 or U.S. Patent No. 7,010,508, or any continuations thereof, in the State of Washington or against Washington consumers and/or businesses; and

D. The LTA Defendants shall refrain from making any deceptive representation in any form that misrepresents or creates a deceptive net impression regarding the validity, enforceability, or historical or average licensing and/or settlement amount paid to license and/or settle infringement allegations related to any patent issued to or held by any LTA defendant, where such representation is directed into the State of Washington or against Washington consumers and/or businesses. For avoidance of doubt, in any representation regarding the historical or average licensing and/or settlement amount paid to license and/or settle infringement allegations related to patents issued to or held by any LTA defendant that is directed into the State of Washington or against Washington consumers and/or businesses, the LTA Defendants must simultaneously disclose the number of times their enforcement demands or licensing offers were refused and/or resulted in no payment to the LTA Defendants.

3.4     The LTA Defendants shall be in full compliance with all requirements and obligations this Consent Decree imposes on the LTA Defendants by the date of entry of this Consent Decree, except as otherwise indicated herein.

## IV.     MONETARY PAYMENT

4.1     Pursuant to Wash. Rev. Code §§ 19.86.080 and 19.86.140, a judgment in the amount of $95,000.00 (the "Principal Judgment Amount") is hereby entered against the LTA Defendants.

4.2     Pursuant to Wash. Rev. Code §§ 19.86.080 and 19.86.140, a suspended judgment in the amount of $2,914,650.40 (the "Suspended Judgment Amount") is hereby entered against the LTA Defendants. The Suspended Judgment Amount is comprised of civil penalties in the amount of $349,500 (the "Civil Penalty Judgment"), restitution in the amount of $349,500 plus prejudgment interest of twelve (12) percent through December 31, 2025, for a total restitution award of $660,150.40 (the "Restitution Judgment"), and $1,905,000 for costs and reasonable attorneys' fees incurred by Plaintiff in pursuing this matter (the "Costs and Fees Judgment"). The Parties agree that Costs and Fees Judgment has been reduced by the $95,000 Principal Judgment.

4.3     The Parties agree that the Suspended Judgment Amount shall be suspended upon the LTA Defendants' (a) full and complete compliance with the injunctive terms of this Consent Decree for a period of ten (10) years; and (b) the LTA Defendants' truthful disclosure of their financial condition, including assets and liabilities, which form the basis for the suspended amounts under this Consent Decree.

4.4     The Parties agree that the payment of $95,000 from the LTA Defendants to Plaintiff shall be for monitoring and potential enforcement of this Consent Decree, for future enforcement of Wash. Rev. Code § 19.86, or for any lawful purpose in the discharge of the Attorney General's duties at the sole discretion of the Attorney General.

4.5     Payment referenced in paragraph 4.1 shall be made no later than seven (7) days after the entry of this Consent Decree by the Court by valid check payable to "State of Washington Attorney General's Office," delivered to the Office of the Attorney General, Attention, Margaret Farmer, Litigation Support Manager, 800 Fifth Avenue, Suite 2000, Seattle, Washington, 98104. Suspended amounts referenced in paragraphs 4.2 through 4.3 shall be made within seven (7) days of a court of competent jurisdiction determining the breach of a material term of the Consent Decree pursuant to paragraph 4.7 of this Consent Decree.

4.6     The LTA Defendants presented written financial disclosures and other related documents to Plaintiff evidencing that the LTA Defendants have limited liquidity and income. Plaintiff's agreement to resolve this matter as outlined in this Consent Decree, including without limitation to suspend the Civil Penalty Judgment, the Restitution Judgment, and $1,905,000 of the Costs and Fees Judgment as outlined in this Section 4, is expressly premised upon the truthfulness, accuracy, and completeness of the LTA Defendants' financial disclosures and related documents provided to Plaintiff in connection with settlement negotiations.

