UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 2:21-cv-00728-RSM |
| Plaintiff, | CONSENT DECREE |
| v. | |
| LANDMARK TECHNOLOGY A, LLC; RAYMOND MERCADO, individually; PATRICK NUNALLY, individually; and MELODY CAMP, individually, | |
| Defendants. | |

## I. JUDGMENT SUMMARY

| | | |
|---|---|---|
| 1.1 | Judgment Creditor | State of Washington |
| 1.2 | Judgment Debtor | Patrick Nunally |
| 1.3 | Judgment Amount: | $0 |
| 1.4 | Post Judgment Interest Rate: | 12 percent per annum |
| 1.5 | Attorneys for Judgment Creditor: | Ben Brysacz, WSBA #54683<br>Bob Hyde, WSBA #33593<br>Aaron J. Fickes, WSBA #51584<br>Assistant Attorneys General |

1.6    Plaintiff State of Washington (Plaintiff), having conducted an investigation and commenced this action pursuant to Wash. Rev. Code § 19.86, the Washington Consumer

CONSENT DECREE - 1

Protection Act (CPA) and Wash. Rev. Code § 19.350, the Washington Patent Troll Prevention Act (PTPA); and

1.7     Defendant Patrick Nunally, having been served with the Summons and Second Amended Complaint or having waived service; and

1.8     Plaintiff, appearing by and through its attorneys, Nicholas W. Brown, Attorney General, and Ben Brysacz, Bob Hyde, and Aaron J. Fickes, Assistant Attorneys General; and

1.9     Defendant Patrick Nunally appearing *pro se*; and

1.10    Defendants Landmark Technology A, LLC ("LTA"), Raymond Mercado, and Melody Camp having previously agreed to a Consent Decree that was entered by the Court (Dkt. 214); and

1.11    Plaintiff and Defendant Nunally having agreed on a basis for the settlement of the matters alleged in the Second Amended Complaint and to the entry of this Consent Decree against Defendant Nunally without the need for trial or adjudication of any additional issues of law or fact; and

1.12    Defendant Nunally, by entering into this Consent Decree, does not admit the allegations of the Second Amended Complaint other than those solely as necessary to establish the jurisdiction of this Court; and

1.13    Plaintiff and Defendant Nunally agree this Consent Decree does not constitute evidence or an admission regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Plaintiff; and

1.14    Defendant Nunally recognizes and states this Consent Decree is entered into voluntarily and that no promises, representations, or threats have been made by the Attorney General's Office or any member, officer, agent, or representative thereof to induce them to enter into this Consent Decree, except for the promises and representations provided herein; and

1.15    The Parties waive, to the fullest extent applicable at law, any right they may have to appeal from this Consent Decree or to otherwise contest the validity of this Consent Decree; and

1.16    The Parties further agree this Court shall retain jurisdiction of this action and jurisdiction over Defendant Nunally for the purpose of implementing and enforcing the terms and conditions of this Consent Decree and for all other purposes related to this matter; and

The Court, finding no just reason for delay;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.    GENERAL

2.1    This Court has jurisdiction over the subject matter of this action and of the parties.

2.2    This Consent Decree or the fact of its entry does not constitute evidence or an admission by any party regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Plaintiff. To the contrary, Defendant Nunally denied and continues to deny any and all wrongdoing of any kind whatsoever and retains, and does not waive, any and all defenses he may have with respect to such matters.

2.3    This Consent Decree fully and finally resolves and forever discharges and releases all claims and causes of action under the CPA and the PTPA that Plaintiff has filed or may in the future file against Defendant Nunally arising out of or relating to the facts and matters specifically described in the Second Amended Complaint, regardless of whether the cause of action is based on the CPA or PTPA or on some other cause of action, except that Defendant Nunally's material failure to comply with this Consent Decree shall permit the Attorney General of Washington to take such further action against Defendant Nunally as provided for herein. For avoidance of doubt, for purposes of this paragraph, "Plaintiff" refers to the Consumer Protection Division of the Washington State Attorney General's Office. This Consent Decree does not

release claims that could have been or were asserted by any other state agency, including but not limited to tax-related claims or criminal matters.

### III.   INJUNCTIONS

3.1   The injunctive provisions of this Consent Decree shall apply to Defendant Nunally and to his successors, assigns, and others acting in concert with him with respect to the enforcement of any patent rights of U.S. Patent No. 6,289,319 or U.S. Patent No. 7,010,508 and any patent rights or licenses held in the future by LTA or Defendant Nunally.[1]

3.2   Within 30 days following the entry of this Consent Decree, Defendant Nunally shall inform all persons acting in concert or active participation with him with respect to the facts and matters described in the Second Amended Complaint of the terms and conditions of this Consent Decree and shall direct those persons and entities to comply with this Consent Decree.

3.3   Permanent Injunctions. Defendant Nunally and his successors, employees, assigns, contractors, representatives, and all others acting in concert or active participation with him shall permanently refrain and are hereby enjoined and restrained from engaging in the following acts and practices:

   A.   Defendant Nunally shall refrain from engaging in assertions of patent infringement with respect to the enforcement of any patent rights of the '508 Patent, '319 Patent and any related patents included in any license issued by LTA or held by Defendant Nunally in bad faith as defined in Wash. Rev. Code § 19.350 in the State of Washington or against Washington consumers and/or businesses;

   B.   If Defendant Nunally asserts any U.S. Patent issued to or held by Defendant Nunally against any Washington consumer or business, Defendant Nunally shall include a copy of this Consent Decree with any such demand;

---

[1] The form and scope of this language, as used throughout this document, is intended to have the same form, scope, and application as subsection (d)(1) and (d)(2) of Rule 65 of the Federal Rules of Civil Procedure.