4.7     Should the Court find, upon reasonable notice to the LTA Defendants and a showing by Plaintiff, that any of the LTA Defendants are in material breach of any provision of this Consent Decree or that any of the LTA Defendant has made a material misrepresentation in the financial disclosures provided to Plaintiff, the Civil Penalty Judgment, the Restitution Judgment, and the suspended portion of the Costs and Fees Judgment shall automatically be unsuspended and assessed against such breaching Defendant(s) only, provided, however, that in such event, Plaintiff shall not be precluded from seeking other relief in accordance with law and appropriate to remedy any such violation. Interest at the post-judgment interest rate set forth in the Judgment Summary shall commence to run on the amount of any unsuspended judgment amounts upon the entry, by the Court, of a finding of material breach as set forth in this paragraph, and not before. Multiple breaching LTA Defendants shall be jointly and severally liable for the full amount of the unsuspended and assessed Civil Penalty Judgment, Restitution

Judgment, and Costs and Fees Judgment. The Civil Penalty Judgment, Restitution Judgment, and Costs and Fees Judgment shall not be unsuspended and assessed against any LTA Defendant who is not in material breach of any provision of this Consent Decree, provided, however, that if such LTA Defendant later is found to be in material breach of any provision of this Consent Decree, the suspended judgments shall be unsuspended and assessed against such Defendant and such Defendant shall then be jointly and severally liable for the full amount of the suspended judgments with all other LTA Defendants found to have been in material breach.

4.8     Should one or more of the LTA Defendants file a petition for bankruptcy under Chapter 7, 13, or 11 of the United States Code, the Civil Penalty Judgment, the Restitution Judgment, and the Costs and Fees Judgment shall be automatically unsuspended and assessed against such Defendant(s) for purposes of asserting a creditor's claim with relation to the same, provided, however, that if the bankruptcy is withdrawn or otherwise not discharged, the suspension of the foregoing amounts shall be re-instituted, and the State shall be entitled to increase the suspended judgment in the amount of any legal fees incurred in representation of the State within the bankruptcy proceedings.

4.9     The LTA Defendants' failure to timely make payments as required by this Consent Decree by the date of entry of this Consent Decree, without written agreement by Plaintiff, shall be a material breach of this Consent Decree.

4.10    The LTA Defendants' failure to pay the Principal Judgment amount as required by this Consent Decree shall be a material breach of the Consent Decree.

V.     ENFORCEMENT

5.1     The LTA Defendants shall be in full compliance with all requirements and obligations this Consent Decree imposes on the LTA Defendants by the date of entry of this Consent Decree, except as otherwise indicated herein.

5.2     If the LTA Defendants violate a condition of this Consent Decree, Plaintiff may seek the imposition of additional conditions, civil penalties of up to One Hundred and Twenty-

1  Five Thousand dollars ($125,000.00) per violation pursuant to Wash. Rev. Code § 19.86.140,
2  restitution, injunctive relief, attorney's fees, costs, and such other remedies as the Court may
3  deem appropriate at an evidentiary hearing in which the LTA Defendants have an opportunity
4  to be heard, if the Court finds the LTA Defendants have violated a material condition of this
5  Consent Decree. In any successful action to enforce this Consent Decree against the LTA
6  Defendants, the LTA Defendants shall bear Plaintiff's reasonable costs, including reasonable
7  attorneys' fees.

8        5.3     Jurisdiction is retained by this Court for the purpose of enabling any party to this
9  Consent Decree to apply to the Court, to the extent permitted herein, for enforcement of
10 compliance with this Consent Decree, to punish violations thereof, or otherwise address the
11 provisions of this Consent Decree.

12       5.4     Nothing in this Consent Decree shall grant any third-party beneficiary or other
13 rights to any person who is not a party to this Consent Decree.

14       5.5     Nothing in this Consent Decree shall be construed to limit or bar any other
15 governmental entity or person from pursuing other available remedies against the LTA
16 Defendants or any other person.

17       5.6     Under no circumstances shall this Consent Decree, or the name of the State of
18 Washington, this Court, the Office of the Attorney General, the Consumer Protection Division,
19 or any of their employees or representatives be used by Defendants or any of their respective
20 owners, members, directors, successors, assigns, transferees, officers, agents, servants,
21 employees, representatives, and all other persons or entities in active concert or participation
22 with the LTA Defendants, in connection with any selling, advertising, or promotion of products
23 or services, or as an endorsement or approval of the LTA Defendants' acts, practices, or conduct
24 of business. Nothing in this Consent Decree shall be read to prohibit either party from referencing
25 public information about the case or the Consent Decree, including attorneys' promotion of
26 attorney services as having acted as counsel in this case and referencing the work done within

the case, as permitted by RPC 5.6(b), provided, however that any such attorney shall not represent any particular work of this case as being the catalyst for this consent decree.

5.7 Plaintiff shall be permitted, upon advance written notice of twenty (20) days to the LTA Defendants, to access, inspect, and/or copy business records or documents in possession, custody, or under control of the LTA Defendants to monitor compliance with this Consent Decree; provided that the inspection and copying shall avoid unreasonable disruption of the LTA Defendants' business activities.

5.8 To monitor compliance with this Consent Decree, Plaintiff shall be permitted to serve interrogatories pursuant to the provisions of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33 and to question the LTA Defendants or any officer, director, agent, or employee of the LTA Defendants by deposition pursuant to the provisions of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 30 provided that Plaintiff attempts in good faith to schedule the deposition at a time convenient for the deponent and his or her legal counsel.

5.9 This Consent Decree in no way limits Plaintiff from conducting any lawful non-public investigation to monitor the LTA Defendants' compliance with this Consent Decree or to investigate other alleged violations of the CPA after the date of this Consent Decree, which may include but is not limited to, interviewing customers or former employees of the LTA Defendants.

5.10 This Consent Decree shall be binding upon and inure to the benefit of the LTA Defendants' successors and assigns. The LTA Defendants and their successors and assigns shall notify the Attorney General's Office at least thirty (30) days prior to any change-in-control of the LTA Defendants that would change the identity of the corporate entity responsible for compliance obligations arising under this Consent Decree; including, but not limited to, dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this order; the proposed filing of a bankruptcy petition; or a

change in the corporate name or address. Provided, however, that with respect to any proposed change in the corporation about which the LTA Defendants and its successors and assigns learn less than thirty (30) days prior to the date such action is to take place, the LTA Defendants and its successors and assigns shall notify the Attorney General's Office as soon as is practicable after obtaining such knowledge. Nothing in this Consent Decree shall prevent the dissolution of any corporate entity in which no successor entity shall exist.

5.11   Any notice or other communication required or permitted under this Consent Decree shall be in writing and delivered to the following persons or any person subsequently designated by the parties:

| For Plaintiff State of Washington: | For the LTA Defendants: |
|---|---|
| Office of the Attorney General<br>Consumer Protection Division<br>Attn: Ben Brysacz, Bob Hyde, Aaron Fickes,<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA  98104-3188 | Gleam Law, PLLC<br>Justin P. Walsh<br>James P. Ware<br>601 1st Avenue, Ste. 330<br>Seattle, WA  98104 |

5.12   Upon entry of this Consent Decree and for ninety days (90) proceeding from full payment of funds detailed in Paragraph 4.1, this action and any and all claims asserted by Plaintiff against the LTA Defendants, and any counterclaims herein, are dismissed **without** prejudice and without costs to any Party other than as expressly provided in this Consent Decree.

5.13   Upon entry of this Consent Decree and ninety-one (91) days after full payment of funds detailed in Paragraph 4.1, this action and any and all claims asserted by Plaintiff against the LTA Defendants, and any counterclaims herein, will be dismissed **with** prejudice and without costs to any Party other than as expressly provided in this Consent Decree.

//

//

//

//

CONSENT DECREE - 11

5.14    The Clerk of the Court is ordered to immediately enter the foregoing Judgment and Consent Decree.

DATED this 20th day of January, 2026.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 12