C. Defendant Nunally shall refrain from asserting or enforcing U.S. Patent No. 6,289,319 or U.S. Patent No. 7,010,508, or any continuations thereof, in the State of Washington or against Washington consumers and/or businesses; and

D. Defendant Nunally shall refrain from making any deceptive representation in any form that misrepresents or creates a deceptive net impression regarding the validity, enforceability, or historical or average licensing and/or settlement amount paid to license and/or settle infringement allegations related to any patent issued to or held by Defendant Nunally, where such representation is directed into the State of Washington or against Washington consumers and/or businesses. For avoidance of doubt, in any representation regarding the historical or average licensing and/or settlement amount paid to license and/or settle infringement allegations related to patents issued to or held by Defendant Nunally that is directed into the State of Washington or against Washington consumers and/or businesses, Defendant Nunally must simultaneously disclose the number of times his enforcement demands or licensing offers were refused and/or resulted in no payment to him.

3.4 Defendant Nunally shall be in full compliance with all requirements and obligations this Consent Decree imposes on him by the date of entry of this Consent Decree, except as otherwise indicated herein.

## IV. ENFORCEMENT

4.1 Defendant Nunally shall be in full compliance with all requirements and obligations this Consent Decree imposes on him by the date of entry of this Consent Decree, except as otherwise indicated herein.

4.2 If Defendant Nunally violates a condition of this Consent Decree, Plaintiff may seek the imposition of additional conditions, civil penalties of up to One Hundred and Twenty-Five Thousand dollars ($125,000.00) per violation pursuant to Wash. Rev. Code § 19.86.140, restitution, injunctive relief, attorney's fees, costs, and such other remedies as the Court may deem appropriate at an evidentiary hearing in which Defendant Nunally has an opportunity to

be heard, if the Court finds Defendant Nunally has violated a material condition of this Consent Decree. In any successful action to enforce this Consent Decree against Defendant Nunally, Defendant Nunally shall bear Plaintiff's reasonable costs, including reasonable attorneys' fees.

4.3     Jurisdiction is retained by this Court for the purpose of enabling any party to this Consent Decree to apply to the Court, to the extent permitted herein, for enforcement of compliance with this Consent Decree, to punish violations thereof, or otherwise address the provisions of this Consent Decree.

4.4     Nothing in this Consent Decree shall grant any third-party beneficiary or other rights to any person who is not a party to this Consent Decree.

4.5     Nothing in this Consent Decree shall be construed to limit or bar any other governmental entity or person from pursuing other available remedies against Defendant Nunally or any other person.

4.6     Under no circumstances shall this Consent Decree, or the name of the State of Washington, this Court, the Office of the Attorney General, the Consumer Protection Division, or any of their employees or representatives be used by Defendants or any of their respective owners, members, directors, successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons or entities in active concert or participation with Defendant Nunally, in connection with any selling, advertising, or promotion of products or services, or as an endorsement or approval of Defendant Nunally's acts, practices, or conduct of business.

4.7     Plaintiff shall be permitted, upon advance written notice of twenty (20) days to Defendant Nunally, to access, inspect, and/or copy business records or documents in possession, custody, or under control of Defendant Nunally to monitor compliance with this Consent Decree; provided that the inspection and copying shall avoid unreasonable disruption of Defendant Nunally's business activities.

4.8   To monitor compliance with this Consent Decree, Plaintiff shall be permitted to serve interrogatories pursuant to the provisions of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33 and to question Defendant Nunally or any officer, director, agent, or employee of Defendant Nunally's by deposition pursuant to the provisions of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 30 provided that Plaintiff attempts in good faith to schedule the deposition at a time convenient for the deponent and his or her legal counsel.

4.9   This Consent Decree in no way limits Plaintiff from conducting any lawful non-public investigation to monitor Defendant Nunally's compliance with this Consent Decree or to investigate other alleged violations of the CPA after the date of this Consent Decree, which may include but is not limited to, interviewing customers or former employees of Defendant Nunally.

4.10   This Consent Decree shall be binding upon and inure to the benefit of Defendant Nunally's successors and assigns.

4.11   Any notice or other communication required or permitted under this Consent Decree shall be in writing and delivered to the following persons or any person subsequently designated by the parties:

| For Plaintiff State of Washington: | For Defendant Patrick Nunally: |
|---|---|
| Office of the Attorney General<br>Consumer Protection Division<br>Attn: Ben Brysacz, Bob Hyde, Aaron Fickes,<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA  98104-3188 | 2402 Bear Rock Glen<br>Escondido, CA 92026<br>patrick@nunally.com<br>(760) 533-9901 |

4.12   Upon entry of this Consent Decree, this action and any and all claims asserted by Plaintiff against Defendant Nunally, will be dismissed **with** prejudice and without costs to any Party other than as expressly provided in this Consent Decree.

//

//

//

4.13   The Clerk of the Court is ordered to immediately enter the foregoing Judgment and Consent Decree.

DATED this 9th day of February, 2026.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE